CASE HISTORY (ROA)                                   https://www.jococourts.org/securepublic/civroa.aspx

| Case | **17CV04848** | Caption | **SANCHEZ-DIAZ ET AL vs. KANSAS CITY POWER AND LIGHT CO** |
|------|---------------|---------|------|
| Chapter | **60** | Nature | **OTHER TORT (60)** |
| Status | **PENDING** | Judge | **DAVID W HAUBER** |
| Division | **7** | | |

| Search | Case History (ROA) | Plaintiff/Defendant | Court Events | Other Cases | Documents |
|--------|--------------------|--------------------|--------------|-------------|-----------|

Sort By Ascending Order    Sort by Descending Order        Print Friendly        E-File On Case

| | | |
|------|------|------|
| 02/27/2019 | FILE STAMP 02/26/19, DEFENDANTS CUSTOM LIGHTING SERVICES LLC D/B/A BLACK & MCDONALD AND BLACK & MCDONALD INC'S MOTION TO DISMISS OR IN THE ALTERNATIVE MOTION TO MAKE STATEMENTS MORE CONCISE | DOC(124) |
| 02/27/2019 | DISPOSITIVE MOTION FEE $195.00; PAID BY JANE ANN LANDRUM, RECEIPTED AMOUNT $195.00, E-PAYMENT NO: 85170452 | |
| 02/26/2019 | ELECTRONIC ENTRY OF APPEARANCE BY STEPHEN J TORLINE AS A DEFENSE ATTORNEY FOR VALMONT INDUSTRIES INC | |
| 02/26/2019 | SCHED. MOTION on 04/04/19,02:00pm,Div 7 | |
| 02/26/2019 | Defendant LIMITED added on 02/26/19 | |
| 02/26/2019 | FILE STAMP 02/25/19, LIMITED ENTRY OF APPEARANCE | DOC(123) |
| 02/25/2019 | FILE STAMP 02/25/19, NOTICE OF HEARING | DOC(122) |
| 02/25/2019 | FILE STAMP 02/25/19, CLERK'S ORDER OF EXTENSION OF TIME TO PLEAD TO PETITION | DOC(121) |
| 02/25/2019 | ELECTRONIC ENTRY OF APPEARANCE BY JANE ANN LANDRUM AS A DEFENSE ATTORNEY FOR DBA CUSTOM LIGHTING SERVICES LLC; BLACK & MCDONALD; BLACK & MCDONALD INC | |
| 02/22/2019 | FILE STAMP 02/22/19, CLERK'S ORDER FOR 14 DAY EXTENSION OF TIME TO ANSWER OR OTHERWISE PLEAD | DOC(120) |
| 02/20/2019 | FILE STAMP 02/18/19, PLAINTIFFS' NOTICE OF RETURN RECEIPT FOR SERVICE UPON JOHN DOE(S) PERSON/COMPANY/ENTITY SERVED BY PUBLICATION | DOC(119) |
| 02/14/2019 | FILE STAMP 02/13/19, KANSAS CITY POWER & LIGHT COMPANY'S MOTION TO STRIKE DESIGNATED EXPERT TIMOTHY KREHBIEL AND INCORPORATED OPPOSITION TO PLAINTIFFS' MOTION FOR EXTENSION OF TIME | DOC(118) |
| 02/13/2019 | FILE STAMP 02/12/19, RETURN OF SERVICE OF SUMMONS ON AN INDIVIDUAL | DOC(117) |

**EXHIBIT**

A

| 02/06/2019 | FILE STAMP 02/06/19, SECOND AMENDED NOTICE OF VIDEO-TAPED DEPOSITION | DOC(116) |
|---|---|---|
| 02/06/2019 | FILE STAMP 02/06/19, SECOND AMENDED NOTICE OF VIDEO-TAPED DEPOSITION | DOC(115) |
| 02/06/2019 | FILE STAMP 02/06/19, SECOND AMENDED NOTICE OF VIDEO-TAPED DEPOSITION | DOC(114) |
| 02/06/2019 | FILE STAMP 02/06/19, SECOND AMENDED NOTICE OF VIDEO-TAPED DEPOSITION | DOC(113) |
| 02/06/2019 | FILE STAMP 02/06/19, RETURN OF SERVICE OF SUMMONS ON AN INDIVIDUAL | DOC(112) |
| 02/06/2019 | FILE STAMP 02/06/19, RETURN OF SERVICE OF SUMMONS ON AN INDIVIDUAL | DOC(111) |
| 02/06/2019 | FILE STAMP 02/06/19, RETURN OF SERVICE OF SUMMONS ON AN INDIVIDUAL | DOC(110) |
| 02/06/2019 | FILE STAMP 02/06/19, RETURN OF SERVICE OF SUMMONS ON AN INDIVIDUAL | DOC(109) |
| 02/06/2019 | FILE STAMP 02/06/19, RETURN OF SERVICE OF SUMMONS ON AN INDIVIDUAL | DOC(108) |
| 02/05/2019 | FILE STAMP 02/04/19, AFFIDAVIT FOR SERVICE BY PUBLICATION | DOC(107) |
| 01/30/2019 | FILE STAMP 01/29/19, PLAINTIFFS' COUNSEL'S ENTRIES OF APPEARANCE | DOC(106) |
| 01/29/2019 | AMENDED PETITION AND SUMMONS ISSUED TO ATTORNEY FOR CERTIFIED MAIL "GREAT PLAINS ENERGY SERVICES INC" E/S | |
| 01/29/2019 | AMENDED PETITION AND SUMMONS ISSUED TO ATTORNEY FOR CERTIFIED MAIL "BLACK & MCDONALD INC" E/S | |
| 01/29/2019 | AMENDED PETITION AND SUMMONS ISSUED TO ATTORNEY FOR CERTIFIED MAIL "BLACK & MCDONALD" E/S | |
| 01/29/2019 | AMENDED PETITION AND SUMMONS ISSUED TO ATTORNEY FOR CERTIFIED MAIL "VALMONT INDUSTRIES INC" E/S | |
| 01/29/2019 | AMENDED PETITION AND SUMMONS ISSUED TO ATTORNEY FOR CERTIFIED MAIL "MILLERBERND MANUFACTURING CO" E/S | |
| 01/29/2019 | ELECTRONIC ENTRY OF APPEARANCE BY LYNN W JUDKINS AS A PLAINTIFF ATTORNEY FOR CARLOS SANCHEZ-DIAZ; JEAN CHAVEZ-SANCHEZ; ADAN GUZMAN | |

CASE HISTORY (ROA)                                    https://www.jococourts.org/securepublic/civroa.aspx

| | | |
|---|---|---|
| 01/29/2019 | DEFENDANT BLACK & MCDONALD INC ADDED ON 01/29/19 | |
| 01/29/2019 | Defendant GREAT PLAINS ENERGY SERVICE INC added on 01/29/19 | |
| 01/29/2019 | FILE STAMP 01/25/19, REQUEST AND SERVICE INSTRUCTION FORM | DOC(105) |
| 01/29/2019 | FILE STAMP 01/25/19, PLAINTIFFS' REQUEST FOR SUMMONS, SERVICE, AND INSTRUCTION FORM (BLACK & MCDONALD INC) | DOC(104) |
| 01/29/2019 | PETITION AND SUMMONS ISSUED TO ATTORNEY FOR CERTIFIED MAIL "VALMONT INDUSTRIES INC" E/S | |
| 01/29/2019 | FILE STAMP 01/25/19, PLAINTIFFS' REQUEST FOR SUMMONS, SERVICE, AND INTSTRUCTION FORM (VALMONT INDUSTRIES) | DOC(103) |
| 01/29/2019 | AMENDED PETITION AND SUMMONS ISSUED TO ATTORNEY FOR CERTIFIED MAIL "GREAT PLAINS ENERGY INCORPORATED" E/S | |
| 01/29/2019 | PETITION AND SUMMONS ISSUED TO ATTORNEY FOR CERTIFIED MAIL "MILLERBERND MANUFACTURING CO" E/S | |
| 01/29/2019 | Defendant VALMONT INDUSTRIES INC added on 01/29/19 | |
| 01/29/2019 | Defendant MILLERBERND MANUFACTURING CO added on 01/29/19 | |
| 01/29/2019 | FILE STAMP 01/25/19, REQUEST AND SERVICE INSTRUCTION FORM | DOC(102) |
| 01/29/2019 | FILE STAMP 01/25/19, PLAINTIFFS' REQUEST FOR SUMMONS, SERVICE, AND INTRUCTIONS FORM (MILLERBERND MANUFACTURING COMPANY) | DOC(101) |
| 01/28/2019 | PETITION AND SUMMONS ISSUED TO ATTORNEY FOR CERTIFIED MAIL "DBA CUSTOM LIGHTING SERVICES LLC" E/S | |
| 01/28/2019 | PETITION AND SUMMONS ISSUED TO ATTORNEY FOR CERTIFIED MAIL "GREAT PLAINS ENERGY INCORPORATED" E/S | |
| 01/28/2019 | Defendant BLACK & MCDONALD added on 01/28/19 Defendant CUSTOM LIGHTING SERVICES LLC, DBA added on 01/28/19 | |
| 01/28/2019 | Defendant GREAT PLAINS ENERGY INCORPORATED added on 01/28/18 | |
| 01/28/2019 | FILE STAMP 01/25/19, FILE STAMP 01/25/19, PLAINTIFF'S REQUEST FOR SUMMONS, SERVICE, AND INSTRUCTION FORM | DOC(100) |

CASE HISTORY (ROA)                                    https://www.jococourts.org/securepublic/civroa.aspx

| | | |
|---|---|---|
| 01/28/2019 | FILE STAMP 01/25/19, PLAINTIFF'S REQUEST FOR SUMMONS, SERVICE, AND INSTRUCTION FORM | DOC(99) |
| 01/28/2019 | FILE STAMP 01/25/19, PLAINTIFF'S MOTION FOR EXTENSION OF TIME DESIGNATE ADDITIONAL EXPERTS AND TO SUPPLEMENT EXISTING DESIGNATIONS WITH REPORTS | DOC(98) |
| 12/26/2018 | FILE STAMP 12/21/18, ANSWER OF KANSAS CITY POWER & LIGHT COMPANY TO FIRST AMENDED PETITION FOR DAMAGES | DOC(97) |
| 12/04/2018 | FILE STAMP 12/03/18, PLAINTIFF'S SECOND WITNESS AND EXHIBIT LIST | DOC(96) |
| 12/04/2018 | FILE STAMP 12/03/18, PLAINTIFF'S MOTION FOR ADDITIONAL TIME TO SUPPLEMENT IDENTIFIED WITNESS(ES) AND EXHIBIT(S) WITH INCORPORATED SUPPORTING SUGGESTIONS | DOC(95) |
| 12/04/2018 | FILE STAMP 12/03/18, KANSAS CITY POWER & LIGHT COMPANY'S FIRST AMENDED PRELIMINARY WITNESS AND EXHIBIT LIST | DOC(94) |
| 11/26/2018 | FILE STAMP 11/21/18, FIRST AMENDED PETITION FOR DAMAGES | DOC(93) |
| 11/05/2018 | FILE STAMP 11/05/18, FIRST AMENDED CASE MANAGEMENT ORDER | DOC(92) |
| 09/12/2018 | SCHED. JURY TRIAL 8TH UP on 07/18/19,09:00am,Div 7 | |
| 09/12/2018 | SCHED. JURY TRIAL 8TH UP on 07/17/19,09:00am,Div 7 | |
| 09/12/2018 | SCHED. JURY TRIAL 8TH UP on 07/16/19,09:00am,Div 7 | |
| 09/12/2018 | SCHED. JURY TRIAL 8TH UP on 07/15/19,09:00am,Div 7 | |
| 09/12/2018 | SCHED. FINAL TRIAL CONFERENCE on 07/12/19,09:00am,Div 7 | |
| 09/12/2018 | SCHED. PRE-TRIAL CONFERENCE on 05/16/19,10:45am,Div 7 | |
| 09/12/2018 | <******* Bench Notes *********> APPEARANCES BY PHONE: ATTORNEY FOR PLAINTIFF TARAK DEVKOTA. ATTORNEY FOR DEFENDANT NICK KURT. COURT WILL ALLOW TRIAL TO BE MOVED NO LATER THAN 6 MONTHS. CASE MANAGEMENT ORDER TO BE SUBMITTED BY SEPTEMBER 28, 2018.(JUDGE: HAUBER) | |
| 09/12/2018 | CANCELLED JURY TRIAL 2ND UP on 12/06/18,09:00am,Div 7 | |
| 09/12/2018 | CANCELLED JURY TRIAL 2ND UP on 12/05/18,09:00am,Div 7 | |
| 09/12/2018 | CANCELLED JURY TRIAL 2ND UP on 12/04/18,09:00am,Div 7 | |
| 09/12/2018 | CANCELLED JURY TRIAL 2ND UP on 12/03/18,09:00am,Div 7 | |
| 09/12/2018 | CANCELLED FINAL TRIAL CONFERENCE on 11/30/18,09:00am,Div 7 | |

| 09/12/2018 | CANCELLED PRE-TRIAL CONFERENCE on 10/11/18,09:15am,Div 7 | |
| 09/07/2018 | SCHED. CONFERENCE CALL on 09/12/18,02:00pm,Div 7 | |
| 08/31/2018 | FILE STAMP 08/30/18, KANSAS CITY POSER & LIGHT COMPANY'S RESPONSE TO PLAINTIFFS' MOTION FOR CONTINUANCE OF TRIAL SETTING AND MODIFICATION OF SCHEDULING ORDER | DOC(91) |
| 08/27/2018 | FILE STAMP 08/24/18, PROOF OF SERVICE | DOC(90) |
| 08/27/2018 | FILE STAMP 08/24/18, PROOF OF SERVICE | DOC(89) |
| 08/27/2018 | FILE STAMP 08/24/18, PROOF OF SERVICE | DOC(88) |
| 08/27/2018 | FILE STAMP 08/24/18, PROOF OF SERVICE | DOC(87) |
| 08/27/2018 | FILE STAMP 08/24/18, PROOF OF SERVICE | DOC(86) |
| 08/27/2018 | FILE STAMP 08/24/18, PROOF OF SERVICE | DOC(85) |
| 08/27/2018 | FILE STAMP 08/24/18, PROOF OF SERVICE | DOC(84) |
| 08/24/2018 | FILE STAMP 08/23/18, PLAINTIFFS' MOTION FOR CONTINUANCE OF TRIAL SETTING AND MODIFICATION OF SCHEDULING ORDER | DOC(83) |
| 08/22/2018 | FILE STAMP 08/21/18, AMENDED NOTICE OF DEPOSITION DUCES TECUM | DOC(82) |
| 08/17/2018 | SUBPOENA ISSUED TO ATTORNEY FOR PROCESS SERVER "JACQUELINE FRANKLIN" E/S | |
| 08/17/2018 | FILE STAMP 08/17/18 03:53pm, REQUEST AND SERVICE INSTRUCTION FORM | DOC(81) |
| 08/17/2018 | FILE STAMP 08/17/18, SUBPOENA TO TAKE DEPOSITION WITH INCORPORATED DEPOSITION NOTICE | DOC(80) |
| 08/17/2018 | SUBPOENA ISSUED TO ATTORNEY FOR PROCESS SERVER "KENYATTA HARDEN" E/S | |
| 08/17/2018 | FILE STAMP 08/17/18 03:51pm, REQUEST AND SERVICE INSTRUCTION FORM | DOC(79) |
| 08/17/2018 | FILE STAMP 08/17/18, SUBPOENA TO TAKE DEPOSITION WITH INCORPORATED DEPOSITION NOTICE | DOC(78) |
| 08/17/2018 | SUBPOENA ISSUED TO ATTORNEY FOR PROCESS SERVER "CYNTHIA OBENHAUS, RN" E/S | |
| 08/17/2018 | FILE STAMP 08/17/18 03:45pm, REQUEST AND SERVICE INSTRUCTION FORM | DOC(77) |
| 08/17/2018 | FILE STAMP 08/17/18, SUBPOENA TO TAKE DEPOSITION WITH INCORPORATED DEPOSITION NOTICE | DOC(76) |
| 08/17/2018 | SUBPOENA ISSUED TO ATTORNEY FOR PROCESS SERVER "KATHI GLAUNER, M.D." E/S | |

| | | |
|---|---|---|
| 08/17/2018 | FILE STAMP 08/17/18 03:44pm, REQUEST AND SERVICE INSTRUCTION FORM | DOC(75) |
| 08/17/2018 | FILE STAMP 08/17/18, SUBPOENA TO TAKE DEPOSITION WITH INCORPORATED DEPOSITION NOTICE | DOC(74) |
| 08/17/2018 | SUBPOENA ISSUED TO ATTORNEY FOR PROCESS SERVER "CHRISTINA TWARDOWSKI, D.O." E/S | |
| 08/17/2018 | FILE STAMP 08/17/18 03:42pm, REQUEST AND SERVICE INSTRUCTION FORM | DOC(73) |
| 08/17/2018 | FILE STAMP 08/17/18, SUBPOENA TO TAKE DEPOSITION WITH INCORPORATED DEPOSITION NOTICE | DOC(72) |
| 08/17/2018 | SUBPOENA ISSUED TO ATTORNEY FOR PROCESS SERVER "JENNIFER REINTJES, M.D." E/S | |
| 08/17/2018 | FILE STAMP 08/17/18 03:39pm, REQUEST AND SERVICE INSTRUCTION FORM | DOC(71) |
| 08/17/2018 | FILE STAMP 08/17/18, SUBPOENA TO TAKE DEPOSITION WITH INCORPORATED DEPOSITION NOTICE | DOC(70) |
| 08/17/2018 | SUBPOENA ISSUED TO ATTORNEY FOR PROCESS SERVER "DAYLIN RODRIGUEZ" E/S | |
| 08/17/2018 | FILE STAMP 08/17/18 03:37pm, REQUEST AND SERVICE INSTRUCTION FORM | DOC(69) |
| 08/17/2018 | FILE STAMP 08/17/18, SUBPOENA TO TAKE DEPOSITION WITH INCORPORATED DEPOSITION NOTICE | DOC(68) |
| 08/17/2018 | SUBPOENA ISSUED TO ATTORNEY FOR PROCESS SERVER "KENNETH PRINGLE, PT" E/S | |
| 08/17/2018 | FILE STAMP 08/17/18 03:34pm, REQUEST AND SERVICE INSTRUCTION FORM | DOC(67) |
| 08/17/2018 | FILE STAMP 08/17/18, SUBPOENA TO TAKE DEPOSITION WITH INCORPORATED DEPOSITION NOTICE | DOC(66) |
| 08/17/2018 | SUBPOENA ISSUED TO ATTORNEY FOR PROCESS SERVER "KELLY STUMPFF, M.D." E/S | |
| 08/17/2018 | FILE STAMP 08/17/18 03:32pm, REQUEST AND SERVICE INSTRUCTION FORM | DOC(65) |
| 08/17/2018 | FILE STAMP 08/17/18, SUBPOENA TO TAKE DEPOSITION WITH INCORPORATED DEPOSITION NOTICE | DOC(64) |
| 08/17/2018 | SUBPOENA ISSUED TO ATTORNEY FOR PROCESS SERVER "DOUGLAS BURTON, M.D" E/S | |
| 08/17/2018 | FILE STAMP 08/17/18 03:30pm, REQUEST AND SERVICE INSTRUCTION FORM | DOC(63) |
| 08/17/2018 | FILE STAMP 08/17/18, SUBPOENA TO TAKE DEPOSITION WITH INCORPORATED DEPOSITION NOTICE | DOC(62) |

| | | |
|---|---|---|
| 08/17/2018 | SUBPOENA ISSUED TO ATTORNEY FOR PROCESS SERVER "RUSTY HUNSAKER" E/S | |
| 08/17/2018 | FILE STAMP 08/17/18 03:27pm, REQUEST AND SERVICE INSTRUCTION FORM | DOC(61) |
| 08/17/2018 | FILE STAMP 08/17/18, SUBPOENA TO TAKE DEPOSITION WITH INCORPORATED DEPOSITION NOTICE | DOC(60) |
| 08/17/2018 | SUBPOENA ISSUED TO ATTORNEY FOR PROCESS SERVER "MICHAEL TILLEY, M.D" E/S | |
| 08/17/2018 | FILE STAMP 08/17/18 03:22pm, REQUEST AND SERVICE INSTRUCTION FORM | DOC(59) |
| 08/17/2018 | FILE STAMP 08/17/18, SUBPOENA TO TAKE DEPOSITION WITH INCORPORATED DEPOSITION NOTICE | DOC(58) |
| 08/17/2018 | SUBPOENA ISSUED TO ATTORNEY FOR PROCESS SERVER "RUSTY HUNSAKER" E/S | |
| 08/17/2018 | FILE STAMP 08/17/18 03:25pm, REQUEST AND SERVICE INSTRUCTION FORM | DOC(57) |
| 08/17/2018 | FILE STAMP 08/17/18, SUBPOENA TO TAKE DEPOSITION WITH INCORPORATED DEPOSITION NOTICE | DOC(56) |
| 08/17/2018 | FILE STAMP 08/17/18, NOTICE OF DEPOSITON | DOC(55) |
| 08/17/2018 | SUBPOENA ISSUED TO ATTORNEY FOR PROCESS SERVER "ASHLEY BENNETT, M.D." E/S | |
| 08/17/2018 | FILE STAMP 08/17/18 03:19pm, REQUEST AND SERVICE INSTRUCTION FORM | DOC(54) |
| 08/17/2018 | FILE STAMP 08/17/18, SUBPOENA TO TAKE DEPOSITION WITH INCORPORATED DEPOSITION NOTICE | DOC(53) |
| 08/17/2018 | FILE STAMP 08/17/18, NOTICE OF DEPOSITION | DOC(52) |
| 08/17/2018 | SUBPOENA ISSUED TO ATTORNEY FOR PROCESS SERVER "KELLIE MOULIN" E/S | |
| 08/17/2018 | FILE STAMP 08/17/18 03:11pm, REQUEST AND SERVICE INSTRUCTION FORM | DOC(51) |
| 08/17/2018 | FILE STAMP 08/17/18, SUBPOENA TO TAKE DEPOSITION WITH INCORPORATED DEPOSITION NOTICE | DOC(50) |
| 08/17/2018 | FILE STAMP 08/17/18, NOTICE FOR DEPOSTITION | DOC(49) |
| 08/17/2018 | FILE STAMP 08/17/18, NOTICE FOR VIDEO-TAPED DEPOSITION | DOC(48) |
| 08/17/2018 | FILE STAMP 08/17/18, NOTICE FOR VIDEO-TAPED DEPOSITION | DOC(47) |
| 08/17/2018 | FILE STAMP 08/17/18, AMENDED NOTICE FOR VIDEO-TAPED DEPOSITION | DOC(46) |

CASE HISTORY (ROA)                                          https://www.jococourts.org/securepublic/civroa.aspx

| 08/17/2018 | FILE STAMP 08/16/18, NOTICE FOR VIDEO-TAPED DEPOSITION DUCES TECUM | DOC(45) |
| 08/17/2018 | FILE STAMP 08/17/18, AMENDED NOTICE FOR VIDEO-TAPED DEPOSITION | DOC(44) |
| 08/17/2018 | FILE STAMP 08/16/18, NOTICE FOR VIDEO-TAPED DEPOSITION DUCES TECUM | DOC(43) |
| 08/17/2018 | FILE STAMP 08/16/18, NOTICE FOR VIDEO-TAPED DEPOSITION | DOC(42) |
| 08/17/2018 | FILE STAMP 08/17/18, AMENDED NOTICE FOR VIDEO-TAPED DEPOSITION | DOC(41) |
| 08/17/2018 | FILE STAMP 08/16/18, NOTICE FOR VIDEO-TAPED DEPOSITION | DOC(40) |
| 08/17/2018 | FILE STAMP 08/16/18, NOTICE FOR VIDEO-TAPED DEPOSITION | DOC(39) |
| 08/17/2018 | FILE STAMP 08/17/18, AMENDED NOTICE FOR VIDEO-TAPED DEPOSITION | DOC(38) |
| 08/17/2018 | FILE STAMP 08/16/18, NOTICE FOR VIDEO-TAPED DEPOSITION | DOC(37) |
| 08/17/2018 | FILE STAMP 08/16/18, NOTICE FOR VIDEO-TAPED DEPOSITION | DOC(36) |
| 08/17/2018 | FILE STAMP 08/16/18, NOTICE FOR VIDEO-TAPED DEPOSITION | DOC(35) |
| 08/17/2018 | FILE STAMP 08/17/18, AMENDED NOTICE FOR VIDEO-TAPED DEPOSITION | DOC(34) |
| 08/17/2018 | FILE STAMP 08/17/18, AMENDED NOTICE FOR VIDEO-TAPED DEPOSITION | DOC(33) |
| 08/17/2018 | FILE STAMP 08/16/18, NOTICE FOR VIDEO-TAPED DEPOSITION | DOC(32) |
| 08/17/2018 | FILE STAMP 08/17/18, AMENDED NOTICE FOR VIDEO-TAPED DEPOSITION | DOC(31) |
| 08/17/2018 | FILE STAMP 08/16/18, NOTICE FOR VIDEO-TAPED DEPOSITION | DOC(30) |
| 08/17/2018 | FILE STAMP 08/17/18, AMENDED NOTICE FOR VIDEO-TAPED DEPOSITION | DOC(29) |
| 08/17/2018 | FILE STAMP 08/17/18, AMENDED NOTICE FOR VIDEO-TAPED DEPOSITION | DOC(28) |
| 08/17/2018 | FILE STAMP 08/17/18, AMENDED NOTICE FOR VIDEO-TAPED DEPOSITION | DOC(27) |
| 08/17/2018 | FILE STAMP 08/17/18, AMENDED NOTICE FOR VIDEO-TAPED DEPOSITION | DOC(26) |

| 08/17/2018 | FILE STAMP 08/17/18, AMENDED NOTICE FOR VIDEO-TAPED DEPOSITION | DOC(25) |
|---|---|---|
| 08/17/2018 | FILE STAMP 08/16/18, AMENDED NOTICE FOR VIDEO-TAPED DEPOSITION | DOC(24) |
| 08/17/2018 | FILE STAMP 08/17/18, AMENDED NOTICE FOR VIDEO-TAPED DEPOSITION | DOC(23) |
| 08/17/2018 | FILE STAMP 08/16/18, AMENDED NOTICE FOR VIDEO-TAPED DEPOSITION | DOC(22) |
| 08/17/2018 | FILE STAMP 08/16/18, AMENDED NOTICE FOR VIDEO-TAPED DEPOSITION | DOC(21) |
| 08/17/2018 | FILE STAMP 08/16/18, AMENDED NOTICE FOR VIDEO-TAPED DEPOSITION | DOC(20) |
| 08/17/2018 | FILE STAMP 08/16/18, AMENDED NOTICE FOR VIDEO-TAPED DEPOSITION | DOC(19) |
| 08/17/2018 | FILE STAMP 08/17/18, AMENDED NOTICE FOR VIDEO-TAPED DEPOSITION (RUSTY HUNSAKER) | DOC(18) |
| 08/16/2018 | FILE STAMP 08/15/18, PLAINTIFFS' CERTIFICATE OF ELECTRONIC SERVICE PLAINTIFFS' INTERROGATORIES AND REQUESTS FOR PRODUCTION OF DOCUMENTS TO KANSAS CITY POWER & LIGHT COMPANY | DOC(17) |
| 08/10/2018 | FILE STAMP 08/10/18, NOTICE OF DEPOSITION DUCES TECUM, STEWART GROTE | DOC(16) |
| 08/10/2018 | FILE STAMP 08/10/18, NOTICE OF DEPOSITION DUCES TECUM | DOC(15) |
| 07/30/2018 | FILE STAMP 07/27/18, PLAINTIFF'S CERTIFICATE OF ELECTRONIC SERVICEF PLAINTIFFS' INTERROGATORIES AND REQUESTS FOR PRODUCTION OF DOCUMENTS TO KANSAS CITY POWER & LIGHT COMPANY | DOC(14) |
| 07/11/2018 | FILE STAMP 07/10/18, PLAINTIFFS' INTITIAL DESIGNATION OF EXPERTS AND MOTION FOR ADDITIONAL TIME TO DESIGNATE EXPERT(S) | DOC(13) |
| 06/04/2018 | FILE STAMP 06/01/18, PLAINTIFFS' INITIAL WITNESS AND EXHIBIT LIST | DOC(12) |
| 06/04/2018 | FILE STAMP 06/01/18, KANSAS CITY POWER & LIGHT COMPANY'S PRELIMINARY WITNESS AND EXHIBIT LIST | DOC(11) |
| 05/14/2018 | FILE STAMP 05/11/18, PLAINTIFFS' CERTIFICATE OF SERVICE OF ANSWERS AND REPLIES TO KANSAS CITY POWER & LIGHT COMPANY'S INTERROGATORIES AND REQUEST FOR PRODUCTION OF DOCUMENTS | DOC(10) |
| 04/06/2018 | FILE STAMP 04/06/18, CERTIFICATE OF SERVICE OF DISCOVERY | DOC(9) |
| 01/31/2018 | FILE STAMP 01/31/18, CASE MANAGEMENT ORDER | DOC(8) |

CASE HISTORY (ROA)                                      https://www.jococourts.org/securepublic/civroa.aspx

| 01/16/2018 | SCHED. JURY TRIAL 2ND UP on 12/06/18,09:00am,Div 7 | |
| 01/16/2018 | SCHED. JURY TRIAL 2ND UP on 12/05/18,09:00am,Div 7 | |
| 01/16/2018 | SCHED. JURY TRIAL 2ND UP on 12/04/18,09:00am,Div 7 | |
| 01/16/2018 | SCHED. JURY TRIAL 2ND UP on 12/03/18,09:00am,Div 7 | |
| 01/16/2018 | SCHED. FINAL TRIAL CONFERENCE on 11/30/18,09:00am,Div 7 | |
| 01/16/2018 | SCHED. PRE-TRIAL CONFERENCE on 10/11/18,09:15am,Div 7 | |
| 12/01/2017 | FILE STAMP 12/01/17, ORDER, (CONTINUED TO 01/12/18 AT 10:00A.M.) | DOC(7) |
| 11/30/2017 | FILE STAMP 11/30/17, UNOPPOSED MOTION TO CONTINUE CASE MANAGEMENT CONFERENCE | DOC(6) |
| 11/29/2017 | RESCHED. CASE MANAGEMENT CONFERENCE on 01/12/18,10:00am,Div 7, COUNSEL REQUEST | |
| 11/15/2017 | FILE STAMP 11/14/17, ANSWER OF KANSAS CITY POWER & LIGHT COMPANY | DOC(5) |
| 11/14/2017 | ELECTRONIC ENTRY OF APPEARANCE BY CARSON M HINDERKS AS A DEFENSE ATTORNEY FOR KANSAS CITY POWER AND LIGHT COMPANY | |
| 11/14/2017 | ELECTRONIC ENTRY OF APPEARANCE BY NICK J KURT AS A DEFENSE ATTORNEY FOR KANSAS CITY POWER AND LIGHT COMPANY | |
| 10/25/2017 | FILE STAMP 10/25/17, CLERK'S ORDER FOR ADDITIONAL TIME TO PLEAD TO PETITION | DOC(4) |
| 09/27/2017 | FILE STAMP 09/27/17, ORDER FOR CASE MANAGEMENT CONFERENCE | DOC(3) |
| 09/27/2017 | SCHED. CMF on 12/21/17,03:15pm,Div 7 | |
| 08/29/2017 | PETITION AND SUMMONS ISSUED TO ATTORNEY FOR CERTIFIED MAIL "KANSAS CITY POWER AND LIGHT COMPANY" E/S | |
| 08/29/2017 | FILE STAMP 08/28/17 04:55pm, REQUEST AND SERVICE INSTRUCTION FORM | DOC(2) |
| 08/29/2017 | FILE STAMP 08/28/17, PETITION FOR DAMAGES | DOC(1) |
| 08/29/2017 | JUDGE DAVID W HAUBER ASSIGNED TO CASE | |
| 08/29/2017 | NEW CASE E-FILED; SANCHEZ-DIAZ VS KANSAS CITY POWER AND LIGHT COMPANY; FILING FEE $196.50; PAID BY DEVKOTA, TARAK ALEXANDER, RECEIPTED AMOUNT $196.50, E-PAYMENT NO: 75662922 | |

17CV04848
Div7

IN THE DISTRICT COURT OF JOHNSON COUNTY, KANSAS
CIVIL DEPARTMENT
(Pursuant to K.S.A. Chapter 60)

CARLOS SANCHEZ DIAZ, and            )
                                    )
JEAN  CHAVEZ (GUZMAN) SANCHEZ,  )
                                    )
and ADAN GUZMAN,                    )
                                    )
        *Plaintiffs,*                 )
                                    )
v.                                  )
                                    )
KANSAS CITY POWER AND               )
LIGHT COMPANY, *and*                )
<u>SERVE Resident Agent</u>:              )
Corporation Service Company,        )
2900 S.W. Wanamaker Drive, Suite # 204 )
Topeka, Kansas 66614,               )
                                    )
JOHN DOE BUSINESS ENTITY A,         )
OPERATIONS COMPANY, *and*           )
                                    )
JOHN  DOE ENTITY B MAINTENANCE )
COMPANY,                            )
                                    )
        *Defendants.*                 )

## PETITION FOR DAMAGES

COMES NOW, Plaintiffs Carlos Sanchez Diaz ("Mr. Diaz"), his wife Jean Chavez

("Mrs. Chavez"), and her son, Adan Guzman ("Mr. Guzman"), through counsel, to make the

following allegations against these Defendants giving rise to their injuries:

### PARTIES, JURISDICTION, AND VENUE

1.      Plaintiff Mr. Diaz is an individual, over the age of 18 years, and a resident of

Olathe, Johnson County, Kansas at all times relevant to these claims.

*Clerk of the District Court, Johnson County Kansas*
        *08/28/17  04:55pm EC*

2.     Plaintiff Mrs. Chavez is an individual, over the age of 18 years and a resident of Olathe, Johnson County, Kansas at all times relevant to these claims.

3.     Plaintiff Mr. Guzman is an individual, minor child, living with his mother and step-father, the other Plaintiffs, in Olathe, Johnson County, Kansas.

4.     Defendant Kansas City Power and Light Company ("KCP&L") is a Missouri corporation, registered, and in good standing and may be served through its resident agent Corporation Service Company, 2900 S.W. Wanamaker Drive, Suite # 204, Topeka, Kansas 66614.

5.     KCP&L is in the business of generating, transmitting, distributing, and selling electricity to homes and municipalities in the greater Kansas City metropolitan area and including Johnson County, Kansas.

6.     At all times, KCP&L was acting through its agents, servants, or employees who were acting within the course and scope of their employment with KCP&L.

7.     Defendant John Doe Business Entity A is an operations company and likely subsidiary of KCP&L for purposes of its in-field line services, monitoring, and maintenance for municipal utility electrical lines and poles in Johnson County, Kansas. Business Entity A may be served through its resident agent to be supplemented following discovery.

8.     Defendant John Doe Business Entity B is a maintenance company contractually or otherwise affiliated with KCP&L for purposes of its in-field line services, monitoring, and maintenance for municipal utility electrical lines and poles in Johnson County, Kansas. Business Entity B may be served through its resident agent to be supplemented following discovery.

9.     Prior to this auto accident, and upon information and belief, KCP&L, either on its own or via Business Entities A and/or B, placed utility poles on or along 100 East Santa Fe

*Clerk of the District Court, Johnson County Kansas*
*08/28/17  04:55pm EC*

Road, and near South Blackbob Road and West 131st Street in Olathe, Johnson County, Kansas

66061 and were responsible for subsequent inspection, review, maintenance, repair, and/or

replacement to maintain the public's safety at this location.

10.     This Court enjoys jurisdiction over the subject matter of and parties to this matter,

because this Court has subject matter over all civil cases within this county, and where the facts

and circumstances of this accident arose within the county. The Court also enjoys jurisdiction

over these parties where Plaintiffs are residents of this county where the cause of action arose,

and where Defendant(s) maintain an agent for service.

11.     Venue is appropriate within this county pursuant to K.S.A. § 60-604(2) where the

cause of action arose herein and where Plaintiffs were first injured within the county.

<u>FACTS COMMON TO ALL ALLEGATIONS</u>

12.     These claims arise from an incident that occurred at approximately 9:36 p.m.,

on February 23, 2016, in Olathe, Johnson County Kansas.

13.     At that time, Mr. Diaz was driving a 2002 Mazda Protégé northbound on

Blackbob Road from 135th Street, in Olathe, Johnson County, Kansas. He was in the lane #1,

approaching 131st Street, when without warning, the light pole in the median, maintained by

Defendants,  failed, fell over, landing atop Mr. Diaz's car causing injury and major damage.

14.     At all times on February 23, 2016, prior to and at the time of this failed light pole,

the weather was clear. Upon information and belief, Mr. Diaz' car was also without mechanical

defect and did not previously strike the light pole.

15.     As a direct and proximate result of Defendant(s)' acts and omissions, Mr. Diaz

sustained severe, permanent, and progressive painful injuries including, but not limited to, crush

injuries due to the collision and subsequent extraction from the car due to the light pole,

numerous lacerations in his face, eyes, neck, and shoulder from broken glass, a left-clavicle

fracture, left rib fracture(s), left and C-7 transverse process fracture(s), blunt head trauma, pain in

his neck, shoulders, back, and legs, and surgical repair of his clavicle fracture with hardware

causing subsequent pain and limited range of motion from this accident, requiring significant and

on-going pain management and therapy, resulting lost wages, emotional trauma with diagnoses

of post-traumatic stress disorder ("PTSD"), major depression, generalized anxiety disorder, loss

of sleep, lost opportunity, and loss of enjoyment of life. Mr. Diaz expects that he will continue to

experience pain and will also incur future medical, pharmaceutical, mental health, and other

treatment expenses and future pain and suffering as a result of Defendant(s)' negligence, fault,

acts, and/or omissions.

16.     As a direct and proximate result of Defendant(s)' above acts and omissions, Mr.

Diaz sustained property damage including but not limited to the total loss of his car, damage to

personal property, loss of value, and loss of use.

17.     Mr. Diaz has incurred expenses in connection with the above injuries and

damages, and he will continue to incur expenses in the future – the exact amount of which is

unknown at this time, but is upon information and belief more than $25,000.

18.     As a direct and proximate result of Defendant(s)' above acts and omissions, Mr.

Guzman also sustained severe, permanent, and painfully progressive injuries including, but not

limited to lacerations from broken glass, headaches from post-concussive syndrome, blurred

vision, neck pain, thoracic pain, chest wall contusion(s) and pain, abdominal tenderness and pain,

right knee, right shin, and right lower leg pain, low back pain, hyperopia, and mental health

injuries, including diagnoses of post-traumatic stress disorder ("PTSD"), separation anxiety

disorder, attention deficit disorder due to the collision, bedwetting, need for pain management

and therapy, and loss of sleep, lost opportunity, and loss of enjoyment of life. Mr. Guzman

expects that he will continue to experience pain and will also incur future medical,

pharmaceutical, and mental health treatment expenses and future pain and suffering as a result of

Defendant(s)' negligence, fault, acts, and/or omissions.

19.     Mr. Guzman has incurred expenses in connection with the above injuries and

damages, and he will continue to incur expenses in the future – the exact amount of which is

unknown at this time, but is upon information and belief more than $25,000.

## COUNT I - NEGLIGENCE

20.     Plaintiffs herein incorporate by reference each and every averment contained

or implied within the above paragraphs 1-20 of their Petition for Damages as if fully set out.

21.     KCP&L owned, installed, operated, inspected, and/or maintained the light pole

near Blackbob Road near 131st Street, in Olathe, Johnson County, Kansas, the site of this failure

and collision.

22.     KCP&L's subsidiaries owned, installed, operated, inspected, and/or maintained

the light pole near Blackbob Road near 131st Street, in Olathe, Johnson County, Kansas, the site

of this failure and collision.

23.     Under Kansas law, KCP&L and/or its subsidiaries had a duty to exercise the

highest degree of care in its placement, inspection, and/or maintenance of such light poles and

their wires.

24.     Kansas law obligates KCP&L to exercise that degree of care that a very careful

person would use under same or similar circumstances for installing, operating, inspecting,

repairing, and/or maintaining such light pole(s).

25.    KCP&L knew or should have known that in failing to exercise such highest degree of care would create an unreasonable and substantial risk of harm to individuals like Mr. Diaz and Mr. Guzman whom KCP&L could reasonably expect to be at or near the roadway near Blackbob Road near 131st Street, in Olathe, Johnson County, Kansas, the site of this failure and collision.

26.    Defendant breached those dut(ies) when it was negligent in the following respects, including but not limited to:

      a.    negligently installing the light pole where such failure occurred;

      b.    failing to inspect (or negligently inspecting) such light pole for failure where it could not in compliance with industry standards or city regulations and ordinances;

      c.    failing to properly anchor the light pole near Blackbob Road near 131st Street, in Olathe, Johnson County, Kansas;

      d.    failing to maintain/repair (or negligently maintaining or repairing) such light pole for failure where it could not in compliance with industry standards or city regulations and ordinances; and

      e.    failing to adhere to or employ adequate safety measures to ensure that a light pole would not fail and collide with traffic near Blackbob Road near 131st Street, in Olathe, Johnson County, Kansas.

27.    As a direct and proximate cause of Defendant(s)' acts and/or omissions, Plaintiffs Diaz and Guzman sustained the above severe, permanent, and debilitating injuries, permanent damages, loss of income and wages, and other losses detailed.

28.    As a direct and proximate cause of Defendant(s)' careless, recklessness, and negligence, Mr. Diaz also sustained extensive damage to his motor vehicle, making it a total loss. He also suffered a loss of use.

29.    Mr. Diaz and Mr. Guzman have incurred expenses in relation to the diagnosis and treatment of these claimed injuries and will continue to incur such expenses in the future; the exact amount of such expenses is unknown at this time, but they total more than $25,000.00.

30.     As a further direct and proximate cause of Defendant(s)' acts and/or omissions,

Mr. Diaz and Mr. Guzman also received extensive medical care and treatment and suffered pain,

bodily injury, and have and will continue to incur and needs medical care and treatment.

31.     As a direct and proximate cause of Defendant(s)' acts and omissions, Mr. Diaz

and Mr. Guzman also lost capacity to provide assistance around their household, including a loss

of ability to enjoy life, pain and suffering, lost opportunities, and other above-noted non-

economic damages.

WHEREFORE, Plaintiffs pray that this Court will grant judgment in their favor on Count

I for Negligence and against Defendant(s) and award such past and future damages that are fair

and reasonable, together with interest, for an award for the costs of this action, and for all other

appropriate and further relief that the Court deems just and proper after review.

## COUNT II – *Res Ipsa Loquitor*

32.     Plaintiffs herein incorporate by reference each and every averment contained

or implied within the above paragraphs 1-31 of their Petition for Damages as if fully set out.

33.     KCP&L owned, installed operated, controlled, and maintained the light pole at or

near the roadway near Blackbob Road near 131st Street, in Olathe, Johnson County, Kansas, the

site of this failure and collision.

34.     KCP&L had superior knowledge, or means of knowledge or investigation

concerning the condition of the failed light pole at or near the roadway near Blackbob Road near

131st Street, in Olathe, Johnson County, Kansas, the site of this failure and collision.

35.     Individuals, like Plaintiffs Mr. Diaz and Mr. Guzman, as well others, such as

Kenyatta Harden, a passenger in another vehicle struck by the failed light pole, are not ordinarily injured, harmed, or suffer damages in such a collision, unless the entity in charge failed to use appropriate care.

36.     The fact of such failure and collision and the reasonable inferences therefrom, a fact-finder in Kansas may conclude only that Plaintiffs' injuries and the occurrence were due to KCP&L's negligence.

37. Plaintiffs Mr. Diaz and Mr. Guzman were injured and sustained damages as a direct and proximate result of KCP&L's and Defendant(s)' negligence.

WHEREFORE, Plaintiffs pray that this Court will grant judgment in their favor on Count II under *Res Ipsa Loquitor* and against Defendant(s) and award such past and future damages that are fair and reasonable, together with interest, for an award for the costs of this action, and for all other appropriate and further relief that the Court deems just and proper after review.

## JURY DEMAND

Pursuant to K.S.A. § 60-238(b)(1), Plaintiffs request trial by jury on all issues so triable.

Respectfully Submitted,

DEVKOTA LAW FIRM, LLC

*/s/ Tarak Alexander Devkota*
Tarak Alexander Devkota,     KS #19767
Lynn Weddle Judkins,        KS # 20003
4010 Washington Street, Suite # 350
Kansas City, Missouri 64111
(816) 842-9100
(816) 817-1080 - FAX
litigation@devkotalawfirm.com
attyjudkins@gmail.com
**ATTORNEYS FOR PLAINTIFFS**

8      *Clerk of the District Court, Johnson County Kansas*
*08/28/17  04:55pm EC*

IN THE DISTRICT COURT OF JOHNSON COUNTY, KANSAS
CIVIL COURT DEPARTMENT


CARLOS SANCHEZ-DIAZ
                         Plaintiff                          Case No: 17CV04848
              vs                                            Division:   7
                                                            K.S.A. Chapter 60
KANSAS CITY POWER AND LIGHT COMPANY
                         Defendant


REQUEST AND SERVICE INSTRUCTION FORM


To:  Clerk of the District Court:


Please issue a SUMMONS and PETITION in this action for KANSAS CITY POWER AND LIGHT
COMPANY whose address for service is:

       CORPORATION SERVICE COMPANY, 2900 SW WANAMAKER DRIVE, SUITE 204
       TOPEKA, KS 66614


Certified mail service by the undersigned attorney, who understands that it is their responsibility to
obtain service and to make the return to the clerk.  The postal receipt for service must be filed with the
Clerk's office to prove service.


                              By: /s/ TARAK ALEXANDER DEVKOTA
                              TARAK ALEXANDER DEVKOTA, #19767
                              4010 WASHINGTON SUITE 350
                              KANSAS CITY, MO 64111
                              816-842-9100

IN THE DISTRICT COURT OF JOHNSON COUNTY, KANSAS
CIVIL COURT DEPARTMENT

SANCHEZ-DIAZ, CARLOS ET AL,
            Plaintiff,

                                  CASE NO. 17CV04848
vs.                            Chap.  60

KANSAS CITY POWER AND LIGHT COMPANY, ET AL,

               Defendant,


ORDER FOR CASE MANAGEMENT CONFERENCE

       A case management conference has been scheduled in the above-referenced case for **December 21, 2017, 03:15pm**, Division 7. **Plaintiff=s counsel is required to serve a copy of this order on all counsel who enter their appearance on behalf of any other party to this action, and/or any party that is proceeding pro se.** Failure to comply with this order may result in dismissal of this action.  Failure to appear at the case management conference may result in judgment against the party who has failed to appear. Personal appearance is required of Pro Se litigants.



      IT IS SO ORDERED.



                                 /s/ David W. Hauber
                                 DAVID W. HAUBER
                                 District Court Judge, Div. 7

NOTICE OF SERVICE

Copies of the above and foregoing have been sent by the court to counsel and/or self-represented litigants at the address(es) provided by them as of record this date of filing.


*Clerk of the District Court, Johnson County Kansas*
*09/27/17  11:18am EP*

## IN THE DISTRICT COURT OF JOHNSON COUNTY, KANSAS
## CIVIL COURT DEPARTMENT

| | |
|---|---|
| CARLOS SANCHEZ DIAZ,<br>JEAN CHAVEZ (GUZMAN) SANCHEZ,<br>and ADAN GUZMAN,<br><br>        Plaintiffs,<br><br>    v.<br><br>KANSAS CITY POWER & LIGHT<br>COMPANY,<br><br>JOHN DOE BUSINESS ENTITY A,<br>OPERATIONS COMPANY, and<br><br>JOHN DOE ENTITY B<br>MAINTENANCE COMPANY,<br><br>        Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

Case No. 17CV04848
Division: 7
K.S.A. Chapter 60

### CLERK'S ORDER FOR ADDITIONAL TIME TO PLEAD TO PETITION

The Clerk of the District Court of Johnson County, Kansas, pursuant to Sup. Ct. Rule

113, hereby grants defendant Kansas City Power & Light Company an additional 14 days to

answer or otherwise respond to plaintiffs' Petition (Doc. 1).

Dated this ___ day of October, 2017.


             /s/ EMILY PARKER
             Dated: 10/25/17
          Clerk of the District Court

Respectfully submitted,

**BERKOWITZ OLIVER LLP**

/s/ Nick J. Kurt
Nick J. Kurt                         KS Bar No. 20225
Carson M. Hinderks              KS Bar No. 25079
2600 Grand Boulevard, Suite 1200
Kansas City, Missouri 64108
P: (816) 561-7007
F: (816) 561-1888
nkurt@berkowitzoliver.com
chinderks@berkowitzoliver.com

*Attorneys for Defendant Kansas City Power & Light Company*

**IN THE DISTRICT COURT OF JOHNSON COUNTY, KANSAS**
**CIVIL COURT DEPARTMENT**

CARLOS SANCHEZ DIAZ,        )
JEAN CHAVEZ (GUZMAN) SANCHEZ, )
and ADAN GUZMAN,           )
                             )
         Plaintiffs,      )
                             )
       v.               )   Case No. 17CV04848
                             )   Division: 7
KANSAS CITY POWER & LIGHT     )   K.S.A. Chapter 60
COMPANY,                  )
                             )
JOHN DOE BUSINESS ENTITY A,   )
OPERATIONS COMPANY, and     )
                             )
JOHN DOE ENTITY B          )
MAINTENANCE COMPANY,      )
                             )
        Defendants.     )

### ANSWER OF KANSAS CITY POWER & LIGHT COMPANY

Defendant Kansas City Power & Light Company ("KCP&L") hereby submits its Answer to plaintiffs' Petition for Damages ("Petition").

### PARTIES, JURISDICTION, AND VENUE

1.     KCP&L is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 1 and, therefore, denies them.

2.     KCP&L is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 2 and, therefore, denies them.

3.     KCP&L is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 3 and, therefore, denies them.

4.     KCP&L admits the allegations in Paragraph 4.

5.     KCP&L admits that it performs the services alleged by plaintiffs in Paragraph 5.

6.      Paragraph 6 states a legal conclusion to which no answer is required.  To the extent that it requires an answer, KCP&L denies the allegations in Paragraph 6.  Answering further, KCP&L states that the phrase "at all times" is vague and undefined and, therefore, KCP&L also denies the allegations in Paragraph 6 for that reason.

7.      The allegations in Paragraph 7 are directed at an entity other than KCP&L and, for that reason, KCP&L states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 7 and, therefore, denies them.

8.      The allegations in Paragraph 8 are directed at an entity other than KCP&L and, for that reason, KCP&L states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 8 and, therefore, denies them.

9.      The allegations in Paragraph 9 are vague and confusing because the acts attributed to KCP&L are stated in the disjunctive.  Accordingly, KCP&L states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations—as written—in Paragraph 9 and, therefore, denies them.  Answering further, KCP&L denies that it failed to meet any applicable standard of care.

10.     KCP&L admits that, as pleaded by plaintiffs in Paragraph 10, jurisdiction in this Kansas district court is proper.

11.     KCP&L admits that, as pleaded by plaintiffs in Paragraph 11, venue in this Kansas district court is proper.

## FACTS COMMON TO ALL ALLEGATIONS

12.     KCP&L is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 12 and, therefore, denies them.

*Clerk of the District Court, Johnson County Kansas*
                                              *11/14/17  02:40pm EP*

13.   KCP&L is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 13 and, therefore, denies them.

14.   KCP&L is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 14 and, therefore, denies them.

15.   KCP&L denies that Mr. Diaz was injured as a direct and proximate result of its acts and omissions.  Answering further, KCP&L denies that it failed to meet any applicable standard of care.  KCP&L is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 15 concerning the injuries allegedly suffered by Mr. Diaz and, therefore, denies them.

16.   KCP&L denies that Mr. Diaz has suffered damages as a direct and proximate result of its acts and omissions.  Answering further, KCP&L denies that it failed to meet any applicable standard of care.  KCP&L is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 16 concerning the damages Mr. Diaz allegedly incurred and, therefore, denies them.

17.   KCP&L denies that Mr. Diaz has suffered damages or was injured as a direct and proximate result of its acts and omissions.  Answering further, KCP&L denies that it failed to meet any applicable standard of care.  KCP&L is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 17 and, therefore, denies them.

18.   KCP&L denies that Mr. Guzman was injured as a direct and proximate result of its acts and omissions.  Answering further, KCP&L denies that it failed to meet any applicable standard of care.  KCP&L is without knowledge or information sufficient to form a belief as to

the truth of the allegations contained in Paragraph 18 concerning the injuries allegedly suffered by Mr. Guzman and, therefore, denies them.

19.     KCP&L is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 19 and, therefore, denies them.

## ANSWER TO COUNT I - NEGLIGENCE

20.     KCP&L incorporates its responses to Paragraphs 1 through 19 above as its response to Paragraph 20.

21.     The allegations in Paragraph 21 are vague and confusing because the acts attributed to KCP&L are stated in the disjunctive.  Accordingly, KCP&L states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations—as written—in Paragraph 21 and, therefore, denies them.  Answering further, KCP&L denies that it failed to meet any applicable standard of care.

22.     The allegations in Paragraph 22 are vague and confusing because the acts attributed to KCP&L are stated in the disjunctive.  Accordingly, KCP&L states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations—as written—in Paragraph 22 and, therefore, denies them.  Answering further, KCP&L denies that it failed to meet any applicable standard of care.

23.     Paragraph 23 states an alleged legal duty to which no answer is required.  To the extent that it requires an answer, KCP&L denies the allegations in Paragraph 23 that are directed to it.  Answering further, KCP&L denies that it failed to meet any applicable standard of care.

24.     Paragraph 24 states an alleged legal duty to which no answer is required.  To the extent that it requires an answer, KCP&L denies the allegations in Paragraph 24.  Answering further, KCP&L denies that it failed to meet any applicable standard of care.

25.     KCP&L denies the allegations in Paragraph 25. Answering further, KCP&L denies that it failed to meet any applicable standard of care.

26.     KCP&L denies the allegations in Paragraph 26.

27.     KCP&L denies that Mr. Diaz was injured as a direct and proximate result of its acts and omissions. Answering further, KCP&L denies that it failed to meet any applicable standard of care.

28.     KCP&L denies that Mr. Diaz has suffered damages as a direct and proximate result of its acts and omissions. Answering further, KCP&L denies that it failed to meet any applicable standard of care.

29.     KCP&L is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 29 and, therefore, denies them.

30.     KCP&L denies that Mr. Diaz and Mr. Guzman were injured as a direct and proximate result of its acts and omissions. Answering further, KCP&L denies that it failed to meet any applicable standard of care.

31.     KCP&L denies that Mr. Diaz and Mr. Guzman were injured as a direct and proximate result of its acts and omissions. Answering further, KCP&L denies that it failed to meet any applicable standard of care.

## ANSWER TO COUNT II - *RES IPSA LOQUITOR*

32.     KCP&L incorporates its responses to Paragraphs 1 through 31 above as its response to Paragraph 32.

33.     The allegations in Paragraph 33 are vague and confusing because the acts attributed to KCP&L are stated in the disjunctive. Accordingly, KCP&L states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations—as

written—in Paragraph 33 and, therefore, denies them.  Answering further, KCP&L denies that it failed to meet any applicable standard of care.

34.    Paragraph 34 states a legal conclusion to which no answer is required.  To the extent that it requires an answer, KCP&L denies the allegations in Paragraph 34.

35.    Paragraph 35 states a legal conclusion to which no answer is required.  To the extent that it requires an answer, KCP&L denies the allegations in Paragraph 35.

36.    KCP&L denies the allegations in Paragraph 36.

37.    KCP&L denies the allegations in Paragraph 37.

## GENERAL DENIAL

KCP&L hereby denies each and every allegation of plaintiffs' Petition not admitted specifically herein.

## AFFIRMATIVE DEFENSES

Without waiving and in the alternative to all other defenses and denials set out herein, KCP&L states:

1.    Plaintiffs' Petition fails to state any claim or cause of action on which the Court can grant relief against KCP&L.

2.    Plaintiffs' alleged injuries and damages are the result of independent, unforeseeable, superseding, and/or intervening causes unrelated to any conduct of KCP&L.

3.    Plaintiffs' alleged injuries were not proximately caused by any act or omission of KCP&L.

4.    Any alleged injuries or damages suffered by plaintiffs were caused solely by acts of others independent of KCP&L, including unforeseeable intervening or superseding acts, which bar any recovery against KCP&L.

5.     KCP&L's liability, if any, on plaintiffs' claims sounding in negligence should be restricted to its appropriate share of liability (which is denied) in accordance with principles of comparative negligence and proportionate fault under K.S.A. § 60-258a. Plaintiffs' recoverable damages, if any, must be reduced by the percentage of fault attributable to the plaintiffs or other persons or entities associated with them. Plaintiffs' claims should not result in any liability to KCP&L in the event plaintiffs are found to be 50% or more at fault on that claim.

6.     Plaintiffs' claims are barred because KCP&L owed no duty to plaintiffs or, in the alternative, that if any duty was owed, KCP&L satisfied such duty.

7.     Plaintiffs' claims are barred in whole or in part because KCP&L has substantially complied with all applicable statutes, regulations, laws, and/or industry practices.

8.     To the extent plaintiffs seek loss of wages or earnings, those claims are barred or may be set off by the receipt of unemployment compensation.

9.     Upon information and belief, plaintiffs' rights to recovery are barred in whole or in part by their respective failures to mitigate the damages they allege.

10.     KCP&L reserves the right to assert additional defenses as they become known through discovery.

WHEREFORE, KCP&L prays for judgment in its favor and for an order dismissing plaintiffs' Petition for Damages with prejudice, for its costs incurred herein, and for such other relief as the Court finds just and appropriate.

## JURY DEMAND

Defendant Kansas City Power & Light Company demands that all issues set forth herein be tried to a jury.

Dated:  November 14, 2017

Respectfully submitted,

**BERKOWITZ OLIVER LLP**

/s/ Nick J. Kurt

| Nick K. Kurt | KS Bar No. 20225 |
| Carson M. Hinderks | KS Bar No. 25079 |

2600 Grand Boulevard, Suite 1200
Kansas City, Missouri 64108
Telephone:  (816) 561-7007
Facsimile:  (816) 561-1888
Email        nkurt@berkowitzoliver.com
                chinderks@berkowitzoliver.com

*Attorneys for Defendant Kansas City Power & Light Company*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was served upon the following, via email, on this 14th day of November, 2017.

Tarak Alexander Devkota
Lynn Weddle Judkins
DEVKOTA LAW FIRM, LLC
4010 Washington Street, Suite 350
Kansas City, Missouri 64111
litigation@devkotalawfirm.com
attyjudkins@gmail.com

*Attorneys for Plaintiffs*

/s/ Nick J. Kurt
*Attorney for Defendant*

## IN THE DISTRICT COURT OF JOHNSON COUNTY, KANSAS
## CIVIL COURT DEPARTMENT

| | | |
|---|---|---|
| CARLOS SANCHEZ DIAZ, *et al.*, | ) | |
| | ) | |
| Plaintiffs, | ) | Case No. 17CV04848 |
| | ) | Division: 7 |
| v. | ) | K.S.A. Chapter 60 |
| | ) | |
| KANSAS CITY POWER & LIGHT | ) | |
| COMPANY, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

### UNOPPOSED MOTION TO CONTINUE CASE MANAGEMENT CONFERENCE

Defendant Kansas City Power & Light Company ("KCP&L") respectfully moves the Court for an order continuing the current, December 21, 2017 case management conference until January 12, 2018, at 10:00 a.m.  In support of its motion, KCP&L states:

1.     On September 27, 2017, the Court issued an Order for Case Management Conference (Doc. 3), setting a case management conference in this matter on December 21, 2017.

2.     Due to conflicting holiday travel schedules, KCP&L counsel is unavailable on December 21, 2017.  It thus respectfully requests that the Court continue the case management conference until January 12, 2018.

3.     KCP&L counsel has conferred with Plaintiffs' counsel, who does not oppose the requested continuance.

4.     This is KCP&L's first request to continue the case management conference.  The requested continuance will not delay the proceeding nor will it prejudice any party.

WHEREFORE, for the reasons stated above, KCP&L respectfully requests that the Court enter an order continuing the December 21, 2017 case management conference until January 12, 2018, at 10:00 a.m.

Dated:  November 30, 2017

Respectfully submitted,

**BERKOWITZ OLIVER LLP**

/s/ Nick J. Kurt

Nick K. Kurt                         KS Bar No. 20225
Carson M. Hinderks              KS Bar No. 25079
2600 Grand Boulevard, Suite 1200
Kansas City, Missouri 64108
Telephone:  (816) 561-7007
Facsimile:  (816) 561-1888
Email      nkurt@berkowitzoliver.com
           chinderks@berkowitzoliver.com

*Attorneys for Defendant Kansas City Power &
Light Company*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was served upon the following, via email, on this 30th day of November, 2017.

Tarak Alexander Devkota
Lynn Weddle Judkins
DEVKOTA LAW FIRM, LLC
4010 Washington Street, Suite 350
Kansas City, Missouri 64111
litigation@devkotalawfirm.com
attyjudkins@gmail.com

*Attorneys for Plaintiffs*

/s/ Nick J. Kurt
*Attorney for Defendant*

*Clerk of the District Court, Johnson County Kansas*
*11/30/17  01:19pm EP*

17CV04848
Div7

## IN THE DISTRICT COURT OF JOHNSON COUNTY, KANSAS
## CIVIL COURT DEPARTMENT

CARLOS SANCHEZ DIAZ, *et al.*,          )
                                        )
                    Plaintiffs,         )     Case No. 17CV04848
                                        )     Division:  7
         v.                             )     K.S.A. Chapter 60
                                        )
KANSAS CITY POWER & LIGHT               )
COMPANY, *et al.*,                      )
                                        )
                    Defendants.         )

## ORDER

Defendant Kansas City Power & Light Company has filed an Unopposed Motion to Continue Case Management Conference.  Defendant requests that the Court continue the current, December 21, 2017 case management conference until January 12, 2018, at 10:00 a.m.  For the reasons set out in the motion, and for good cause shown, Defendant's motion is **GRANTED**.

It is therefore **ORDERED** that the case management conference in this matter is continued until January 12, 2018, at 10:00 a.m.

**IT IS SO ORDERED**.

/s/ DAVID W HAUBER
Dated: 11/30/17

_____

Hon. David W. Hauber
Judge of the District Court
Division 7

Submitted and approved by:

**BERKOWITZ OLIVER LLP**

/s/ Nick J. Kurt
Nick J. Kurt          KS Bar No. 20225
Carson M. Hinderks   KS Bar No. 25079
2600 Grand Boulevard, Suite 1200
Kansas City, Missouri 64108
Telephone:     (816) 561-7007
Facsimile:     (816) 561-1888
Email  nkurt@berkowitzoliver.com
          chinderks@berkowitzoliver.com

*Attorneys for Defendant Kansas City*
*Power & Light Company*


Approved by:

**DEVKOTA LAW FIRM, LLC**

/s/
Tarak Alexander Devkota          # 20002
Lynn Weddle Judkins
DEVKOTA LAW FIRM, LLC
4010 Washington Street, Suite 350
Kansas City, Missouri 64111
litigation@devkotalawfirm.com
attyjudkins@gmail.com

*Attorneys for Plaintiffs*

2

# IN THE DISTRICT COURT OF JOHNSON COUNTY, KANSAS
## CIVIL COURT DEPARTMENT

CARLOS SANCHEZ DIAZ, et al.
      Plaintiff,

v.

KANSAS CITY POWER AND LIGHT COMPANY,
      Defendant.

Filed- 8/28/17 – Other Contract
Case No. 17CV4848
Division 7
Chapter 60

## CASE MANAGEMENT ORDER

Now on this **_16th day of January, 2018,_** after review of the court file and consultation with counsel, the Court enters the following orders and deadlines which will govern the discovery in this case:

1. **TRIAL SETTING:** This case has been set for trial to jury beginning the **_3rd day of December, 2018 at 9:00 a.m. The estimated length of trial is 4 days; 2nd up_**.

2. **FINAL TRIAL CONFERENCE**: A final trial conference will be held on the **_30th day of November, 2018, at 9:00 a.m_**.  One week prior to the final trial conference, the parties will submit the following to the Court:

A. The plaintiff shall provide to the Court all stipulated jury instructions.

B. Each party shall provide to the Court any jury instructions requested by that party that are not stipulated.

1

**C.**  Any motions in limine. Responses to motions in limine shall be submitted by close of business on the Wednesday before the final trial conference.

**3.  PRE-TRIAL CONFERENCE:** A Pre-Trial Conference shall be held on the *11ᵗʰ day of October, 2018, at 9:00 a.m.* The parties must comply with Johnson County District Court Local Rule 13. (If you submit an agreed pre-trial order, contact the Administrative Assistant to have hearing taken off calendar, after you have mailed it in to the Court. If you cannot come up with an agreed pre-trial order, all counsel will need to make a personal appearance with their version of a pre-trial order)

**4.  DISCOVERY DEADLINE:** All discovery in this case shall be completed on or before the *27th day of August, 2018*. No written discovery may be served by any party after the *27th day of July, 2018*, absent agreement of the parties or order of this Court.

**5.  PRELIMINARY WITNESS AND EXHIBIT LIST:** The parties shall file and serve on all other parties, a preliminary list of witnesses and exhibits on or before the *1st day of June, 2018*. Any witness known to a party as of this deadline who may be reasonably anticipated to be called as a witness and who is not listed may be excluded at trial. Similarly, exhibits that are not listed that are known to a

2

party as of this deadline may be excluded at trial.

6.   **MOTIONS:**

   A.   Dispositive Motions: Any dispositive motion must be filed no later than the _**3ʳᵈ day of September, 2018**_.   Such motion and any response thereto, must be in compliance with Kansas Supreme Court Rule 141, or it will not be considered.

   B.   Motions To Compel Discovery: Any motion to compel discovery must be filed within 45 days of the default, service of response answer or objection that is the subject of the motion.   If the motion is not filed within this time, the motion will not be considered. Any such motion must recite with particularity, the communications or attempted communications aimed at resolving the discovery dispute prior to the filing of the motion. The motion must also recite the date of the conference call above-referenced.

   C.   Other motions: If a motion is filed, and neither the Kansas Statutes, nor the Kansas Supreme Court Rules clearly set forth a deadline for a response to such motion, the deadline shall be 14 calendar days after service of the motion.

   D.   Any motion (other than a motion to dismiss, motion for judgment on

3

the pleadings, motion for summary judgment or motion to compel)
must contain a statement that counsel for the moving party has
attempted to consult with opposing counsel, the result of those
attempts, and whether or not opposing counsel agree(s) to the relief
sought in the motion.

**E.**   The moving party shall not provide a proposed journal entry relating
to the motion filed, unless the journal entry is signed by all counsel
of record in the case, or, the motion recites specifically that all
counsel of record have been consulted, and that they agree to the
relief granted in the proposed journal entry.

**F.**   The parties must comply with Johnson County District Court Local
Rule 8.

**G.**   Scheduling motions: Any party who desires a hearing for oral
argument on any motion filed is responsible for contacting the
Administrative Assistant for Division 7 to schedule such hearing.
Such party must then send written notice of the hearing to all other
parties.

**7.**   **EXPERT WITNESSES:**

**A.**   Any party with an affirmative claim for damages must designate an

4

expert witness on or before the ***9th day of July, 2018***.

Such designation ***must include*** the name and business address of each expert witness.   In addition, the designation ***must state*** the subject matter on which each designated expert is expected to testify, the substance of the facts and opinions of the expert and a summary of the grounds for each opinion.   In addition to the designation, if the expert witness is a "retained" expert pursuant to K.S.A.60-226(b)(6)(B) and he/she has prepared a written report, such report ***must*** be provided along with the designation. If the written report contains the information contemplated by K.S.A. 60-226(b)(6)(A) &/or (B), the designation for that expert may simply refer to and incorporate the written report.

**B.**     Any party that wishes to call a rebuttal expert witness to testify at trial must identify such expert witness on or before the ***10th day of August, 2018***. Such designation ***must include*** the name and business address of each rebuttal expert witness. In addition, the designation ***must state*** the subject matter on which each designated expert is expected to testify, the substance of the facts and opinions of the expert and a summary of the grounds for each opinion. In addition to the designation, if the expert witness is a "retained" expert pursuant to K.S.A.

5

226(b)(6)(B) and he/she has prepared a written report, such report **_must_** be provided along with the designation. If the written report contains the information contemplated by K.S.A. 60-226(b)(6)(A) &/or (B), the designation for that expert may simply refer to and incorporate the written report.

C.   Along with the designation of expert witness, counsel **_must_** provide at least two dates that each identified expert is available to have his/her deposition taken within 30 days of the service of the expert designation. If for some reason, the parties cannot agree upon a date for the deposition of an expert witness within 30 days of the service of the expert designation, counsel **_must_** contact Court for a conference call to set a deposition date for the expert witness.

D.   Any party who has an objection to the form of another party's expert designation, must file such objection with the Court within ten (10) days of receipt of such expert designation.   If the objection is not timely filed, it is waived.   The parties are mutually responsible for contacting the Court to set a hearing on the objection.

E.   Any party that wishes to move to determine whether a witness qualifies as an expert and/or whether or not the proposed expert's testimony

6

satisfies the requirements of K.S.A. 60-456(b), as amended, shall file

a motion and set the matter for hearing on a date within thirty (30)

days after the date of the expert's deposition or before the close of

discovery, whichever is sooner.   The party should allow sufficient

time for the court to rule on the motion before the pretrial

conference.   Failure to timely file the motion, pursuant to K.S.A. 60-

457(b) as amended, may be deemed a waiver of the challenge to an

expert's qualifications.

**8.     MOTIONS TO AMEND:**    Any motions to amend the pleadings

must be filed on or before the ***4th day of May, 2018***.   Absent agreement of the

parties, no such motions will be granted after this date.   Any motion to extend this

deadline must be filed prior to this deadline.   This deadline does not apply to a

motion to amend the pleadings to assert a claim for punitive damages.   Any such

motion must be filed prior to the Pre-Trial Conference pursuant to K.S.A. 60-3703.

**9.     FINAL WITNESS AND EXHIBIT LIST**: The parties shall include a

final list of witnesses and exhibits, in the Pre-Trial Order.   The final witness and

exhibit list must be specific (catch-all phrases like any witness identified during the

course of discovery or any and all documents produced in response to a request for

production of documents is not sufficient and will be stricken).

7

**10.   SETTLEMENT CONFERENCE:** The parties shall participate in a settlement conference/mediation prior to the Pre-Trial Conference.   Failure to participate in a settlement conference/mediation prior to the Pre-Trial Conference may result in a dismissal of the case, a dismissal of a parties' claims or defenses, continuance of the trial date, or other sanctions to be determined by the Court.   The parties may schedule a settlement conference/mediation with any other district court judge, any retired district court judge, or any other mediator who may be agreed upon by the parties.   If the parties cannot agree upon a mediator, the Court will appoint one.

**11.   OTHER ORDERS:**

_____

_____

**PLAINTIFF/PLAINTIFF ATTORNEY:**

 _/s/ Lynn Weddle Judkins_, KS # 20003     _____

_____     _____

**DEFENDANT/DEFENDANT ATTORNEY:**

 _/s/ Nick J. Kurt_, KS Bar No. 20225     _____

_____     _____

8

IT IS SO ORDERED:
Dated: _____

/s/ DAVID W HAUBER
Dated: 01/31/18

_____
David W. Hauber
Judge of the District Court
Division 7

9

# IN THE DISTRICT COURT OF JOHNSON COUNTY, KANSAS
## CIVIL COURT DEPARTMENT

| | | |
|---|---|---|
| CARLOS SANCHEZ DIAZ,<br>JEAN CHAVEZ (GUZMAN) SANCHEZ,<br>and ADAN GUZMAN, | ) ) ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Case No. 17CV04848 |
| | ) | Division: 7 |
| KANSAS CITY POWER & LIGHT | ) | K.S.A. Chapter 60 |
| COMPANY, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## CERTIFICATE OF SERVICE OF DISCOVERY

Kansas City Power & Light Company ("KCP&L") hereby certifies that, on April 6, 2018,

it served KCP&L's First Interrogatories and First Requests for Production of Documents on

Plaintiffs, by email and U.S. Mail, return receipt requested, at the following address:

> Tarak Alexander Devkota
> Lynn Weddle Judkins
> DEVKOTA LAW FIRM, LLC
> 4010 Washington Street, Suite 350
> Kansas City, Missouri 64111

Dated:  April 6, 2018                    Respectfully submitted,

**BERKOWITZ OLIVER LLP**

_/s/ Nick J. Kurt_
Nick J. Kurt                    KS Bar No. 20225
Carson M. Hinderks              KS Bar No. 25079
2600 Grand Boulevard, Suite 1200
Kansas City, Missouri 64108
Telephone:  (816) 561-7007
Facsimile:  (816) 561-1888
Email      nkurt@berkowitzoliver.com
           chinderks@berkowitzoliver.com

_Attorneys for Defendant Kansas City_
_Power & Light Company_

02161727.DOCX;-1                    1            _Clerk of the District Court, Johnson County Kansas_
                                                 _04/06/18  11:47am HS_

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was served via e-mail this

6th day of April, 2018, on the following:

Tarak Alexander Devkota
Lynn Weddle Judkins
DEVKOTA LAW FIRM, LLC
4010 Washington Street, Suite 350
Kansas City, Missouri 64111
Phone:         (816) 842-9100
Facsimile:     (816) 817-1080
litigation@devkotalawfirm.com
attyjudkins@gmail.com

*Attorneys for Plaintiff*

_____*/s/ Nick J. Kurt*_____
Attorney for Defendants

## IN THE DISTRICT COURT OF JOHNSON COUNTY, KANSAS
## CIVIL COURT DEPARTMENT

| | |
|---|---|
| CARLOS SANCHEZ DIAZ,<br>JEAN CHAVEZ (GUZMAN) SANCHEZ,<br>and ADAN GUZMAN,<br><br>        Plaintiffs,<br><br>v.<br><br>KANSAS CITY POWER & LIGHT<br>COMPANY, et al.,<br><br>        Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)     Case No. 17CV04848<br>)     Division: 7<br>)     K.S.A. Chapter 60<br>)<br>)<br>) |

### PLAINTIFFS' CERTIFICATE OF SERVICE OF ANSWERS AND REPLIES
### TO KANSAS CITY POWER & LIGHT COMPANY'S INTERROGATORIES
### AND REQUESTS FOR PRODUCTION OF DOCUMENTS

Plaintiffs, through counsel with the Devkota Law Firm, L.L.C. through the undersigned, and per agreement, certifies that the firm filed and served a copy of Plaintiffs' Answers to Interrogatories and Plaintiffs' Replies to KCP&L's First Requests for Production of Documents via JIMS to the Court and via electronic mail, with a hard copy original and a CD of documents mailed on May 11, 2018 sent to Nick Kurt and Carson M. Hinderks, c/o BERKOWITZ OLIVER, LLP, 2600 Grand Boulevard, Suite # 1200, Kansas City, MO 64108, (816) 627-0253 * (913) 706-2099 – FAX; and NKurt@berkowitzoliver.com, CHinderks@berkowitzolivercom as attorneys for KCP&L.

Respectfully submitted,

DEVKOTA LAW FIRM, L.L.C.

/s/ Lynn Weddle Judkins
Lynn Weddle Judkins,    KS # 20003
Tarak A. Devkota,       KS # 19767
4010 Washington Street, Suite # 350
Kansas City, Missouri 64111
(816) 842-9100 * (816) 817-1080 - FAX
attyjudkins@gmail.com
**ATTORNEYS FOR PLAINTIFFS**

## CERTIFICATE OF SERVICE

The Devkota Law Firm, L.L.C. through the undersigned, certifies that the firm served a

copy of Plaintiffs' Certificate of Service for Discovery Answers and Replies to KCP&L via

electronic mail, with a hard copy original and a CD of documents mailed on May 11, 2018 by

agreement and sent to:

Nick Kurt
Carson M. Hinderks
BERKOWITZ OLIVER, LLP
2600 Grand Boulevard, Suite # 1200
Kansas City, MO 64108
(816) 627-0253
(913) 706-2099 - FAX
NKurt@berkowitzoliver.com
CHinderks@berkowitzolivercom
**ATTORNEYS FOR KCP&L**

/s/ Lynn Weddle Judkins
**ATTORNEY FOR PLAINTIFFS**

17CV04848
Div7

## IN THE DISTRICT COURT OF JOHNSON COUNTY, KANSAS
## CIVIL COURT DEPARTMENT

CARLOS SANCHEZ DIAZ,                )
JEAN CHAVEZ (GUZMAN) SANCHEZ,       )
and ADAN GUZMAN,                    )
                                    )
                  Plaintiffs,       )    Case No. 17CV04848
                                    )    Division:  7
       v.                           )    K.S.A. Chapter 60
                                    )
KANSAS CITY POWER & LIGHT           )
COMPANY, et al.,                    )
                                    )
                  Defendants.       )

### KANSAS CITY POWER & LIGHT COMPANY'S
### PRELIMINARY WITNESS AND EXHIBIT LIST

Defendant Kansas City Power & Light Company ("KCP&L") submits the following

Preliminary Witness and Exhibit List pursuant to the Court's January 31, 2018 Case

Management Order.

### Preliminary Witness List

1. Carlos Sanchez Diaz;

2. Jean Chavez (Guzman) Sanchez;

3. Adan Guzman;

4. Kenyatta Harden;

5. Jacqueline Franklin;

6. Olathe Police Officers, including, but not limited to, Officer A. Cerda #10787;

7. Mike Madrigal;

8. All individuals who installed or maintained the pole involved in the incident;

9. Ryan C. Reeves, MD (Shawnee Mission Medical Center);

10. Kathryn C. Molly, PA (Shawnee Mission Medical Center);

11. Bradford McCrary (University of Kansas Physicians);

12. Douglas Nelson (University of Kansas Physicians);

13. Ludmila Wilson (University of Kansas Physicians);

14. Alexandrea Johnson (University of Kansas Physicians);

15. Ashley W. Bennett (University of Kansas Physicians);

16. Joel A. Lambotte (University of Kansas Physicians);

17. Malik Hamid (University of Kansas Physicians);

18. Stepheny Berry (University of Kansas Physicians);

19. Kenneth R. Pringle (University of Kansas Physicians);

20. Michael Tilley (University of Kansas Physicians);

21. Gary Hinson (University of Kansas Physicians);

22. Lynn H. Roh (University of Kansas Physicians);

23. Megan Cassady-Kramer (University of Kansas Physicians);

24. Brian Everist (University of Kansas Physicians);

25. Kristen W. Pope, MD (University of Kansas Physicians);

26. Eleanor Wilson, CRNA (University of Kansas Hospital);

27. Madison Thorp, RN (University of Kansas Hospital);

28. Rebecca Fitzgerald, RN (University of Kansas Hospital);

29. Dustin Broyles, RN (University of Kansas Hospital);

30. Janet Dewey, RN (University of Kansas Hospital);

31. Jonathan King, RN (University of Kansas Hospital);

32. Thuy-Van Tina Ho, MD (University of Kansas Hospital);

33. Casey L. Shelley, DO (University of Kansas Hospital);

34. Caleb Grote (University of Kansas Hospital);

35. Anne Njoroge, SRNA (University of Kansas Hospital);

36. Christopher Koo, MD (University of Kansas Hospital);

37. Lacey Quinn, RN (University of Kansas Hospital);

38. Kathi Glauner, MD (University of Kansas Hospital);

39. Jonathan Lindquist, MD (University of Kansas Hospital);

40. Jonathan C. Burkes, MD (University of Kansas Hospital);

41. Bradley Barth, MD (University of Kansas Hospital);

42. Brandy Blakey (University of Kansas Hospital);

43. Dawn Coleman, RN (University of Kansas Hospital);

44. Danielle Blakemore, APRN-NP (University of Kansas Hospital);

45. Abigail Nesbitt, RN (University of Kansas Hospital);

46. Kelsey Newton, RN (University of Kansas Hospital);

47. Cheryl Bruner, LMSW (University of Kansas Hospital);

48. Aleyamma Mathew, RN (University of Kansas Hospital);

49. Reese Fauser, RN (University of Kansas Hospital);

50. Rachel Rogers (University of Kansas Hospital);

51. Jason Farrow, MD (University of Kansas Hospital);

52. Catherine Castleman, RN (University of Kansas Hospital);

53. Rose E. Cortina, MD (University of Kansas Hospital);

54. Daylin Rodriguez, MA, LPC RPT (Penuel Counseling);

55. Kellie Moulin (Johnson County Med-Act);

56. Troy Burns (Johnson County Med-Act);

57. Monica Stringfiled (Johnson County Med-Act);

58. Jagadishwar Devkota, MD (Mount Everest Medical);

59. Loanna Halcomb (Mount Everest Medical);

60. Jennifer H. Reintjes, MD (Children's Mercy);

61. Caulynn Castle (Children's Mercy);

62. Maria Torres (Children's Mercy);

63. Peggy Sutton, LPN (Children's Mercy);

64. Elizabeth Parker, RCP (Children's Mercy);

65. John M. Rucker, ARRT (Children's Mercy);

66. Amy Hendricks, LPN (Children's Mercy);

67. Jamie L. Baker, CPNP (Children's Mercy);

68. Christine D. Green, MD (Pediatrician);

69. Terrance W. Carver, MD (Children's Mercy);

70. Christina M. Twardowski, OD (Children's Mercy);

71. Jamie L. McDermott, CPNP (Children's Mercy);

72. All expert witnesses identified according to the schedule set out in the Court's January 31, 2018 Case Management Order[1];

73. All witnesses listed on any witness list submitted by Plaintiffs;

74. All individuals identified or disclosed through the discovery process;

75. All witnesses necessary for impeachment or rebuttal.

Discovery is ongoing. KCP&L therefore reserves the right to amend this preliminary witness list.

---

[1]     Given the preliminary nature of this list, KCP&L reserves the right to object to the admissibility or relevance of any expert testimony that Plaintiffs might advance in this action.

## Preliminary Exhibit List

1. Kansas Motor Vehicle Accident Report, No. 2016-0002736, dated February 23, 2016;

2. Photographs taken by the Olathe Police Department at the accident scene on February 23, 2016;

3. Carlos A. Sanchez-Diaz Certificate of Title for 2002 Mazda Protégé, VIN #JM1BJ246921487437;

4. Marriage License of Carlos Sanchez and Jean Chavez, dated January 6, 2017;

5. Documents pertaining to the purchase and maintenance of the light pole.

6. All photographs of property damage and alleged injuries sustained by Carlos Sanchez Diaz and Adan Guzman provided by Plaintiffs to KCP&L;

7. Carlos Sanchez EM Specialists PA Invoice, dated November 18, 2016, and corresponding affidavit;

8. Carlos Sanchez Diaz Medical Provider and Medicare Information Form;

9. Carlos A Sanchez Diaz University of Kansas Invoices and corresponding affidavits;

10. Carlos A Sanchez Diaz University of Kansas Physicians Invoice, dated March 1, 2016;

11. Carlos A Sanchez Diaz University of Kansas Physicians Invoice, dated April 1, 2016;

12. Carlos A Sanchez Diaz University of Kansas Hospital Radiology Invoice, dated May 31, 2016;

13. Carlos A Sanchez Diaz University of Kansas Hospital Invoice, dated March 7, 2016;

14. Carlos A Sanchez Diaz University of Kansas Hospital Invoice, dated May 1, 2016;

15. Carlos A Sanchez Diaz University of Kansas Hospital Invoice, dated May 31, 2016;

16. Carlos A Sanchez Diaz University of Kansas Hospital itemization of hospital or professional services, and corresponding affidavits;

17. Carlos Sanchez Shawnee Mission Medical Center Statement, dated June 14, 2016, and corresponding affidavit;

18. Carlos A. Sanchez Diaz medical records from University of Kansas Hospital;

19. Penuel Counseling, LLC Invoice to Devkota Law Firm (Client Name: Carlos Sanchez Diaz), dated October 10, 2016;

20. Health Insurance Claim Forms prepared by Mount Everest Medical on behalf of Carlos Sanchez;

21. Carlos Sanchez Johnson County Med-Act invoices, medical records, and corresponding affidavit;

22. Carlos Sanchez ECG Full Disclosure, dated February 23, 2016;

23. Carlos Sanchez Johnson County Med-Act invoices, medical records, and corresponding affidavit;

24. Carlos Sanchez medical records from Mount Everest Medical;

25. Carlos Sanchez Diaz records from Penuel Counseling, LLC;

26. Carlos Sanchez medical records for services received from Shawnee Mission Medical Center;

27. Carlos A. Sanchez Diaz medical records for services received from University of Kansas Physicians – Orthopedics;

28. Adan Guzman Johnson County Med-Act invoices, medical records, and corresponding affidavit;

29. Adan Guzman ECG Full Disclosure, dated February 23, 2016;

30. Adan Guzman Children's Mercy School/Work Release, dated March 10m 2016;

31. Adan Guzman medical records for services received from Children's Mercy Hospital, with corresponding affidavit;

32. Adan Guzman, Jr. Discharge Instruction Records from Children's Mercy Hospital and Clinics, Pediatric Care Clinic;

33. BlueCross and BlueShield of Kansas Explanation of Benefits for Adan Guzman;

34. Adan Guzman, Jr. BlueCross Blue Shield of Kansas City Health Insurance Card;

35. Adan Guzman, Jr. Sunflower Health Plan Insurance Card;

36. Adan Guzman medical records for services received from University of Kansas Hospital, and corresponding affidavit;

37. Adan Guzman medical bill from University of Kansas Hospital, dated June 14, 2016, for services received on February 24, 2016, and corresponding affidavit;

38. University of Kansas Hospital itemization of hospital or professional services for Adan Guzman, dated February 23, 2016 through February 24, 2016, and corresponding affidavit;

39. Cardon Outreach letter to Jean Chavez, dated March 7, 2016;

40. Penuel Counseling, LLC Invoice to Devkota Law Firm (Client Name: Adan Guzman), dated October 10, 2016;

41. Adan Guzman records from Penuel Counseling, LLC;

42. Adan Guzman medical records from Mount Everest Medical;

43. Health Insurance Claim Forms prepared by Mount Everest Medical on behalf of Adan Guzman;

44. Johnson County Med-Act bills and records pertaining to Adan Guzman, with affidavit dated November 20, 2016;

45. Johnson County Med-Act Invoice to Guardian of Adan Guzman, dated March 1, 2016;

46. Johnson County Med-Act Invoice to Guardian of Adan Guzman, dated April 1, 2016;

47. Adan Guzman medical bills from Children's Mercy Hospital;

48. Carlos Sanchez Diaz Cardon Outreach Amended Hospital Liens, dated March 17, 2016;

49. Adan Guzman Panuel Counseling Notice of Medical/Doctor Lien, dated July 25, 2016;

50. All injury photos produced by Plaintiffs in response to KCP&L discovery requests;

51. All photos of property damages produced by Plaintiffs in response to KCP&L discovery requests;

52. All photographs of the accident scene;

53. Adan Guzman Social Security Card;

54. Allied Towing Service, Inc. invoice, dated February 24, 2016;

55. Allied Towing Service, Inc. receipt, dated February 26, 2016;

56. All communications between Plaintiffs (or their counsel) and KCP&L (or its counsel);

57. All pleadings and documents filed in this action;

58. Any documents or things produced by either party during discovery or obtained by either party by subpoena;

59. All transcripts, recordings, and errata sheets of any deposition taken in this action;

60. All exhibits relied on, used, or referenced during any deposition taken in this action;

61. All statements, affidavits, or other documents obtained from non-parties by KCP&L or Plaintiffs in this action;

62. All exhibits identified by Plaintiffs on their exhibit lists;

63. All documents produced by Plaintiffs' expert witnesses in this action[2];

64. Any exhibit necessary for impeachment or rebuttal.

Discovery is ongoing.  KCP&L therefore reserves the right to amend this preliminary exhibit list.

Dated:  June 1, 2018                    Respectfully submitted,

                                        **BERKOWITZ OLIVER LLP**

                                        */s/ Nick J. Kurt*
                                        Nick J. Kurt            KS Bar No. 20225
                                        Carson M. Hinderks      KS Bar No. 25079
                                        2600 Grand Boulevard, Suite 1200
                                        Kansas City, Missouri 64108
                                        Telephone:  (816) 561-7007
                                        Facsimile:  (816) 561-1888
                                        Email       nkurt@berkowitzoliver.com
                                                    chinderks@berkowitzoliver.com

                                        *Attorneys for Defendant Kansas City*
                                        *Power & Light Company*

---

[2]       Given the preliminary nature of this list, KCP&L reserves the right to object to the admissibility or relevance of any expert testimony that Plaintiffs might advance in this action.

02186530.DOCX;-2                   8        *Clerk of the District Court, Johnson County Kansas*
                                            *06/01/18  04:08pm EG*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was served via e-mail this

1st day of June, 2018, on the following:

      Tarak Alexander Devkota
      Lynn Weddle Judkins
      DEVKOTA LAW FIRM, LLC
      4010 Washington Street, Suite 350
      Kansas City, Missouri 64111
      Phone:      (816) 842-9100
      Facsimile:    (816) 817-1080
      litigation@devkotalawfirm.com
      attyjudkins@gmail.com

      *Attorneys for Plaintiff*

                                          */s/ Nick J. Kurt*
                                        Attorney for Defendants

### IN THE DISTRICT COURT OF JOHNSON COUNTY, KANSAS
### CIVIL DEPARTMENT
(Pursuant to K.S.A. Chapter 60)

| | |
|---|---|
| CARLOS SANCHEZ DIAZ, and | ) |
| | ) |
| JEAN  CHAVEZ (GUZMAN) SANCHEZ, | ) |
| | ) |
| and ADAN GUZMAN, | ) |
| | ) |
| *Plaintiffs,* | ) |
| | ) |
| v. | ) |
| | ) |
| KANSAS CITY POWER AND | ) |
| LIGHT COMPANY, *and* | ) |
| | ) |
| JOHN DOE BUSINESS ENTITY A, | ) |
| OPERATIONS COMPANY, *and* | ) |
| | ) |
| JOHN  DOE ENTITY B MAINTENANCE | ) |
| COMPANY, | ) |
| | ) |
| *Defendants.* | ) |

### PLAINTIFFS' INITIAL WITNESS AND EXHIBIT LIST

Plaintiffs, through counsel with the Devkota Law Firm, L.L.C., identifies the following as their initial witness and exhibit list. Where discovery and treatment remains ongoing, Plaintiffs reserve the right to amend and/or supplement this list as necessary.

### PROPOSED WITNESS(ES):

1. Plaintiff Carlos Sanchez Diaz
   16790 West 127th Street, Apt. H
   Olathe, KS 66062


2. Plaintiff Jean Chavez and Next Friend for Minor Plaintiff Adan Guzman
   16790 West 127th Street, Apt. H
   Olathe, KS 66062

3.  Minor Plaintiff Adan Guzman, Jr.
    16790 West 127th Street, Apt. H
    Olathe, KS 66062

4.  Adan Guzman
    Updated Address Unknown

5.  Police Officer A. Cerda, Badge #10787
    Reviewing Police Officer, Badge #10617
    Investigating Officers
    Photographing Officers
    Traffic Division
    City of Olathe Police Department
    501 East Highway 56
    Olathe, KS 66061

6.  Jacqueline Franklin
    6403 Manchester Avenue, Apt. D
    Kansas City, MO  64133

7.  Kenyatta Harden
    2212 Cleveland Avenue
    Kansas City, MO  64127

8.  Corporate Representative for Allied Towing Company
    15485 South Highway 169
    Olathe, KS 66062

9.  Allied Corporate Representative for Kansas City Power & Light Company
    1200 Main Street
    Kansas City, MO 64105

10. Installation and/or maintenance personnel for KCPLA2556, KCPLA2557 &
    KCPLA2559
    1200 Main Street
    Kansas City, MO 64105

11.    Med-Act #1154 personnel
       Med-Act #1143 personnel
       Monica Stringfield – EMT Paramedic
       Noah Hoelscher – EMT Paramedic
       Johnson County Med-Act
       11811 South Sunset Drive
       Olathe, KS 66061


12.    Jaime L. McDermott Baker, APRN, R.N.
       Children's Mercy Hospital
       3101 Broadway Boulevard
       Kansas City, MO 64111


13.    Ashley W. Bennett, M.D.
       University of Kansas Hospital
       3091 Rainbow Boulevard
       Kansas City, KS 66160


14.    Stepheny Berry, M.D. FACS
       University of Kansas Hospital
       3091 Rainbow Boulevard
       Kansas City, KS 66160


15.    Terrance W. Carver, Jr., M.D.
       Children's Mercy Hospital
       2401 Gillham Road
       Kansas City, MO 64108


16.    Meghan Cassady-Kramer, DPT
       University of Kansas Hospital
       3091 Rainbow Boulevard
       Kansas City, KS 66160


17.    Jag Devkota, M.D.
       Mount Everest Medical, LLC
       Office Closed


3      *Clerk of the District Court, Johnson County Kansas*
       *06/01/18  11:21pm EG*

18.     Brian M. Everist, M.D.
        University of Kansas Hospital
        3091 Rainbow Boulevard
        Kansas City, KS 66160


19.     Kathi Glauner, M.D.
        University of Kansas Hospital
        3091 Rainbow Boulevard
        Kansas City, KS 66160


20.     Elisha R. Gray
        Children's Mercy Hospital
        3101 Broadway Boulevard
        Kansas City, MO 64111


21.     Christine M. Green, FAAP, M.D.
        Meritas Health
        2700 Clay Edwards Drive, #400
        Kansas City, MO 64116


22.     Malik A. Hamid, M.D.
        University of Kansas Hospital
        3091 Rainbow Boulevard
        Kansas City, KS 66160


23.     Gary Hinson, M.D.
        University of Kansas Hospital
        3091 Rainbow Boulevard
        Kansas City, KS 66160


24.     Pamela R. Hite, M.D.
        University of Kansas Hospital
        3091 Rainbow Boulevard
        Kansas City, KS 66160


25.     Alexandrea Johnson, M.D.
        University of Kansas Hospital
        3091 Rainbow Boulevard
        Kansas City, KS 66160

26.　　Records and treating representative
　　　　Johnson County Health Partnership
　　　　8600 West 95th Street
　　　　Overland Park, KS 66212

27.　　Joel A. Lambotte, PA
　　　　University of Kansas Hospital
　　　　3091 Rainbow Boulevard
　　　　Kansas City, KS 66160

28.　　Jonathan Lindquist, M.D.
　　　　University of Kansas Hospital
　　　　3091 Rainbow Boulevard
　　　　Kansas City, KS 66160

29.　　Roh H. Lynn, M.D.
　　　　University of Kansas Hospital
　　　　3091 Rainbow Boulevard
　　　　Kansas City, KS 66160

30.　　J. Marp, RN
　　　　Children's Mercy Hospital
　　　　BC Pediatric Care Clinic – Green
　　　　3101 Broadway Boulevard – Third Floor
　　　　Kansas City, MO 64111

31.　　Bradford S. Mccrary, M.D.
　　　　University of Kansas Hospital
　　　　3091 Rainbow Boulevard
　　　　Kansas City, KS 66160

32.　　Records representative/treater
　　　　Midwest Orthopedic Group, PA
　　　　8800 West 75th Street, Suite # 350
　　　　Shawnee Mission, KS 66204

33.     Douglas Nelson, M.D.
        University of Kansas Hospital
        3091 Rainbow Boulevard
        Kansas City, KS 66160


34.     Kelsey Newton, RN BSN – Trauma Nurse Care Manager
        University of Kansas Hospital
        3091 Rainbow Boulevard
        Kansas City, KS 66160


35.     Kenneth R. Pringle, ATC
        University of Kansas Hospital
        3091 Rainbow Boulevard
        Kansas City, KS 66160


36.     Kristen Pope, M.D.
        University of Kansas Hospital
        3091 Rainbow Boulevard
        Kansas City, KS 66160


37.     Ryan C. Reeves, M.D.
        Shawnee Mission Medical Center
        9100 West 74th Street
        Shawnee Mission, KS 66204


38.     Jennifer H. Reintjes, FAAP, M.D.
        Children's Mercy Hospital
        3101Broadway Boulevard
        Kansas City, MO 64111


39.     Daylin Rodriguez, MA, LPC
        Penuel Counseling, LLC
        Westowne Office Park
        1170 West Kansas Avenue, Building 10
        Liberty, MO 64068


40.     Irene Sanchez


*Clerk of the District Court, Johnson County Kansas*
        *06/01/18  11:21pm EG*

41.     Jason F. Tobler, M.D.
        Children's Mercy Hospital
        3101 Broadway Boulevard
        Kansas City, MO 64111


42.     Michael B. Tilley, M.D.
        University of Kansas Hospital
        3091 Rainbow Boulevard
        Kansas City, KS 66160


43.     Christina M. Twardowski, D.O.
        Children's Mercy Hospital
        3101 Broadway Boulevard
        Kansas City, MO 64111


44.     Patricia A. Wallace, M.D.
        Children's Mercy Hospital (formerly with)
        BC Pediatric Care Clinic – Green
        3101Broadway Boulevard – Third Floor
        Kansas City, MO 64111


45.     William Weatherford, M.D.
        410 Woodfield Drive
        Tonganoxie, KS 66086


46.     Ludmila Wilson
        University of Kansas Hospital
        3091 Rainbow Boulevard
        Kansas City, KS 66160


47.     Additional treaters found within records produced to date.


48.     Fact witnesses identified through discovery.


49.     Foundational witnesses as necessary.


50.     Personnel from installation and/or maintenance company agents of KCP&L.

**PROPOSED EXHIBITS:**

1.  Pleadings
2.  Answers to Interrogatories
3.  Documents produced in response to discovery
4.  Documents used in deposition
5.  Depositions of any party or witness
6.  Police Report
7.  Photo(s) of cars involved in accident
8.  Photo(s) from Olathe Police Department
9.  Photo(s) of injuries, damage claims.
10. Google Earth or other photos of accident scene/intersection
11. Investigative files of City of Olathe, Olathe Police Department
12. Inspection reports concerning KCPLA2556, KCPLA2557 & KCPLA2559
13. Failure complaints to City of Olathe
14. Repair invoice for Plaintiff's car, including all repair estimates and payment(s) for property damage
15. Business records, receipts, and bills from Allied Towing
16. Demonstrative representations regarding accident and/or failure as necessary
17. All treaters' medical bills with affidavit
18. EMS Reports from Med-Act for treatment
19. Children's Mercy medical records, test results, and billing records
20. Daylin Rodriguez/Penuel Counseling, LLC's medical records, reports, and bills
21. Johnson County Med-Act medical records, surgical notes, therapy notes, findings, and bills
22. Johnson County Health Partnership medical records, notes, therapy notes, findings, and bills
23. Midwest Orthopedic Group, PA (Midwest Orthopedics) medical records, surgical and/or therapy notes, therapy notes, findings, and bills
24. Meritas Health medical records, surgical notes, therapy notes, findings, and bills
25. Mount Everest Medical records, doctor's notes, and treatment log(s)
26. Mount Everest Medical billing records
27. Shawnee Mission Medical Center medical records, surgical notes, therapy notes, records, findings, and bills
28. X-rays, MRIs, and/or any test results from any treater
29. University of Kansas Hospital medical records, surgical and/or therapy notes, reports, and findings
30. University of Kansas Hospital billing records for all treatment
31. University of Kansas Emergency Physicians medical records, notes, and reports
32. University of Kansas Emergency Physicians billing records
33. All demonstrative and/or 3-D models and/or exhibits necessary concerning claims, causation, and damages.
34. All exhibits/documents necessary to prove damages
35. All exhibits/documents necessary for foundation
36. All exhibits/documents necessary for rebuttal; and
37. All exhibits/documents designated in final pre-trial order.

*Clerk of the District Court, Johnson County Kansas*
      *06/01/18  11:21pm EG*

Respectfully submitted,

DEVKOTA LAW FIRM, L.L.C.

*/s/ Lynn Weddle Judkins*
Lynn Weddle Judkins,      KS # 20003
Tarak Devkota         KS # 19767
4010 Washington Street, Suite # 350
Kansas City, Missouri 64111
(816) 842-9100 * (816) 817-1080 - FAX
attyjudkins@gmail.com
**ATTORNEYS FOR PLAINTIFFS**

## CERTIFICATE OF ELECTRONIC SERVICE

The Devkota Law Firm, L.L.C. notes that it filed the above Plaintiffs' Initial Witness and

Exhibit List via eFlex on June 1, 2018, which the Court should send and serve electronically to

all counsel of record via eFlex notice, including to:

Nick J. Kurt
Carson M. Hinderks
BERKOWITZ OLIVER, LLP
2600 Grand Boulevard, Suite # 1200
Kansas City, MO 64108
(816) 561-7007
(816) 561-1888 – FAX
nkurt@berkowitzoliver.com
chinderks@berkowitzoliver.com
**ATTORNEY FOR DEFENDANT**
**KANSAS CITY POWER & LIGHT COMPANY**

/s/ Lynn Weddle Judkins
**ATTORNEY FOR PLAINTIFFS**

*Clerk of the District Court, Johnson County Kansas*
*06/01/18  11:21pm EG*

**IN THE DISTRICT COURT OF JOHNSON COUNTY, KANSAS**
**CIVIL DEPARTMENT**
(Pursuant to K.S.A. Chapter 60)

| | |
|---|---|
| CARLOS SANCHEZ DIAZ, and | ) |
| | ) |
| JEAN  CHAVEZ (GUZMAN) SANCHEZ, | ) |
| | ) |
| and ADAN GUZMAN, | ) |
| | ) |
| *Plaintiffs*, | ) |
| | ) |
| v. | ) |
| | ) |
| KANSAS CITY POWER AND | ) |
| LIGHT COMPANY, *and* | ) |
| | ) |
| JOHN DOE BUSINESS ENTITY A, | ) |
| OPERATIONS COMPANY, *and* | ) |
| | ) |
| JOHN DOE ENTITY B MAINTENANCE | ) |
| COMPANY, | ) |
| | ) |
| *Defendants.* | ) |

**PLAINTIFFS' INITIAL DESIGNATION OF EXPERTS**
**AND MOTION FOR ADDITIONAL TIME TO DESIGNATE EXPERT(S)**

COMES NOW, Lynn Weddle Judkins, of the Devkota Law Firm, L.L.C., counsel for

Plaintiffs to designate their initial treating physician experts and to request an additional day

extension in which to either supplement or present any report(s) of additional expert(s) due to a

computer problem. Plaintiffs outline the following in support of their reasonable request:

MOTION FOR TIME TO DESIGNATE ADDITIONAL EXPERT

1.      Plaintiffs Carlos Sanchez Diaz and Adan Guzman, through his Next Friend and

Natural Mother, Jean Chavez, filed their Petition for claims arising from an auto accident

on February 23, 2016;

2.      Pursuant to the parties' Journal Entry of Case Management Conference Order,

Plaintiffs' initial expert disclosures are set for July 9, 2018. Due to computer issues, the undersigned requested a single-day extension for the filing from defense counsel, who agreed;

3.      Due to a computer delay and the family emergency of her partner, the undersigned seeks an additional week in which to supplement and/or complete these expert witness designations, including these designations and motion for enlargement of time in an abundance of caution on the general Plaintiffs' designation deadline;

4.      Though those listed below and designated as experts for Plaintiffs are all treating physicians for their care, the undersigned notes that Plaintiffs have been referred for additional treatment, but those treatments have not been completed and require a brief additional time in which to provide any additional designations;

5.      No prior continuance requests or extension requests have been sought by Plaintiffs for any expert designation(s);

6.      The timeframe sought is solely to supplement the existing designations, and it is not for any vexatious purpose or for undue delay. It is a minimal extension request that should not prejudice any other party;

7.      Based upon the existing deadlines, and that defense expert disclosures are not due for more than a month, and with trial being set for December 10-14, 2018, the undersigned does not anticipate any prejudice to any party;

8.      Based upon the above and for good cause shown, Plaintiffs seeks up to and including June 16, 2018 to serve its complete expert witness designation(s) and to serve any doctor's report.

<u>BRIEF ARGUMENT WITH SUPPORT</u>

*A.      Request is for a one-week extension prior to expiration of designation deadline.*

Plaintiffs completed appointments with initial experts, but were referred for additional treatment that has not yet been completed in order to finalize their expert witness designations. However and due to the undersigned's scheduling conflict, her partner's unexpected family emergency, and the undersigned's computer problem, Plaintiffs seek a brief extension of their designations as necessary. Plaintiffs make this motion prior to the expiration of the Plaintiffs' expert witness designation deadline. The Court enjoys broad discretion to allow this minimal extension of time to do so. *See generally*, K.S.A. § 60-206(b)(1)(A).

Plaintiffs have designated all other treating physicians and otherwise provided the information necessary to make such designations, including prior signed medical authorizations and medical records. The only remaining issues are for these referred additional treating physicians.

### B.     Request is minimal for only likely two additional expert(s) and will not adversely affect others.

Plaintiffs will be able to designate these doctors and produce any report(s) following completion of the respective treatment. However and in order to finalize such designations, counsel seeks an additional week.

The brief extension should not adversely affect any other parties. Discovery does not close in this case until August 31, 2018, while defense designations are not due for more than a month. The extension still leaves plenty of time for other parties to either depose witness(es) and/or expert(s), as well as make his/her/their designations. Plaintiffs are also willing to extend defense designations an additional one-two weeks too as necessary.

CONCLUSION

For these reasons and for good cause shown, Plaintiffs respectfully request to designate additional expert(s) on or by July 16, 2018.

3          *Clerk of the District Court, Johnson County Kansas*
           *07/10/18  06:02pm EG*

## PLAINTIFFS' INTIAL EXPERT WITNESS DESIGNATIONS

### CARLOS SANCHEZ DIAZ

Kellie Moulin – EMT-Paramedic
Troy Bruns – EMT – Paramedic
JOHNSON COUNTY MED-ACT
Olathe Fire Department
11811 South Sunset, Suite # 1100
Olathe, KS 66061

These emergency personnel's expertise includes emergency medical procedures at the accident scene. She/he/they made assessments, including evaluation and diagnoses and shall address their observations and findings upon arrival to the auto accident on February 23, 2016. They will include Plaintiff Carlos Sanchez Diaz's complaints of left shoulder (broken clavicle), neck pain, leg contusions as a result of being pinned following intrusion when a light pole fell on Plaintiff Sanchez-Diaz's car without warning. They will also explain their assessment of Mr. Sanchez Diaz's lacerations and injury to his left arm from glass, bruising to his chest (including broken ribs), soft tissue injury with lacerations to his face, chest, and neck and initial medications needed for pain management. These treaters stabilized Mr. Sanchez Diaz for transport to University of Kansas Hospital.

Their observations, findings, diagnoses, and recommendations are found within the medical records already produced.

| | |
|---|---|
| Brandley Barth, M.D. | Jonathan Lindquist, M.D. |
| Ashley Bennett, M.D. | Christopher Koo, M.D. |
| Stepheny Berry, M.D. | Brad McCrary, M.D. |
| Johnathan C. Burkes, M.D. | Kelsey Newton, RN, BSN (Trauma Nurse Care Manager) |
| Douglas Burton, M.D. | Kenneth Pringle, PT |
| Jason Farrow, M.D. | Casey L. Shelley, D.O. |
| Kathi Glauner, M.D. | Kelly Stumpff, M.D. |
| Caleb Grote, M.D. | Michael B. Tilley, M.D. |

University of Kansas Hospital
Emergency Room and Consulting Treaters
University of Kansas Physicians – PT Sports Medicine Clinic
3901 Rainbow Boulevard
Kansas City, KS 66101
(913) 588-6100

These treatment providers are all board certified medical professionals in their respective specialties. They are part of the University of Kansas Hospital's Emergency, Trauma, Orthopedic, and Surgical teams respectively and handled the intake history, assessment, physical examination, testing, and recommendations for Carlos Sanchez Diaz's treatment following the accident. Dr. Bennett was the primary, initial emergency room physician, while Dr. Glauner handled Mr. Sanchez Diaz's case later and through discharge.

This included emergency evaluation of his injuries, various X-rays of the chest, clavicle, and humerus, and pelvis, CT scans of the head, cervical spine, face, thorax, and abdomen/pelvis, as well as additional MRI films reviewed for the diagnoses and treatment recommendations for his C-spine TP fracture (Comminuted C-7 Transverse Process Fracture), clavicle fracture, and broken ribs, which Drs. Stumpff and Burton initially diagnosed, and additional initial diagnoses of multiple facial lacerations, eye irritation from glass shards (irrigation), neck laceration and acute pain from the accident trauma.

The above also provided surgical and orthopaedic consult(s), prescribed narcotics and other medicines for pain/swelling, scheduled Mr. Sanchez Diaz for surgery, and other related treatment (including but not limited to wound treatment protocol). Dr. Tilley diagnosed Plaintiff Carlos Sanchez Diaz's ORIF left clavicle fracture, recommended Mr. Sanchez Diaz for surgery at the Trauma Clinic, and later recommended several weeks of therapy with a followed-up home exercise program and outlined Mr. Sanchez Diaz's work and time off restrictions.

His/her/their observations, findings, diagnoses, and treatment plan(s) are found within the medical records already produced.

Ryan C. Reeves, M.D.
C. Molly Kathryn Kurtz, PA
SHAWNEE MISSION MEDICAL CENTER
9100 West 74th Street
Shawnee, Mission, KS 66204
(913) 676-2000

Dr. Reeves is board certified and evaluated PA Kurtz's assessment of Mr. Sanchez Diaz in the emergency room a few days after the accident concerning his negative reaction to pain medications provided to treat his injuries and fractures. These two recommended alternative prescription therapies to assist with Mr. Sanchez Diaz's pain.

Mount Everest Medical, LLC (Office Closed)
4010 Washington, Suite # 310
Kansas City, Missouri 64111

This doctor is board certified and also a licensed radiologist. His field of expertise is general medicine, and he saw and treated Carlos Sanchez Diaz following the accident between March-May 2016 for continuing headaches, neck/chest/shoulder pain onset right after the auto accident. His complaints also included insomnia, limited range of motion, and several positive tests with diagnoses of cervicalgia myalgia, headaches due to trauma, anxiety due to trauma, sprains, and contusions as a result of the accident. Mr. Sanchez Diaz also had keloid elevation of the neck wound following the accident.

Additional observations, findings, diagnoses, and treatment plan(s) are found within the medical records already produced, and note the additional therapies provided following Mr. Sanchez Diaz's surgery at University of Kansas Hospital. Following completion of said therapies, it was recommended that Mr. Sanchez Diaz return to Mount Everest Medical for follow-up and/or discharge.

Daylin Rodriguez, MA LPC
PENUEL COUNSELING, LLC
Westowne Office Park
1170 West Kansas Avenue, Building #10
Liberty, MO 64068

This licensed professional counselor evaluated Mr. Sanchez Diaz's injury complaints to his neck, shoulder, and legs from the accident. Following his surgery and slow recovery, she will opine how his chronic pain has adversely affected his life, how being pinned in the car and constant pain has led to his withdrawal from life and activities, causing depression, and fear. She can share about how the accident and his subsequent mental health has led to insomnia, catastrophic thinking, forgetfulness, and psychological trauma.

She will opine about his diagnoses of Major Depressive Disorder, clinical depression, anxiety, And Post-Traumatic Stress Disorder ("PTSD") and her referral to a medical professional regarding corroboration of these diagnoses and proposed treatment, including medications.

Additional opinions are found within her report already produced in this case discovery.

Timothy M. Krehbiel, P.E.
SEMKE FORENSIC
100 North Clayview Drive, Suite B
Liberty, MO 64068
(816) 415-2020

This mechanical engineer, following review of existing file materials and photos, determined that the light pole fell due to the base not being secured. His curriculum vitae is attached. Plaintiffs will supplement regarding any deposition availability.

Stewart Grote, D.O.
UNITED MEDICAL LOGISTICS, LLC
6025 Metcalf Lane, Suite # 100
Overland Park, KS 66202
(913) 499-8103

This physician consulted Mr. Sanchez Diaz's prior treatments, review of records, past and current complaints, provided some initial additional therapy, and outlines his opinions concerning causation, care, and future medical needs, including medical diagnoses of psychological conditions corroborated by the prior therapist in the attached report. Dr. Grote is board certified and specializes in osteopathic and internal medicine. His brief biography, fee schedule, and report, are attached and incorporated herein as sent privately to counsel.

**ADAN GUZMAN**

Monica Stringfield – EMT-Paramedic
Neil Houlscher – EMT – Paramedic
Johnson County Med-Act M#1143
Olathe Fire Department
11811 South Sunset, Suite # 1100
Olathe, KS 66061

These emergency personnel's expertise includes emergency medical procedures at the accident scene. She/he/they made assessments, including evaluation and diagnoses and shall address their observations and findings upon arrival to the auto accident on February 23, 2016. They will include Minor Plaintiff Adan Guzman's complaints of injury to his right knee, leg, ankle, and foot with abrasions and right-side chest wall pain as a result of being pinned following intrusion when a light pole fell on Plaintiff Sanchez-Diaz's car without warning. They will also explain their assessment of Minor Plaintiff Guzman's injuries. These treaters stabilized him for transport to University of Kansas Hospital Emergency Room.

Their observations, findings, diagnoses, and recommendations are found within the medical records already produced.

Kathi Glauner, M.D.
Pamela Hite, M.D.
Kristin Pope, M.D.
Johnathan D. Lindquist, M.D.
UNIVERSITY OF KANSAS HOSPITAL
Emergency Room and Consulting Treaters
3901 Rainbow Boulevard
Kansas City, KS 66101
(913) 588-6100

These treatment providers are all board certified medical professionals in their respective specialties. They are part of the University of Kansas Hospital's Emergency, Trauma, and Radiology teams respectively and handled the intake, assessment, and recommendations for Plaintiff Adan Guzman for initial evaluation of his chest contusions, abrasions and injury to his right chest wall, right knee, leg, ankle, and foot (right lower leg pain), and completion of various X-rays, scans, and additional MRI films recommended for review for the diagnoses and treatment recommendations for his headaches, back pain, chest pain, the osseous fragment at the medial anterior of the right knee, and for removal of glass shards from Adan Guzman's right leg and ankle in the ER.

His/her/their observations, findings, diagnoses, and treatment plan(s) are found within the medical records already produced.

J. Maprin
Jaime L. McDermott, RN, APRN (Nurse Case Manager)
Elizabeth Parker, RCP
Jennifer H. Reintjes, M.D.
Christina Twardowski, D.O. (Opthamology Clinic)
CHILDREN'S MERCY HOSPITALS & CLINICS
BC Pediatric Care Clinic – Green
3101 Broadway Boulevard
Kansas City, MO 64111
(816) 234-3000

These medical professionals are all board certified in their respective specialties. Dr. Reintjes saw Adan Guzman for the continued headaches as a result of this accident, confirmed he suffered a concussion as a result of this accident, diagnosed him with post-concussion syndrome, created a treatment plan including limiting activities and brain rest, reviewed the complaints about continuing nightmares, and referred him to the Children's Mercy Neurology Clinic for further monitoring.

His/her/their observations, findings, diagnoses, and treatment plan(s) are found within the medical records already produced.

Mount Everest Medical, LLC (Office Closed)
4010 Washington, Suite # 310
Kansas City, Missouri 64111

This doctor is board certified and also a licensed radiologist. His field of expertise is general medicine, and he saw and treated Adan Guzman following the accident between March-April 2016 for continuing headaches due to a diagnosis of cerebral concussion at Children's Mercy Hospital, cervicalgia, back/knee/thoracic pain, spinal instability, and sprains onset right after the auto accident. His complaints also included anxiety due to the trauma, which was medically diagnosed and led to referral for therapy.

He continue(s) to be fearful due to the accident, including nightmares and bedwetting that did not exist prior to the accident. Additional observations, findings, diagnoses, and treatment plan(s) are found within the medical records already produced, and note that request for referral regarding therapy was recommended.

Daylin Rodriguez, MA LPC
PENUEL COUNSELING, LLC
Westowne Office Park
1170 West Kansas Avenue, Building #10
Liberty, MO 64068

This licensed professional counselor evaluated Minor Plaintiff Adan Guzman's complaints of headaches, back pain, right leg/knee pain, anxiety and nightmares from the accident in April 2016. Following and as a result of this accident, Ms. Rodriguez notes that trauma from being trapped in the car and fearing he would die, led Mr. Guzman to experience fear of being in another accident, fear of driving, and fear in seeing his step-father gravely injured from the accident.

She will opine about his diagnoses of Separation Anxiety Disorder, and Post-Traumatic Stress Disorder ("PTSD"). Her observations of and diagnoses of Mr. Guzman's sadness, anxiety, and need for treatment prompted referral for additional treatment.

Additional opinions are found within her report are already produced in this case discovery. Mr. Guzman has also recently been referred for further anxiety and now depression treatment to Hills Partnership Clinic (Olathe, KS) as of June 22, 2018.

Plaintiffs will further supplement under their Motion for Additional Time concerning these reports, as well as Mr. Guzman's depression diagnosis and therapy treatment appointments with Responsive Center in Overland Park.

Respectfully Submitted,

DEVKOTA LAW FIRM, L.L.C.

/s/ Lynn Weddle Judkins
Lynn Weddle Judkins,        KS # 20003
4010 Washington Street, Suite # 350
Kansas City, Missouri 64111
(816) 842-9100 * (816) 817-1080 - FAX
attyjudkins@gmail.com
**ATTORNEYS FOR PLAINTIFFS**

*Clerk of the District Court, Johnson County Kansas*
*07/10/18  06:02pm EG*

## CERTIFICATE OF ELECTRONIC SERVICE

The Devkota Law Firm, L.L.C. notes that it filed the above Plaintiffs' Initial Designation

of Experts and Motion for Additional Time to Name/Supplement Expert(s) via the Court's JIMS

Notice Network on June 10, 2018 by agreement, which the Court should send and serve

electronically to all counsel of record via JIMS notice, including to:


Nick J. Kurt
Carson M. Hinderks
BERKOWITZ OLIVER, LLP
2600 Grand Boulevard, Suite # 1200
Kansas City, MO 64108
(816) 561-7007
(816) 561-1888 – FAX
nkurt@berkowitzoliver.com
chinderks@berkowitzoliver.com
**ATTORNEY FOR DEFENDANT**
**KANSAS CITY POWER & LIGHT COMPANY**



/s/ Lynn Weddle Judkins
**ATTORNEY FOR PLAINTIFFS**

*Clerk of the District Court, Johnson County Kansas*
*07/10/18  06:02pm EG*

17CV04848
Div7

## IN THE DISTRICT COURT OF JOHNSON COUNTY, KANSAS
## CIVIL COURT DEPARTMENT

CARLOS SANCHEZ DIAZ,                    )
JEAN CHAVEZ (GUZMAN) SANCHEZ,    )
and ADAN GUZMAN,                          )
                                                          )
                    Plaintiffs,                        )
                                                          )
          v.                                               )          Case No. 17CV04848
                                                          )          Division:  7
KANSAS CITY POWER & LIGHT            )          K.S.A. Chapter 60
COMPANY, et al.,                              )
                                                          )
                    Defendants.                      )

### PLAINTIFFS' CERTIFICATE OF ELECTRONIC SERVICE PLAINTIFFS' INTERROGATORIES AND REQUESTS FOR PRODUCTION OF DOCUMENTS TO KANSAS CITY POWER & LIGHT COMPANY

Plaintiffs, through counsel with the Devkota Law Firm, L.L.C. certifies that the firm filed and served Plaintiffs' Interrogatories and Plaintiffs' Requests for Production of Documents to Kansas City Power & Light Company via electronic mail on July 27, 2018 with this Certificate of Electronic Service filed with JIMS to the Court and via electronic mail sent to Nick Kurt and Carson M. Hinderks, c/o BERKOWITZ OLIVER, LLP, NKurt@berkowitzoliver.com, CHinderks@berkowitzolivercom as attorneys for KCP&L.

Respectfully submitted,

DEVKOTA LAW FIRM, L.L.C.

/s/ Lynn Weddle Judkins
Lynn Weddle Judkins,        KS # 20003
Tarak A. Devkota,             KS # 19767
4010 Washington Street, Suite # 350
Kansas City, Missouri 64111
(816) 842-9100 * (816) 817-1080 - FAX
attyjudkins@gmail.com
**ATTORNEYS FOR PLAINTIFFS**

## CERTIFICATE OF ELECTRONIC SERVICE

The Devkota Law Firm, L.L.C. through the undersigned, certifies that the firm served a

copy of Plaintiffs' Certificate of Service for Discovery to KCP&L via electronic mail with a

copy filed with the Court via JIMS on July 27, 2018 to:

Nick Kurt
Carson M. Hinderks
BERKOWITZ OLIVER, LLP
2600 Grand Boulevard, Suite # 1200
Kansas City, MO 64108
(816) 627-0253
(913) 706-2099 - FAX
NKurt@berkowitzoliver.com
CHinderks@berkowitzolivercom
**ATTORNEYS FOR KCP&L**

/s/ Lynn Weddle Judkins
**ATTORNEY FOR PLAINTIFFS**

17CV04848
Div7

## IN THE DISTRICT COURT OF JOHNSON COUNTY, KANSAS
### CIVIL COURT DEPARTMENT

CARLOS SANCHEZ DIAZ,                    )
JEAN CHAVEZ (GUZMAN) SANCHEZ,    )
and ADAN GUZMAN,                        )
                                        )
        Plaintiffs,          )
                                        )
    v.                              )          Case No. 17CV04848
                                        )          Division: 7
KANSAS CITY POWER & LIGHT           )          K.S.A. Chapter 60
COMPANY, et al.,                        )
                                        )
        Defendants.          )

### <u>NOTICE OF DEPOSITION DUCES TECUM</u>

TO:   Plaintiffs and their Counsel of Record

    PLEASE TAKE NOTICE that, pursuant to the Kansas Rules of Civil Procedure, K.S.A.

Section 60-230, Defendant Kansas City Power & Light Company will take the deposition of

Plaintiff's expert, Timothy M. Krehbiel, P.E., on the 16th day of August 2018, commencing at

1:30 p.m. at Devkota Law Firm, L.L.C., 4010 Washington St., Suite 350, Kansas City, Missouri

64111.  Said deposition will be recorded by stenographic means before a duly authorized court

reporter, and will be continued or adjourned until completed.  The deponent is requested to bring

with him all documents and materials relied upon in rendering his expert opinion, including the

items specifically listed on the attached Exhibit A.

Dated:  August 10, 2018

Respectfully submitted,

**BERKOWITZ OLIVER LLP**

/s/ Nick J. Kurt
Nick J. Kurt                    KS Bar No. 20225
Carson M. Hinderks              KS Bar No. 25079
2600 Grand Boulevard, Suite 1200
Kansas City, Missouri 64108
Telephone:  (816) 561-7007
Facsimile:  (816) 561-1888
Email       nkurt@berkowitzoliver.com
            chinderks@berkowitzoliver.com

*Attorneys for Defendant Kansas City*
*Power & Light Company*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was served via e-mail this

10th day of August 2018, on the following:

Tarak Alexander Devkota
Lynn Weddle Judkins
DEVKOTA LAW FIRM, LLC
4010 Washington Street, Suite 350
Kansas City, Missouri 64111
Phone:      (816) 842-9100
Facsimile:  (816) 817-1080
litigation@devkotalawfirm.com
attyjudkins@gmail.com

*Attorneys for Plaintiff*

_/s/ Nick J. Kurt_
Attorney for Defendants

*Clerk of the District Court, Johnson County Kansas*
*08/10/18  10:16am EG*

2

EXHIBIT A

1.  A copy of your engagement letter and/or contract with Plaintiffs or their counsel (Devkota Law Firm) for your work in the above-captioned case.

2.  Copies of any reports prepared by you with regard to your opinions in this case.

3.  Copies of all writings authored or co-authored by you that pertain to any of your opinions in this case.

4.  All notes, work papers, spreadsheets, analyses, or writings you personally wrote or prepared concerning the issues or subjects on which you have been asked to opine in this case.

5.  Copies of all invoices, billings, time records, rendered or prepared by you or on your behalf in any way related to time spent on this case.

6.  A list of all cases for which you have testified either at trial or deposition in the last 7 years.

7.  The complete contents of your file kept, maintained, and possessed by you in and related to your engagement in this actions and your work in developing the opinions you propose to express in this case.

8.  All documents of any type that you have reviewed or considered in arriving at your opinions in this case.

9.  Any demonstrative charts, graphs, or exhibits you have prepared in connection with your work in this case.

10. Any communications with any person other than plaintiffs or their attorneys in relation to or in furtherance of your work in this case.

*Clerk of the District Court, Johnson County Kansas*
*08/10/18  10:16am EG*

17CV04848
Div7

## IN THE DISTRICT COURT OF JOHNSON COUNTY, KANSAS
## CIVIL COURT DEPARTMENT

CARLOS SANCHEZ DIAZ,                    )
JEAN CHAVEZ (GUZMAN) SANCHEZ,           )
and ADAN GUZMAN,                        )
                                        )
                  Plaintiffs,           )
                                        )
        v.                              )       Case No. 17CV04848
                                        )       Division:  7
KANSAS CITY POWER & LIGHT               )       K.S.A. Chapter 60
COMPANY, et al.,                        )
                                        )
                  Defendants.           )

## NOTICE OF DEPOSITION DUCES TECUM

TO:    Plaintiffs and their Counsel of Record

       PLEASE TAKE NOTICE that, pursuant to the Kansas Rules of Civil Procedure, K.S.A.

Section 60-230, Defendant Kansas City Power & Light Company will take the deposition of

Plaintiff's expert, Stewart Grote, D.O., on the 20th day of August 2018, commencing at 1:30 p.m.

at Devkota Law Firm, L.L.C., 4010 Washington St., Suite 350, Kansas City, Missouri 64111.  Said

deposition will be recorded by stenographic means before a duly authorized court reporter, and

will be continued or adjourned until completed.  The deponent is requested to bring with him all

documents and materials relied upon in rendering his expert opinion, including the items

specifically listed on the attached Exhibit A.

Dated:  August 10, 2018

Respectfully submitted,

**BERKOWITZ OLIVER LLP**

/s/ Nick J. Kurt
Nick J. Kurt                          KS Bar No. 20225
Carson M. Hinderks                    KS Bar No. 25079
2600 Grand Boulevard, Suite 1200
Kansas City, Missouri 64108
Telephone:  (816) 561-7007
Facsimile:  (816) 561-1888
Email        nkurt@berkowitzoliver.com
             chinderks@berkowitzoliver.com

*Attorneys for Defendant Kansas City*
*Power & Light Company*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was served via e-mail this

10th day of August 2018, on the following:

Tarak Alexander Devkota
Lynn Weddle Judkins
DEVKOTA LAW FIRM, LLC
4010 Washington Street, Suite 350
Kansas City, Missouri 64111
Phone:       (816) 842-9100
Facsimile:   (816) 817-1080
litigation@devkotalawfirm.com
attyjudkins@gmail.com

*Attorneys for Plaintiff*

/s/ Nick J. Kurt
Attorney for Defendants

*Clerk of the District Court, Johnson County Kansas*
*08/10/18  10:17am EG*

EXHIBIT A

1. A copy of your engagement letter and/or contract with Plaintiffs or their counsel (Devkota Law Firm) for your work in the above-captioned case.

2. Copies of any reports prepared by you with regard to your opinions in this case.

3. Copies of all writings authored or co-authored by you that pertain to any of your opinions in this case.

4. All notes, work papers, spreadsheets, analyses, or writings you personally wrote or prepared concerning the issues or subjects on which you have been asked to opine in this case.

5. Copies of all invoices, billings, time records, rendered or prepared by you or on your behalf in any way related to time spent on this case.

6. A list of all cases for which you have testified either at trial or deposition in the last 7 years.

7. The complete contents of your file kept, maintained, and possessed by you in and related to your engagement in this actions and your work in developing the opinions you propose to express in this case.

8. All documents of any type that you have reviewed or considered in arriving at your opinions in this case.

9. Any demonstrative charts, graphs, or exhibits you have prepared in connection with your work in this case.

10. Any communications with any person other than plaintiffs or their attorneys in relation to or in furtherance of your work in this case.

17CV04848
Div7

## IN THE DISTRICT COURT OF JOHNSON COUNTY, KANSAS
## CIVIL COURT DEPARTMENT

CARLOS SANCHEZ DIAZ,                    )
JEAN CHAVEZ (GUZMAN) SANCHEZ,           )
and ADAN GUZMAN,                        )
                                        )
               Plaintiffs,              )
                                        )
        v.                              )        Case No. 17CV04848
                                        )        Division: 7
KANSAS CITY POWER & LIGHT               )        K.S.A. Chapter 60
COMPANY, et al.,                        )
                                        )
               Defendants.              )

### PLAINTIFFS' CERTIFICATE OF ELECTRONIC SERVICE PLAINTIFFS' INTERROGATORIES AND REQUESTS FOR PRODUCTION OF DOCUMENTS TO KANSAS CITY POWER & LIGHT COMPANY

Plaintiffs, through counsel with the Devkota Law Firm, L.L.C. certifies that the firm filed and served Plaintiffs' Interrogatories and Plaintiffs' Requests for Production of Documents to Kansas City Power & Light Company via electronic mail on July 27, 2018 with this Certificate of Electronic Service filed with JIMS to the Court and via electronic mail sent to Nick Kurt and Carson M. Hinderks, c/o BERKOWITZ OLIVER, LLP, NKurt@berkowitzoliver.com, CHinderks@berkowitzolivercom as attorneys for KCP&L.

Respectfully submitted,

DEVKOTA LAW FIRM, L.L.C.

/s/ Lynn Weddle Judkins
Lynn Weddle Judkins,       KS # 20003
Tarak A. Devkota,          KS # 19767
4010 Washington Street, Suite # 350
Kansas City, Missouri 64111
(816) 842-9100 * (816) 817-1080 - FAX
attyjudkins@gmail.com
**ATTORNEYS FOR PLAINTIFFS**

## CERTIFICATE OF ELECTRONIC SERVICE

The Devkota Law Firm, L.L.C. through the undersigned, certifies that the firm served a

copy of Plaintiffs' Certificate of Service for Discovery to KCP&L via electronic mail on July 27,

2018 with a copy filed with the Court via JIMS on August 15, 2018 to:

Nick Kurt
Carson M. Hinderks
BERKOWITZ OLIVER, LLP
2600 Grand Boulevard, Suite # 1200
Kansas City, MO 64108
(816) 627-0253
(913) 706-2099 - FAX
NKurt@berkowitzoliver.com
CHinderks@berkowitzolivercom
**ATTORNEYS FOR KCP&L**


/s/ Lynn Weddle Judkins
**ATTORNEY FOR PLAINTIFFS**


*Clerk of the District Court, Johnson County Kansas*
                                   *08/15/18  02:59pm EG*

17CV04848
Div7

## IN THE DISTRICT COURT OF JOHNSON COUNTY, KANSAS
## CIVIL DEPARTMENT
(Pursuant to K.S.A. Chapter 60)

| | | |
|---|---|---|
| CARLOS SANCHEZ DIAZ, and | ) | |
| | ) | |
| JEAN  CHAVEZ (GUZMAN) SANCHEZ, | ) | |
| | ) | |
| and ADAN GUZMAN, | ) | |
| | ) | |
| *Plaintiffs,* | ) | |
| | ) | |
| v. | ) | Case No.    17CV04848 |
| | ) | |
| KANSAS CITY POWER AND | ) | |
| LIGHT COMPANY, *and* | ) | |
| | ) | |
| JOHN DOE BUSINESS ENTITY A, | ) | |
| OPERATIONS COMPANY, *and* | ) | |
| | ) | |
| JOHN DOE ENTITY B MAINTENANCE | ) | Division No. 7 (Judge Hauber) |
| COMPANY, | ) | |
| | ) | |
| *Defendants.* | ) | |

### AMENDED NOTICE FOR VIDEO-TAPED DEPOSITON

**TO:    ALL PARTIES AND/OR THEIR ATTORNEYS OF RECORD**

PLEASE TAKE NOTICE that Plaintiffs will take the video-taped deposition of Rusty Hunsaker, City of Olathe, Kansas, pursuant to subpoena before an officer authorized to administer oaths in Kansas affiliated with Sommers Reporting Company, 8700 Monrovia, Suite # 310, Lenexa, KS 66215, and the videographer will likely be Wayne Greenlaw or another designated videographer employed from Legal Video Productions, 500 N.W. 301st Street, Warrensburg, MO 64093, (660) 429-1156.  This deposition will be continued from day to day until completed.

| | |
|---|---|
| **WHO:** | **Rusty Hunsaker**<br>**1415 South Robinson Drive**<br>**Olathe, KS 66061** |
| **TIME/DATE:** | **1:30 p.m., Monday, August 27, 2018** |
| **PLACE:** | **DEVKOTA LAW FIRM, L.L.C.**<br>**4010 Washington, Suite # 350**<br>**Kansas City, MO 64111** |

*Clerk of the District Court, Johnson County Kansas*
*08/17/18  10:03am MM*

Respectfully Submitted,

DEVKOTA LAW FIRM, L.L.C.

/s/ Tarak A. Devkota
Tarak A. Devkota,       KS # 19767
Lynn Weddle Judkins,  KS # 20003
4010 Washington Street, Suite # 350
Kansas City, Missouri 64111
(816) 842-9100 * (816) 817-1080 - FAX
attyjudkins@gmail.com
**ATTORNEYS FOR PLAINTIFFS**

## <u>CERTIFICATE OF ELECTRONIC SERVICE</u>

The Devkota Law Firm, L.L.C. notes that it filed the above Plaintiffs' Amended Notices

of Deposition for August 27, 2018 on August 17, 2018, which the Court should send and serve

electronically to all counsel of record via JIMS notice, including to:

Nick J. Kurt
Carson M. Hinderks
BERKOWITZ OLIVER, LLP
2600 Grand Boulevard, Suite # 1200
Kansas City, MO 64108
(816) 561-7007 * (816) 561-1888 – FAX
nkurt@berkowitzoliver.com
chinderks@berkowitzoliver.com
**ATTORNEY FOR DEFENDANT**
**KANSAS CITY POWER & LIGHT COMPANY**

/s/ Tarak A. Devkota
**ATTORNEY FOR PLAINTIFFS**

17CV04848
Div7

## IN THE DISTRICT COURT OF JOHNSON COUNTY, KANSAS
### CIVIL DEPARTMENT
(Pursuant to K.S.A. Chapter 60)

| | | |
|---|---|---|
| CARLOS SANCHEZ DIAZ, and | ) | |
| | ) | |
| JEAN  CHAVEZ (GUZMAN) SANCHEZ, | ) | |
| | ) | |
| and ADAN GUZMAN, | ) | |
| | ) | |
| *Plaintiffs*, | ) | |
| | ) | |
| v. | ) | <u>Case No</u>.      17CV04848 |
| | ) | |
| KANSAS CITY POWER AND | ) | |
| LIGHT COMPANY, *and* | ) | |
| | ) | |
| JOHN DOE BUSINESS ENTITY A, | ) | |
| OPERATIONS COMPANY, *and* | ) | |
| | ) | |
| JOHN DOE ENTITY B MAINTENANCE | ) | <u>Division No</u>. 7 (Judge Hauber) |
| COMPANY, | ) | |
| | ) | |
| *Defendants*. | ) | |

## <u>NOTICE FOR VIDEO-TAPED DEPOSITON</u>

**TO:   ALL PARTIES AND/OR THEIR ATTORNEYS OF RECORD**

PLEASE TAKE NOTICE that Plaintiffs will take the video-taped deposition of Jennifer H. Reintjest, Children's Mercy Hospital, before an officer authorized to administer oaths in Kansas affiliated with Sommers Reporting Company, 8700 Monrovia, Suite # 310, Lenexa, KS 66215, and the videographer will likely be Wayne Greenlaw or another designated videographer employed from Legal Video Productions, 500 N.W. 301st Street, Warrensburg, MO 64093, (660) 429-1156.  This deposition will be continued from day to day until completed.

|  |  |
|---|---|
| **WHO:** | **Jennifer H. Reintjest, M.D.** |
| | **CHILDREN'S MERCY HOSPITAL** |
| **TIME/DATE:** | **12:30 p.m., Monday, August 27, 2018** |
| **PLACE:** | **DEVKOTA LAW FIRM, L.L.C.** |
| | **4010 Washington, Suite # 350** |
| | **Kansas City, MO 64111** |

*Clerk of the District Court, Johnson County Kansas*
*08/16/18  04:46pm MM*

Respectfully Submitted,

DEVKOTA LAW FIRM, L.L.C.

*/s/ Tarak A. Devkota*
Tarak A. Devkota,      KS # 19767
Lynn Weddle Judkins,  KS # 20003
4010 Washington Street, Suite # 350
Kansas City, Missouri 64111
(816) 842-9100 * (816) 817-1080 - FAX
attyjudkins@gmail.com
**ATTORNEYS FOR PLAINTIFFS**

## CERTIFICATE OF ELECTRONIC SERVICE

The Devkota Law Firm, L.L.C. notes that it filed the above Plaintiffs' Notices of

Deposition for August 27, 2018 on August 16, 2018, which the Court should send and serve

electronically to all counsel of record via JIMS notice, including to:

Nick J. Kurt
Carson M. Hinderks
BERKOWITZ OLIVER, LLP
2600 Grand Boulevard, Suite # 1200
Kansas City, MO 64108
(816) 561-7007 * (816) 561-1888 – FAX
nkurt@berkowitzoliver.com
chinderks@berkowitzoliver.com
**ATTORNEY FOR DEFENDANT**
**KANSAS CITY POWER & LIGHT COMPANY**

/s/ Tarak A. Devkota
**ATTORNEY FOR PLAINTIFFS**

## EXHIBIT A

1. Copy of your complete (i.e. Children's Mercy Hospital's) complete file concerning your diagnoses and treatment of Adan Guzman in 2016;

2. Copy of all records relied upon for your review, diagnoses, and/or treatment of Adan Guzman, including diagnosis of post-concussion syndrome as a result of this accident.

17CV04848
Div7

## IN THE DISTRICT COURT OF JOHNSON COUNTY, KANSAS
## CIVIL DEPARTMENT
(Pursuant to K.S.A. Chapter 60)

CARLOS SANCHEZ DIAZ, and )
)
JEAN  CHAVEZ (GUZMAN) SANCHEZ, )
)
and ADAN GUZMAN, )
)
    *Plaintiffs,* )
)
v. )    <u>Case No</u>.   17CV04848
)
KANSAS CITY POWER AND )
LIGHT COMPANY, *and* )
)
JOHN DOE BUSINESS ENTITY A, )
OPERATIONS COMPANY, *and* )
)
JOHN DOE ENTITY B MAINTENANCE )    <u>Division No</u>. 7 (Judge Hauber)
COMPANY, )
)
    *Defendants.* )

## <u>NOTICE FOR VIDEO-TAPED DEPOSITON</u>

**TO:**    **ALL PARTIES AND/OR THEIR ATTORNEYS OF RECORD**

    PLEASE TAKE NOTICE that Plaintiffs will take the video-taped deposition of Douglas Burton, M.D., University of Kansas Hospital, before an officer authorized to administer oaths in Kansas affiliated with Sommers Reporting Company, 8700 Monrovia, Suite # 310, Lenexa, KS 66215, and the videographer will likely be Wayne Greenlaw or another designated videographer employed from Legal Video Productions, 500 N.W. 301st Street, Warrensburg, MO 64093, (660) 429-1156.  This deposition will be continued from day to day until completed, and documents to be produced will include those outlined in Exhibit A.

        **WHO:**        **Douglas Burton**
                       **UNIVERSITY OF KANSAS HOSPITAL**

        **TIME/DATE:**    **3:00 p.m., Monday, August 27, 2018**

        **PLACE:**       **DEVKOTA LAW FIRM, L.L.C.**
                       **4010 Washington, Suite # 350**
                       **Kansas City, MO 64111**

*Clerk of the District Court, Johnson County Kansas*
*08/16/18  04:42pm MM*

Respectfully Submitted,

DEVKOTA LAW FIRM, L.L.C.

/s/ Tarak A. Devkota
Tarak A. Devkota,      KS # 19767
Lynn Weddle Judkins,  KS # 20003
4010 Washington Street, Suite # 350
Kansas City, Missouri 64111
(816) 842-9100 * (816) 817-1080 - FAX
attyjudkins@gmail.com
**ATTORNEYS FOR PLAINTIFFS**

## <u>CERTIFICATE OF ELECTRONIC SERVICE</u>

The Devkota Law Firm, L.L.C. notes that it filed the above Plaintiffs' Notices of

Deposition for August 27, 2018 on August 16, 2018, which the Court should send and serve

electronically to all counsel of record via JIMS notice, including to:

Nick J. Kurt
Carson M. Hinderks
BERKOWITZ OLIVER, LLP
2600 Grand Boulevard, Suite # 1200
Kansas City, MO 64108
(816) 561-7007 * (816) 561-1888 – FAX
nkurt@berkowitzoliver.com
chinderks@berkowitzoliver.com
**ATTORNEY FOR DEFENDANT**
**KANSAS CITY POWER & LIGHT COMPANY**

/s/ Tarak A. Devkota
**ATTORNEY FOR PLAINTIFFS**

## EXHIBIT A

1. Copy of your complete file concerning your diagnoses and treatment of Carlos Sanchez Diaz on February 23, 2016 regarding orthopedic consult and opinions;

2. Copy of all records relied upon for your review, diagnoses, and/or treatment of Carlos Sanchez Diaz at the University of Kansas Hospital.

17CV04848
Div7

## IN THE DISTRICT COURT OF JOHNSON COUNTY, KANSAS
## CIVIL DEPARTMENT
(Pursuant to K.S.A. Chapter 60)

| | |
|---|---|
| CARLOS SANCHEZ DIAZ, and | ) |
| | ) |
| JEAN  CHAVEZ (GUZMAN) SANCHEZ, | ) |
| | ) |
| and ADAN GUZMAN, | ) |
| | ) |
| *Plaintiffs,* | ) |
| | ) |
| v. | ) Case No.       17CV04848 |
| | ) |
| KANSAS CITY POWER AND | ) |
| LIGHT COMPANY,  *et al.* | ) Division No. 7 (Judge Hauber) |
| | ) |
| | ) |
| *Defendants.* | ) |

### NOTICE FOR VIDEO-TAPED DEPOSITON

**TO:     ALL PARTIES AND/OR THEIR ATTORNEYS OF RECORD**

PLEASE TAKE NOTICE that Plaintiffs will take the video-taped deposition of Michael B. Tilley M.D., University of Kansas Hospital and Orthopedic Clinic, before an officer authorized to administer oaths in Kansas affiliated with Sommers Reporting Company, 8700 Monrovia, Suite # 310, Lenexa, KS 66215, and the videographer will likely be Wayne Greenlaw or another designated videographer employed from Legal Video Productions, 500 N.W. 301st Street, Warrensburg, MO 64093, (660) 429-1156.  This deposition will be continued from day to day until completed.

**WHO:**            **Michael B. Tilley, M.D.**
                     **University of Kansas Hospital – PT Sports Medicine Clinic**
                     **University of Kansas Physicians**
                     **Orthopedics and Sports Medicine**


**TIME/DATE:**      **5:00 p.m., Monday, August 27, 2018**

**PLACE:**          **DEVKOTA LAW FIRM, L.L.C.**
                     **4010 Washington, Suite # 350**
                     **Kansas City, MO 64111**

Respectfully Submitted,

DEVKOTA LAW FIRM, L.L.C.

/s/ Tarak A. Devkota
Tarak A. Devkota,     KS # 19767
Lynn Weddle Judkins,  KS # 20003
4010 Washington Street, Suite # 350
Kansas City, Missouri 64111
(816) 842-9100 * (816) 817-1080 - FAX
attyjudkins@gmail.com
**ATTORNEYS FOR PLAINTIFFS**

## <u>CERTIFICATE OF ELECTRONIC SERVICE</u>

The Devkota Law Firm, L.L.C. notes that it filed the above Plaintiffs' Notices of

Deposition for August 27, 2018 on August 16, 2018, which the Court should send and serve

electronically to all counsel of record via JIMS notice, including to:

Nick J. Kurt
Carson M. Hinderks
BERKOWITZ OLIVER, LLP
2600 Grand Boulevard, Suite # 1200
Kansas City, MO 64108
(816) 561-7007 * (816) 561-1888 – FAX
nkurt@berkowitzoliver.com
chinderks@berkowitzoliver.com
**ATTORNEY FOR DEFENDANT**
**KANSAS CITY POWER & LIGHT COMPANY**

/s/ Tarak A. Devkota
**ATTORNEY FOR PLAINTIFFS**

## EXHIBIT A

1. Copy of your complete (i.e. University of Kansas Hospital/University of Kansas Physican's Orthopedic and Sports Medicine file(s)) complete file(s) concerning your diagnoses for, surgery upon, and treatment of Carlos Sanchez Diaz in 2016;

2. Copy of all records relied upon for your review, diagnoses, and/or treatment of Carlos Sanchez Diaz in 2016 as a result of this accident.

17CV04848
Div7

## IN THE DISTRICT COURT OF JOHNSON COUNTY, KANSAS
## CIVIL COURT DEPARTMENT

CARLOS SANCHEZ DIAZ,                    )
JEAN CHAVEZ (GUZMAN) SANCHEZ,           )
and ADAN GUZMAN,                        )
                                        )
                 Plaintiffs,            )
                                        )
       v.                               )    Case No. 17CV04848
                                        )    Division:  7
KANSAS CITY POWER & LIGHT               )    K.S.A. Chapter 60
COMPANY, et al.,                        )
                                        )
                 Defendants.            )

### NOTICE OF DEPOSITION

TO:    Plaintiffs and their Counsel of Record

       PLEASE TAKE NOTICE that, pursuant to K.S.A. Section 60-230, Defendant Kansas City

Power & Light Company will take the deposition of Plaintiff Adan Guzman, on the 24th day of

August 2018, commencing at 1:00 p.m., at Devkota Law Firm, L.L.C., 4010 Washington St., Suite

350, Kansas City, Missouri 64111.  Said deposition will be recorded by stenographic means before

a duly authorized court reporter, and will be continued or adjourned until completed.


Dated:  August 17, 2018                 Respectfully submitted,

                                        **BERKOWITZ OLIVER LLP**

                                        _/s/ Nick J. Kurt_
                                        Nick J. Kurt            KS Bar No. 20225
                                        Carson M. Hinderks      KS Bar No. 25079
                                        2600 Grand Boulevard, Suite 1200
                                        Kansas City, Missouri 64108
                                        Telephone:  (816) 561-7007
                                        Facsimile:  (816) 561-1888
                                        Email     nkurt@berkowitzoliver.com
                                                  chinderks@berkowitzoliver.com

                                        _Attorneys for Defendant Kansas City_
                                        _Power & Light Company_

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was served via e-mail this 17th day of August 2018, on the following:

Tarak Alexander Devkota
Lynn Weddle Judkins
DEVKOTA LAW FIRM, LLC
4010 Washington Street, Suite 350
Kansas City, Missouri 64111
Phone:        (816) 842-9100
Facsimile:    (816) 817-1080
litigation@devkotalawfirm.com
attyjudkins@gmail.com

*Attorneys for Plaintiff*

_____*/s/ Nick J. Kurt*_____
Attorney for Defendants

17CV04848
Div7

## IN THE DISTRICT COURT OF JOHNSON COUNTY, KANSAS
## CIVIL DEPARTMENT
(Pursuant to K.S.A. Chapter 60)

| | | |
|---|---|---|
| CARLOS SANCHEZ DIAZ, and | ) | |
| | ) | |
| JEAN  CHAVEZ (GUZMAN) SANCHEZ, | ) | |
| | ) | |
| and ADAN GUZMAN, | ) | |
| | ) | |
| *Plaintiffs,* | ) | |
| | ) | |
| v. | ) | Case No.    17CV04848 |
| | ) | |
| KANSAS CITY POWER AND | ) | |
| LIGHT COMPANY,  *et al.* | ) | |
| | ) | Division No. 7 (Judge Hauber) |
| | ) | |
| *Defendants.* | ) | |

## AMENDED NOTICE FOR VIDEO-TAPED DEPOSITON

**TO:   ALL PARTIES AND/OR THEIR ATTORNEYS OF RECORD**

PLEASE TAKE NOTICE that Plaintiffs will take the video-taped deposition of Ashley Bennett, M.D., University of Kansas Hospital/University of Kansas Physicians, pursuant to subpoena before an officer authorized to administer oaths in Kansas affiliated with Sommers Reporting Company, 8700 Monrovia, Suite # 310, Lenexa, KS 66215, and the videographer will likely be Wayne Greenlaw or another designated videographer employed from Legal Video Productions, 500 N.W. 301st Street, Warrensburg, MO 64093, (660) 429-1156.  This deposition will be continued from day to day until completed.

**WHO:**       **Ashley Bennett, M.D.**
              **University of Kansas Hospital - Emergency Room**
              **University of Kansas Physicians**
              **3901 Rainbow Boulevard**
              **Kansas City, KS 66101**

**TIME/DATE:**   **4:00 p.m., Monday, August 27, 2018**

**PLACE:**      **DEVKOTA LAW FIRM, L.L.C.**
               **4010 Washington, Suite # 350**
               **Kansas City, MO 64111**

*Clerk of the District Court, Johnson County Kansas*
*08/17/18  10:08am MM*

Respectfully Submitted,

DEVKOTA LAW FIRM, L.L.C.

*/s/ Tarak A. Devkota*
Tarak A. Devkota,       KS # 19767
Lynn Weddle Judkins,  KS # 20003
4010 Washington Street, Suite # 350
Kansas City, Missouri 64111
(816) 842-9100 * (816) 817-1080 - FAX
attyjudkins@gmail.com
**ATTORNEYS FOR PLAINTIFFS**

## CERTIFICATE OF ELECTRONIC SERVICE

The Devkota Law Firm, L.L.C. notes that it filed the above Plaintiffs' Amended Notices

of Deposition for August 27, 2018 on August 17, 2018, which the Court should send and serve

electronically to all counsel of record via JIMS notice, including to:

Nick J. Kurt
Carson M. Hinderks
BERKOWITZ OLIVER, LLP
2600 Grand Boulevard, Suite # 1200
Kansas City, MO 64108
(816) 561-7007 * (816) 561-1888 – FAX
nkurt@berkowitzoliver.com
chinderks@berkowitzoliver.com
**ATTORNEY FOR DEFENDANT**
**KANSAS CITY POWER & LIGHT COMPANY**

/s/ Tarak A. Devkota
**ATTORNEY FOR PLAINTIFFS**

17CV04848
Div7

## IN THE DISTRICT COURT OF JOHNSON COUNTY, KANSAS
### CIVIL DEPARTMENT
(Pursuant to K.S.A. Chapter 60)

CARLOS SANCHEZ DIAZ, and           )
                                   )
JEAN  CHAVEZ (GUZMAN) SANCHEZ,    )
                                   )
and ADAN GUZMAN,                   )
                                   )
    *Plaintiffs,*                    )
                                   )
v.                                 )      <u>Case No</u>.    17CV04848
                                   )
KANSAS CITY POWER AND              )
LIGHT COMPANY, *and*               )
                                   )
JOHN DOE BUSINESS ENTITY A,        )
OPERATIONS COMPANY, *and*          )
                                   )
JOHN DOE ENTITY B MAINTENANCE      )      <u>Division No</u>. 7 (Judge Hauber)
COMPANY,                           )
                                   )
    *Defendants.*                   )

### <u>NOTICE FOR VIDEO-TAPED DEPOSITON</u>

**TO:**  **ALL PARTIES AND/OR THEIR ATTORNEYS OF RECORD**

    PLEASE TAKE NOTICE that Plaintiffs will take the video-taped deposition of Randy Huntsaker, City of Olathe, Kansas, before an officer authorized to administer oaths in Kansas affiliated with Sommers Reporting Company, 8700 Monrovia, Suite # 310, Lenexa, KS 66215, and the videographer will likely be Wayne Greenlaw or another designated videographer employed from Legal Video Productions, 500 N.W. 301st Street, Warrensburg, MO 64093, (660) 429-1156.  This deposition will be continued from day to day until completed, and documents to be produced will include those outlined in Exhibit A.

    **WHO:**             **Randy Hutsaker**

    **TIME/DATE:**      **1:30 p.m., Monday, August 27, 2018**

    **PLACE:**           **DEVKOTA LAW FIRM, L.L.C.**
                            **4010 Washington, Suite # 350**
                            **Kansas City, MO 64111**

Respectfully Submitted,

DEVKOTA LAW FIRM, L.L.C.

*/s/ Tarak A. Devkota*
Tarak A. Devkota,      KS # 19767
Lynn Weddle Judkins,  KS # 20003
4010 Washington Street, Suite # 350
Kansas City, Missouri 64111
(816) 842-9100 * (816) 817-1080 - FAX
attyjudkins@gmail.com
**ATTORNEYS FOR PLAINTIFFS**

## CERTIFICATE OF ELECTRONIC SERVICE

The Devkota Law Firm, L.L.C. notes that it filed the above Plaintiffs' Notices of

Deposition for August 27, 2018 on August 16, 2018, which the Court should send and serve

electronically to all counsel of record via JIMS notice, including to:

Nick J. Kurt
Carson M. Hinderks
BERKOWITZ OLIVER, LLP
2600 Grand Boulevard, Suite # 1200
Kansas City, MO 64108
(816) 561-7007 * (816) 561-1888 – FAX
nkurt@berkowitzoliver.com
chinderks@berkowitzoliver.com
**ATTORNEY FOR DEFENDANT**
**KANSAS CITY POWER & LIGHT COMPANY**

*/s/ Tarak A. Devkota*
**ATTORNEY FOR PLAINTIFFS**

2          *Clerk of the District Court, Johnson County Kansas*
           *08/16/18  04:41pm MM*

## EXHIBIT A

1. Copy of your (City of Olathe) complete investigative file (if any exists) for Public Works Department, City of Olathe, Kansas regarding the light pole fall/failure on February 23, 2016 and the cause of such fall/failure, for pole presumed as KCPLA2558 as the pole immediately north was KCLPA2557 and the one immediately south of the one that failed is/was KCPLA2559;

2. Copy of all correspondence between you or anyone for City of Olathe and KCP&L the light pole fall/failure on February 23, 2016 and the cause of such fall/failure, for pole presumed as KCPLA2558 as the pole immediately north was KCLPA2557 and the one immediately south of the one that failed is/was KCPLA2559;

3. Copy of any document(s) that show the ownership of the light pole that fell on February 23, 2016 [ownership as of February 23, 2016] for pole presumed as KCPLA2558 as the pole immediately north was KCLPA2557 and the one immediately south of the one that failed is/was KCPLA2559;

4. Copy of any document(s) that show the transfer date of ownership of the light pole that fell on February 23, 2016 [ownership as of February 23, 2016] for pole presumed as KCPLA2558 as the pole immediately north was KCLPA2557 and the one immediately south of the one that failed is/was KCPLA2559;

5. Document(s) that show the make, model, and/or type of the light pole fall/failure on February 23, 2016, including all engineering drawings, specifications, ASTM guidelines, installation manuals, plans, etc. for the unmarked light pole that fell/failed on February 23, 2016 at Black Bob Road and 131st Street East, Olathe Kansas and presumed as KCPLA2558 as the pole immediately north was KCLPA2557 and the one immediately south of the one that failed is/was KCPLA2559.

6. Document(s) that show (by name, title, department), if anyone for or with assistance from City of Olathe (if applicable), who oversaw the installation of the unmarked light pole at

*Clerk of the District Court, Johnson County Kansas*
*08/16/18  04:41pm MM*

Black Bob Road and 131st Street East, Olathe Kansas formerly located between and presumed as KCPLA2558 as the pole immediately north was KCLPA2557 and the one immediately south of the one that failed is/was KCPLA2559;

7. All installation manuals for the unmarked light pole at Black Bob Road and 131st Street East, Olathe Kansas formerly located between and presumed as KCPLA2558 as the pole immediately north was KCLPA2557 and the one immediately south of the one that failed is/was KCPLA2559;

8. All photographs of this light pole fall/failure at Black Bob Road and 131st Street East, Olathe Kansas formerly located between and presumed as KCPLA2558 as the pole immediately north was KCLPA2557 and the one immediately south of the one that failed is/was KCPLA2559.

*Clerk of the District Court, Johnson County Kansas*
*08/16/18  04:41pm MM*

17CV04848
Div7

## IN THE DISTRICT COURT OF JOHNSON COUNTY, KANSAS
## CIVIL DEPARTMENT
(Pursuant to K.S.A. Chapter 60)

| | |
|---|---|
| CARLOS SANCHEZ DIAZ, and | ) |
| | ) |
| JEAN  CHAVEZ (GUZMAN) SANCHEZ, | ) |
| | ) |
| and ADAN GUZMAN, | ) |
| | ) |
| *Plaintiffs,* | ) |
| | ) |
| v. | ) Case No.    17CV04848 |
| | ) |
| KANSAS CITY POWER AND | ) |
| LIGHT COMPANY,  *et al.* | ) |
| | ) Division No. 7 (Judge Hauber) |
| | ) |
| *Defendants.* | ) |

### AMENDED NOTICE FOR VIDEO-TAPED DEPOSITON

**TO:    ALL PARTIES AND/OR THEIR ATTORNEYS OF RECORD**

PLEASE TAKE NOTICE that Plaintiffs will take the video-taped deposition of Michael Tilley, M.D., University of Kansas Hospital/University of Kansas Physicians, pursuant to subpoena before an officer authorized to administer oaths in Kansas affiliated with Sommers Reporting Company, 8700 Monrovia, Suite # 310, Lenexa, KS 66215, and the videographer will likely be Wayne Greenlaw or another designated videographer employed from Legal Video Productions, 500 N.W. 301st Street, Warrensburg, MO 64093, (660) 429-1156.  This deposition will be continued from day to day until completed.

| | |
|---|---|
| **WHO:** | **Michael B. Tilley, M.D.** |
| | **University of Kansas Hospital** |
| | **University of Kansas Physicians – Orthopedics** |
| | **University of Kansas Physicians – Orthopedics and Sports Medicine** |
| | **3901 Rainbow Boulevard – Mail Stop 3017** |
| | **Kansas City, KS 66160** |
| | |
| **TIME/DATE:** | **5:00 p.m., Monday, August 27, 2018** |
| | |
| **PLACE:** | **DEVKOTA LAW FIRM, L.L.C.** |
| | **4010 Washington, Suite # 350** |
| | **Kansas City, MO 64111** |

*Clerk of the District Court, Johnson County Kansas*
*08/17/18  10:09am MM*

Respectfully Submitted,

DEVKOTA LAW FIRM, L.L.C.

/s/ Tarak A. Devkota
Tarak A. Devkota,      KS # 19767
Lynn Weddle Judkins,  KS # 20003
4010 Washington Street, Suite # 350
Kansas City, Missouri 64111
(816) 842-9100 * (816) 817-1080 - FAX
attyjudkins@gmail.com
**ATTORNEYS FOR PLAINTIFFS**

## CERTIFICATE OF ELECTRONIC SERVICE

The Devkota Law Firm, L.L.C. notes that it filed the above Plaintiffs' Amended Notices

of Deposition for August 27, 2018 on August 17, 2018, which the Court should send and serve

electronically to all counsel of record via JIMS notice, including to:

Nick J. Kurt
Carson M. Hinderks
BERKOWITZ OLIVER, LLP
2600 Grand Boulevard, Suite # 1200
Kansas City, MO 64108
(816) 561-7007 * (816) 561-1888 – FAX
nkurt@berkowitzoliver.com
chinderks@berkowitzoliver.com
**ATTORNEY FOR DEFENDANT**
**KANSAS CITY POWER & LIGHT COMPANY**

/s/ Tarak A. Devkota
**ATTORNEY FOR PLAINTIFFS**

*Clerk of the District Court, Johnson County Kansas*
*08/17/18  10:09am MM*

17CV04848
Div7

## IN THE DISTRICT COURT OF JOHNSON COUNTY, KANSAS
## CIVIL DEPARTMENT
### (Pursuant to K.S.A. Chapter 60)

CARLOS SANCHEZ DIAZ, and      )
                                        )
JEAN CHAVEZ (GUZMAN) SANCHEZ, )
                                        )
and ADAN GUZMAN,             )
                                        )
      *Plaintiffs,*        )
                                        )
v.                              )     <u>Case No</u>.      17CV04848
                                        )
KANSAS CITY POWER AND       )
LIGHT COMPANY, *et al.*        )
                                        )     <u>Division No</u>. 7 (Judge Hauber)
                                        )
      *Defendants*.       )

## <u>AMENDED NOTICE FOR VIDEO-TAPED DEPOSITON</u>

**TO:**    **ALL PARTIES AND/OR THEIR ATTORNEYS OF RECORD**

     PLEASE TAKE NOTICE that Plaintiffs will take the video-taped deposition of Kelly Stumpff, M.D., University of Kansas Hospital/University of Kansas Physicians, pursuant to subpoena before an officer authorized to administer oaths in Kansas affiliated with Sommers Reporting Company, 8700 Monrovia, Suite # 310, Lenexa, KS 66215, and the videographer will likely be Wayne Greenlaw or another designated videographer employed from Legal Video Productions, 500 N.W. 301st Street, Warrensburg, MO 64093, (660) 429-1156. This deposition will be continued from day to day until completed.

       **WHO:**        **Kelly Stumpff, M.D.**
                               **University of Kansas Hospital - Emergency Room**
                               **University of Kansas Physicians**
                               **3901 Rainbow Boulevard**
                               **Kansas City, KS 66101**

       **TIME/DATE:**        **3:30 p.m., Monday, August 27, 2018**

       **PLACE:**        **DEVKOTA LAW FIRM, L.L.C.**
                               **4010 Washington, Suite # 350**
                               **Kansas City, MO 64111**

Respectfully Submitted,

DEVKOTA LAW FIRM, L.L.C.

*/s/ Tarak A. Devkota*
Tarak A. Devkota,      KS # 19767
Lynn Weddle Judkins,  KS # 20003
4010 Washington Street, Suite # 350
Kansas City, Missouri 64111
(816) 842-9100 * (816) 817-1080 - FAX
attyjudkins@gmail.com
**ATTORNEYS FOR PLAINTIFFS**

## <u>CERTIFICATE OF ELECTRONIC SERVICE</u>

The Devkota Law Firm, L.L.C. notes that it filed the above Plaintiffs' Amended Notices

of Deposition for August 27, 2018 on August 17, 2018, which the Court should send and serve

electronically to all counsel of record via JIMS notice, including to:

Nick J. Kurt
Carson M. Hinderks
BERKOWITZ OLIVER, LLP
2600 Grand Boulevard, Suite # 1200
Kansas City, MO 64108
(816) 561-7007 * (816) 561-1888 – FAX
nkurt@berkowitzoliver.com
chinderks@berkowitzoliver.com
**ATTORNEY FOR DEFENDANT**
**KANSAS CITY POWER & LIGHT COMPANY**

/s/ Tarak A. Devkota
**ATTORNEY FOR PLAINTIFFS**

17CV04848
Div7

## IN THE DISTRICT COURT OF JOHNSON COUNTY, KANSAS
## CIVIL DEPARTMENT
(Pursuant to K.S.A. Chapter 60)

| | | |
|---|---|---|
| CARLOS SANCHEZ DIAZ, and | ) | |
| | ) | |
| JEAN  CHAVEZ (GUZMAN) SANCHEZ, | ) | |
| | ) | |
| and ADAN GUZMAN, | ) | |
| | ) | |
| *Plaintiffs,* | ) | |
| | ) | |
| v. | ) | Case No.    17CV04848 |
| | ) | |
| KANSAS CITY POWER AND | ) | |
| LIGHT COMPANY,  *et al.* | ) | |
| | ) | Division No. 7 (Judge Hauber) |
| | ) | |
| *Defendants.* | ) | |

## AMENDED NOTICE FOR VIDEO-TAPED DEPOSITON

### TO:   ALL PARTIES AND/OR THEIR ATTORNEYS OF RECORD

PLEASE TAKE NOTICE that Plaintiffs will take the video-taped deposition of Monica Stringfield, JOHNSON COUNTY MED-ACT, pursuant to subpoena before an officer authorized to administer oaths in Kansas affiliated with Sommers Reporting Company, 8700 Monrovia, Suite # 310, Lenexa, KS 66215, and the videographer will likely be Wayne Greenlaw or another designated videographer employed from Legal Video Productions, 500 N.W. 301st Street, Warrensburg, MO 64093, (660) 429-1156.  This deposition will be continued from day to day until completed.

| | |
|---|---|
| **WHO:** | **Monica Stringfield** |
| | **JOHNSON COUNTY MED-ACT** |
| | **11811 Sunset Drive, Suite # 100** |
| | **Olathe, KS 66061** |
| | |
| **TIME/DATE:** | **8:00 a.m., Monday, August 27, 2018** |
| | |
| **PLACE:** | **DEVKOTA LAW FIRM, L.L.C.** |
| | **4010 Washington, Suite # 350** |
| | **Kansas City, MO 64111** |

Respectfully Submitted,

DEVKOTA LAW FIRM, L.L.C.

*/s/ Tarak A. Devkota*
Tarak A. Devkota,      KS # 19767
Lynn Weddle Judkins,  KS # 20003
4010 Washington Street, Suite # 350
Kansas City, Missouri 64111
(816) 842-9100 * (816) 817-1080 - FAX
attyjudkins@gmail.com
**ATTORNEYS FOR PLAINTIFFS**

## CERTIFICATE OF ELECTRONIC SERVICE

The Devkota Law Firm, L.L.C. notes that it filed the above Plaintiffs' Amended Notices

of Deposition for August 27, 2018 on August 17, 2018, which the Court should send and serve

electronically to all counsel of record via JIMS notice, including to:

Nick J. Kurt
Carson M. Hinderks
BERKOWITZ OLIVER, LLP
2600 Grand Boulevard, Suite # 1200
Kansas City, MO 64108
(816) 561-7007 * (816) 561-1888 – FAX
nkurt@berkowitzoliver.com
chinderks@berkowitzoliver.com
**ATTORNEY FOR DEFENDANT**
**KANSAS CITY POWER & LIGHT COMPANY**

/s/ Tarak A. Devkota
**ATTORNEY FOR PLAINTIFFS**

17CV04848
Div7

## IN THE DISTRICT COURT OF JOHNSON COUNTY, KANSAS
### CIVIL DEPARTMENT
(Pursuant to K.S.A. Chapter 60)

CARLOS SANCHEZ DIAZ, and  )
            )
JEAN  CHAVEZ (GUZMAN) SANCHEZ, )
            )
and ADAN GUZMAN,    )
            )
   *Plaintiffs,*    )
            )
v.          ) <u>Case No.</u>  17CV04848
            )
KANSAS CITY POWER AND  )
LIGHT COMPANY, *et al.*   )
            ) <u>Division No.</u> 7 (Judge Hauber)
            )
   *Defendants.*    )

### <u>AMENDED NOTICE FOR VIDEO-TAPED DEPOSITON</u>

**TO: ALL PARTIES AND/OR THEIR ATTORNEYS OF RECORD**

   PLEASE TAKE NOTICE that Plaintiffs will take the video-taped deposition of Douglas Burton, M.D., University of Kansas Hospital/University of Kansas Physicians, pursuant to subpoena before an officer authorized to administer oaths in Kansas affiliated with Sommers Reporting Company, 8700 Monrovia, Suite # 310, Lenexa, KS 66215, and the videographer will likely be Wayne Greenlaw or another designated videographer employed from Legal Video Productions, 500 N.W. 301st Street, Warrensburg, MO 64093, (660) 429-1156.  This deposition will be continued from day to day until completed.

    **WHO:**     **Douglas Burton, M.D.**
           **University of Kansas Hospital - Emergency Room**
           **University of Kansas Physicians**
           **3901 Rainbow Boulevard**
           **Kansas City, KS 66101**

    **TIME/DATE:**  **3:00 p.m., Monday, August 27, 2018**

    **PLACE:**    **DEVKOTA LAW FIRM, L.L.C.**
           **4010 Washington, Suite # 350**
           **Kansas City, MO 64111**

*Clerk of the District Court, Johnson County Kansas*
*08/17/18  10:08am MM*

Respectfully Submitted,

DEVKOTA LAW FIRM, L.L.C.

/s/ Tarak A. Devkota
Tarak A. Devkota,      KS # 19767
Lynn Weddle Judkins,  KS # 20003
4010 Washington Street, Suite # 350
Kansas City, Missouri 64111
(816) 842-9100 * (816) 817-1080 - FAX
attyjudkins@gmail.com
**ATTORNEYS FOR PLAINTIFFS**

## <u>CERTIFICATE OF ELECTRONIC SERVICE</u>

The Devkota Law Firm, L.L.C. notes that it filed the above Plaintiffs' Amended Notices

of Deposition for August 27, 2018 on August 17, 2018, which the Court should send and serve

electronically to all counsel of record via JIMS notice, including to:

Nick J. Kurt
Carson M. Hinderks
BERKOWITZ OLIVER, LLP
2600 Grand Boulevard, Suite # 1200
Kansas City, MO 64108
(816) 561-7007 * (816) 561-1888 – FAX
nkurt@berkowitzoliver.com
chinderks@berkowitzoliver.com
**ATTORNEY FOR DEFENDANT**
**KANSAS CITY POWER & LIGHT COMPANY**

/s/ Tarak A. Devkota
**ATTORNEY FOR PLAINTIFFS**

17CV04848
Div7

## IN THE DISTRICT COURT OF JOHNSON COUNTY, KANSAS
## CIVIL DEPARTMENT
(Pursuant to K.S.A. Chapter 60)

CARLOS SANCHEZ DIAZ, and    )
    )
JEAN  CHAVEZ (GUZMAN) SANCHEZ, )
    )
and ADAN GUZMAN,    )
    )
    *Plaintiffs*,    )
    )    <u>Case No.</u>    17CV04848
    )
v.    )
    )
KANSAS CITY POWER AND    )
LIGHT COMPANY,  *et al.*    )    <u>Division No.</u> 7 (Judge Hauber)
    )
    )
    *Defendants*.    )

## <u>AMENDED NOTICE FOR VIDEO-TAPED DEPOSITON</u>

**TO:   ALL PARTIES AND/OR THEIR ATTORNEYS OF RECORD**

PLEASE TAKE NOTICE that Plaintiffs will take the video-taped deposition of Kenneth Pringle, PT, University of Kansas Hospital/University of Kansas Physicians, pursuant to subpoena before an officer authorized to administer oaths in Kansas affiliated with Sommers Reporting Company, 8700 Monrovia, Suite # 310, Lenexa, KS 66215, and the videographer will likely be Wayne Greenlaw or another designated videographer employed from Legal Video Productions, 500 N.W. 301st Street, Warrensburg, MO 64093, (660) 429-1156.  This deposition will be continued from day to day until completed.

| | |
|---|---|
| **WHO:** | **Kenneth Pringle, PT**<br>**University of Kansas Hospital - PT**<br>**University of Kansas Physicians – Orthopedics and Sports Medicine Clinic**<br>**3901 Rainbow Boulevard**<br>**Kansas City, KS 66160** |
| **TIME/DATE:** | **6:00 p.m., Monday, August 27, 2018** |
| **PLACE:** | **DEVKOTA LAW FIRM, L.L.C.**<br>**4010 Washington, Suite # 350**<br>**Kansas City, MO 64111** |

Respectfully Submitted,

*Clerk of the District Court, Johnson County Kansas*
*08/17/18  10:10am MM*

DEVKOTA LAW FIRM, L.L.C.

/s/ Tarak A. Devkota
Tarak A. Devkota,    KS # 19767
Lynn Weddle Judkins,  KS # 20003
4010 Washington Street, Suite # 350
Kansas City, Missouri 64111
(816) 842-9100 * (816) 817-1080 - FAX
attyjudkins@gmail.com
**ATTORNEYS FOR PLAINTIFFS**

## CERTIFICATE OF ELECTRONIC SERVICE

The Devkota Law Firm, L.L.C. notes that it filed the above Plaintiffs' Amended Notices

of Deposition for August 27, 2018 on August 17, 2018, which the Court should send and serve

electronically to all counsel of record via JIMS notice, including to:


Nick J. Kurt
Carson M. Hinderks
BERKOWITZ OLIVER, LLP
2600 Grand Boulevard, Suite # 1200
Kansas City, MO 64108
(816) 561-7007 * (816) 561-1888 – FAX
nkurt@berkowitzoliver.com
chinderks@berkowitzoliver.com
**ATTORNEY FOR DEFENDANT
KANSAS CITY POWER & LIGHT COMPANY**


/s/ Tarak A. Devkota
**ATTORNEY FOR PLAINTIFFS**

2

*Clerk of the District Court, Johnson County Kansas
08/17/18  10:10am MM*

17CV04848
Div7

## IN THE DISTRICT COURT OF JOHNSON COUNTY, KANSAS
### CIVIL DEPARTMENT
(Pursuant to K.S.A. Chapter 60)

| | |
|---|---|
| CARLOS SANCHEZ DIAZ, and ) | |
| JEAN  CHAVEZ (GUZMAN) SANCHEZ, ) | |
| and ADAN GUZMAN, ) | |
| *Plaintiffs,* ) | |
| v. ) | Case No.   17CV04848 |
| KANSAS CITY POWER AND ) LIGHT COMPANY, *and* ) | |
| JOHN DOE BUSINESS ENTITY A, ) OPERATIONS COMPANY, *and* ) | |
| JOHN DOE ENTITY B MAINTENANCE ) COMPANY, ) | Division No. 7 (Judge Hauber) |
| *Defendants.* ) | |

## NOTICE FOR VIDEO-TAPED DEPOSITON

**TO:   ALL PARTIES AND/OR THEIR ATTORNEYS OF RECORD**

PLEASE TAKE NOTICE that Plaintiffs will take the video-taped deposition of Kelly Stumpff, M.D., University of Kansas Hospital, before an officer authorized to administer oaths in Kansas affiliated with Sommers Reporting Company, 8700 Monrovia, Suite # 310, Lenexa, KS 66215, and the videographer will likely be Wayne Greenlaw or another designated videographer employed from Legal Video Productions, 500 N.W. 301st Street, Warrensburg, MO 64093, (660) 429-1156.  This deposition will be continued from day to day until completed, and documents to be produced will include those outlined in Exhibit A.

**WHO:**          **Kelly Stumpff, M.D.**
                **UNIVERSITY OF KANSAS HOSPITAL**

**TIME/DATE:**     **3:30 p.m., Monday, August 27, 2018**

**PLACE:**         **DEVKOTA LAW FIRM, L.L.C.**
                **4010 Washington, Suite # 350**
                **Kansas City, MO 64111**

*Clerk of the District Court, Johnson County Kansas*
*08/16/18  04:42pm EG*

Respectfully Submitted,

DEVKOTA LAW FIRM, L.L.C.

*/s/ Tarak A. Devkota*
Tarak A. Devkota,      KS # 19767
Lynn Weddle Judkins,  KS # 20003
4010 Washington Street, Suite # 350
Kansas City, Missouri 64111
(816) 842-9100 * (816) 817-1080 - FAX
attyjudkins@gmail.com
**ATTORNEYS FOR PLAINTIFFS**

## CERTIFICATE OF ELECTRONIC SERVICE

The Devkota Law Firm, L.L.C. notes that it filed the above Plaintiffs' Notices of

Deposition for August 27, 2018 on August 16, 2018, which the Court should send and serve

electronically to all counsel of record via JIMS notice, including to:

Nick J. Kurt
Carson M. Hinderks
BERKOWITZ OLIVER, LLP
2600 Grand Boulevard, Suite # 1200
Kansas City, MO 64108
(816) 561-7007 * (816) 561-1888 – FAX
nkurt@berkowitzoliver.com
chinderks@berkowitzoliver.com
**ATTORNEY FOR DEFENDANT**
**KANSAS CITY POWER & LIGHT COMPANY**

/s/ Tarak A. Devkota
**ATTORNEY FOR PLAINTIFFS**

# EXHIBIT A

1.  Copy of your complete file concerning your diagnoses and treatment of Carlos Sanchez Diaz on February 23, 2016 regarding orthopedic consult and opinions;

2.  Copy of all records relied upon for your review, diagnoses, and/or treatment of Carlos Sanchez Diaz at the University of Kansas Hospital.

17CV04848
Div7

## IN THE DISTRICT COURT OF JOHNSON COUNTY, KANSAS
## CIVIL DEPARTMENT
(Pursuant to K.S.A. Chapter 60)

|  |  |  |  |
|---|---|---|---|
| CARLOS SANCHEZ DIAZ, and | ) | | |
| | ) | | |
| JEAN  CHAVEZ (GUZMAN) SANCHEZ, | ) | | |
| | ) | | |
| and ADAN GUZMAN, | ) | | |
| | ) | | |
| *Plaintiffs*, | ) | | |
| | ) | | |
| v. | ) | Case No. | 17CV04848 |
| | ) | | |
| KANSAS CITY POWER AND | ) | | |
| LIGHT COMPANY,  *et al.* | ) | | |
| | ) | Division No. 7 (Judge Hauber) | |
| | ) | | |
| *Defendants*. | ) | | |

## AMENDED NOTICE FOR VIDEO-TAPED DEPOSITON

### TO:    ALL PARTIES AND/OR THEIR ATTORNEYS OF RECORD

PLEASE TAKE NOTICE that Plaintiffs will take the video-taped deposition of Pamela Hite, M.D., University of Kansas Medical Center/University of Kansas Hosital (ER), pursuant to subpoena before an officer authorized to administer oaths in Kansas affiliated with Sommers Reporting Company, 8700 Monrovia, Suite # 310, Lenexa, KS 66215, and the videographer will likely be Wayne Greenlaw or another designated videographer employed from Legal Video Productions, 500 N.W. 301st Street, Warrensburg, MO 64093, (660) 429-1156.  This deposition will be continued from day to day until completed.

| | |
|---|---|
| **WHO:** | **PAMELA HITE, M.D.** |
| | **University of Kansas Hospital - Emergency Room** |
| | **University of Kansas Medical Center** |
| | **3901 Rainbow Boulevard** |
| | **Kansas City, KS 66101** |
| | |
| **TIME/DATE:** | **8:30 a.m., Monday, August 27, 2018** |
| | |
| **PLACE:** | **DEVKOTA LAW FIRM, L.L.C.** |
| | **4010 Washington, Suite # 350** |
| | **Kansas City, MO 64111** |

*Clerk of the District Court, Johnson County Kansas*
*08/17/18  10:05am MM*

Respectfully Submitted,

DEVKOTA LAW FIRM, L.L.C.

/s/ Tarak A. Devkota
Tarak A. Devkota,     KS # 19767
Lynn Weddle Judkins,  KS # 20003
4010 Washington Street, Suite # 350
Kansas City, Missouri 64111
(816) 842-9100 * (816) 817-1080 - FAX
attyjudkins@gmail.com
**ATTORNEYS FOR PLAINTIFFS**

## CERTIFICATE OF ELECTRONIC SERVICE

The Devkota Law Firm, L.L.C. notes that it filed the above Plaintiffs' Amended Notices

of Deposition for August 27, 2018 on August 17, 2018, which the Court should send and serve

electronically to all counsel of record via JIMS notice, including to:

Nick J. Kurt
Carson M. Hinderks
BERKOWITZ OLIVER, LLP
2600 Grand Boulevard, Suite # 1200
Kansas City, MO 64108
(816) 561-7007 * (816) 561-1888 – FAX
nkurt@berkowitzoliver.com
chinderks@berkowitzoliver.com
**ATTORNEY FOR DEFENDANT**
**KANSAS CITY POWER & LIGHT COMPANY**

/s/ Tarak A. Devkota
**ATTORNEY FOR PLAINTIFFS**

*Clerk of the District Court, Johnson County Kansas*
                *08/17/18  10:05am MM*

17CV04848
Div7

## IN THE DISTRICT COURT OF JOHNSON COUNTY, KANSAS
## CIVIL DEPARTMENT
(Pursuant to K.S.A. Chapter 60)

CARLOS SANCHEZ DIAZ, and )
)
JEAN  CHAVEZ (GUZMAN) SANCHEZ, )
)
and ADAN GUZMAN, )
)
    *Plaintiffs,* )
)
v. )    <u>Case No</u>.   17CV04848
)
KANSAS CITY POWER AND )
LIGHT COMPANY, *and* )
)
JOHN DOE BUSINESS ENTITY A, )
OPERATIONS COMPANY, *and* )
)
JOHN DOE ENTITY B MAINTENANCE )    <u>Division No</u>. 7 (Judge Hauber)
COMPANY, )
)
    *Defendants.* )

## <u>NOTICE FOR VIDEO-TAPED DEPOSITON</u>

**TO:**   **ALL PARTIES AND/OR THEIR ATTORNEYS OF RECORD**

    PLEASE TAKE NOTICE that Plaintiffs will take the video-taped deposition of Ashely Bennett, M.D., University of Kansas Hospital, before an officer authorized to administer oaths in Kansas affiliated with Sommers Reporting Company, 8700 Monrovia, Suite # 310, Lenexa, KS 66215, and the videographer will likely be Wayne Greenlaw or another designated videographer employed from Legal Video Productions, 500 N.W. 301st Street, Warrensburg, MO 64093, (660) 429-1156.  This deposition will be continued from day to day until completed, and documents to be produced will include those outlined in Exhibit A.

**WHO:**          **Ashely Bennett, M.D.**
                   **UNIVERSITY OF KANSAS HOSPITAL**

**TIME/DATE:**   **4:00 p.m., Monday, August 27, 2018**

**PLACE:**       **DEVKOTA LAW FIRM, L.L.C.**
               **4010 Washington, Suite # 350**
               **Kansas City, MO 64111**

Respectfully Submitted,

DEVKOTA LAW FIRM, L.L.C.

/s/ Tarak A. Devkota
Tarak A. Devkota,      KS # 19767
Lynn Weddle Judkins,  KS # 20003
4010 Washington Street, Suite # 350
Kansas City, Missouri 64111
(816) 842-9100 * (816) 817-1080 - FAX
attyjudkins@gmail.com
**ATTORNEYS FOR PLAINTIFFS**

## CERTIFICATE OF ELECTRONIC SERVICE

The Devkota Law Firm, L.L.C. notes that it filed the above Plaintiffs' Notices of

Deposition for August 27, 2018 on August 16, 2018, which the Court should send and serve

electronically to all counsel of record via JIMS notice, including to:

Nick J. Kurt
Carson M. Hinderks
BERKOWITZ OLIVER, LLP
2600 Grand Boulevard, Suite # 1200
Kansas City, MO 64108
(816) 561-7007 * (816) 561-1888 – FAX
nkurt@berkowitzoliver.com
chinderks@berkowitzoliver.com
**ATTORNEY FOR DEFENDANT**
**KANSAS CITY POWER & LIGHT COMPANY**

/s/ Tarak A. Devkota
**ATTORNEY FOR PLAINTIFFS**

**EXHIBIT A**

1.  Copy of your complete file concerning your diagnoses and treatment of Carlos Sanchez Diaz on February 23-24, 2016 while in the emergency room at University of Kansas Hospital;

2.  Copy of all records relied upon for your review, diagnoses, and/or treatment of Carlos Sanchez Diaz at the University of Kansas Hospital.

17CV04848
Div7

## IN THE DISTRICT COURT OF JOHNSON COUNTY, KANSAS
### CIVIL DEPARTMENT
(Pursuant to K.S.A. Chapter 60)

| | | |
|---|---|---|
| CARLOS SANCHEZ DIAZ, and | ) | |
| | ) | |
| JEAN  CHAVEZ (GUZMAN) SANCHEZ, | ) | |
| | ) | |
| and ADAN GUZMAN, | ) | |
| | ) | |
| *Plaintiffs*, | ) | |
| | ) | |
| v. | ) | Case No.    17CV04848 |
| | ) | |
| KANSAS CITY POWER AND | ) | |
| LIGHT COMPANY,  *et al.* | ) | |
| | ) | Division No. 7 (Judge Hauber) |
| | ) | |
| *Defendants*. | ) | |

## AMENDED NOTICE FOR VIDEO-TAPED DEPOSITON

**TO:    ALL PARTIES AND/OR THEIR ATTORNEYS OF RECORD**

PLEASE TAKE NOTICE that Plaintiffs will take the video-taped deposition of Cynthia Obenhaus, RN, University of Kansas Hospital, pursuant to subpoena before an officer authorized to administer oaths in Kansas affiliated with Sommers Reporting Company, 8700 Monrovia, Suite # 310, Lenexa, KS 66215, and the videographer will likely be Wayne Greenlaw or another designated videographer employed from Legal Video Productions, 500 N.W. 301st Street, Warrensburg, MO 64093, (660) 429-1156.  This deposition will be continued from day to day until completed.

| | |
|---|---|
| **WHO:** | **CYNTHIA OBENHAUS, RN** |
| | **The University of Kansas Hospital** |
| | **3901 Rainbow Boulevard** |
| | **Kansas City, KS 66101** |
| | |
| **TIME/DATE:** | **9:30 a.m., Monday, August 27, 2018** |
| | |
| **PLACE:** | **DEVKOTA LAW FIRM, L.L.C.** |
| | **4010 Washington, Suite # 350** |
| | **Kansas City, MO 64111** |

*Clerk of the District Court, Johnson County Kansas*
*08/17/18  10:06am MM*

Respectfully Submitted,

DEVKOTA LAW FIRM, L.L.C.

/s/ Tarak A. Devkota
Tarak A. Devkota,      KS # 19767
Lynn Weddle Judkins,  KS # 20003
4010 Washington Street, Suite # 350
Kansas City, Missouri 64111
(816) 842-9100 * (816) 817-1080 - FAX
attyjudkins@gmail.com
**ATTORNEYS FOR PLAINTIFFS**

## CERTIFICATE OF ELECTRONIC SERVICE

The Devkota Law Firm, L.L.C. notes that it filed the above Plaintiffs' Amended Notices of Deposition for August 27, 2018 on August 17, 2018, which the Court should send and serve electronically to all counsel of record via JIMS notice, including to:

Nick J. Kurt
Carson M. Hinderks
BERKOWITZ OLIVER, LLP
2600 Grand Boulevard, Suite # 1200
Kansas City, MO 64108
(816) 561-7007 * (816) 561-1888 – FAX
nkurt@berkowitzoliver.com
chinderks@berkowitzoliver.com
**ATTORNEY FOR DEFENDANT
KANSAS CITY POWER & LIGHT COMPANY**

/s/ Tarak A. Devkota
**ATTORNEY FOR PLAINTIFFS**

*Clerk of the District Court, Johnson County Kansas*
*08/17/18  10:06am MM*

17CV04848
Div7

## IN THE DISTRICT COURT OF JOHNSON COUNTY, KANSAS
## CIVIL DEPARTMENT
(Pursuant to K.S.A. Chapter 60)

|  |  |  |
|---|---|---|
| CARLOS SANCHEZ DIAZ, and | ) | |
| | ) | |
| JEAN CHAVEZ (GUZMAN) SANCHEZ, | ) | |
| | ) | |
| and ADAN GUZMAN, | ) | |
| | ) | |
| *Plaintiffs,* | ) | |
| | ) | |
| v. | ) | Case No.   17CV04848 |
| | ) | |
| KANSAS CITY POWER AND | ) | |
| LIGHT COMPANY, *et al.* | ) | |
| | ) | Division No. 7 (Judge Hauber) |
| | ) | |
| *Defendants.* | ) | |

### AMENDED NOTICE FOR VIDEO-TAPED DEPOSITON

**TO:   ALL PARTIES AND/OR THEIR ATTORNEYS OF RECORD**

     PLEASE TAKE NOTICE that Plaintiffs will take the video-taped deposition of Christina Twardowski, D.O., Children's Mercy Hospital, pursuant to subpoena before an officer authorized to administer oaths in Kansas affiliated with Sommers Reporting Company, 8700 Monrovia, Suite # 310, Lenexa, KS 66215, and the videographer will likely be Wayne Greenlaw or another designated videographer employed from Legal Video Productions, 500 N.W. 301st Street, Warrensburg, MO 64093, (660) 429-1156.  This deposition will be continued from day to day until completed.

**WHO:**              **CHRISTINA TWARDOWSKI, D.O.**
                         **Children's Mercy Hospital**
                         **3101 Broadway Boulevard**
                         **Kansas City, MO 64111**

**TIME/DATE:**        **9:00 a.m., Monday, August 27, 2018**

**PLACE:**          **DEVKOTA LAW FIRM, L.L.C.**
                         **4010 Washington, Suite # 350**
                         **Kansas City, MO 64111**

Respectfully Submitted,

DEVKOTA LAW FIRM, L.L.C.

/s/ Tarak A. Devkota
Tarak A. Devkota,       KS # 19767
Lynn Weddle Judkins,  KS # 20003
4010 Washington Street, Suite # 350
Kansas City, Missouri 64111
(816) 842-9100 * (816) 817-1080 - FAX
attyjudkins@gmail.com
**ATTORNEYS FOR PLAINTIFFS**

## CERTIFICATE OF ELECTRONIC SERVICE

The Devkota Law Firm, L.L.C. notes that it filed the above Plaintiffs' Amended Notices

of Deposition for August 27, 2018 on August 17, 2018, which the Court should send and serve

electronically to all counsel of record via JIMS notice, including to:


Nick J. Kurt
Carson M. Hinderks
BERKOWITZ OLIVER, LLP
2600 Grand Boulevard, Suite # 1200
Kansas City, MO 64108
(816) 561-7007 * (816) 561-1888 – FAX
nkurt@berkowitzoliver.com
chinderks@berkowitzoliver.com
**ATTORNEY FOR DEFENDANT**
**KANSAS CITY POWER & LIGHT COMPANY**


/s/ Tarak A. Devkota
**ATTORNEY FOR PLAINTIFFS**

*Clerk of the District Court, Johnson County Kansas*
*08/17/18  10:05am MM*

17CV04848
Div7

## IN THE DISTRICT COURT OF JOHNSON COUNTY, KANSAS
## CIVIL DEPARTMENT
(Pursuant to K.S.A. Chapter 60)

| | |
|---|---|
| CARLOS SANCHEZ DIAZ, and | ) |
| | ) |
| JEAN  CHAVEZ (GUZMAN) SANCHEZ, | ) |
| | ) |
| and ADAN GUZMAN, | ) |
| | ) |
| *Plaintiffs,* | ) |
| | ) |
| v. | )   <u>Case No</u>.   17CV04848 |
| | ) |
| KANSAS CITY POWER AND | ) |
| LIGHT COMPANY,  *and* | ) |
| | ) |
| JOHN DOE BUSINESS ENTITY A, | ) |
| OPERATIONS COMPANY, *and* | ) |
| | ) |
| JOHN DOE ENTITY B MAINTENANCE | )   <u>Division No</u>. 7 (Judge Hauber) |
| COMPANY, | ) |
| | ) |
| *Defendants.* | ) |

## <u>NOTICE FOR VIDEO-TAPED DEPOSITON</u>

**TO:    ALL PARTIES AND/OR THEIR ATTORNEYS OF RECORD**

PLEASE TAKE NOTICE that Plaintiffs will take the video-taped deposition of Kelly Stumpff, M.D., University of Kansas Hospital, before an officer authorized to administer oaths in Kansas affiliated with Sommers Reporting Company, 8700 Monrovia, Suite # 310, Lenexa, KS 66215, and the videographer will likely be Wayne Greenlaw or another designated videographer employed from Legal Video Productions, 500 N.W. 301st Street, Warrensburg, MO 64093, (660) 429-1156.  This deposition will be continued from day to day until completed, and documents to be produced will include those outlined in Exhibit A.

|  |  |
|---|---|
| **WHO:** | **Kelly Stumpff, M.D.**<br>**UNIVERSITY OF KANSAS HOSPITAL** |
| **TIME/DATE:** | **3:30 p.m., Monday, August 27, 2018** |
| **PLACE:** | **DEVKOTA LAW FIRM, L.L.C.**<br>**4010 Washington, Suite # 350**<br>**Kansas City, MO 64111** |

*Clerk of the District Court, Johnson County Kansas*
*08/16/18  04:43pm EG*

Respectfully Submitted,

DEVKOTA LAW FIRM, L.L.C.

/s/ Tarak A. Devkota
Tarak A. Devkota,      KS # 19767
Lynn Weddle Judkins,  KS # 20003
4010 Washington Street, Suite # 350
Kansas City, Missouri 64111
(816) 842-9100 * (816) 817-1080 - FAX
attyjudkins@gmail.com
**ATTORNEYS FOR PLAINTIFFS**

## CERTIFICATE OF ELECTRONIC SERVICE

The Devkota Law Firm, L.L.C. notes that it filed the above Plaintiffs' Notices of

Deposition for August 27, 2018 on August 16, 2018, which the Court should send and serve

electronically to all counsel of record via JIMS notice, including to:

Nick J. Kurt
Carson M. Hinderks
BERKOWITZ OLIVER, LLP
2600 Grand Boulevard, Suite # 1200
Kansas City, MO 64108
(816) 561-7007 * (816) 561-1888 – FAX
nkurt@berkowitzoliver.com
chinderks@berkowitzoliver.com
**ATTORNEY FOR DEFENDANT**
**KANSAS CITY POWER & LIGHT COMPANY**

/s/ Tarak A. Devkota
**ATTORNEY FOR PLAINTIFFS**

## EXHIBIT A

1. Copy of your complete file concerning your diagnoses and treatment of Carlos Sanchez Diaz on February 23, 2016 regarding orthopedic consult and opinions;

2. Copy of all records relied upon for your review, diagnoses, and/or treatment of Carlos Sanchez Diaz at the University of Kansas Hospital.

*Clerk of the District Court, Johnson County Kansas*
*08/16/18  04:43pm EG*

17CV04848
Div7

## IN THE DISTRICT COURT OF JOHNSON COUNTY, KANSAS
### CIVIL DEPARTMENT
(Pursuant to K.S.A. Chapter 60)

| | |
|---|---|
| CARLOS SANCHEZ DIAZ, and | ) |
| | ) |
| JEAN  CHAVEZ (GUZMAN) SANCHEZ, | ) |
| | ) |
| and ADAN GUZMAN, | ) |
| | ) |
| *Plaintiffs,* | ) |
| | ) |
| v. | ) Case No.    17CV04848 |
| | ) |
| KANSAS CITY POWER AND | ) |
| LIGHT COMPANY,  *and* | ) |
| | ) |
| JOHN DOE BUSINESS ENTITY A, | ) |
| OPERATIONS COMPANY, *and* | ) |
| | ) |
| JOHN DOE ENTITY B MAINTENANCE | ) Division No. 7 (Judge Hauber) |
| COMPANY, | ) |
| | ) |
| *Defendants.* | ) |

## NOTICE FOR VIDEO-TAPED DEPOSITON

**TO:    ALL PARTIES AND/OR THEIR ATTORNEYS OF RECORD**

PLEASE TAKE NOTICE that Plaintiffs will take the video-taped deposition of Kellie Moulin, Johnson County Med-Act, before an officer authorized to administer oaths in Kansas affiliated with Sommers Reporting Company, 8700 Monrovia, Suite # 310, Lenexa, KS 66215, and the videographer will likely be Wayne Greenlaw or another designated videographer employed from Legal Video Productions, 500 N.W. 301st Street, Warrensburg, MO 64093, (660) 429-1156.  This deposition will be continued from day to day until completed, and documents to be produced will include those outlined in Exhibit A.

| | |
|---|---|
| **WHO:** | **Kellie Moulin** |
| | **JOHNSON COUNTY MED-ACT** |
| | |
| **TIME/DATE:** | **2:30 p.m., Monday, August 27, 2018** |
| | |
| **PLACE:** | **DEVKOTA LAW FIRM, L.L.C.** |
| | **4010 Washington, Suite # 350** |
| | **Kansas City, MO 64111** |

*Clerk of the District Court, Johnson County Kansas*
*08/16/18  04:44pm MM*

Respectfully Submitted,

DEVKOTA LAW FIRM, L.L.C.

/s/ Tarak A. Devkota
Tarak A. Devkota,      KS # 19767
Lynn Weddle Judkins,  KS # 20003
4010 Washington Street, Suite # 350
Kansas City, Missouri 64111
(816) 842-9100 * (816) 817-1080 - FAX
attyjudkins@gmail.com
**ATTORNEYS FOR PLAINTIFFS**

## <u>CERTIFICATE OF ELECTRONIC SERVICE</u>

The Devkota Law Firm, L.L.C. notes that it filed the above Plaintiffs' Notices of

Deposition for August 27, 2018 on August 16, 2018, which the Court should send and serve

electronically to all counsel of record via JIMS notice, including to:

Nick J. Kurt
Carson M. Hinderks
BERKOWITZ OLIVER, LLP
2600 Grand Boulevard, Suite # 1200
Kansas City, MO 64108
(816) 561-7007 * (816) 561-1888 – FAX
nkurt@berkowitzoliver.com
chinderks@berkowitzoliver.com
**ATTORNEY FOR DEFENDANT**
**KANSAS CITY POWER & LIGHT COMPANY**

/s/ Tarak A. Devkota
**ATTORNEY FOR PLAINTIFFS**

*Clerk of the District Court, Johnson County Kansas*
*08/16/18  04:44pm MM*

**EXHIBIT A**

1. Copy of your complete (i.e. Johnson County Med-Act's's) complete file concerning your diagnoses and treatment of Carlos Sanchez Diaz on February 23, 2016, call # FB5-20160223-1154EMR7-009;

2. Copy of all records relied upon for your review, diagnoses, and/or treatment of Carlos Sanchez Diaz at the scene, in transit, and upon transfer to the University of Kansas Hospital.

17CV04848
Div7

## IN THE DISTRICT COURT OF JOHNSON COUNTY, KANSAS
## CIVIL DEPARTMENT
(Pursuant to K.S.A. Chapter 60)

| | | |
|---|---|---|
| CARLOS SANCHEZ DIAZ, and | ) | |
| | ) | |
| JEAN  CHAVEZ (GUZMAN) SANCHEZ, | ) | |
| | ) | |
| and ADAN GUZMAN, | ) | |
| | ) | |
| *Plaintiffs,* | ) | |
| | ) | |
| v. | ) | Case No.     17CV04848 |
| | ) | |
| KANSAS CITY POWER AND | ) | |
| LIGHT COMPANY,  *et al.* | ) | Division No. 7 (Judge Hauber) |
| | ) | |
| | ) | |
| *Defendants.* | ) | |

## NOTICE FOR VIDEO-TAPED DEPOSITON

### TO:    ALL PARTIES AND/OR THEIR ATTORNEYS OF RECORD

PLEASE TAKE NOTICE that Plaintiffs will take the video-taped deposition of Michael B. Tilley M.D., University of Kansas Hospital and Orthopedic Clinic, before an officer authorized to administer oaths in Kansas affiliated with Sommers Reporting Company, 8700 Monrovia, Suite # 310, Lenexa, KS 66215, and the videographer will likely be Wayne Greenlaw or another designated videographer employed from Legal Video Productions, 500 N.W. 301st Street, Warrensburg, MO 64093, (660) 429-1156.  This deposition will be continued from day to day until completed.

| | |
|---|---|
| **WHO:** | **Daylin Rodriguez** <br> **PENUEL COUNSELING** |
| **TIME/DATE:** | **6:30 p.m., Monday, August 27, 2018** |
| **PLACE:** | **DEVKOTA LAW FIRM, L.L.C.** <br> **4010 Washington, Suite # 350** <br> **Kansas City, MO 64111** |

*Clerk of the District Court, Johnson County Kansas*
*08/16/18  04:44pm EG*

Respectfully Submitted,

DEVKOTA LAW FIRM, L.L.C.

*/s/ Tarak A. Devkota*
Tarak A. Devkota,      KS # 19767
Lynn Weddle Judkins,  KS # 20003
4010 Washington Street, Suite # 350
Kansas City, Missouri 64111
(816) 842-9100 * (816) 817-1080 - FAX
attyjudkins@gmail.com
**ATTORNEYS FOR PLAINTIFFS**

## CERTIFICATE OF ELECTRONIC SERVICE

The Devkota Law Firm, L.L.C. notes that it filed the above Plaintiffs' Notices of

Deposition for August 27, 2018 on August 16, 2018, which the Court should send and serve

electronically to all counsel of record via JIMS notice, including to:

Nick J. Kurt
Carson M. Hinderks
BERKOWITZ OLIVER, LLP
2600 Grand Boulevard, Suite # 1200
Kansas City, MO 64108
(816) 561-7007 * (816) 561-1888 – FAX
nkurt@berkowitzoliver.com
chinderks@berkowitzoliver.com
**ATTORNEY FOR DEFENDANT**
**KANSAS CITY POWER & LIGHT COMPANY**

/s/ Tarak A. Devkota
**ATTORNEY FOR PLAINTIFFS**

## EXHIBIT A

1. Copy of your complete files concerning your diagnoses for, therapy recommendations for, therapy notes/sessions, and all reports for Carlos Sanchez Diaz and Adan Guzman in 2016-2018;

2. Copy of all records relied upon for your review, diagnoses, and/or treatment of Carlos Sanchez Diaz and Adan Guzman in 2016-2018 as a result of this accident.

17CV04848
Div7

IN THE DISTRICT COURT OF JOHNSON COUNTY, KANSAS
CIVIL DEPARTMENT
(Pursuant to K.S.A. Chapter 60)

| | |
|---|---|
| CARLOS SANCHEZ DIAZ, and | ) |
| | ) |
| JEAN  CHAVEZ (GUZMAN) SANCHEZ, | ) |
| | ) |
| and ADAN GUZMAN, | ) |
| | ) |
| *Plaintiffs,* | ) |
| | ) |
| v. | ) |
| | ) |
| KANSAS CITY POWER AND | ) |
| LIGHT COMPANY, *et al.* | ) |
| | ) |
| | ) |
| *Defendants.* | ) |

Case No.    17CV04848

Division No. 7 (Judge Hauber)

## AMENDED NOTICE FOR VIDEO-TAPED DEPOSITON

**TO:    ALL PARTIES AND/OR THEIR ATTORNEYS OF RECORD**

PLEASE TAKE NOTICE that Plaintiffs will take the video-taped deposition of Kellie Moulin, EMT, Johnson County Med-Act, pursuant to subpoena before an officer authorized to administer oaths in Kansas affiliated with Sommers Reporting Company, 8700 Monrovia, Suite # 310, Lenexa, KS 66215, and the videographer will likely be Wayne Greenlaw or another designated videographer employed from Legal Video Productions, 500 N.W. 301st Street, Warrensburg, MO 64093, (660) 429-1156.  This deposition will be continued from day to day until completed.

| | |
|---|---|
| **WHO:** | **Kellie Moulin, EMT-Paramedic** |
| | **JOHNSON COUNTY MED-ACT** |
| | **Olathe Fire Department** |
| | **11811 South Sunset, Suite # 1100** |
| | **Olathe, KS 66061** |
| | |
| **TIME/DATE:** | **2:30 p.m., Monday, August 27, 2018** |
| | |
| **PLACE:** | **DEVKOTA LAW FIRM, L.L.C.** |
| | **4010 Washington, Suite # 350** |
| | **Kansas City, MO 64111** |

*Clerk of the District Court, Johnson County Kansas*
*08/17/18  10:07am MM*

Respectfully Submitted,

DEVKOTA LAW FIRM, L.L.C.

*/s/ Tarak A. Devkota*
Tarak A. Devkota,       KS # 19767
Lynn Weddle Judkins,  KS # 20003
4010 Washington Street, Suite # 350
Kansas City, Missouri 64111
(816) 842-9100 * (816) 817-1080 - FAX
attyjudkins@gmail.com
**ATTORNEYS FOR PLAINTIFFS**

## CERTIFICATE OF ELECTRONIC SERVICE

The Devkota Law Firm, L.L.C. notes that it filed the above Plaintiffs' Amended Notices

of Deposition for August 27, 2018 on August 17, 2018, which the Court should send and serve

electronically to all counsel of record via JIMS notice, including to:

Nick J. Kurt
Carson M. Hinderks
BERKOWITZ OLIVER, LLP
2600 Grand Boulevard, Suite # 1200
Kansas City, MO 64108
(816) 561-7007 * (816) 561-1888 – FAX
nkurt@berkowitzoliver.com
chinderks@berkowitzoliver.com
**ATTORNEY FOR DEFENDANT**
**KANSAS CITY POWER & LIGHT COMPANY**

*/s/ Tarak A. Devkota*
**ATTORNEY FOR PLAINTIFFS**

2      *Clerk of the District Court, Johnson County Kansas*
       *08/17/18  10:07am MM*

17CV04848
Div7

## IN THE DISTRICT COURT OF JOHNSON COUNTY, KANSAS
## CIVIL DEPARTMENT
(Pursuant to K.S.A. Chapter 60)

CARLOS SANCHEZ DIAZ, and          )
                                  )
JEAN  CHAVEZ (GUZMAN) SANCHEZ,    )
                                  )
and ADAN GUZMAN,                  )
                                  )
    *Plaintiffs,*               )
                                  )
v.                                )     <u>Case No</u>.     17CV04848
                                  )
KANSAS CITY POWER AND             )
LIGHT COMPANY,  *et al.*          )     <u>Division No</u>. 7 (Judge Hauber)
                                  )
                                  )
    *Defendants.*               )

## <u>NOTICE FOR VIDEO-TAPED DEPOSITON</u>

**TO:    ALL PARTIES AND/OR THEIR ATTORNEYS OF RECORD**

      PLEASE TAKE NOTICE that Plaintiffs will take the video-taped deposition of Michael B. Tilley M.D., University of Kansas Hospital and Orthopedic Clinic, before an officer authorized to administer oaths in Kansas affiliated with Sommers Reporting Company, 8700 Monrovia, Suite # 310, Lenexa, KS 66215, and the videographer will likely be Wayne Greenlaw or another designated videographer employed from Legal Video Productions, 500 N.W. 301st Street, Warrensburg, MO 64093, (660) 429-1156.  This deposition will be continued from day to day until completed.

      **WHO:**          **Kenneth Pringle, PT**
                          **University of Kansas Hospital – PT Sports Medicine Clinic**
                          **University of Kansas Medical Center - therapy**

      **TIME/DATE:**      **6:00 p.m., Monday, August 27, 2018**

      **PLACE:**        **DEVKOTA LAW FIRM, L.L.C.**
                          **4010 Washington, Suite # 350**
                          **Kansas City, MO 64111**

Respectfully Submitted,

DEVKOTA LAW FIRM, L.L.C.

/s/ Tarak A. Devkota
Tarak A. Devkota,     KS # 19767
Lynn Weddle Judkins,  KS # 20003
4010 Washington Street, Suite # 350
Kansas City, Missouri 64111
(816) 842-9100 * (816) 817-1080 - FAX
attyjudkins@gmail.com
**ATTORNEYS FOR PLAINTIFFS**

## CERTIFICATE OF ELECTRONIC SERVICE

The Devkota Law Firm, L.L.C. notes that it filed the above Plaintiffs' Notices of

Deposition for August 27, 2018 on August 16, 2018, which the Court should send and serve

electronically to all counsel of record via JIMS notice, including to:

Nick J. Kurt
Carson M. Hinderks
BERKOWITZ OLIVER, LLP
2600 Grand Boulevard, Suite # 1200
Kansas City, MO 64108
(816) 561-7007 * (816) 561-1888 – FAX
nkurt@berkowitzoliver.com
chinderks@berkowitzoliver.com
**ATTORNEY FOR DEFENDANT**
**KANSAS CITY POWER & LIGHT COMPANY**

/s/ Tarak A. Devkota
**ATTORNEY FOR PLAINTIFFS**

## EXHIBIT A

1.  Copy of your complete (i.e. University of Kansas Hospital/University of Kansas Medical Center's complete file(s)) concerning your diagnoses for, therapy recommendations for, results of therapy for Carlos Sanchez Diaz in 2016-2017;

2.  Copy of all records relied upon for your review, diagnoses, and/or treatment of Carlos Sanchez Diaz in 2016-2017 as a result of this accident.

17CV04848
Div7

## IN THE DISTRICT COURT OF JOHNSON COUNTY, KANSAS
## CIVIL DEPARTMENT
(Pursuant to K.S.A. Chapter 60)

| | |
|---|---|
| CARLOS SANCHEZ DIAZ, and ) | |
| ) | |
| JEAN  CHAVEZ (GUZMAN) SANCHEZ, ) | |
| ) | |
| and ADAN GUZMAN, ) | |
| ) | |
| *Plaintiffs,* ) | |
| ) | |
| v. ) | <u>Case No</u>.   17CV04848 |
| ) | |
| KANSAS CITY POWER AND ) | |
| LIGHT COMPANY, *and* ) | |
| ) | |
| JOHN DOE BUSINESS ENTITY A, ) | |
| OPERATIONS COMPANY, *and* ) | |
| ) | |
| JOHN DOE ENTITY B MAINTENANCE ) | <u>Division No</u>. 7 (Judge Hauber) |
| COMPANY, ) | |
| ) | |
| *Defendants.* ) | |

## <u>NOTICE FOR VIDEO-TAPED DEPOSITON</u>

**TO:   ALL PARTIES AND/OR THEIR ATTORNEYS OF RECORD**

PLEASE TAKE NOTICE that Plaintiffs will take the video-taped deposition of Cynthia Obenhaus, RN, University of Kansas Hospital, before an officer authorized to administer oaths in Kansas affiliated with Sommers Reporting Company, 8700 Monrovia, Suite # 310, Lenexa, KS 66215, and the videographer will likely be Wayne Greenlaw or another designated videographer employed from Legal Video Productions, 500 N.W. 301st Street, Warrensburg, MO 64093, (660) 429-1156.  This deposition will be continued from day to day until completed.

| | |
|---|---|
| **WHO:** | **CYNTHIA OBENHAUS, RN, UNIVERISTY OF KANSAS HOSPITAL** |
| **TIME/DATE:** | **9:30 a.m., Monday, August 27, 2018** |
| **PLACE:** | **DEVKOTA LAW FIRM, L.L.C.** **4010 Washington, Suite # 350** **Kansas City, MO 64111** |

*Clerk of the District Court, Johnson County Kansas*
*08/16/18  04:45pm EG*

Respectfully Submitted,

DEVKOTA LAW FIRM, L.L.C.

/s/ Tarak A. Devkota
Tarak A. Devkota,      KS # 19767
Lynn Weddle Judkins,  KS # 20003
4010 Washington Street, Suite # 350
Kansas City, Missouri 64111
(816) 842-9100 * (816) 817-1080 - FAX
attyjudkins@gmail.com
**ATTORNEYS FOR PLAINTIFFS**

## CERTIFICATE OF ELECTRONIC SERVICE

The Devkota Law Firm, L.L.C. notes that it filed the above Plaintiffs' Notices of

Deposition for August 27, 2018 on August 15, 2018, which the Court should send and serve

electronically to all counsel of record via JIMS notice, including to:

Nick J. Kurt
Carson M. Hinderks
BERKOWITZ OLIVER, LLP
2600 Grand Boulevard, Suite # 1200
Kansas City, MO 64108
(816) 561-7007 * (816) 561-1888 – FAX
nkurt@berkowitzoliver.com
chinderks@berkowitzoliver.com
**ATTORNEY FOR DEFENDANT**
**KANSAS CITY POWER & LIGHT COMPANY**

/s/ Tarak A. Devkota
**ATTORNEY FOR PLAINTIFFS**

*Clerk of the District Court, Johnson County Kansas*
*08/16/18  04:45pm EG*

17CV04848
Div7

## IN THE DISTRICT COURT OF JOHNSON COUNTY, KANSAS
## CIVIL DEPARTMENT
(Pursuant to K.S.A. Chapter 60)

| | | |
|---|---|---|
| CARLOS SANCHEZ DIAZ, and | ) | |
| | ) | |
| JEAN  CHAVEZ (GUZMAN) SANCHEZ, | ) | |
| | ) | |
| and ADAN GUZMAN, | ) | |
| | ) | |
| *Plaintiffs,* | ) | |
| | ) | |
| v. | ) | Case No.    17CV04848 |
| | ) | |
| KANSAS CITY POWER AND | ) | |
| LIGHT COMPANY,  *et al.* | ) | |
| | ) | Division No. 7 (Judge Hauber) |
| | ) | |
| *Defendants.* | ) | |

## AMENDED NOTICE FOR VIDEO-TAPED DEPOSITON

**TO:    ALL PARTIES AND/OR THEIR ATTORNEYS OF RECORD**

PLEASE TAKE NOTICE that Plaintiffs will take the video-taped deposition of Kathi Glauner, M.D., University of Kansas Hospital/University of Kansas Physicians, pursuant to subpoena before an officer authorized to administer oaths in Kansas affiliated with Sommers Reporting Company, 8700 Monrovia, Suite # 310, Lenexa, KS 66215, and the videographer will likely be Wayne Greenlaw or another designated videographer employed from Legal Video Productions, 500 N.W. 301st Street, Warrensburg, MO 64093, (660) 429-1156.  This deposition will be continued from day to day until completed.

| | |
|---|---|
| **WHO:** | **Kathi Glauner, M.D.** |
| | **The University of Kansas Hospital** |
| | **University of Kansas Physicians** |
| | **3901 Rainbow Boulevard** |
| | **Kansas City, KS 66101** |
| **TIME/DATE:** | **10:00 a.m., Monday, August 27, 2018** |
| **PLACE:** | **DEVKOTA LAW FIRM, L.L.C.** |
| | **4010 Washington, Suite # 350** |
| | **Kansas City, MO 64111** |

*Clerk of the District Court, Johnson County Kansas*
*08/17/18  10:06am MM*

Respectfully Submitted,

DEVKOTA LAW FIRM, L.L.C.

/s/ Tarak A. Devkota
Tarak A. Devkota,      KS # 19767
Lynn Weddle Judkins,  KS # 20003
4010 Washington Street, Suite # 350
Kansas City, Missouri 64111
(816) 842-9100 * (816) 817-1080 - FAX
attyjudkins@gmail.com
**ATTORNEYS FOR PLAINTIFFS**

## CERTIFICATE OF ELECTRONIC SERVICE

The Devkota Law Firm, L.L.C. notes that it filed the above Plaintiffs' Amended Notices

of Deposition for August 27, 2018 on August 17, 2018, which the Court should send and serve

electronically to all counsel of record via JIMS notice, including to:

Nick J. Kurt
Carson M. Hinderks
BERKOWITZ OLIVER, LLP
2600 Grand Boulevard, Suite # 1200
Kansas City, MO 64108
(816) 561-7007 * (816) 561-1888 – FAX
nkurt@berkowitzoliver.com
chinderks@berkowitzoliver.com
**ATTORNEY FOR DEFENDANT**
**KANSAS CITY POWER & LIGHT COMPANY**

/s/ Tarak A. Devkota
**ATTORNEY FOR PLAINTIFFS**

2                    *Clerk of the District Court, Johnson County Kansas*
                     *08/17/18  10:06am MM*

17CV04848
Div7

## IN THE DISTRICT COURT OF JOHNSON COUNTY, KANSAS
## CIVIL DEPARTMENT
(Pursuant to K.S.A. Chapter 60)

| | | |
|---|---|---|
| CARLOS SANCHEZ DIAZ, and | ) | |
| | ) | |
| JEAN  CHAVEZ (GUZMAN) SANCHEZ, | ) | |
| | ) | |
| and ADAN GUZMAN, | ) | |
| | ) | |
| *Plaintiffs,* | ) | |
| | ) | |
| v. | ) | Case No.    17CV04848 |
| | ) | |
| KANSAS CITY POWER AND | ) | |
| LIGHT COMPANY, *and* | ) | |
| | ) | |
| JOHN DOE BUSINESS ENTITY A, | ) | |
| OPERATIONS COMPANY, *and* | ) | |
| | ) | |
| JOHN DOE ENTITY B MAINTENANCE | ) | Division No. 7 (Judge Hauber) |
| COMPANY, | ) | |
| | ) | |
| *Defendants.* | ) | |

## NOTICE FOR VIDEO-TAPED DEPOSITON DUCES TECUM

**TO:   ALL PARTIES AND/OR THEIR ATTORNEYS OF RECORD**

PLEASE TAKE NOTICE that Plaintiffs will take the video-taped deposition of Christina Twardowski, D.O., Children's Mercy Hospital, before an officer authorized to administer oaths in Kansas affiliated with Sommers Reporting Company, 8700 Monrovia, Suite # 310, Lenexa, KS 66215, and the videographer will likely be Wayne Greenlaw or another designated videographer employed from Legal Video Productions, 500 N.W. 301st Street, Warrensburg, MO 64093, (660) 429-1156.  This deposition will be continued from day to day until completed.

|  |  |
|---|---|
| **WHO:** | **CHRISTINA TWARDOWSKI, D.O.** |
| **TIME/DATE:** | **9:00 a.m., Monday, August 27, 2018** |
| **PLACE:** | **DEVKOTA LAW FIRM, L.L.C.**<br>**4010 Washington, Suite # 350**<br>**Kansas City, MO 64111** |

Respectfully Submitted,

DEVKOTA LAW FIRM, L.L.C.

/s/ Tarak A. Devkota
Tarak A. Devkota,      KS # 19767
Lynn Weddle Judkins,  KS # 20003
4010 Washington Street, Suite # 350
Kansas City, Missouri 64111
(816) 842-9100 * (816) 817-1080 - FAX
attyjudkins@gmail.com
**ATTORNEYS FOR PLAINTIFFS**

## CERTIFICATE OF ELECTRONIC SERVICE

The Devkota Law Firm, L.L.C. notes that it filed the above Plaintiffs' Notices of

Deposition for August 27, 2018 on August 15, 2018, which the Court should send and serve

electronically to all counsel of record via JIMS notice, including to:

Nick J. Kurt
Carson M. Hinderks
BERKOWITZ OLIVER, LLP
2600 Grand Boulevard, Suite # 1200
Kansas City, MO 64108
(816) 561-7007 * (816) 561-1888 – FAX
nkurt@berkowitzoliver.com
chinderks@berkowitzoliver.com
**ATTORNEY FOR DEFENDANT**
**KANSAS CITY POWER & LIGHT COMPANY**

/s/ Tarak A. Devkota
**ATTORNEY FOR PLAINTIFFS**

## EXHIBIT A

1.    Copy of your complete (i.e. Children's Mercy Hospital's) complete file concerning your diagnosis and treatment of Adan Guzman;

2.    Copy of all records relied upon for your review, diagnosis and treatment of Adan Guzman.

17CV04848
Div7

## IN THE DISTRICT COURT OF JOHNSON COUNTY, KANSAS
### CIVIL DEPARTMENT
(Pursuant to K.S.A. Chapter 60)

| | | |
|---|---|---|
| CARLOS SANCHEZ DIAZ, and | ) | |
| | ) | |
| JEAN  CHAVEZ (GUZMAN) SANCHEZ, | ) | |
| | ) | |
| and ADAN GUZMAN, | ) | |
| | ) | |
| *Plaintiffs,* | ) | |
| | ) | |
| v. | ) | Case No.   17CV04848 |
| | ) | |
| KANSAS CITY POWER AND | ) | |
| LIGHT COMPANY, *and* | ) | |
| | ) | |
| JOHN DOE BUSINESS ENTITY A, | ) | |
| OPERATIONS COMPANY, *and* | ) | |
| | ) | |
| JOHN DOE ENTITY B MAINTENANCE | ) | Division No. 7 (Judge Hauber) |
| COMPANY, | ) | |
| | ) | |
| *Defendants.* | ) | |

## NOTICE FOR VIDEO-TAPED DEPOSITON DUCES TECUM

**TO:   ALL PARTIES AND/OR THEIR ATTORNEYS OF RECORD**

PLEASE TAKE NOTICE that Plaintiffs will take the video-taped deposition of Pamela Hite, M.D., University of Kansas Medical Center/University of Kansas Hospital, before an officer authorized to administer oaths in Kansas affiliated with Sommers Reporting Company, 8700 Monrovia, Suite # 310, Lenexa, KS 66215, and the videographer will likely be Wayne Greenlaw or another designated videographer employed from Legal Video Productions, 500 N.W. 301st Street, Warrensburg, MO 64093, (660) 429-1156.  This deposition will be continued from day to day until completed.

> **WHO:**           **PAMELA HITS, M.D.**
>
> **TIME/DATE:**    **8:30 a.m., Monday, August 27, 2018**
>
> **PLACE:**          **DEVKOTA LAW FIRM, L.L.C.**
> **4010 Washington, Suite # 350**
> **Kansas City, MO 64111**

Respectfully Submitted,

DEVKOTA LAW FIRM, L.L.C.

/s/ Tarak A. Devkota
Tarak A. Devkota,      KS # 19767
Lynn Weddle Judkins,  KS # 20003
4010 Washington Street, Suite # 350
Kansas City, Missouri 64111
(816) 842-9100 * (816) 817-1080 - FAX
attyjudkins@gmail.com
**ATTORNEYS FOR PLAINTIFFS**

## CERTIFICATE OF ELECTRONIC SERVICE

The Devkota Law Firm, L.L.C. notes that it filed the above Plaintiffs' Notices of

Deposition for August 27, 2018 on August 15, 2018, which the Court should send and serve

electronically to all counsel of record via JIMS notice, including to:

Nick J. Kurt
Carson M. Hinderks
BERKOWITZ OLIVER, LLP
2600 Grand Boulevard, Suite # 1200
Kansas City, MO 64108
(816) 561-7007 * (816) 561-1888 – FAX
nkurt@berkowitzoliver.com
chinderks@berkowitzoliver.com
**ATTORNEY FOR DEFENDANT**
**KANSAS CITY POWER & LIGHT COMPANY**

/s/ Tarak A. Devkota
**ATTORNEY FOR PLAINTIFFS**

## EXHIBIT A

1.    Copy of your complete (i.e. University of Kansas Hospital) complete file concerning your diagnosis and treatment of Adan Guzman at the emergency room on February 23-24, 2016;

2.    Copy of all records relied upon for your review, diagnosis and treatment of Adan Guzman.

17CV04848
Div7

## IN THE DISTRICT COURT OF JOHNSON COUNTY, KANSAS
### CIVIL DEPARTMENT
(Pursuant to K.S.A. Chapter 60)

CARLOS SANCHEZ DIAZ, and )
)
JEAN  CHAVEZ (GUZMAN) SANCHEZ, )
)
and ADAN GUZMAN, )
)
    *Plaintiffs,* )
)
v. )    <u>Case No</u>.   17CV04848
)
KANSAS CITY POWER AND )
LIGHT COMPANY, *et al.* )
)    <u>Division No</u>. 7 (Judge Hauber)
)
    *Defendants.* )

## <u>AMENDED NOTICE FOR VIDEO-TAPED DEPOSITON</u>

## TO:   ALL PARTIES AND/OR THEIR ATTORNEYS OF RECORD

    PLEASE TAKE NOTICE that Plaintiffs will take the video-taped deposition of Daylin Rodriguez, Penuel Counseling, pursuant to subpoena before an officer authorized to administer oaths in Kansas affiliated with Sommers Reporting Company, 8700 Monrovia, Suite # 310, Lenexa, KS 66215, and the videographer will likely be Wayne Greenlaw or another designated videographer employed from Legal Video Productions, 500 N.W. 301st Street, Warrensburg, MO 64093, (660) 429-1156.  This deposition will be continued from day to day until completed.

    **WHO:**    **Daylin Rodriguez**
                    **PENUEL COUNSELING, LLC**
                    **Westowne Office Park**
                    **1170 West Kansas Avenue, Building #10**
                    **Liberty, MO 64068**

    **TIME/DATE:**    **6:30 p.m., Monday, August 27, 2018**

    **PLACE:**    **DEVKOTA LAW FIRM, L.L.C.**
                    **4010 Washington, Suite # 350**
                    **Kansas City, MO 64111**

Respectfully Submitted,

DEVKOTA LAW FIRM, L.L.C.

*/s/ Tarak A. Devkota*
Tarak A. Devkota,      KS # 19767
Lynn Weddle Judkins,  KS # 20003
4010 Washington Street, Suite # 350
Kansas City, Missouri 64111
(816) 842-9100 * (816) 817-1080 - FAX
attyjudkins@gmail.com
**ATTORNEYS FOR PLAINTIFFS**

## CERTIFICATE OF ELECTRONIC SERVICE

The Devkota Law Firm, L.L.C. notes that it filed the above Plaintiffs' Amended Notices

of Deposition for August 27, 2018 on August 17, 2018, which the Court should send and serve

electronically to all counsel of record via JIMS notice, including to:

Nick J. Kurt
Carson M. Hinderks
BERKOWITZ OLIVER, LLP
2600 Grand Boulevard, Suite # 1200
Kansas City, MO 64108
(816) 561-7007 * (816) 561-1888 – FAX
nkurt@berkowitzoliver.com
chinderks@berkowitzoliver.com
**ATTORNEY FOR DEFENDANT**
**KANSAS CITY POWER & LIGHT COMPANY**

/s/ Tarak A. Devkota
**ATTORNEY FOR PLAINTIFFS**

*Clerk of the District Court, Johnson County Kansas*
*08/17/18  10:09am MM*

17CV04848
Div7

## IN THE DISTRICT COURT OF JOHNSON COUNTY, KANSAS
## CIVIL DEPARTMENT
(Pursuant to K.S.A. Chapter 60)

| | | |
|---|---|---|
| CARLOS SANCHEZ DIAZ, and | ) | |
| | ) | |
| JEAN  CHAVEZ (GUZMAN) SANCHEZ, | ) | |
| | ) | |
| and ADAN GUZMAN, | ) | |
| | ) | |
| *Plaintiffs,* | ) | |
| | ) | |
| v. | ) | Case No.    17CV04848 |
| | ) | |
| KANSAS CITY POWER AND | ) | |
| LIGHT COMPANY,  *and* | ) | |
| | ) | |
| JOHN DOE BUSINESS ENTITY A, | ) | |
| OPERATIONS COMPANY, *and* | ) | |
| | ) | |
| JOHN DOE ENTITY B MAINTENANCE | ) | Division No. 7 (Judge Hauber) |
| COMPANY, | ) | |
| | ) | |
| *Defendants.* | ) | |

### NOTICE FOR VIDEO-TAPED DEPOSITON DUCES TECUM

**TO:    ALL PARTIES AND/OR THEIR ATTORNEYS OF RECORD**

PLEASE TAKE NOTICE that Plaintiffs will take the video-taped Monica Stringfield, Johnson County Med-Act, before an officer authorized to administer oaths in Kansas affiliated with Sommers Reporting Company, 8700 Monrovia, Suite # 310, Lenexa, KS 66215, and the videographer will likely be Wayne Greenlaw or another designated videographer employed from Legal Video Productions, 500 N.W. 301st Street, Warrensburg, MO 64093, (660) 429-1156. This deposition will be continued from day to day until completed.

**WHO:**        **MONICA STRINGFIELD, JOHNSON COUNTY MED-ACT**

**TIME/DATE:**    **8:00 a.m., Monday, August 27, 2018**

**PLACE:**        **DEVKOTA LAW FIRM, L.L.C.**
                **4010 Washington, Suite # 350**
                **Kansas City, MO 64111**

Respectfully Submitted,

DEVKOTA LAW FIRM, L.L.C.

*/s/ Tarak A. Devkota*
Tarak A. Devkota,      KS # 19767
Lynn Weddle Judkins,  KS # 20003
4010 Washington Street, Suite # 350
Kansas City, Missouri 64111
(816) 842-9100 * (816) 817-1080 - FAX
attyjudkins@gmail.com
**ATTORNEYS FOR PLAINTIFFS**

## CERTIFICATE OF ELECTRONIC SERVICE

The Devkota Law Firm, L.L.C. notes that it filed the above Plaintiffs' Notices of

Deposition for August 27, 2018 on August 15, 2018, which the Court should send and serve

electronically to all counsel of record via JIMS notice, including to:

Nick J. Kurt
Carson M. Hinderks
BERKOWITZ OLIVER, LLP
2600 Grand Boulevard, Suite # 1200
Kansas City, MO 64108
(816) 561-7007 * (816) 561-1888 – FAX
nkurt@berkowitzoliver.com
chinderks@berkowitzoliver.com
**ATTORNEY FOR DEFENDANT**
**KANSAS CITY POWER & LIGHT COMPANY**

/s/ Tarak A. Devkota
**ATTORNEY FOR PLAINTIFFS**

## EXHIBIT A

1.      Copy of your complete (i.e. Johnson County Med-Act's) complete file concerning your diagnosis and treatment of Adan Guzman at the accident scene and any transport on February 23, 2016;

2.      Copy of all records relied upon for your review, diagnosis and treatment of Adan Guzman.

17CV04848
Div7

## IN THE DISTRICT COURT OF JOHNSON COUNTY, KANSAS
## CIVIL DEPARTMENT
(Pursuant to K.S.A. Chapter 60)

CARLOS SANCHEZ DIAZ, and          )
                                  )
JEAN  CHAVEZ (GUZMAN) SANCHEZ,    )
                                  )
and ADAN GUZMAN,                  )
                                  )
         *Plaintiffs*,            )
                                  )
v.                                )          <u>Case No</u>.   17CV04848
                                  )
KANSAS CITY POWER AND             )
LIGHT COMPANY,  *et al.*          )
                                  )          <u>Division No</u>. 7 (Judge Hauber)
                                  )
         *Defendants*.            )

### <u>AMENDED NOTICE FOR VIDEO-TAPED DEPOSITON</u>

**TO:   ALL PARTIES AND/OR THEIR ATTORNEYS OF RECORD**

PLEASE TAKE NOTICE that Plaintiffs will take the video-taped deposition of Jennifer H. Reintjest, M.D., Children's Mercy Hospital, pursuant to subpoena before an officer authorized to administer oaths in Kansas affiliated with Sommers Reporting Company, 8700 Monrovia, Suite # 310, Lenexa, KS 66215, and the videographer will likely be Wayne Greenlaw or another designated videographer employed from Legal Video Productions, 500 N.W. 301st Street, Warrensburg, MO 64093, (660) 429-1156.  This deposition will be continued from day to day until completed.

       **WHO:**           **Jennifer H. Reintjest, M.D.**
                             **CHILDREN'S MERCY HOSPITALS & CLINICS**
                             **BC Pediatric Care Clinic – Green**
                             **3101 Broadway Boulevard**
                             **Kansas City, MO 64111**

       **TIME/DATE:**      **12:30 p.m., Monday, August 27, 2018**

       **PLACE:**           **DEVKOTA LAW FIRM, L.L.C.**
                             **4010 Washington, Suite # 350**
                             **Kansas City, MO 64111**

Respectfully Submitted,

DEVKOTA LAW FIRM, L.L.C.

*/s/ Tarak A. Devkota*
Tarak A. Devkota,      KS # 19767
Lynn Weddle Judkins,  KS # 20003
4010 Washington Street, Suite # 350
Kansas City, Missouri 64111
(816) 842-9100 * (816) 817-1080 - FAX
attyjudkins@gmail.com
**ATTORNEYS FOR PLAINTIFFS**

## CERTIFICATE OF ELECTRONIC SERVICE

The Devkota Law Firm, L.L.C. notes that it filed the above Plaintiffs' Amended Notices

of Deposition for August 27, 2018 on August 17, 2018, which the Court should send and serve

electronically to all counsel of record via JIMS notice, including to:

Nick J. Kurt
Carson M. Hinderks
BERKOWITZ OLIVER, LLP
2600 Grand Boulevard, Suite # 1200
Kansas City, MO 64108
(816) 561-7007 * (816) 561-1888 – FAX
nkurt@berkowitzoliver.com
chinderks@berkowitzoliver.com
**ATTORNEY FOR DEFENDANT**
**KANSAS CITY POWER & LIGHT COMPANY**

/s/ Tarak A. Devkota
**ATTORNEY FOR PLAINTIFFS**

*Clerk of the District Court, Johnson County Kansas*
*08/17/18  10:06am MM*

17CV04848
Div7

## IN THE DISTRICT COURT OF JOHNSON COUNTY, KANSAS
## CIVIL DEPARTMENT
(Pursuant to K.S.A. Chapter 60)

CARLOS SANCHEZ DIAZ, and )
 )
JEAN  CHAVEZ (GUZMAN) SANCHEZ, )
 )
and ADAN GUZMAN, )
 )
  *Plaintiffs*, )
 )
v. ) <u>Case No</u>. 17CV04848
 )
KANSAS CITY POWER AND )
LIGHT COMPANY,  *et al.* )
 ) <u>Division No</u>. 7 (Judge Hauber)
 )
  *Defendants*. )

## <u>NOTICE FOR VIDEO-TAPED DEPOSITON</u>

**TO: ALL PARTIES AND/OR THEIR ATTORNEYS OF RECORD**

 PLEASE TAKE NOTICE that Plaintiffs will take the video-taped deposition of Jacqueline Franklin, pursuant to subpoena before an officer authorized to administer oaths in Kansas affiliated with Sommers Reporting Company, 8700 Monrovia, Suite # 310, Lenexa, KS 66215, and the videographer will likely be Wayne Greenlaw or another designated videographer employed from Legal Video Productions, 500 N.W. 301st Street, Warrensburg, MO 64093, (660) 429-1156.  This deposition will be continued from day to day until completed.

   **WHO:**    **Jacqueline Franklin**
          **6403 Manchester Avenue, Apt. D**
          **Kansas City, MO 64133**

   **TIME/DATE:**  **7:00 p.m., Monday, August 27, 2018**

   **PLACE:**    **DEVKOTA LAW FIRM, L.L.C.**
          **4010 Washington, Suite # 350**
          **Kansas City, MO 64111**

*Clerk of the District Court, Johnson County Kansas*
*08/17/18  11:18am EG*

Respectfully Submitted,

DEVKOTA LAW FIRM, L.L.C.

/s/ Tarak A. Devkota
Tarak A. Devkota,       KS # 19767
Lynn Weddle Judkins,  KS # 20003
4010 Washington Street, Suite # 350
Kansas City, Missouri 64111
(816) 842-9100 * (816) 817-1080 - FAX
attyjudkins@gmail.com
**ATTORNEYS FOR PLAINTIFFS**

## <u>CERTIFICATE OF ELECTRONIC SERVICE</u>

The Devkota Law Firm, L.L.C. notes that it filed the above Plaintiffs' Notices of

Deposition for Jacqueline Franklin on August 27, 2018 on August 17, 2018, which the Court

should send and serve electronically to all counsel of record via JIMS notice, including to:

Nick J. Kurt
Carson M. Hinderks
BERKOWITZ OLIVER, LLP
2600 Grand Boulevard, Suite # 1200
Kansas City, MO 64108
(816) 561-7007 * (816) 561-1888 – FAX
nkurt@berkowitzoliver.com
chinderks@berkowitzoliver.com
**ATTORNEY FOR DEFENDANT**
**KANSAS CITY POWER & LIGHT COMPANY**

/s/ Tarak A. Devkota
**ATTORNEY FOR PLAINTIFFS**

17CV04848
Div7

## IN THE DISTRICT COURT OF JOHNSON COUNTY, KANSAS
### CIVIL DEPARTMENT
(Pursuant to K.S.A. Chapter 60)

| | |
|---|---|
| CARLOS SANCHEZ DIAZ, and ) | |
| ) | |
| JEAN  CHAVEZ (GUZMAN) SANCHEZ, ) | |
| ) | |
| and ADAN GUZMAN, ) | |
| ) | |
| *Plaintiffs,* ) | |
| ) | |
| v. ) | Case No.    17CV04848 |
| ) | |
| KANSAS CITY POWER AND ) | |
| LIGHT COMPANY, *et al.* ) | |
| ) | Division No. 7 (Judge Hauber) |
| ) | |
| *Defendants.* ) | |

### <u>NOTICE FOR VIDEO-TAPED DEPOSITON</u>

**TO:    ALL PARTIES AND/OR THEIR ATTORNEYS OF RECORD**

PLEASE TAKE NOTICE that Plaintiffs will take the video-taped deposition of Kenyatta Harden, pursuant to subpoena before an officer authorized to administer oaths in Kansas affiliated with Sommers Reporting Company, 8700 Monrovia, Suite # 310, Lenexa, KS 66215, and the videographer will likely be Wayne Greenlaw or another designated videographer employed from Legal Video Productions, 500 N.W. 301st Street, Warrensburg, MO 64093, (660) 429-1156.  This deposition will be continued from day to day until completed.

**WHO:**          **Kenyatta Harden**
                       **2212 Cleveland Avenue**
                       **Kansas City, MO 64127**

**TIME/DATE:**   **7:30 p.m., Monday, August 27, 2018**

**PLACE:**         **DEVKOTA LAW FIRM, L.L.C.**
                       **4010 Washington, Suite # 350**
                       **Kansas City, MO 64111**

*Clerk of the District Court, Johnson County Kansas*
*08/17/18  11:20am EG*

Respectfully Submitted,

DEVKOTA LAW FIRM, L.L.C.

/s/ Tarak A. Devkota

Tarak A. Devkota,      KS # 19767
Lynn Weddle Judkins,  KS # 20003
4010 Washington Street, Suite # 350
Kansas City, Missouri 64111
(816) 842-9100 * (816) 817-1080 - FAX
attyjudkins@gmail.com
**ATTORNEYS FOR PLAINTIFFS**

## <u>CERTIFICATE OF ELECTRONIC SERVICE</u>

The Devkota Law Firm, L.L.C. notes that it filed the above Plaintiffs' Notices of

Deposition for Jacqueline Franklin on August 27, 2018 on August 17, 2018, which the Court

should send and serve electronically to all counsel of record via JIMS notice, including to:

Nick J. Kurt
Carson M. Hinderks
BERKOWITZ OLIVER, LLP
2600 Grand Boulevard, Suite # 1200
Kansas City, MO 64108
(816) 561-7007 * (816) 561-1888 – FAX
nkurt@berkowitzoliver.com
chinderks@berkowitzoliver.com
**ATTORNEY FOR DEFENDANT**
**KANSAS CITY POWER & LIGHT COMPANY**

/s/ Tarak A. Devkota
**ATTORNEY FOR PLAINTIFFS**

2          *Clerk of the District Court, Johnson County Kansas*
*08/17/18  11:20am EG*

17CV04848
Div7

## IN THE DISTRICT COURT OF JOHNSON COUNTY, KANSAS
### CIVIL DEPARTMENT
(Pursuant to K.S.A. Chapter 60)

CARLOS SANCHEZ DIAZ, and      )
                                     )

JEAN CHAVEZ (GUZMAN) SANCHEZ,   )
                                     )

and ADAN GUZMAN,                  )
                                     )

      *Plaintiffs,*                )
                                     )

v.                                      )     <u>Case No</u>.      17CV04848
                                     )

KANSAS CITY POWER AND        )
LIGHT COMPANY, *et al.*         )
                                     )     <u>Division No</u>. 7 (Judge Hauber)
                                     )

      *Defendants.*              )

## <u>NOTICE FOR DEPOSITON</u>

**TO:   ALL PARTIES AND/OR THEIR ATTORNEYS OF RECORD**

     PLEASE TAKE NOTICE that Plaintiffs will take the deposition of corporate representative(s) of Kansas City Power and Light Company for those topics listed below, before an officer authorized to administer oaths in Kansas affiliated with Sommers Reporting Company, 8700 Monrovia, Suite # 310, Lenexa, KS 66215.  This deposition will be continued from day to day until completed.

        **WHO:**        **Representative(s) of Kansas City Power and Light Company, including but not limited to Mike Madrigal, and/or those individual(s) with knowledge of the items and topics outlined in Exhibit A.**

        **TIME/DATE:**        **9:30 a.m., Friday, August 24, 2018**

        **PLACE:**        **BERKOWITZ OLIVER, LLP**
                                **2600 Grand Boulevard, Suite # 1200**
                                **Kansas City, MO 64108**

Respectfully Submitted,

DEVKOTA LAW FIRM, L.L.C.

/s/ Tarak A. Devkota
Tarak A. Devkota,      KS # 19767
Lynn Weddle Judkins,  KS # 20003
4010 Washington Street, Suite # 350
Kansas City, Missouri 64111
(816) 842-9100 * (816) 817-1080 - FAX
attyjudkins@gmail.com
**ATTORNEYS FOR PLAINTIFFS**

## CERTIFICATE OF ELECTRONIC SERVICE

The Devkota Law Firm, L.L.C. notes that it filed the above Plaintiffs' Notice of

Representative(s) Deposition(s) for Kansas City Power and Light Company for August 24, 2018

on August 17, 2018, which the Court should send and serve electronically to all counsel of

record via JIMS notice, including to:

Nick J. Kurt
Carson M. Hinderks
BERKOWITZ OLIVER, LLP
2600 Grand Boulevard, Suite # 1200
Kansas City, MO 64108
(816) 561-7007 * (816) 561-1888 – FAX
nkurt@berkowitzoliver.com
chinderks@berkowitzoliver.com
**ATTORNEY FOR DEFENDANT**
**KANSAS CITY POWER & LIGHT COMPANY**

/s/ Tarak A. Devkota
**ATTORNEY FOR PLAINTIFFS**

*Clerk of the District Court, Johnson County Kansas*
*08/17/18  02:18pm MM*

## EXHIBIT A

1.      Notice process and procedures concerning the accident on February 23, 2016 at issue in the Petition, including identification of and description of what was done concerning receipt of any notice(s) complaints of light pole fall/failure at Black Bob Road and 131st Street East, Olathe Kansas formerly located between light poles marked as KCPLA2559 and KCPLA2557 (as presumably KCPLA2558) after February 23, 2016, to whom such notices were given in KCP&L, all notices provided to any vendors, contractors, agents, representative(s), or materials suppliers for KCP&L;

2.      Those who collected and/or have knowledge of obtaining/contents of all unprivileged statement(s), written or otherwise, by date, person(s), that KCP&L obtained from anyone concerning the cause for the light pole at Black Bob Road and 131st Street East, Olathe Kansas formerly located between light poles marked as KCPLA2559 and KCPLA2557 (as presumably KCPLA2558) to fall/fail on February 23, 2016;

3.      Ownership of the light pole at Black Bob Road and 131st Street East, Olathe Kansas formerly located between light poles marked as KCPLA2559 and KCPLA2557 (as presumably KCPLA2558) that fell/failed on February 23, 2016;

4.      KCP&L's process regarding which light poles it owns versus which are leased, sold, etc. in Johnson County, Kansas from 2010 to present;

5.      Process for marking/labeling/identifying, installing, inspecting, and maintaining light poles like light pole at Black Bob Road and 131st Street East, Olathe Kansas formerly located between light poles marked as KCPLA2559 and KCPLA2557 (as presumably KCPLA2558) that fell/failed on February 23, 2016;

6.      Hired any vendors, contractors, or others who installed, inspected, and maintained the light pole at Black Bob Road and 131st Street East, Olathe Kansas formerly located between light poles marked as KCPLA2559 and KCPLA2557 (as presumably KCPLA2558) that fell/failed on February 23, 2016 from the date of installation to inspection of the failure;

7.      All accident or incident reports concerning light pole falls/failures from 2008 to the present.

*Clerk of the District Court, Johnson County Kansas*
*08/17/18  02:18pm MM*

8.     Maintenance schedules and maintenance agreements that include the light pole at Black Bob Road and 131st Street East, Olathe Kansas formerly located between light poles marked as KCPLA2559 and KCPLA2557 (as presumably KCPLA2558) that fell/failed on February 23, 2016;

9.     Those who handled the investigation of the cause for light pole at Black Bob Road and 131st Street East, Olathe Kansas formerly located between light poles marked as KCPLA2559 and KCPLA2557 (as presumably KCPLA2558) to fall/fail on February 23, 2016;

10.     Those who handled testing, including those who hired individual(s)/compan(ies) for testing or performed the testing for KCP&L for the light pole at Black Bob Road and 131st Street East, Olathe Kansas formerly located between light poles marked as KCPLA2559 and KCPLA2557 (as presumably KCPLA2558) that fell/failed on February 23, 2016;

11.     Those with knowledge of the make, model, engineering drawings, specifications, ASTM guidelines, installation manuals, plans, etc. concerning the actual or similar type of light pole that fell/failed on February 23, 2016 at Black Bob Road and 131st Street East, Olathe Kansas formerly located between light poles marked as KCPLA2559 and KCPLA2557 (as presumably KCPLA2558);

12.     Those with knowledge of any notice, recall, or information about material defect(s) in the light pole at Black Bob Road and 131st Street East, Olathe Kansas formerly located between light poles marked as KCPLA2559 and KCPLA2557 (as presumably KCPLA2558) that fell/failed on February 23, 2016;

13.     Those who can list KCP&L's commercial general liability insurance limits that covered period from 2015-2017.

14.     Collecting/providing KCP&L documents to its experts;

15.     Collecting/providing answers/responses to interrogatories/production requests served upon KCP&L

16.     Knowledge of or handled investigation of or inspection of causation for KCP&L light pole falls/failures from 2010-present.

4

17.     Knowledge of all claim(s) KCP&L made to others concerning the light pole fall/failure on February 23, 2016 at Black Bob Road and 131st Street East, Olathe Kansas formerly located between light poles marked as KCPLA2559 and KCPLA2557 (as presumably KCPLA2558), including who made claims, dates made, and results of or KCP&L actions taken on all claims;

18.     Actions KCP&L took after February 23, 2016 concerning repair or reinstallation of the light pole (or a replacement light pole) for the one that fell/failed on February 23, 2016 at Black Bob Road and 131st Street East, Olathe Kansas, and was formerly located between light poles marked as KCPLA2559 and KCPLA2557, including any differences from that failed light pole to any replacement;

19.     Knowledge of what happened and where is the light pole that failed/fell on February 23, 2016 at Black Bob Road and 131st Street East, Olathe Kansas formerly located between light poles marked as KCPLA2559 and KCPLA2557 (as presumably KCPLA2558) from February 23, 2016 to present;

20.     Knowledge of cause of light pole fall/failure on February 23, 2016 at Black Bob Road and 131st Street East, Olathe Kansas formerly located between light poles marked as KCPLA2559 and KCPLA2557 (as presumably KCPLA2558) from February 23, 2016;

*Clerk of the District Court, Johnson County Kansas*
*08/17/18  02:18pm MM*

17CV04848
Div7

## IN THE DISTRICT COURT OF JOHNSON COUNTY, KANSAS
### CIVIL DEPARTMENT
(Pursuant to K.S.A. Chapter 60)

CARLOS SANCHEZ DIAZ, and )

JEAN  CHAVEZ (GUZMAN) SANCHEZ, )

and ADAN GUZMAN, )

     *Plaintiffs,* )

v. )     <u>Case No.</u>   17CV04848

KANSAS CITY POWER AND )
LIGHT COMPANY, *et al.* )

)     <u>Division No.</u> 7 (Judge Hauber)

     *Defendants.* )

## SUBPOENA TO TAKE DEPOSITION WITH
## <u>INCORPORATED DEPOSITION NOTICE</u>

TO:   Kellie Moulin, EMT Paramedic
     **JOHNSON COUNTY MED-ACT**
     **11811 Sunset Drive, Suite # 1100**
     **Olathe, Kansas 66061**

     **YOU ARE COMMANDED** to appear for your video-taped deposition concerning treatment provided at the date, time, and location on the attached deposition notice before an officer authorized to administer oaths in Kansas/Missouri affiliated with Sommers Reporting Company, 8700 Monrovia, Suite # 310, Lenexa, KS 66215, and the videographer will likely be Wayne Greenlaw or another designated videographer employed from Legal Video Productions, 500 N.W. 301st Street, Warrensburg, MO 64093, (660) 429-1156.

**TIME/DATE:**     **2:30 p.m., Monday, August 27, 2018**

**PLACE:**     **DEVKOTA LAW FIRM, L.L.C.**
          **4010 Washington, Suite # 350**
          **Kansas City, MO 64111**

(SEAL)          Clerk of the District Court

                    /s/ MELISSA MERCER
                    Dated: 08/17/18

Dated:_____     BY:_____

                1         *Clerk of the District Court, Johnson County Kansas*
                          *08/17/18  03:11pm MM*

Respectfully Submitted,
DEVKOTA LAW FIRM, L.L.C.

*/s/ Tarak A. Devkota*
Tarak A. Devkota,      KS # 19767
Lynn Weddle Judkins,  KS # 20003
4010 Washington Street, Suite # 350
Kansas City, Missouri 64111
(816) 842-9100 * (816) 817-1080 - FAX
attyjudkins@gmail.com
**ATTORNEYS FOR PLAINTIFFS**

IN THE DISTRICT COURT OF JOHNSON COUNTY, KANSAS
CIVIL COURT DEPARTMENT


CARLOS SANCHEZ-DIAZ
                              Plaintiff                    Case No: 17CV04848
            vs                                            Division:   7
                                                          K.S.A. Chapter 60
KANSAS CITY POWER AND LIGHT COMPANY
                              Defendant


REQUEST AND SERVICE INSTRUCTION FORM


To:  Clerk of the District Court:


Please issue a(n) SUBPOENA in this action for KELLIE MOULIN whose address for service is:

       11811 SUNSET DRIVE, SUITE # 1100
       OLATHE, KS 66061


Service by an authorized process server.


PRIVATE PROCESS SERVER


                         By: /s/ TARAK ALEXANDER DEVKOTA
                         TARAK ALEXANDER DEVKOTA, #19767
                         4010 WASHINGTON SUITE 350
                         KANSAS CITY, MO 64111
                         816-842-9100

17CV04848
Div7

## IN THE DISTRICT COURT OF JOHNSON COUNTY, KANSAS
## CIVIL COURT DEPARTMENT

CARLOS SANCHEZ DIAZ,                )
JEAN CHAVEZ (GUZMAN) SANCHEZ,       )
and ADAN GUZMAN,                    )
                                    )
      Plaintiffs,                 )
                                    )
    v.                            )     Case No. 17CV04848
                                    )     Division: 7
KANSAS CITY POWER & LIGHT           )     K.S.A. Chapter 60
COMPANY, et al.,                    )
                                    )
      Defendants.                 )

### NOTICE OF DEPOSITION

TO:   Plaintiffs and their Counsel of Record

     PLEASE TAKE NOTICE that, pursuant to K.S.A. Section 60-230, Defendant Kansas City

Power & Light Company will take the deposition of Plaintiff Carlos Sanchez Diaz, on the 24th

day of August 2018, commencing at 9:00 a.m., at Devkota Law Firm, L.L.C., 4010 Washington

St., Suite 350, Kansas City, Missouri 64111.  Said deposition will be recorded by stenographic

means before a duly authorized court reporter, and will be continued or adjourned until completed.


Dated:  August 17, 2018                      Respectfully submitted,

                                             **BERKOWITZ OLIVER LLP**

                                             */s/ Nick J. Kurt*
                                             Nick J. Kurt            KS Bar No. 20225
                                             Carson M. Hinderks      KS Bar No. 25079
                                             2600 Grand Boulevard, Suite 1200
                                             Kansas City, Missouri 64108
                                             Telephone:  (816) 561-7007
                                             Facsimile:  (816) 561-1888
                                             Email     nkurt@berkowitzoliver.com
                                                       chinderks@berkowitzoliver.com

                                             *Attorneys for Defendant Kansas City*
                                             *Power & Light Company*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was served via e-mail this

17ᵗʰ day of August 2018, on the following:

Tarak Alexander Devkota
Lynn Weddle Judkins
DEVKOTA LAW FIRM, LLC
4010 Washington Street, Suite 350
Kansas City, Missouri 64111
Phone:          (816) 842-9100
Facsimile:      (816) 817-1080
litigation@devkotalawfirm.com
attyjudkins@gmail.com

*Attorneys for Plaintiff*

_____/s/ Nick J. Kurt_____
Attorney for Defendants

17CV04848
Div7

**IN THE DISTRICT COURT OF JOHNSON COUNTY, KANSAS**
**CIVIL DEPARTMENT**
(Pursuant to K.S.A. Chapter 60)

| | | |
|---|---|---|
| CARLOS SANCHEZ DIAZ, and | ) | |
| | ) | |
| JEAN  CHAVEZ (GUZMAN) SANCHEZ, | ) | |
| | ) | |
| and ADAN GUZMAN, | ) | |
| | ) | |
| *Plaintiffs,* | ) | |
| | ) | |
| v. | ) | Case No.    17CV04848 |
| | ) | |
| KANSAS CITY POWER AND | ) | |
| LIGHT COMPANY, *et al.* | ) | |
| | ) | Division No. 7 (Judge Hauber) |
| | ) | |
| *Defendants.* | ) | |

## SUBPOENA TO TAKE DEPOSITION WITH
## INCORPORATED DEPOSITION NOTICE

TO:    Ashley W. Bennett, M.D.
       **University of Kansas Hospital**
       **University of Kansas Physicians – Emergency Room**
       **3901 Rainbow Boulevard**
       **Kansas City, KS 66160**

**YOU ARE COMMANDED** to appear for your video-taped deposition concerning treatment provided at the date, time, and location on the attached deposition notice before an officer authorized to administer oaths in Kansas/Missouri affiliated with Sommers Reporting Company, 8700 Monrovia, Suite # 310, Lenexa, KS 66215, and the videographer will likely be Wayne Greenlaw or another designated videographer employed from Legal Video Productions, 500 N.W. 301st Street, Warrensburg, MO 64093, (660) 429-1156.

TIME/DATE:    **4:00 p.m., Monday, August 27, 2018**

PLACE:        **DEVKOTA LAW FIRM, L.L.C.**
              **4010 Washington, Suite # 350**
              **Kansas City, MO 64111**

(SEAL)                          Clerk of the District Court

Dated:_____    BY: _____
                                 /s/ MELISSA MERCER
                                 Dated: 08/17/18
                                 *Clerk of the District Court, Johnson County Kansas*
                                 *08/17/18  03:19pm MM*

1

Respectfully Submitted,
DEVKOTA LAW FIRM, L.L.C.

*/s/ Tarak A. Devkota*
Tarak A. Devkota,      KS # 19767
Lynn Weddle Judkins,  KS # 20003
4010 Washington Street, Suite # 350
Kansas City, Missouri 64111
(816) 842-9100 * (816) 817-1080 - FAX
attyjudkins@gmail.com
**ATTORNEYS FOR PLAINTIFFS**

IN THE DISTRICT COURT OF JOHNSON COUNTY, KANSAS
CIVIL COURT DEPARTMENT

CARLOS SANCHEZ-DIAZ
                    Plaintiff

            vs

KANSAS CITY POWER AND LIGHT COMPANY
                    Defendant

Case No: 17CV04848
Division:   7
K.S.A. Chapter 60

REQUEST AND SERVICE INSTRUCTION FORM

To:  Clerk of the District Court:

Please issue a(n) SUBPOENA in this action for ASHLEY  W. BENNETT, M.D. whose address for service is:

     3901 RAINBOW BOULEVARD
     KANSAS CITY, KS 66160

Service by an authorized process server.

PRIVATE PROCESS SERVER

                    By: /s/ TARAK ALEXANDER DEVKOTA
                    TARAK ALEXANDER DEVKOTA, #19767
                    4010 WASHINGTON SUITE 350
                    KANSAS CITY, MO 64111
                    816-842-9100

17CV04848
Div7

## IN THE DISTRICT COURT OF JOHNSON COUNTY, KANSAS
## CIVIL COURT DEPARTMENT

CARLOS SANCHEZ DIAZ,                    )
JEAN CHAVEZ (GUZMAN) SANCHEZ,           )
and ADAN GUZMAN,                        )
                                        )
          Plaintiffs,                   )
                                        )
     v.                                 )     Case No. 17CV04848
                                        )     Division: 7
KANSAS CITY POWER & LIGHT               )     K.S.A. Chapter 60
COMPANY, et al.,                        )
                                        )
          Defendants.                   )

## NOTICE OF DEPOSITION

TO:   Plaintiffs and their Counsel of Record

      PLEASE TAKE NOTICE that, pursuant to K.S.A. Section 60-230, Defendant Kansas City

Power & Light Company will take the deposition of Plaintiff Carlos Sanchez Diaz, on the 24th

day of August 2018, commencing at 9:00 a.m., at Devkota Law Firm, L.L.C., 4010 Washington

St., Suite 350, Kansas City, Missouri 64111.  Said deposition will be recorded by stenographic

means before a duly authorized court reporter, and will be continued or adjourned until completed.

Dated:  August 17, 2018              Respectfully submitted,

                                     **BERKOWITZ OLIVER LLP**

                                     _/s/ Nick J. Kurt_
                                     Nick J. Kurt              KS Bar No. 20225
                                     Carson M. Hinderks        KS Bar No. 25079
                                     2600 Grand Boulevard, Suite 1200
                                     Kansas City, Missouri 64108
                                     Telephone:  (816) 561-7007
                                     Facsimile:   (816) 561-1888
                                     Email        nkurt@berkowitzoliver.com
                                                  chinderks@berkowitzoliver.com

                                     _Attorneys for Defendant Kansas City_
                                     _Power & Light Company_

                                     _Clerk of the District Court, Johnson County Kansas_
                                     _08/17/18  03:06pm MM_

1

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was served via e-mail this

17th day of August 2018, on the following:

Tarak Alexander Devkota
Lynn Weddle Judkins
DEVKOTA LAW FIRM, LLC
4010 Washington Street, Suite 350
Kansas City, Missouri 64111
Phone:        (816) 842-9100
Facsimile:    (816) 817-1080
litigation@devkotalawfirm.com
attyjudkins@gmail.com

*Attorneys for Plaintiff*

      /s/ Nick J. Kurt
Attorney for Defendants

*Clerk of the District Court, Johnson County Kansas*
*08/17/18  03:06pm MM*

2

17CV04848
Div7

**IN THE DISTRICT COURT OF JOHNSON COUNTY, KANSAS**
**CIVIL DEPARTMENT**
(Pursuant to K.S.A. Chapter 60)

| | |
|---|---|
| CARLOS SANCHEZ DIAZ, and | ) |
| | ) |
| JEAN CHAVEZ (GUZMAN) SANCHEZ, | ) |
| | ) |
| and ADAN GUZMAN, | ) |
| | ) |
| *Plaintiffs,* | ) |
| | ) |
| v. | )   Case No.   17CV04848 |
| | ) |
| KANSAS CITY POWER AND | ) |
| LIGHT COMPANY, *et al.* | ) |
| | )   Division No. 7 (Judge Hauber) |
| | ) |
| *Defendants.* | ) |

## SUBPOENA TO TAKE DEPOSITION WITH
## INCORPORATED DEPOSITION NOTICE

TO:   RUSTY HUNSAKER
 **1415 South Robinson Drive**
 **Olathe, KS 66061**

 **YOU ARE COMMANDED** to appear for your video-taped deposition concerning treatment provided at the date, time, and location on the attached deposition notice before an officer authorized to administer oaths in Kansas/Missouri affiliated with Sommers Reporting Company, 8700 Monrovia, Suite # 310, Lenexa, KS 66215, and the videographer will likely be Wayne Greenlaw or another designated videographer employed from Legal Video Productions, 500 N.W. 301st Street, Warrensburg, MO 64093, (660) 429-1156.

**TIME/DATE:**   **1:30 p.m., Monday, August 27, 2018**

**PLACE:**   **DEVKOTA LAW FIRM, L.L.C.**
   **4010 Washington, Suite # 350**
   **Kansas City, MO 64111**

(SEAL)   Clerk of the District Court

 /s/ MELISSA MERCER
 Dated: 08/17/18

Dated:_____   BY:_____

1

*Clerk of the District Court, Johnson County Kansas*
*08/17/18  03:25pm MM*

Respectfully Submitted,
DEVKOTA LAW FIRM, L.L.C.

*/s/ Tarak A. Devkota* _____

Tarak A. Devkota,      KS # 19767
Lynn Weddle Judkins,  KS # 20003
4010 Washington Street, Suite # 350
Kansas City, Missouri 64111
(816) 842-9100 * (816) 817-1080 - FAX
attyjudkins@gmail.com
**ATTORNEYS FOR PLAINTIFFS**

*Clerk of the District Court, Johnson County Kansas*
*08/17/18  03:25pm MM*

IN THE DISTRICT COURT OF JOHNSON COUNTY, KANSAS
CIVIL COURT DEPARTMENT

CARLOS SANCHEZ-DIAZ
                              Plaintiff              Case No: 17CV04848
              vs                                     Division:   7
                                                     K.S.A. Chapter 60
KANSAS CITY POWER AND LIGHT COMPANY
                              Defendant

REQUEST AND SERVICE INSTRUCTION FORM

To:  Clerk of the District Court:

Please issue a(n) SUBPOENA in this action for RUSTY  HUNSAKER whose address for service is:

        1415 SOUTH ROBINSON DRIVE
        OLATHE, KS 66061

Service by an authorized process server.

PRIVATE PROCESS SERVER

                        By: /s/ TARAK ALEXANDER DEVKOTA
                        TARAK ALEXANDER DEVKOTA, #19767
                        4010 WASHINGTON SUITE 350
                        KANSAS CITY, MO 64111
                        816-842-9100

17CV04848
Div7

**IN THE DISTRICT COURT OF JOHNSON COUNTY, KANSAS**
**CIVIL DEPARTMENT**
(Pursuant to K.S.A. Chapter 60)

CARLOS SANCHEZ DIAZ, and          )
                                  )
JEAN  CHAVEZ (GUZMAN) SANCHEZ,    )
                                  )
and ADAN GUZMAN,                  )
                                  )
    *Plaintiffs,*                 )
                                  )
v.                                )      Case No.      17CV04848
                                  )
KANSAS CITY POWER AND             )
LIGHT COMPANY,  *et al.*          )
                                  )      Division No. 7 (Judge Hauber)
                                  )
    *Defendants.*                 )

## SUBPOENA TO TAKE DEPOSITION WITH
## INCORPORATED DEPOSITION NOTICE

TO:    Michael B. Tilley, M.D.
       UNIVERSITY OF KANSAS HOSPITAL
       UNIVERSITY OF KANSAS PHYSICIANS - Orthopedics and Sports Medicine
       **3901 Rainbow Boulevard**
       **Kansas City, KS 66160**

   **YOU ARE COMMANDED** to appear for your video-taped deposition concerning treatment provided at the date, time, and location on the attached deposition notice before an officer authorized to administer oaths in Kansas/Missouri affiliated with Sommers Reporting Company, 8700 Monrovia, Suite # 310, Lenexa, KS 66215, and the videographer will likely be Wayne Greenlaw or another designated videographer employed from Legal Video Productions, 500 N.W. 301st Street, Warrensburg, MO 64093, (660) 429-1156.

TIME/DATE:        **5:00 p.m., Monday, August 27, 2018**

PLACE:            **DEVKOTA LAW FIRM, L.L.C.**
                  **4010 Washington, Suite # 350**
                  **Kansas City, MO 64111**

(SEAL)                            Clerk of the District Court

                                  /s/ IMELDA MARTINEZ
                                  Dated: 08/17/18
Dated:_____      BY:_____

                                  *Clerk of the District Court, Johnson County Kansas*
                                  *08/17/18  03:22pm IM*

1

Respectfully Submitted,
DEVKOTA LAW FIRM, L.L.C.

/s/ Tarak A. Devkota
Tarak A. Devkota,       KS # 19767
Lynn Weddle Judkins,  KS # 20003
4010 Washington Street, Suite # 350
Kansas City, Missouri 64111
(816) 842-9100 * (816) 817-1080 - FAX
attyjudkins@gmail.com
**ATTORNEYS FOR PLAINTIFFS**

2          *Clerk of the District Court, Johnson County Kansas*
                    *08/17/18  03:22pm IM*

IN THE DISTRICT COURT OF JOHNSON COUNTY, KANSAS
CIVIL COURT DEPARTMENT

CARLOS SANCHEZ-DIAZ
                              Plaintiff                    Case No: 17CV04848
              vs                                           Division:   7
                                                           K.S.A. Chapter 60
KANSAS CITY POWER AND LIGHT COMPANY
                              Defendant

REQUEST AND SERVICE INSTRUCTION FORM

To:  Clerk of the District Court:

Please issue a(n) SUBPOENA in this action for MICHAEL  B TILLEY, M.D whose address for service
is:

        3901 RAINBOW BOULEVARD
        KANSAS CITY, KS 66160

Service by an authorized process server.

PRIVATE PROCESS SERVER

                              By: /s/ TARAK ALEXANDER DEVKOTA
                              TARAK ALEXANDER DEVKOTA, #19767
                              4010 WASHINGTON SUITE 350
                              KANSAS CITY, MO 64111
                              816-842-9100

17CV04848
Div7

## IN THE DISTRICT COURT OF JOHNSON COUNTY, KANSAS
### CIVIL DEPARTMENT
(Pursuant to K.S.A. Chapter 60)

CARLOS SANCHEZ DIAZ, and )
    )
JEAN  CHAVEZ (GUZMAN) SANCHEZ, )
    )
and ADAN GUZMAN, )
    )
    *Plaintiffs*, )
    )
v. )    <u>Case No</u>.    17CV04848
    )
KANSAS CITY POWER AND )
LIGHT COMPANY, *et al.* )
    )    <u>Division No</u>. 7 (Judge Hauber)
    )
    *Defendants*. )

## SUBPOENA TO TAKE DEPOSITION DUCES TECUM
## WITH INCORPORATED DEPOSITION NOTICE

TO:    RUSTY HUNSAKER
        **1415 South Robinson Drive**
        **Olathe, KS 66061**
        CITY OF OLATHE,
        (with document requests – additional notice)

**YOU ARE COMMANDED** to appear for your video-taped deposition concerning treatment provided at the date, time, and location on the attached deposition notice *duces tecum* before an officer authorized to administer oaths in Kansas/Missouri affiliated with Sommers Reporting Company, 8700 Monrovia, Suite # 310, Lenexa, KS 66215, and the videographer will likely be Wayne Greenlaw or another designated videographer employed from Legal Video Productions, 500 N.W. 301st Street, Warrensburg, MO 64093, (660) 429-1156.

TIME/DATE:    **1:30 p.m., Monday, August 27, 2018**

PLACE:    **DEVKOTA LAW FIRM, L.L.C.**
        **4010 Washington, Suite # 350**
        **Kansas City, MO 64111**

(SEAL)        Clerk of the District Court

Dated:_____    BY:  /s/ MELISSA MERCER
                     Dated: 08/17/18

1    *Clerk of the District Court, Johnson County Kansas*
                         *08/17/18  03:27pm MM*

Respectfully Submitted,
DEVKOTA LAW FIRM, L.L.C.

*/s/ Tarak A. Devkota*
Tarak A. Devkota,       KS # 19767
Lynn Weddle Judkins,  KS # 20003
4010 Washington Street, Suite # 350
Kansas City, Missouri 64111
(816) 842-9100 * (816) 817-1080 - FAX
attyjudkins@gmail.com
**ATTORNEYS FOR PLAINTIFFS**

*Clerk of the District Court, Johnson County Kansas*
*08/17/18  03:27pm MM*

IN THE DISTRICT COURT OF JOHNSON COUNTY, KANSAS
CIVIL COURT DEPARTMENT

CARLOS SANCHEZ-DIAZ
                          Plaintiff                      Case No: 17CV04848
          vs                                            Division:   7
                                                        K.S.A. Chapter 60
KANSAS CITY POWER AND LIGHT COMPANY
                          Defendant

REQUEST AND SERVICE INSTRUCTION FORM

To:  Clerk of the District Court:

Please issue a(n) SUBPOENA in this action for RUSTY  HUNSAKER whose address for service is:

          1415 SOUTH ROBINSON DRIVE
          OLATHE, KS 66061

Service by an authorized process server.

PRIVATE PROCESS SERVER

                          By: /s/ TARAK ALEXANDER DEVKOTA
                          TARAK ALEXANDER DEVKOTA, #19767
                          4010 WASHINGTON SUITE 350
                          KANSAS CITY, MO 64111
                          816-842-9100

17CV04848
Div7

IN THE DISTRICT COURT OF JOHNSON COUNTY, KANSAS
CIVIL DEPARTMENT
(Pursuant to K.S.A. Chapter 60)

| | | |
|---|---|---|
| CARLOS SANCHEZ DIAZ, and | ) | |
| | ) | |
| JEAN  CHAVEZ (GUZMAN) SANCHEZ, | ) | |
| | ) | |
| and ADAN GUZMAN, | ) | |
| | ) | |
| *Plaintiffs,* | ) | |
| | ) | |
| v. | ) | <u>Case No.</u>      17CV04848 |
| | ) | |
| KANSAS CITY POWER AND | ) | |
| LIGHT COMPANY, *et al.* | ) | |
| | ) | <u>Division No.</u> 7 (Judge Hauber) |
| | ) | |
| *Defendants.* | ) | |

## SUBPOENA TO TAKE DEPOSITION WITH
## INCORPORATED DEPOSITION NOTICE

TO:  Douglas Burton, M.D.
University of Kansas Hospital
University of Kansas Physicians – Orthopedic Surgery
3901 Rainbow Boulevard
Kansas City, KS 66160

**YOU ARE COMMANDED** to appear for your video-taped deposition concerning treatment provided at the date, time, and location on the attached deposition notice before an officer authorized to administer oaths in Kansas/Missouri affiliated with Sommers Reporting Company, 8700 Monrovia, Suite # 310, Lenexa, KS 66215, and the videographer will likely be Wayne Greenlaw or another designated videographer employed from Legal Video Productions, 500 N.W. 301st Street, Warrensburg, MO 64093, (660) 429-1156.

**TIME/DATE:**      **3:00 p.m., Monday, August 27, 2018**

**PLACE:**      **DEVKOTA LAW FIRM, L.L.C.**
**4010 Washington, Suite # 350**
**Kansas City, MO 64111**

(SEAL)                              Clerk of the District Court

Dated: _____       BY: _____
                                 /s/ IMELDA MARTINEZ
                                 Dated: 08/17/18

1                              *Clerk of the District Court, Johnson County Kansas*
                                *08/17/18  03:30pm IM*

Respectfully Submitted,
DEVKOTA LAW FIRM, L.L.C.

/s/ Tarak A. Devkota
Tarak A. Devkota,       KS # 19767
Lynn Weddle Judkins,  KS # 20003
4010 Washington Street, Suite # 350
Kansas City, Missouri 64111
(816) 842-9100 * (816) 817-1080 - FAX
attyjudkins@gmail.com
**ATTORNEYS FOR PLAINTIFFS**

*Clerk of the District Court, Johnson County Kansas*
*08/17/18  03:30pm IM*

17CV04848
Div7

**IN THE DISTRICT COURT OF JOHNSON COUNTY, KANSAS**
**CIVIL DEPARTMENT**
(Pursuant to K.S.A. Chapter 60)

| | |
|---|---|
| CARLOS SANCHEZ DIAZ, and | ) |
| | ) |
| JEAN  CHAVEZ (GUZMAN) SANCHEZ, | ) |
| | ) |
| and ADAN GUZMAN, | ) |
| | ) |
| *Plaintiffs,* | ) |
| | ) |
| v. | ) Case No.    17CV04848 |
| | ) |
| KANSAS CITY POWER AND | ) |
| LIGHT COMPANY, *et al.* | ) |
| | ) Division No. 7 (Judge Hauber) |
| | ) |
| *Defendants.* | ) |

**SUBPOENA TO TAKE DEPOSITION WITH**
**INCORPORATED DEPOSITION NOTICE**

TO:    Douglas Burton, M.D.
University of Kansas Hospital
University of Kansas Physicians – Orthopedic Surgery
3901 Rainbow Boulevard
Kansas City, KS 66160

**YOU ARE COMMANDED** to appear for your video-taped deposition concerning treatment provided at the date, time, and location on the attached deposition notice before an officer authorized to administer oaths in Kansas/Missouri affiliated with Sommers Reporting Company, 8700 Monrovia, Suite # 310, Lenexa, KS 66215, and the videographer will likely be Wayne Greenlaw or another designated videographer employed from Legal Video Productions, 500 N.W. 301st Street, Warrensburg, MO 64093, (660) 429-1156.

TIME/DATE:    **3:00 p.m., Monday, August 27, 2018**

PLACE:    **DEVKOTA LAW FIRM, L.L.C.**
**4010 Washington, Suite # 350**
**Kansas City, MO 64111**

(SEAL)                                        Clerk of the District Court

Dated:_____    BY:_____
                                                        /s/ IMELDA MARTINEZ
                                                        Dated: 08/17/18

1                    *Clerk of the District Court, Johnson County Kansas*
                              *08/17/18  03:30pm IM*

Respectfully Submitted,
DEVKOTA LAW FIRM, L.L.C.

*/s/ Tarak A. Devkota*
Tarak A. Devkota,      KS # 19767
Lynn Weddle Judkins,  KS # 20003
4010 Washington Street, Suite # 350
Kansas City, Missouri 64111
(816) 842-9100 * (816) 817-1080 - FAX
attyjudkins@gmail.com
**ATTORNEYS FOR PLAINTIFFS**

2

IN THE DISTRICT COURT OF JOHNSON COUNTY, KANSAS
CIVIL COURT DEPARTMENT


CARLOS SANCHEZ-DIAZ
                         Plaintiff                    Case No: 17CV04848
            vs                                        Division:   7
                                                      K.S.A. Chapter 60
KANSAS CITY POWER AND LIGHT COMPANY
                         Defendant


REQUEST AND SERVICE INSTRUCTION FORM


To:  Clerk of the District Court:


Please issue a(n) SUBPOENA in this action for DOUGLAS  BURTON, M.D whose address for service
is:

        3901 RAINBOW BOULEVARD
        KANSAS CITY, KS 66160


Service by an authorized process server.


PRIVATE PROCESS SERVER


                        By: /s/ TARAK ALEXANDER DEVKOTA
                        TARAK ALEXANDER DEVKOTA, #19767
                        4010 WASHINGTON SUITE 350
                        KANSAS CITY, MO 64111
                        816-842-9100

17CV04848
Div7

**IN THE DISTRICT COURT OF JOHNSON COUNTY, KANSAS**
**CIVIL DEPARTMENT**
(Pursuant to K.S.A. Chapter 60)

CARLOS SANCHEZ DIAZ, and )
 )
JEAN  CHAVEZ (GUZMAN) SANCHEZ, )
 )
and ADAN GUZMAN, )
 )
 *Plaintiffs,* )
 )
v. ) Case No. 17CV04848
 )
KANSAS CITY POWER AND )
LIGHT COMPANY,  *et al.* )
 ) Division No. 7 (Judge Hauber)
 )
 *Defendants.* )

## SUBPOENA TO TAKE DEPOSITION WITH
## INCORPORATED DEPOSITION NOTICE

TO: Kelly Stumpff, M.D.
 University of Kansas Hospital
 University of Kansas Physicians – Emergency Room
 3901 Rainbow Boulevard
 Kansas City, KS 66160

**YOU ARE COMMANDED** to appear for your video-taped deposition concerning treatment provided at the date, time, and location on the attached deposition notice before an officer authorized to administer oaths in Kansas/Missouri affiliated with Sommers Reporting Company, 8700 Monrovia, Suite # 310, Lenexa, KS 66215, and the videographer will likely be Wayne Greenlaw or another designated videographer employed from Legal Video Productions, 500 N.W. 301st Street, Warrensburg, MO 64093, (660) 429-1156.

  **TIME/DATE:**  **3:30 p.m., Monday, August 27, 2018**

  **PLACE:**  **DEVKOTA LAW FIRM, L.L.C.**
       **4010 Washington, Suite # 350**
       **Kansas City, MO 64111**

  (SEAL)       Clerk of the District Court

            /s/ IMELDA MARTINEZ
            Dated: 08/17/18
Dated:_____  BY:_____
         1  *Clerk of the District Court, Johnson County Kansas*
            *08/17/18  03:32pm IM*

Respectfully Submitted,
DEVKOTA LAW FIRM, L.L.C.

*/s/ Tarak A. Devkota*
Tarak A. Devkota,        KS # 19767
Lynn Weddle Judkins,  KS # 20003
4010 Washington Street, Suite # 350
Kansas City, Missouri 64111
(816) 842-9100 * (816) 817-1080 - FAX
attyjudkins@gmail.com
**ATTORNEYS FOR PLAINTIFFS**

IN THE DISTRICT COURT OF JOHNSON COUNTY, KANSAS
CIVIL COURT DEPARTMENT

CARLOS SANCHEZ-DIAZ
                              Plaintiff

        vs

KANSAS CITY POWER AND LIGHT COMPANY
                              Defendant

Case No: 17CV04848
Division:   7
K.S.A. Chapter 60

REQUEST AND SERVICE INSTRUCTION FORM

To:  Clerk of the District Court:

Please issue a(n) SUBPOENA in this action for KELLY  STUMPFF, M.D. whose address for service is:

        3901 RAINBOW BOULEVARD
        KANSAS CITY, KS 66160

Service by an authorized process server.

PRIVATE PROCESS SERVER

                    By: /s/ TARAK ALEXANDER DEVKOTA
                    TARAK ALEXANDER DEVKOTA, #19767
                    4010 WASHINGTON SUITE 350
                    KANSAS CITY, MO 64111
                    816-842-9100

*Clerk of the District Court, Johnson County Kansas*
*08/17/18  03:32pm IM*

17CV04848
Div7

**IN THE DISTRICT COURT OF JOHNSON COUNTY, KANSAS**
**CIVIL DEPARTMENT**
(Pursuant to K.S.A. Chapter 60)

CARLOS SANCHEZ DIAZ, and )
)
JEAN  CHAVEZ (GUZMAN) SANCHEZ, )
)
and ADAN GUZMAN, )
)
     *Plaintiffs,* )
)
v. )   <u>Case No.</u>   17CV04848
)
KANSAS CITY POWER AND )
LIGHT COMPANY, *et al.* )
)   <u>Division No.</u> 7 (Judge Hauber)
)
     *Defendants.* )

## SUBPOENA TO TAKE DEPOSITION WITH
## INCORPORATED DEPOSITION NOTICE

TO:   Kenneth Pringle, PT
      University of Kansas Hospital - PT
      University of Kansas Physicians – Orthopedics and Sports Medicine
      3901 Rainbow Boulevard
      Kansas City, KS 66160

**YOU ARE COMMANDED** to appear for your video-taped deposition concerning treatment provided at the date, time, and location on the attached deposition notice before an officer authorized to administer oaths in Kansas/Missouri affiliated with Sommers Reporting Company, 8700 Monrovia, Suite # 310, Lenexa, KS 66215, and the videographer will likely be Wayne Greenlaw or another designated videographer employed from Legal Video Productions, 500 N.W. 301st Street, Warrensburg, MO 64093, (660) 429-1156.

     **TIME/DATE:**     **6:00 p.m., Monday, August 27, 2018**

     **PLACE:**         **DEVKOTA LAW FIRM, L.L.C.**
                     **4010 Washington, Suite # 350**
                     **Kansas City, MO 64111**

     (SEAL)                       Clerk of the District Court

Dated:_____     BY:     **/s/ IMELDA MARTINEZ**
                                 Dated: 08/17/18

1     *Clerk of the District Court, Johnson County Kansas*
                       *08/17/18  03:34pm IM*

Respectfully Submitted,
DEVKOTA LAW FIRM, L.L.C.

*/s/ Tarak A. Devkota*
Tarak A. Devkota,      KS # 19767
Lynn Weddle Judkins,  KS # 20003
4010 Washington Street, Suite # 350
Kansas City, Missouri 64111
(816) 842-9100 * (816) 817-1080 - FAX
attyjudkins@gmail.com
**ATTORNEYS FOR PLAINTIFFS**

*Clerk of the District Court, Johnson County Kansas*
*08/17/18  03:34pm IM*

IN THE DISTRICT COURT OF JOHNSON COUNTY, KANSAS
CIVIL COURT DEPARTMENT


CARLOS SANCHEZ-DIAZ
                          Plaintiff                           Case No: 17CV04848

        vs                                                   Division:   7

KANSAS CITY POWER AND LIGHT COMPANY         K.S.A. Chapter 60
                        Defendant


REQUEST AND SERVICE INSTRUCTION FORM


To:  Clerk of the District Court:


Please issue a(n) SUBPOENA in this action for KENNETH PRINGLE, PT whose address for service is:

     3901 RAINBOW BOULEVARD
     KANSAS CITY, KS 66160


Service by an authorized process server.


PRIVATE PROCESS SERVER


                             By: /s/ TARAK ALEXANDER DEVKOTA
                             TARAK ALEXANDER DEVKOTA, #19767
                             4010 WASHINGTON SUITE 350
                             KANSAS CITY, MO 64111
                             816-842-9100

17CV04848
Div7

**IN THE DISTRICT COURT OF JOHNSON COUNTY, KANSAS**
**CIVIL DEPARTMENT**
(Pursuant to K.S.A. Chapter 60)

CARLOS SANCHEZ DIAZ, and            )
                                    )
JEAN  CHAVEZ (GUZMAN) SANCHEZ,      )
                                    )
and ADAN GUZMAN,                    )
                                    )
    *Plaintiffs*,                   )
                                    )
v.                                  )   <u>Case No</u>.      17CV04848
                                    )
KANSAS CITY POWER AND               )
LIGHT COMPANY, *et al.*             )
                                    )   <u>Division No</u>. 7 (Judge Hauber)
                                    )
    *Defendants*.                   )

## SUBPOENA TO TAKE DEPOSITION WITH
## INCORPORATED DEPOSITION NOTICE

TO:   Daylin Rodriguez
     **PENUEL COUNSELING, LLC**
     **150 E. Kansas Ave.**
     **Independence, Missouri 64050**

**YOU ARE COMMANDED** to appear for your video-taped deposition concerning treatment provided at the date, time, and location on the attached deposition notice before an officer authorized to administer oaths in Kansas/Missouri affiliated with Sommers Reporting Company, 8700 Monrovia, Suite # 310, Lenexa, KS 66215, and the videographer will likely be Wayne Greenlaw or another designated videographer employed from Legal Video Productions, 500 N.W. 301st Street, Warrensburg, MO 64093, (660) 429-1156.

TIME/DATE:     **6:30 p.m., Monday, August 27, 2018**

PLACE:         **DEVKOTA LAW FIRM, L.L.C.**
               **4010 Washington, Suite # 350**
               **Kansas City, MO 64111**

(SEAL)                    Clerk of the District Court

Dated:_____    BY:   /s/ IMELDA MARTINEZ
                            Dated: 08/17/18

1       *Clerk of the District Court, Johnson County Kansas*
                    *08/17/18  03:37pm IM*

Respectfully Submitted,
DEVKOTA LAW FIRM, L.L.C.

*/s/ Tarak A. Devkota* _____
Tarak A. Devkota,      KS # 19767
Lynn Weddle Judkins,  KS # 20003
4010 Washington Street, Suite # 350
Kansas City, Missouri 64111
(816) 842-9100 * (816) 817-1080 - FAX
attyjudkins@gmail.com
**ATTORNEYS FOR PLAINTIFFS**

*Clerk of the District Court, Johnson County Kansas*
*08/17/18  03:37pm IM*

IN THE DISTRICT COURT OF JOHNSON COUNTY, KANSAS
CIVIL COURT DEPARTMENT

CARLOS SANCHEZ-DIAZ
                 Plaintiff                   Case No: 17CV04848
      vs                               Division:  7
                                      K.S.A. Chapter 60

KANSAS CITY POWER AND LIGHT COMPANY
                 Defendant

REQUEST AND SERVICE INSTRUCTION FORM

To:  Clerk of the District Court:

Please issue a(n) SUBPOENA in this action for DAYLIN  RODRIGUEZ whose address for service is:

     150 E. KANSAS AVE.
     INDEPENDENCE, MO 64050

Service by an authorized process server.

PRIVATE PROCESS SERVER

                      By: /s/ TARAK ALEXANDER DEVKOTA
                      TARAK ALEXANDER DEVKOTA, #19767
                      4010 WASHINGTON SUITE 350
                      KANSAS CITY, MO 64111
                      816-842-9100

*Clerk of the District Court, Johnson County Kansas*
*08/17/18  03:37pm IM*

17CV04848
Div7

**IN THE DISTRICT COURT OF JOHNSON COUNTY, KANSAS**
**CIVIL DEPARTMENT**
(Pursuant to K.S.A. Chapter 60)

| | |
|---|---|
| CARLOS SANCHEZ DIAZ, and | ) |
| | ) |
| JEAN  CHAVEZ (GUZMAN) SANCHEZ, | ) |
| | ) |
| and ADAN GUZMAN, | ) |
| | ) |
| *Plaintiffs,* | ) |
| | ) |
| v. | ) |
| | ) |
| KANSAS CITY POWER AND | ) |
| LIGHT COMPANY, *et al.* | ) |
| | ) |
| | ) |
| *Defendants.* | ) |

Case No.    17CV04848

Division No. 7 (Judge Hauber)

**SUBPOENA TO TAKE DEPOSITION WITH**
**INCORPORATED DEPOSITION NOTICE**

TO:   Jennifer H. Reintjes, M.D.
      CHILDREN'S MERCY HOSPITALS AND CLINICS
      Pediatric Care Clinic – Yellow
      2401 Gillham Rd.
      Kansas City, MO 64108

**YOU ARE COMMANDED** to appear for your video-taped deposition concerning treatment provided at the date, time, and location on the attached deposition notice before an officer authorized to administer oaths in Kansas/Missouri affiliated with Sommers Reporting Company, 8700 Monrovia, Suite # 310, Lenexa, KS 66215, and the videographer will likely be Wayne Greenlaw or another designated videographer employed from Legal Video Productions, 500 N.W. 301st Street, Warrensburg, MO 64093, (660) 429-1156.

TIME/DATE:        **12:30 a.m., Monday, August 27, 2018**

PLACE:            **DEVKOTA LAW FIRM, L.L.C.**
                  **4010 Washington, Suite # 350**
                  **Kansas City, MO 64111**

(SEAL)                          Clerk of the District Court

Dated:_____    BY:  /s/ IMELDA MARTINEZ
                              Dated: 08/17/18  _____

1                   *Clerk of the District Court, Johnson County Kansas*
                    *08/17/18  03:39pm IM*

Respectfully Submitted,
DEVKOTA LAW FIRM, L.L.C.

*/s/ Tarak A. Devkota*
Tarak A. Devkota,       KS # 19767
Lynn Weddle Judkins,  KS # 20003
4010 Washington Street, Suite # 350
Kansas City, Missouri 64111
(816) 842-9100 * (816) 817-1080 - FAX
attyjudkins@gmail.com
**ATTORNEYS FOR PLAINTIFFS**

IN THE DISTRICT COURT OF JOHNSON COUNTY, KANSAS
CIVIL COURT DEPARTMENT

CARLOS SANCHEZ-DIAZ
                          Plaintiff

            vs

KANSAS CITY POWER AND LIGHT COMPANY
                          Defendant

Case No: 17CV04848
Division:   7
K.S.A. Chapter 60

REQUEST AND SERVICE INSTRUCTION FORM

To:  Clerk of the District Court:

Please issue a(n) SUBPOENA in this action for JENNIFER  REINTJES, M.D. whose address for service is:

        2401 GILLHAM RD.
        KANSAS CITY, MO 64108

Service by an authorized process server.

PRIVATE PROCESS SERVER

                          By: /s/ TARAK ALEXANDER DEVKOTA
                          TARAK ALEXANDER DEVKOTA, #19767
                          4010 WASHINGTON SUITE 350
                          KANSAS CITY, MO 64111
                          816-842-9100

*Clerk of the District Court, Johnson County Kansas*
*08/17/18  03:39pm IM*

17CV04848
Div7

**IN THE DISTRICT COURT OF JOHNSON COUNTY, KANSAS**
**CIVIL DEPARTMENT**
(Pursuant to K.S.A. Chapter 60)

CARLOS SANCHEZ DIAZ, and )
)
JEAN  CHAVEZ (GUZMAN) SANCHEZ, )
)
and ADAN GUZMAN, )
)
    *Plaintiffs,* )
)
v. )    <u>Case No</u>.    17CV04848
)
KANSAS CITY POWER AND )
LIGHT COMPANY, *et al.* )
)    <u>Division No</u>. 7 (Judge Hauber)
)
    *Defendants.* )

**SUBPOENA TO TAKE DEPOSITION WITH**
<u>**INCORPORATED DEPOSITION NOTICE**</u>

TO:    Christina Twardowski, D.O.
    CHILDREN'S MERCY HOSPITALS AND CLINICS
    Pediatric Optometry
    2401 Gillham Rd
    Kansas City, MO 64108

    **YOU ARE COMMANDED** to appear for your video-taped deposition concerning treatment provided at the date, time, and location on the attached deposition notice before an officer authorized to administer oaths in Kansas/Missouri affiliated with Sommers Reporting Company, 8700 Monrovia, Suite # 310, Lenexa, KS 66215, and the videographer will likely be Wayne Greenlaw or another designated videographer employed from Legal Video Productions, 500 N.W. 301st Street, Warrensburg, MO 64093, (660) 429-1156.

**TIME/DATE:**    **9:00 a.m., Monday, August 27, 2018**

**PLACE:**    **DEVKOTA LAW FIRM, L.L.C.**
            **4010 Washington, Suite # 350**
            **Kansas City, MO 64111**

(SEAL)                Clerk of the District Court

Dated:_____    BY: /s/ IMELDA MARTINEZ
                            Dated: 08/17/18

1        *Clerk of the District Court, Johnson County Kansas*
                    *08/17/18  03:42pm IM*

Respectfully Submitted,
DEVKOTA LAW FIRM, L.L.C.

/s/ Tarak A. Devkota
Tarak A. Devkota,      KS # 19767
Lynn Weddle Judkins,  KS # 20003
4010 Washington Street, Suite # 350
Kansas City, Missouri 64111
(816) 842-9100 * (816) 817-1080 - FAX
attyjudkins@gmail.com
**ATTORNEYS FOR PLAINTIFFS**

IN THE DISTRICT COURT OF JOHNSON COUNTY, KANSAS
CIVIL COURT DEPARTMENT

CARLOS SANCHEZ-DIAZ
                              Plaintiff                    Case No: 17CV04848
              vs                                          Division:   7
                                                          K.S.A. Chapter 60
KANSAS CITY POWER AND LIGHT COMPANY
                              Defendant

REQUEST AND SERVICE INSTRUCTION FORM

To:  Clerk of the District Court:

Please issue a(n) SUBPOENA in this action for CHRISTINA  TWARDOWSKI, D.O. whose address for
service is:

        2401 GILLHAM RD
        KANSAS CITY, MO 64108

Service by an authorized process server.

PRIVATE PROCESS SERVER

                              By: /s/ TARAK ALEXANDER DEVKOTA
                              TARAK ALEXANDER DEVKOTA, #19767
                              4010 WASHINGTON SUITE 350
                              KANSAS CITY, MO 64111
                              816-842-9100

17CV04848
Div7

**IN THE DISTRICT COURT OF JOHNSON COUNTY, KANSAS**
**CIVIL DEPARTMENT**
(Pursuant to K.S.A. Chapter 60)

CARLOS SANCHEZ DIAZ, and )
)
JEAN  CHAVEZ (GUZMAN) SANCHEZ, )
)
and ADAN GUZMAN, )
)
    *Plaintiffs,* )
)
v. )    <u>Case No</u>.    17CV04848
)
KANSAS CITY POWER AND )
LIGHT COMPANY, *et al.* )
)    <u>Division No</u>. 7 (Judge Hauber)
)
    *Defendants.* )

## SUBPOENA TO TAKE DEPOSITION WITH
## INCORPORATED DEPOSITION NOTICE

TO:    Kathi Glauner, M.D.
        **University of Kansas Hospital – Emergency Room**
        **University of Kansas Physicians**
        **University of Kansas Medical Center**
        **Department of Emergency Medicine**
        **3901 Rainbow Boulevard**
        **Kansas City, KS 66160**

      **YOU ARE COMMANDED** to appear for your video-taped deposition concerning treatment provided at the date, time, and location on the attached deposition notice before an officer authorized to administer oaths in Kansas/Missouri affiliated with Sommers Reporting Company, 8700 Monrovia, Suite # 310, Lenexa, KS 66215, and the videographer will likely be Wayne Greenlaw or another designated videographer employed from Legal Video Productions, 500 N.W. 301st Street, Warrensburg, MO 64093, (660) 429-1156.

      **TIME/DATE:**    **10:00 a.m., Monday, August 27, 2018**

      **PLACE:**       **DEVKOTA LAW FIRM, L.L.C.**
                      **4010 Washington, Suite # 350**
                      **Kansas City, MO 64111**

      (SEAL)                 Clerk of the District Court

Dated:_____    BY:  **/s/ IMELDA MARTINEZ**
                                     **Dated: 08/17/18**

1      *Clerk of the District Court, Johnson County Kansas*
                               *08/17/18  03:44pm IM*

Respectfully Submitted,
DEVKOTA LAW FIRM, L.L.C.

*/s/ Tarak A. Devkota*
Tarak A. Devkota,      KS # 19767
Lynn Weddle Judkins,  KS # 20003
4010 Washington Street, Suite # 350
Kansas City, Missouri 64111
(816) 842-9100 * (816) 817-1080 - FAX
attyjudkins@gmail.com
**ATTORNEYS FOR PLAINTIFFS**

*Clerk of the District Court, Johnson County Kansas*
*08/17/18  03:44pm IM*

IN THE DISTRICT COURT OF JOHNSON COUNTY, KANSAS
CIVIL COURT DEPARTMENT


CARLOS SANCHEZ-DIAZ
                        Plaintiff                    Case No: 17CV04848
        vs                                           Division:   7
                                                     K.S.A. Chapter 60
KANSAS CITY POWER AND LIGHT COMPANY
                        Defendant


REQUEST AND SERVICE INSTRUCTION FORM


To:  Clerk of the District Court:


Please issue a(n) SUBPOENA in this action for KATHI  GLAUNER, M.D. whose address for service
is:

        3901 RAINBOW BOULEVARD
        KANSAS CITY, KS 66160


Service by an authorized process server.


PRIVATE PROCESS SERVER


                        By: /s/ TARAK ALEXANDER DEVKOTA
                        TARAK ALEXANDER DEVKOTA, #19767
                        4010 WASHINGTON SUITE 350
                        KANSAS CITY, MO 64111
                        816-842-9100

17CV04848
Div7

## IN THE DISTRICT COURT OF JOHNSON COUNTY, KANSAS
### CIVIL DEPARTMENT
(Pursuant to K.S.A. Chapter 60)

|  |  |  |  |
|---|---|---|---|
| CARLOS SANCHEZ DIAZ, and | ) | | |
| | ) | | |
| JEAN  CHAVEZ (GUZMAN) SANCHEZ, | ) | | |
| | ) | | |
| and ADAN GUZMAN, | ) | | |
| | ) | | |
| *Plaintiffs,* | ) | | |
| | ) | | |
| v. | ) | Case No.   17CV04848 | |
| | ) | | |
| KANSAS CITY POWER AND | ) | | |
| LIGHT COMPANY, *et al.* | ) | | |
| | ) | Division No. 7 (Judge Hauber) | |
| | ) | | |
| *Defendants.* | ) | | |

## SUBPOENA TO TAKE DEPOSITION WITH
## INCORPORATED DEPOSITION NOTICE

TO:   Cynthia Obenhaus, RN
      University of Kansas Hospital
      KUPI Pediatrics-Clinic-MOB
      3901 Rainbow Boulevard
      Kansas City, KS 66160

**YOU ARE COMMANDED** to appear for your video-taped deposition concerning treatment provided at the date, time, and location on the attached deposition notice before an officer authorized to administer oaths in Kansas/Missouri affiliated with Sommers Reporting Company, 8700 Monrovia, Suite # 310, Lenexa, KS 66215, and the videographer will likely be Wayne Greenlaw or another designated videographer employed from Legal Video Productions, 500 N.W. 301st Street, Warrensburg, MO 64093, (660) 429-1156.

**TIME/DATE:**   **9:30 a.m., Monday, August 27, 2018**

**PLACE:**   **DEVKOTA LAW FIRM, L.L.C.**
             **4010 Washington, Suite # 350**
             **Kansas City, MO 64111**

(SEAL)                            Clerk of the District Court

Dated:_____   BY:___ /s/ IMELDA MARTINEZ
                                     Dated: 08/17/18_____

*Clerk of the District Court, Johnson County Kansas*
*08/17/18  03:45pm IM*

Respectfully Submitted,


Respectfully Submitted,
DEVKOTA LAW FIRM, L.L.C.

*/s/ Tarak A. Devkota*
Tarak A. Devkota,        KS # 19767
Lynn Weddle Judkins,  KS # 20003
4010 Washington Street, Suite # 350
Kansas City, Missouri 64111
(816) 842-9100 * (816) 817-1080 - FAX
attyjudkins@gmail.com
**ATTORNEYS FOR PLAINTIFFS**

IN THE DISTRICT COURT OF JOHNSON COUNTY, KANSAS
CIVIL COURT DEPARTMENT

CARLOS SANCHEZ-DIAZ
                Plaintiff

      vs

KANSAS CITY POWER AND LIGHT COMPANY
      Defendant

Case No: 17CV04848
Division:  7
K.S.A. Chapter 60

REQUEST AND SERVICE INSTRUCTION FORM

To:  Clerk of the District Court:

Please issue a(n) SUBPOENA in this action for CYNTHIA  OBENHAUS, RN whose address for service is:

      3901 RAINBOW BOULEVARD
      KANSAS CITY, KS 66160

Service by an authorized process server.

PRIVATE PROCESS SERVER

                By: /s/ TARAK ALEXANDER DEVKOTA
                TARAK ALEXANDER DEVKOTA, #19767
                4010 WASHINGTON SUITE 350
                KANSAS CITY, MO 64111
                816-842-9100

17CV04848
Div7

**IN THE DISTRICT COURT OF JOHNSON COUNTY, KANSAS**
**CIVIL DEPARTMENT**
(Pursuant to K.S.A. Chapter 60)

CARLOS SANCHEZ DIAZ, and            )
                                    )
JEAN  CHAVEZ (GUZMAN) SANCHEZ,      )
                                    )
and ADAN GUZMAN,                    )
                                    )
   *Plaintiffs,*                    )
                                    )
v.                                  )        Case No.      17CV04848
                                    )
KANSAS CITY POWER AND               )
LIGHT COMPANY,  *et al.*            )
                                    )        Division No. 7 (Judge Hauber)
                                    )
   *Defendants.*                    )

**SUBPOENA TO TAKE DEPOSITION WITH**
**INCORPORATED DEPOSITION NOTICE**

TO:   Kenyatta Harden
      2212 Cleveland Avenue
      Kansas City, MO 64127

   **YOU ARE COMMANDED** to appear for your video-taped deposition concerning treatment provided at the date, time, and location on the attached deposition notice before an officer authorized to administer oaths in Kansas/Missouri affiliated with Sommers Reporting Company, 8700 Monrovia, Suite # 310, Lenexa, KS 66215, and the videographer will likely be Wayne Greenlaw or another designated videographer employed from Legal Video Productions, 500 N.W. 301st Street, Warrensburg, MO 64093, (660) 429-1156.

**TIME/DATE:**       **7:30 p.m., Monday, August 27, 2018**

**PLACE:**           **DEVKOTA LAW FIRM, L.L.C.**
                     **4010 Washington, Suite # 350**
                     **Kansas City, MO 64111**

(SEAL)                              Clerk of the District Court

Dated:_____    BY:_____
                                  /s/ IMELDA MARTINEZ
                                  Dated: 08/17/18

                                                   1          *Clerk of the District Court, Johnson County Kansas*
                                                              *08/17/18  03:51pm IM*

Respectfully Submitted,
DEVKOTA LAW FIRM, L.L.C.

*/s/ Tarak A. Devkota*
Tarak A. Devkota,      KS # 19767
Lynn Weddle Judkins,  KS # 20003
4010 Washington Street, Suite # 350
Kansas City, Missouri 64111
(816) 842-9100 * (816) 817-1080 - FAX
attyjudkins@gmail.com
**ATTORNEYS FOR PLAINTIFFS**

IN THE DISTRICT COURT OF JOHNSON COUNTY, KANSAS
CIVIL COURT DEPARTMENT

CARLOS SANCHEZ-DIAZ
                         Plaintiff                    Case No: 17CV04848
        vs                                            Division:   7
                                                      K.S.A. Chapter 60
KANSAS CITY POWER AND LIGHT COMPANY
                         Defendant


REQUEST AND SERVICE INSTRUCTION FORM


To:  Clerk of the District Court:


Please issue a(n) SUBPOENA in this action for KENYATTA  HARDEN whose address for service is:

        2212 CLEVELAND AVENUE
        KANSAS CITY, MO 64127


Service by an authorized process server.


PRIVATE PROCESS SERVER


                              By: /s/ TARAK ALEXANDER DEVKOTA
                              TARAK ALEXANDER DEVKOTA, #19767
                              4010 WASHINGTON SUITE 350
                              KANSAS CITY, MO 64111
                              816-842-9100


*Clerk of the District Court, Johnson County Kansas*
*08/17/18  03:51pm IM*

17CV04848
Div7

**IN THE DISTRICT COURT OF JOHNSON COUNTY, KANSAS**
**CIVIL DEPARTMENT**
(Pursuant to K.S.A. Chapter 60)

| | | |
|---|---|---|
| CARLOS SANCHEZ DIAZ, and | ) | |
| | ) | |
| JEAN  CHAVEZ (GUZMAN) SANCHEZ, | ) | |
| | ) | |
| and ADAN GUZMAN, | ) | |
| | ) | |
| *Plaintiffs,* | ) | |
| | ) | |
| v. | ) | Case No.   17CV04848 |
| | ) | |
| KANSAS CITY POWER AND | ) | |
| LIGHT COMPANY, *et al.* | ) | |
| | ) | Division No. 7 (Judge Hauber) |
| | ) | |
| *Defendants.* | ) | |

## SUBPOENA TO TAKE DEPOSITION WITH
## INCORPORATED DEPOSITION NOTICE

TO:   Jacqueline Franklin
3121 Spruce Ave.
Kansas City, Mo 64128-1762

**YOU ARE COMMANDED** to appear for your video-taped deposition concerning treatment provided at the date, time, and location on the attached deposition notice before an officer authorized to administer oaths in Kansas/Missouri affiliated with Sommers Reporting Company, 8700 Monrovia, Suite # 310, Lenexa, KS 66215, and the videographer will likely be Wayne Greenlaw or another designated videographer employed from Legal Video Productions, 500 N.W. 301st Street, Warrensburg, MO 64093, (660) 429-1156.

TIME/DATE:      **7:00 p.m., Monday, August 27, 2018**

PLACE:          **DEVKOTA LAW FIRM, L.L.C.**
**4010 Washington, Suite # 350**
**Kansas City, MO 64111**

(SEAL)                              Clerk of the District Court

Dated:_____        BY:  **/s/ IMELDA MARTINEZ**
                                      Dated: 08/17/18_____

Respectfully Submitted,
DEVKOTA LAW FIRM, L.L.C.

*/s/ Tarak A. Devkota*
Tarak A. Devkota,      KS # 19767
Lynn Weddle Judkins,  KS # 20003
4010 Washington Street, Suite # 350
Kansas City, Missouri 64111
(816) 842-9100 * (816) 817-1080 - FAX
attyjudkins@gmail.com
**ATTORNEYS FOR PLAINTIFFS**

IN THE DISTRICT COURT OF JOHNSON COUNTY, KANSAS
CIVIL COURT DEPARTMENT

CARLOS SANCHEZ-DIAZ
                        Plaintiff

       vs

KANSAS CITY POWER AND LIGHT COMPANY
                        Defendant

Case No: 17CV04848
Division:  7
K.S.A. Chapter 60

REQUEST AND SERVICE INSTRUCTION FORM

To:  Clerk of the District Court:

Please issue a(n) SUBPOENA in this action for JACQUELINE  FRANKLIN whose address for service is:

     3121 SPRUCE AVE.
     KANSAS CITY, MO 64128-1762

Service by an authorized process server.

PRIVATE PROCESS SERVER

                    By: /s/ TARAK ALEXANDER DEVKOTA
                    TARAK ALEXANDER DEVKOTA, #19767
                    4010 WASHINGTON SUITE 350
                    KANSAS CITY, MO 64111
                    816-842-9100

17CV04848
Div7

## IN THE DISTRICT COURT OF JOHNSON COUNTY, KANSAS
## CIVIL COURT DEPARTMENT

| | | |
|---|---|---|
| CARLOS SANCHEZ DIAZ, | ) | |
| JEAN CHAVEZ (GUZMAN) SANCHEZ, | ) | |
| and ADAN GUZMAN, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Case No. 17CV04848 |
| | ) | Division:  7 |
| KANSAS CITY POWER & LIGHT | ) | K.S.A. Chapter 60 |
| COMPANY, et al., | ) | |
| | ) | |
| Defendants. | ) | |

### AMENDED NOTICE OF DEPOSITION DUCES TECUM

TO:   Plaintiffs and their Counsel of Record

PLEASE TAKE NOTICE that, pursuant to the Kansas Rule of Civil Procedure, K.S.A. §

60-230, Defendant Kansas City Power & Light Company will take the deposition of Plaintiff's

expert, Timothy M. Krehbiel, P.E., on the 29th day of August 2018, commencing at 8:30 a.m. at

Devkota Law Firm, L.L.C., 4010 Washington St., Suite 350, Kansas City, Missouri 64111.  Said

deposition will be recorded by stenographic means before a duly authorized court reporter, and

will be continued or adjourned until completed.  The deponent is requested to bring with him all

documents and materials relied upon in rendering his expert opinion, including the items

specifically listed on the attached Exhibit A.

Dated:  August 21, 2018

Respectfully submitted,

**BERKOWITZ OLIVER LLP**

*/s/ Nick J. Kurt*

Nick J. Kurt                           KS Bar No. 20225
Carson M. Hinderks            KS Bar No. 25079
2600 Grand Boulevard, Suite 1200
Kansas City, Missouri 64108
Telephone:  (816) 561-7007
Facsimile:  (816) 561-1888
Email         nkurt@berkowitzoliver.com
                   chinderks@berkowitzoliver.com

*Attorneys for Defendant Kansas City*
*Power & Light Company*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was served via e-mail this

21st day of August 2018, on the following:

Tarak Alexander Devkota
Lynn Weddle Judkins
DEVKOTA LAW FIRM, LLC
4010 Washington Street, Suite 350
Kansas City, Missouri 64111
Phone:         (816) 842-9100
Facsimile:    (816) 817-1080
litigation@devkotalawfirm.com
attyjudkins@gmail.com

*Attorneys for Plaintiff*

_/s/ Nick J. Kurt_
Attorney for Defendants

*Clerk of the District Court, Johnson County Kansas*
*08/21/18  04:30pm EG*

2

EXHIBIT A

1. A copy of your engagement letter and/or contract with Plaintiffs or their counsel (Devkota Law Firm) for your work in the above-captioned case.

2. Copies of any reports prepared by you with regard to your opinions in this case.

3. Copies of all writings authored or co-authored by you that pertain to any of your opinions in this case.

4. All notes, work papers, spreadsheets, analyses, or writings you personally wrote or prepared concerning the issues or subjects on which you have been asked to opine in this case.

5. Copies of all invoices, billings, time records, rendered or prepared by you or on your behalf in any way related to time spent on this case.

6. A list of all cases for which you have testified either at trial or deposition in the last 7 years.

7. The complete contents of your file kept, maintained, and possessed by you in and related to your engagement in this actions and your work in developing the opinions you propose to express in this case.

8. All documents of any type that you have reviewed or considered in arriving at your opinions in this case.

9. Any demonstrative charts, graphs, or exhibits you have prepared in connection with your work in this case.

10. Any communications with any person other than plaintiffs or their attorneys in relation to or in furtherance of your work in this case.

17CV04848
Div7

### IN THE DISTRICT COURT OF JOHNSON COUNTY, KANSAS
### CIVIL DEPARTMENT
(Pursuant to K.S.A. Chapter 60)

CARLOS SANCHEZ DIAZ, and )
)
JEAN  CHAVEZ (GUZMAN) SANCHEZ, )
)
and ADAN GUZMAN, )
)
    *Plaintiffs,* )
)
v. )    <u>Case No.</u>    17CV04848
)
KANSAS CITY POWER AND )
LIGHT COMPANY,  *and* )
)
JOHN DOE BUSINESS ENTITY A, )
OPERATIONS COMPANY, *and* )
)
JOHN DOE ENTITY B MAINTENANCE )    <u>Division No.</u> 7 (Judge Hauber)
COMPANY, )
)
    *Defendants.* )

### PLAINTIFFS' MOTION FOR CONTINUANCE OF TRIAL
### <u>SETTING AND MODIFICATION OF SCHEDULING ORDER</u>

COMES NOW Plaintiffs through their counsel request a continuance of the trial set for

December 3, 2018, and modification of the Scheduling Order. Plaintiffs outline the following in

support of their request:

### <u>FACTUAL OVERVIEW</u>

Carlos Sanchez Diaz and his Adan Guzman were traveling from a gym in Olathe, Kansas

to their home when a light pole spontaneously fell upon their car near Blackbob Road

approaching 131st Street in Olathe, Johnson County, Kansas.  A portion of this metal light pole

sliced through Mr. Sanchez Diaz's neck as it bounced off his hood and crashed into the roof and

windshield of his automobile. The car was smoking when emergency personnel arrived, and both Plaintiffs thought that they were going to die in this accident.

In addition to ongoing pain and medical treatment, these Plaintiffs developed significant psychological issues the nature and extent of which are just becoming fully known.  Additional medical diagnoses have surfaced post filing of the suit at hand.

Due to the party's injuries 6-10 emergency personnel were on scene and more than 20 medical personnel treated Plaintiffs' grave injuries. This complex case involves issues surrounding the installation, lack of maintenance, failure of a KCP&L light pole and engineering opinions concerning the same.  This is not a simple automobile tort.

MOTION AND SUPPORTING SUGGESTIONS

1.     Trial is set for December 3, 2018.

2.     Plaintiff has not submitted any prior request for continuance of trial nor has the Defendant. Both parties have been working diligently with a spirit of cooperation. It is Plaintiff's belief that both parties would benefit from this request without prejudice to either party.

3.     The parties have timely exchanged written discovery.

4.     Depositions notices have been timely filed by both parties yet they are voluminous.

5.     Plaintiff has complied with existing discovery deadlines despite both of Plaintiffs' counsel experiencing significant family issues during the previous 3 months, which have caused small delays and hindered optimal efficiency.  Plaintiff's counsel's mother faced a breast cancer scare within the past two months, which required several surgical procedures, as well as her father-in-law being hospitalized twice and currently under medical care for suggested liver

and/or pancreatic cancer. Additionally, co-counsel has had to travel out of state for his mother's surgeries during the same time period.

6.      Some delays have also occurred due to the additional diagnoses, including but not limit to Plaintiff Carlos Sanchez Diaz's recent medically diagnosed posttraumatic stress, while minor Plaintiff Adan Guzman has further developed anxiety, suicidal issues, and depression and is again under care for which his treatment remains. Such additional care, treatment, and records require additional time for preparation prior to trial.

## BRIEF ARGUMENT WITH SUPPORT

The Court enjoys broad discretion to allow additional time where necessary to complete such discovery in this case. *See generally*, K.S.A. § 60-206(b)(1)(B).

Plaintiffs have already named their witnesses and doctors in discovery.

These sheer numbers of witness(es) require additional time for review, preparation, and possible depositions in addition to those already planned. In addition, Plaintiffs have been diagnosed with additional medical and psychological issues and are undergoing treatment that requires time for records retrieval.

Plaintiffs file this motion more than 3.5 months prior to the trial and prior to the close of discovery. The additional time needed stems primarily from the additional diagnoses and the complexity derived from potential KC P&L engineering reports yet to be received by defendant for discovery has not closed but receipt is imminent. Plaintiffs' counsel both faced extremely difficult family hardships this summer, creating unforeseen delays. Plaintiffs do not make this request for additional time for any ill purpose or to unduly delay this trial. Defendant will receive a benefit from a continuance in this matter and shall not be prejudiced by the same.

## CONCLUSION

For these reasons and for good cause, Plaintiffs respectfully requests the additional time for discovery and continuance of the trial setting.

Respectfully Submitted,

DEVKOTA LAW FIRM, L.L.C.

*/s/ Tarak A. Devkota*
Tarak A. Devkota,     KS # 19767
Lynn Weddle Judkins,  KS # 20003
4010 Washington Street, Suite # 350
Kansas City, Missouri 64111
(816) 842-9100 * (816) 817-1080 - FAX
attyjudkins@gmail.com
**ATTORNEYS FOR PLAINTIFFS**

## CERTIFICATE OF ELECTRONIC SERVICE

The Devkota Law Firm, L.L.C. notes that it filed the above Plaintiffs' Motion for Additional Time and Continuance via the Court's JIMS Notice Network on August 23, 2018, which the Court should send and serve electronically to all counsel of record via JIMS notice, including to:

Nick J. Kurt
Carson M. Hinderks
BERKOWITZ OLIVER, LLP
2600 Grand Boulevard, Suite # 1200
Kansas City, MO 64108
(816) 561-7007 * (816) 561-1888 – FAX
nkurt@berkowitzoliver.com
chinderks@berkowitzoliver.com
**ATTORNEY FOR DEFENDANT**
**KANSAS CITY POWER & LIGHT COMPANY**

*/s/ Tarak A. Devkota*
**ATTORNEY FOR PLAINTIFFS**

17CV04848
Div7

## PROOF OF SERVICE

I received this subpoena for *(name of individual and title, if any)* Jacqueline Franklin

on *(date)* 8/20/2018.

**Complete one of the following:**

I served the subpoena by delivering a copy to the named person as follows: _____

delivery Chance of Jacqueline Franklin with registered _____

6423 Winchester Avenue on *(date)* 8/20/2018 ;

or

I returned the subpoena unexecuted because: _____

_____

I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by

law, in the amount of $ 14.52.

Under K.S.A. 60-303(d)(3) and K.S.A. 28-110, my fees are $ _____ for travel and $ _____

for services, for a total of $ _____.

I declare under penalty of perjury under the laws of the state of Kansas that the foregoing is true

and correct.

Executed on: 8/24/2018

_____
*Server's signature*

Lynn Judkins
*Printed name and title*

4010 Washington, Ste. #350
*Server's address*
Kansas City, MO 64111

Additional information regarding attempted service:

*Clerk of the District Court, Johnson County Kansas*
*08/24/18  04:29pm IM*

17CV04848
Div7

**PROOF OF SERVICE**

I received this subpoena for (*name of individual and title, if any*) _Kenyatta Harden_

on (*date*) _8/20/18_.

*Complete one of the following:*

I served the subpoena by delivering a copy to the named person as follows: _____

_Kenyatta Harden @ her home: 2212 Cleveland Avenue,_
_Kansas City MO. 64127_ on (*date*) _8/20/2018_

or

I returned the subpoena unexecuted because: _____

_____

I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by

law, in the amount of $ _17.08_

Under K.S.A. 60-303(d)(3) and K.S.A. 28-110, my fees are $ _____ for travel and $ _____

for services, for a total of $ _____.

I declare under penalty of perjury under the laws of the state of Kansas that the foregoing is true

and correct.

Executed on: _8/24/2018_

_____
Server's signature

_Lynn Judkins_
Printed name and title

_4010 Washington Street, Ste #350_
Server's address
_Kansas City MO 64111._

*Clerk of the District Court, Johnson County Kansas*
*08/24/18  04:29pm IM*

17CV04848
Div7

## PROOF OF SERVICE

I received this subpoena for *(name of individual and title, if any)* Ashley W. Bennett M.D.

on *(date)* 8/21/18 .

**Complete one of the following:**

I served the subpoena by delivering a copy to the named person as follows:

Ashley W. Bennett M.D. @ University of Kansas

Hospital _____ on *(date)* 8/22/2018

**or**

I returned the subpoena unexecuted because: _____

_____

I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by

law, in the amount of $ 11.20 .

Under K.S.A. 60-303(d)(3) and K.S.A. 28-110, my fees are $ _____ for travel and $ _____

for services, for a total of $ _____ .

I declare under penalty of perjury under the laws of the state of Kansas that the foregoing is true

and correct.

Executed on: 8/24/18

_____
Server's signature

Lynn Judkins
Printed name and title

4010 Washington, Ste. #350
Server's address
Kansas City MO 64111

Additional information regarding attempted service:

*Clerk of the District Court, Johnson County Kansas*
*08/24/18  04:28pm HS*

17CV04848
Div7

**PROOF OF SERVICE**

I received this subpoena for (*name of individual and title, if any*) *Cynthia Oberhaus*

on (*date*) *8/21/2018*

*Complete one of the following:*

I served the subpoena by delivering a copy to the named person as follows: *Cynthia Oberhaus*

*by agreement & via her agent, Emil Schroder of Kansas Hospital*

*Rick Marquardt @ Ms. Oberhaus* on (*date*) *8/22/2018*

*request*

or

I returned the subpoena unexecuted because: _____

_____.

I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by

law, in the amount of $ _____.

Under K.S.A. 60-303(d)(3) and K.S.A. 28-110, my fees are $ _____ for travel and $ _____

for services, for a total of $ *11.30* .

I declare under penalty of perjury under the laws of the state of Kansas that the foregoing is true

and correct.

Executed on: *8/24/2018*

_____
*Server's signature*

*Lynn Judkins*
*Printed name and title*

*4010 Washington, Ste. #350*
*Server's address*
*Kansas City, MO 64111*

Additional information regarding attempted service:

17CV04848
Div7

# PROOF OF SERVICE

I received this subpoena for *(name of individual and title, if any)* Kenneth Pringle, PA

on *(date)* 8/22/2018 .

**Complete one of the following:**

I served the subpoena by delivering a copy to the named person as follows: _____

Emily Schooler, University of Kansas Hospital Risk

Management @ Mr. Pringle's request on *(date)* 8/22/2018
                                    by Agreement.
**or**

I returned the subpoena unexecuted because: _____

_____.

I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by

law, in the amount of $ 11.90 .

Under K.S.A. 60-303(d)(3) and K.S.A. 28-110, my fees are $ _____ for travel and $ _____

for services, for a total of $ _____.

I declare under penalty of perjury under the laws of the state of Kansas that the foregoing is true

and correct.

Executed on: 8/24/2018

_____
*Server's signature*

Lynn Judkins
*Printed name and title*

4010 Washington Street Ste #350
*Server's address*
Kansas City MO 64111

Additional information regarding attempted service:

*Clerk of the District Court, Johnson County Kansas*
*08/24/18  04:30pm IM*

17CV04848
Div7

### PROOF OF SERVICE

I received this subpoena for *(name of individual and title, if any)* Jennifer Reintjest, M.D

on *(date)* August 21, 2018.

*Complete one of the following:*

I served the subpoena by delivering a copy to the named person as follows: _____

Jennifer Reintjest, M.D. _____

_____ on *(date)* 8/21/18 ;

**or**

I returned the subpoena unexecuted because: _____

_____.

I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by

law, in the amount of $ 11.63 .

Under K.S.A. 60-303(d)(3) and K.S.A. 28-110, my fees are $ _____ for travel and $ _____

for services, for a total of $ _____ .

I declare under penalty of perjury under the laws of the state of Kansas that the foregoing is true

and correct.

Executed on: 8/24/2018

_____
*Server's signature*

Lynn Judkins
*Printed name and title*

4010 Washington Street, Ste. #358
*Server's address* Kansas City MO 64111

Additional information regarding attempted service:

*Clerk of the District Court, Johnson County Kansas*
*08/24/18  04:31pm IM*

17CV04848
Div7

## PROOF OF SERVICE

I received this subpoena for *(name of Individual and title, if any)* _Michael R. Tilley_

on *(date)* _8/2/2018_ .

**Complete one of the following:**

I served the subpoena by delivering a copy to the named person as follows: _Michael_
_Tilley, MD. @ University of Kansas Hospital Orthopedic Clinic_
_via agreement with head nurse_    on *(date)* _8/22/18_ ;
_for deposition on 9/21/2018 @ 2pm_

     **or**

I returned the subpoena unexecuted because: _____

_____.

I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by

law, in the amount of $ _____.

Under K.S.A. 60-303(d)(3) and K.S.A. 28-110, my fees are $ _____ for travel and $ _____

for services, for a total of $ _11.30_ .

I declare under penalty of perjury under the laws of the state of Kansas that the foregoing is true

and correct.

Executed on: _8/24/18_

_____
*Server's signature*

_Lynn Judkins_
*Printed name and title*

_4010 Washington Street, Ste. #350_
*Server's address*
_Kansas City MO 64111_

Additional information regarding attempted service:

17CV04848
Div7

## IN THE DISTRICT COURT OF JOHNSON COUNTY, KANSAS
## CIVIL COURT DEPARTMENT

CARLOS SANCHEZ DIAZ, *et al.*,          )
                                        )
                    Plaintiffs,         )        Case No. 17CV04848
                                        )        Division: 7
        v.                              )        K.S.A. Chapter 60
                                        )
KANSAS CITY POWER & LIGHT               )
COMPANY, *et al.*,                      )
                                        )
                    Defendants.         )

## KANSAS CITY POWER & LIGHT COMPANY'S
## RESPONSE TO PLAINTIFFS' MOTION FOR CONTINUANCE OF
## TRIAL SETTING AND MODIFICATION OF SCHEDULING ORDER

On August 24, 2018, Plaintiffs filed a motion (Doc. 83), requesting that the Court continue the trial of this case—currently set to begin on December 3, 2018—and modify the existing Case Management Order (Doc. 8). Plaintiffs seek additional time to conduct discovery and investigate potential claims against third parties. They also ask for a continuance because of delays resulting from Plaintiffs' ongoing medical treatments and family health problems experienced by plaintiffs' counsel.

Defendant Kansas City Power & Light Company ("KCP&L") does not oppose Plaintiff's request for a continuance of the December 3, 2018 trial setting or a corresponding modification of the Case Management Order. As pleaded and developed by the parties during discovery, this case presents complex and technical engineering issues, as well as medical treatments. Moreover, KCP&L understands and is sympathetic to the repeated and serious interruptions and delays experienced by Plaintiffs' counsel while caring for ill family members. For those reasons, KCP&L does not oppose continuing trial for a period of no more than six months.[1] Nor does it

---

[1] Plaintiffs' Motion does not propose alternative trial dates or an amended Case Management Schedule.

*Clerk of the District Court, Johnson County Kansas*
*08/30/18  02:46pm SS*

oppose a modification of the Case Management Order, extending existing fact and expert

discovery, dispositive motion, and final witness and exhibit list deadlines.


Dated:  August 30, 2018                    Respectfully submitted,

                                           **BERKOWITZ OLIVER LLP**

                                           */s/ Nick J. Kurt*
                                           Nick J. Kurt                    KS Bar No. 20225
                                           Carson M. Hinderks              KS Bar No. 25079
                                           2600 Grand Boulevard, Suite 1200
                                           Kansas City, Missouri 64108
                                           Telephone:  (816) 561-7007
                                           Facsimile:   (816) 561-1888
                                           Email        nkurt@berkowitzoliver.com
                                                        chinderks@berkowitzoliver.com


                                           *Attorneys for Defendant Kansas City*
                                           *Power & Light Company*


## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a true and correct copy of the foregoing was served via e-mail this

30th day of August 2018, on the following:

Tarak Alexander Devkota
Lynn Weddle Judkins
DEVKOTA LAW FIRM, LLC
4010 Washington Street, Suite 350
Kansas City, Missouri 64111
Phone:       (816) 842-9100
Facsimile:   (816) 817-1080
litigation@devkotalawfirm.com
attyjudkins@gmail.com

*Attorneys for Plaintiff*


                                           */s/ Nick J. Kurt*
                                           Attorney for Defendant

*Clerk of the District Court, Johnson County Kansas*
*08/30/18  02:46pm SS*

17CV04848
Div7

## IN THE DISTRICT COURT OF JOHNSON COUNTY, KANSAS
## CIVIL COURT DEPARTMENT

CARLOS SANCHEZ DIAZ et al.,
     Plaintiff,

                   Filed- 8/28/17 – Other Contract

                           Case No. 17CV4848

v.                              Division 7

                             Chapter 60

KANSAS CITY POWER AND LIGHT COMPANY,
     Defendant.

### FIRST AMENDED CASE MANAGEMENT ORDER

Now on this ***12th day of September, 2018,*** after review of the court file and consultation with counsel, the Court enters the following orders and deadlines which will govern the discovery in this case:

**1.**    **TRIAL SETTING:** This case has been set for trial to jury beginning the ***15th day of July, 2019 at 9:00. The estimated length of trial is 4 days; 8th up.***

**2. FINAL TRIAL CONFERENCE**: A final trial conference will be held on the ***12th day of July, 2019, at 9:00.*** One week prior to the final trial conference, the parties will submit the following to the Court:

**A.**    The plaintiff shall provide to the Court all stipulated jury instructions.

**B.**    Each party shall provide to the Court any jury instructions requested by that party that are not stipulated.

*Clerk of the District Court, Johnson County Kansas*
*11/05/18  04:40pm HS*

**C.**   Any motions in limine. Responses to motions in limine shall be submitted

by close of business on the Wednesday before the final trial conference.

**3.   PRE-TRIAL CONFERENCE:** A Pre-Trial Conference shall be held

on the *16ᵗʰ day of May, 2019, at 10:45.* The parties must comply with Johnson

County District Court Local Rule 13. (If you submit an agreed pre-trial order, contact

the Administrative Assistant to have hearing taken off calendar, after you have

mailed it in to the Court. If you cannot come up with an agreed pre-trial order, all

counsel will need to make a personal appearance with their version of a pre-trial

order)

**4.   DISCOVERY DEADLINE:** All discovery in this case shall be

completed on or before the *29ᵗʰ day of March, 2019.*   No written discovery may be

served by any party after the *27ᵗʰ day of February, 2019*, absent agreement of the

parties or order of this Court.

**5.   PRELIMINARY WITNESS AND EXHIBIT LIST:**   The parties shall

file and serve on all other parties, a preliminary list of witnesses and exhibits on or

before the *1ˢᵗ day of December, 2018*.   If the parties have previously served a

preliminary list of witnesses and exhibits, they shall supplement that list, if necessary

by the *1ˢᵗ day of December, 2018*.   Any witness known to a party as of this deadline

who may be reasonably anticipated to be called as a witness and who is not listed

may be excluded at trial.   Similarly, exhibits that are not listed that are known to a

party as of this deadline may be excluded at trial.

6. **MOTIONS:**

   **A.** Dispositive Motions: Any dispositive motion must be filed no later than the **_5th day of April, 2019_**.   Such motion and any response thereto, must be in compliance with Kansas Supreme Court Rule 141, or it will not be considered.

   **B.** Motions To Compel Discovery: Any motion to compel discovery must be filed within 45 days of the default, service of response answer or objection that is the subject of the motion.   If the motion is not filed within this time, the motion will not be considered. Any such motion must recite with particularity, the communications or attempted communications aimed at resolving the discovery dispute prior to the filing of the motion. The motion must also recite the date of the conference call above-referenced.

   **C.** Other motions: If a motion is filed, and neither the Kansas Statutes, nor the Kansas Supreme Court Rules clearly set forth a deadline for a response to such motion, the deadline shall be 14 calendar days after service of the motion.

   **D.** Any motion (other than a motion to dismiss, motion for judgment on the pleadings, motion for summary judgment, or motion to compel)

must contain a statement that counsel for the moving party has attempted to consult with opposing counsel, the result of those attempts, and whether or not opposing counsel agree(s) to the relief sought in the motion.

E.    The moving party shall not provide a proposed journal entry relating to the motion filed, unless the journal entry is signed by all counsel of record in the case, or, the motion recites specifically that all counsel of record have been consulted, and that they agree to the relief granted in the proposed journal entry.

F.    The parties must comply with Johnson County District Court Local Rule 8.

G.    Scheduling motions: Any party who desires a hearing for oral argument on any motion filed is responsible for contacting the Administrative Assistant for Division 7 to schedule such hearing. Such party must then send written notice of the hearing to all other parties.

**7.    EXPERT WITNESSES:**

A.    Any party with an affirmative claim for damages must designate an expert witness on or before the ***25th day of January, 2019***.

Such designation ***must include*** the name and business address of

*Clerk of the District Court, Johnson County Kansas*
*11/05/18  04:40pm HS*

each expert witness.   In addition, the designation ***must state*** the subject matter on which each designated expert is expected to testify, the substance of the facts and opinions of the expert and a summary of the grounds for each opinion.   In addition to the designation, if the expert witness is a "retained" expert pursuant to K.S.A.60-226(b)(6)(B) and he/she has prepared a written report, such report ***must*** be provided along with the designation. If the written report contains the information contemplated by K.S.A. 60-226(b)(6)(A) &/or (B), the designation for that expert may simply refer to and incorporate the written report.

**B.**     Any party that wishes to call a rebuttal expert witness to testify at trial must identify such expert witness on or before the ***21st day of March, 2019***. Such designation ***must include*** the name and business address of each rebuttal expert witness. In addition, the designation ***must state*** the subject matter on which each designated expert is expected to testify, the substance of the facts and opinions of the expert and a summary of the grounds for each opinion. In addition to the designation, if the expert witness is a "retained" expert pursuant to K.S.A. 226(b)(6)(B) and he/she has prepared a written report, such report ***must*** be provided along with the designation. If the written report contains the information contemplated by K.S.A. 60-226(b)(6)(A) &/or (B), the

designation for that expert may simply refer to and incorporate the written report.

**C.**    Along with the designation of expert witness, counsel ***must*** provide at least two dates that each identified expert is available to have his/her deposition taken within 30 days of the service of the expert designation. If for some reason, the parties cannot agree upon a date for the deposition of an expert witness within 30 days of the service of the expert designation, counsel ***must*** contact Court for a conference call to set a deposition date for the expert witness.

**D.**    Any party who has an objection to the form of another party's expert designation, must file such objection with the Court within ten (10) days of receipt of such expert designation.   If the objection is not timely filed, it is waived.   The parties are mutually responsible for contacting the Court to set a hearing on the objection.

**E.**    Any party that wishes to move to determine whether a witness qualifies as an expert and/or whether or not the proposed expert's testimony satisfies the requirements of K.S.A. 60-456(b), as amended, shall file a motion and set the matter for hearing on a date within thirty (30) days after the date of the expert's deposition or before the close of discovery, whichever is sooner.   The party should allow sufficient

time for the court to rule on the motion before the pretrial

conference.  Failure to timely file the motion, pursuant to K.S.A. 60-

457(b) as amended, may be deemed a waiver of the challenge to an

expert's qualifications.

    **8.**    **MOTIONS TO AMEND:**    Any motions to amend the pleadings

must be filed on or before the ***21st day of November, 2018***.   Absent agreement of

the parties, no such motions will be granted after this date.   Any motion to extend

this deadline must be filed prior to this deadline.   This deadline does not apply to a

motion to amend the pleadings to assert a claim for punitive damages.   Any such

motion must be filed prior to the Pre-Trial Conference pursuant to K.S.A. 60-3703.

    **9.**    **FINAL WITNESS AND EXHIBIT LIST**: The parties shall include a

final list of witnesses and exhibits, in the Pre-Trial Order.   The final witness and

exhibit list must be specific (catch-all phrases like any witness identified during the

course of discovery or any and all documents produced in response to a request for

production of documents is not sufficient and will be stricken).

    **10.**    **SETTLEMENT CONFERENCE:** The parties shall participate in a

settlement conference/mediation prior to the Pre-Trial Conference.   Failure to

participate in a settlement conference/mediation prior to the Pre-Trial Conference

may result in a dismissal of the case, a dismissal of a party's claims or defenses,

continuance of the trial date, or other sanctions to be determined by the Court.   The

parties may schedule a settlement conference/mediation with any other district court judge, any retired district court judge, or any other mediator who may be agreed upon by the parties.   If the parties cannot agree upon a mediator, the Court will appoint one.

**11.   OTHER ORDERS:**

_____

_____

**PLAINTIFF/PLAINTIFF ATTORNEY:**

 /s/ Tarak A. Devkota, KS Bar No. 19767      _____

_____      _____

**DEFENDANT/DEFENDANT ATTORNEY:**

 /s/ Nick J. Kurt, KS Bar No. 20225      _____

_____      _____

IT IS SO ORDERED:                      /s/ DAVID W HAUBER
Dated: *__September 12, 2018__*          Dated: 11/05/18

                                       _____
                                       David W. Hauber
                                       Judge of the District Court
                                       Division 7

17CV04848
Div7

## IN THE DISTRICT COURT OF JOHNSON COUNTY, KANSAS
## CIVIL DEPARTMENT
(Pursuant to K.S.A. Chapter 60)

CARLOS SANCHEZ DIAZ, and  )
            )
JEAN  CHAVEZ (GUZMAN) SANCHEZ, )
            )
and ADAN GUZMAN, a Minor,   )
            )
  *Plaintiffs,*       )
            )
v.            )
            ) <u>Case No.</u>  17CV04848
KANSAS CITY POWER AND    )
LIGHT COMPANY,   *and*  )
            )
**GREAT PLAINS ENERGY**    )
**SERVICES, INCORPORATED**   )
**1200 Main Street**      )
**Kansas City, MO 64105,**  *and* )
**SERVE:**        )
**CORPORATION SERVICE COMPANY** ) Division No. 7 (Judge Hauber)
**2900 S.W. Wanamaker Drive, Suite # 204** )
**Topeka, KS 66614,**     )
            )
**GREAT PLAINS ENERGY**    )
**INCORPORATED**      )
**1200 Main Street**      )
**Kansas City, MO 64105,**  *and* )
**SERVE:**        )
**CORPORATION SERVICE COMPANY** )
**2900 S.W. Wanamaker Drive, Suite # 204** )
**Topeka, KS 66614,**     )
            )
**CUSTOM LIGHTING SERVICES, L.L.C.** )
***d/b/a* BLACK & McDONALD,**  )
**6001 Front Street**      )
**Kansas City, MO 64120,**  *and* )
**SERVE:**        )
**CORPORATION SERVICE COMPANY** )
**2900 S.W. Wanamaker Drive, Suite # 204** )
**Topeka, KS 66614,**     )
            )

1

**BLACK & McDONALD, INC.,**                              )
**6001 Front Street**                                    )
**Kansas City, MO 64120,**          *and*                )
<u>**SERVE**</u>**:**                                    )
**CORPORATION SERVICE COMPANY**                          )
**2900 S.W. Wanamaker Drive, Suite # 204**               )
**Topeka, KS 66614,**                                    )
                                                         )
**MILLERBERND MANUFACTURING**                            )
**COMPANY,**                        *and*                )
**622 South 6th Street**                                 )
**Winsted, MN 55395,**                                   )
<u>**SERVE**</u>**:**                                    )
**Corporate Secretary or Registered Agent**              )
**622 South 6th Street**                                 )
**Winsted, MN 55395,**                                   )
                                                         )
**VALMONT INDUSTRIES, INC.,**                            )
**c/o Carmen Jones**                                     )
**One Valmont Place**                                    )
**Omaha, NE 68154-5215,**                                )
<u>**SERVE**</u>**:**                                    )
**THE CORPORATION COMPANY**                              )
**112 S.W. 7th Street, Suite # 3C**                      )
**Topeka, KS 66603,**               *and*                )
                                                         )
**JOHN DOE COMPANY/PERSON/ENTITY**                       )
**LIGHT POLE ORIGINAL INSTALLER**                        )
<u>**SERVE**</u>**:**                                    )
**TO BE SERVED VIA PUBLICATION,**                        )
                                                         )
          *Defendants.*                                  )

## <u>FIRST AMENDED PETITION FOR DAMAGES</u>

COMES NOW, Plaintiffs Carlos Sanchez Diaz ("Mr. Diaz"), his wife Jean Chavez

("Mrs. Chavez"), and her son, Minor Plaintiff Adan Guzman ("Mr. Guzman"), through counsel,

to make the following allegations against these Defendants, following receipt of additional

information in discovery, giving rise to Plaintiffs' injuries:

## PARTIES, JURISDICTION, AND VENUE

1.      Plaintiff Mr. Diaz is an individual, over the age of 18 years, and a resident of Olathe, Johnson County, Kansas at all times relevant to these claims.

2.      Plaintiff Mrs. Chavez is an individual, over the age of 18 years and a resident of Olathe, Johnson County, Kansas at all times relevant to these claims. She is also the Natural Mother and to be appointed Next Friend of Minor Plaintiff, Adan Guzman, concerning his personal injuries.

3.      Minor Plaintiff Mr. Guzman is an individual, minor child, living with his mother and step-father, the other Plaintiff, in Olathe, Johnson County, Kansas. His Mother, Jean Chavez (Guzman) Sanchez, is to be his Next Friend.

4.      Defendant Kansas City Power and Light Company ("KCP&L") is a Missouri corporation, registered, and in good standing and may be served through its resident agent Corporation Service Company, 2900 S.W. Wanamaker Drive, Suite # 204, Topeka, Kansas 66614.

5.      KCP&L is in the business of generating, transmitting, distributing, and selling electricity to homes and municipalities in the greater Kansas City metropolitan area and including Johnson County, Kansas.

6.      At all times, KCP&L was acting through its agents, servants, or employees who were acting within the course and scope of their employment with KCP&L.

7.      Defendant Great Plains Energy Services Incorporated ("GPESI") is a Missouri, for-profit corporation that procures services and merchandise on behalf of Great Plains Energy Incorporated, and GPESI is a subsidiary of Great Plains Energy Incorporated, who contracted with Defendant Custom Lighting Services, L.L.C., *d/b/a* Black & McDonald and later Black &

McDonald, Inc. for the Master Service Agreement, the Alliance Agreement *a/k/a* Alliance

Partnership, and various Statements of Work concerning these parties' "strong emphasis on

safety", "installation and maintenance of street lighting, field inventory and maintenance of

installed assets" and monitoring. GPESI may be served through its resident agent, the

Corporation Service Company, at 2900 S.W. Wanamaker Drive, Suite # 204, Topeka, KS 66614.

      8.      Defendant Great Plains Energy Incorporated ("GPEI") is a foreign (Missouri),

for-profit corporation engaged in the acquisition, construction, maintenance, and operation of

electric power and heating plant or plants and distributions systems, including the purchase of

electrical current and of steam and other heating mediums and forms of energy, the distribution

and sale thereof, and the doing of all things necessary or incident to carrying on the business of

KCP&L for purposes of its in-field line services, monitoring, and maintenance for municipal

utility electrical lines and poles in Johnson County, Kansas at or on February 23, 2016, either

directly or through its agents, including but not limited to Defendants GPESI, Defendant Custom

Lighting Services, L.L.C., *d/b/a* Black & McDonald and later Defendant Black & McDonald,

Inc. as part of the Alliance Agreement *a/k/a* Alliance Partnership for ownership, installation,

inspection, and/or maintenance of the unmarked light pole near Blackbob Road near 131st Street,

East, between those light poles marked as KCPLA2559 and KCPLA22557, respectively, in

Olathe, Johnson County, Kansas, that failed and fell on this accident date ("fallen pole"). GPEI

may be served through its resident agent, the Corporation Service Company, at 2900 S.W.

Wanamaker Drive, Suite # 204, Topeka, KS 66614.

      9.      Through discovery and presumed as the prior John Doe Entity A and/or B,

Defendant Custom Lighting Services, L.L.C., *d/b/a* Black & McDonald ("CLS") and later

Defendant Black & McDonald, Inc. as part of the Alliance Agreement *a/k/a* Alliance Partnership

contracted with one or more of the following Defendants KCP&L, GPEI and/or GPESI to

resolve and provide via an Alliance Contract, Alliance Agreement *a/k/a* Alliance Partnership,

and/or the Master Service Agreement including and incorporating all various Statements of

Work, to provide a "flexible and cooperative relationship to reduce operating costs, enhance

service quality, and pursue continuous improvement of processes." Defendant Custom Lighting

Services, L.L.C., *d/b/a* Black & McDonald and later Defendant Black & McDonald, Inc.

provided turnkey street light maintenance service under structured pricing and as part of these

relationships and agreements. Defendant Custom Lighting Services, L.L.C., *d/b/a* Black &

McDonald may be served via its resident agent, the Corporation Service Company, at 2900 S.W.

Wanamaker Drive, Suite # 204, Topeka, KS 66614.[1]

      10.     Through discovery and presumed as the prior John Doe Entity A and/or B,

Defendant Black & McDonald, Inc. as part of the Alliance Agreement *a/k/a* Alliance Partnership

contracted with one or more of the following Defendants KCP&L, GPEI and/or GPESI to

resolve and provide via an Alliance Contract, Alliance Agreement *a/k/a* Alliance Partnership,

and/or the Master Service Agreement including and incorporating all various Statements of

Work, to provide a "flexible and cooperative relationship to reduce operating costs, enhance

service quality, and pursue continuous improvement of processes." Defendant Black &

McDonald, Inc. ("Black & McDonald") also provided turnkey street light maintenance service

under structured pricing and as part of these relationships and agreements, including but not

limited to patrols, proactive maintenance service, timely repairs, job and/or work site audits, loss

prevention, inspections, training and monitoring field personnel, working and supervising

---

[1]    Upon information and belief, Defendant CLS was providing procurement, installation, maintenance, and monitoring services under these agreements with KCP&L, GPEI and/or GPESI, which may have included the light pole at issue, but in September 2009, CLS changed its name. Given the unknown interrelationships between CLS and Black & McDonald, Plaintiffs name this Defendant in an abundance of caution.

vendors, handling emergency issues, investigating failures (such as the fallen light pole at issue), and reporting to KCP&L, GPEI, and/or GPESI. Defendant Black & McDonald may be served via its resident agent, the Corporation Service Company, at 2900 S.W. Wanamaker Drive, Suite # 204, Topeka, KS 66614.

11.     Defendant Millerbernd Manufacturing Company ("Millerbernd Manufacturing") is a foreign, for-profit corporation doing business in the state of Kansas as it places its products in the stream of commerce in Kansas. It may be served via its corporate officer at its principal Minnesota-based business location, via its Chief Executive Officer, Trevor Millerbernd, Millerbernd Manufacturing 622 South 6th Street South, Winsted, MN 55395.

12.     Defendant Valmont Industries, Inc. ("Valmont Industries") is a foreign, for-profit corporation doing business in the state of Kansas as it places its products in the stream of commerce in Kansas. It may be served via its Kansas resident agent, The Corporation Company, 112 S.W. 7th Street, Suite # 3C, Topeka, KS 66603.

13.     Defendant John Doe Corporation/Person/Entity as original installer if one different than the above corporations and/or entities, including those otherwise affiliated with KCP&L or the above affiliated entities: GPEI and/or GPESI for purposes of in-field installation on the unmarked light pole near Blackbob Road near 131st Street, East, between those light poles marked as KCPLA2559 and KCPLA22557, respectively. Such John Doe Corporation/ Person/Business Entity C were not identified specifically by the owner of the fallen light pole. Such John Doe C may be served through its resident agent to be supplemented following discovery and/or served via publication.

14.     Prior to this auto accident, and upon information and belief, KCP&L, either on its

own or via its agents Defendants GPEI, GPESI, CLS, and/or Black & McDonald placed utility

light poles on or along 100 East Santa Fe Road, and near South Blackbob Road and West 131st

Street in Olathe, Johnson County, Kansas 66061 and were responsible for subsequent inspection,

review, maintenance, repair, and/or replacement to maintain the public's safety at this location.

15.    This Court enjoys jurisdiction over the subject matter of and parties to this matter,

because this Court has subject matter over all civil cases within this county, and where the facts

and circumstances of this accident arose within the county. The Court also enjoys jurisdiction

over these parties where Plaintiffs are residents of this county where the cause of action arose,

and where Defendant(s) maintain a resident agent for service.

16.    Venue is appropriate within this county pursuant to K.S.A. § 60-604(2) where the

cause of action arose herein and where Plaintiffs were first injured within Johnson County,

Kansas.

<u>ADDITIONAL FACTS COMMON TO ALL ALLEGATIONS</u>

17.    At all times relevant to these claims, these companies were authorized to and did

conduct business in the state of Kansas and were engaged in their respective outlined

business(es): KCP&L (generating, transmitting, distributing, and selling electricity to homes and

municipalities in the greater Kansas City metropolitan area and including Johnson County,

Kansas); GPESI (procures services and merchandise on behalf of Great Plains Energy

Incorporated as its subsidiary for transmitting, distributing, and selling electricity to homes and

municipalities in the greater Kansas City metropolitan area and including Johnson County,

Kansas); GPEI (the holding company of KCP&L and KCP&L Greater Missouri Operations

Company for transmitting, distributing, and selling electricity to homes and municipalities in the

greater Kansas City metropolitan area and including Johnson County, Kansas); CLS (for Black

& McDonald's patrols, proactive maintenance service, timely repairs, job and/or work site audits, loss prevention, inspections, training and monitoring field personnel, working and supervising vendors, handling emergency issues, investigating failures (such as the fallen light pole at issue), and reporting to KCP&L, GPEI, and/or GPESI under their above-described agreements); and Black & McDonald (for its patrols, proactive maintenance service, timely repairs, job and/or work site audits, loss prevention, inspections, training and monitoring field personnel, working and supervising vendors, handling emergency issues, investigating failures (such as the fallen light pole at issue), and reporting to KCP&L, GPEI, and/or GPESI per Black & McDonald's above-described agreements); Millerbernd Manufacturing (offering custom steel light pole design and manufacturing for structural lighting products/projects across the United States); and/or Valmont Industries (manufacturing of a broad array of standard and custom-engineered light poles, lamp posts, utility lights, etc.).

18.     These claims arise from an incident that occurred at approximately 9:36 p.m., on February 23, 2016, in Olathe, Johnson County Kansas.

19.     Upon information and belief, and all times relevant thereto, this unmarked light pole near Blackbob Road near 131st Street, East, between those light poles marked as KCPLA2559 and KCPLA22557, respectively, was being used in its intended and reasonably foreseeable manner.

20.     At all times relevant and as applicable, Defendant(s) Millerbernd Manufacturing and/or Valmont Industries represented to the public, including Plaintiffs, that the design and manufacture of the unmarked light pole near Blackbob Road near 131st Street, East, between those light poles marked as KCPLA2559 and KCPLA22557, respectively, was intended and reasonably safe for installation and maintenance in Olathe, Johnson County, Kansas.

21.    Based upon information and belief, KCP&L or its agents installed the unmarked light pole near Blackbob Road near 131st Street, East, between those light poles marked as KCPLA2559 and KCPLA22557, respectively.

22.    At the time of said installation, and in the alternative, if KCP&L made such installation, KCP&L knew or should have known installation failed due to lack of proper following of specifications and/or incomplete or improper specifications not properly followed that caused or contributed to cause the failure of the fallen pole.

23.    In the alternative at the time of said installation, and where an agent of KCP&L or agent(s) of Defendant(s) GPEI and/or GHPESI made such installation, Defendant GPEI and/or GPESI knew or should have known installation failed due to lack of proper following of specifications and/or incomplete or improper specifications not properly followed that caused or contributed to cause the failure of the fallen pole, and GPEI or GPESI failed to procure adequately trained, supervised, or appropriate agent(s) to perform the installation services of the KCP&L unmarked light pole near Blackbob Road near 131st Street, East, between those light poles marked as KCPLA2559 and KCPLA22557, respectively, that later fell.

24.    In the alternative and upon additional information and belief, Defendants CLS and/or Defendant Black & McDonald, if one or both made such installation, the one or both of these Defendants CLS and/or Black & McDonald knew or should have known said installation failed due to lack of proper following of specifications and/or incomplete or improper specifications not properly followed that caused or contributed to cause the failure of the fallen pole.

25.    In the alternative and upon additional information and belief, Defendants CLS and/or Defendant Black & McDonald failed to provide the agreed turnkey street light

maintenance service as part of the relationships and agreements for which the public, such as Plaintiffs were third-party beneficiaries, including but not limited to Defendants CLS and/or Black & McDonald and/or its/their agent(s)' patrols, proactive maintenance service, timely repairs, job and/or work site audits, loss prevention, inspections, training and monitoring field personnel, working and supervising vendors, handling emergency issues, and/or investigating failures that could have identified, led to and/or prevented this fallen pole.

26.     At that time, Mr. Diaz was driving a 2002 Mazda Protégé northbound on Blackbob Road from 135th Street, in Olathe, Johnson County, Kansas. He was in the lane #1, approaching 131st Street, when upon information and belief, suddenly and without warning, the unmarked light pole between KCPLA2559 and KCPLA 2557 located in the median, and as installed, inspected, and/or maintained by on or more of the Defendants KCP&L, GPEL, GPESI, CLS, and/or Black & McDonald,  failed, fell over, and landed atop Mr. Diaz's car causing injury and major damage to Plaintiff Mr. Diaz and Plaintiff Adan Guzman.

27.     At all times on February 23, 2016, prior to and at the time of this fallen light pole, the weather was clear. Upon information and belief, Mr. Diaz' car was also without mechanical defect and did not previously strike the (now) fallen light pole.

28.     Upon information and belief, the unmarked light pole (and/or the alleged failed component parts) near Blackbob Road near 131st Street, East, between those light poles marked as KCPLA2559 and KCPLA22557, respectively, was at least 25 years old at the time of this February 23, 2016 incident.

29.     As a direct and proximate result of Defendant(s)' acts and omissions, Mr. Diaz sustained severe, permanent, and progressive painful injuries including, but not limited to, crush injuries due to the collision and subsequent extraction from the car due to the fallen light pole,

numerous lacerations in his face, eyes, neck, and shoulder from broken glass, a left-clavicle fracture, left rib fracture(s), left and C-7 transverse process fracture(s), blunt head trauma, pain in his neck, shoulders, back, and legs, and surgical repair of his clavicle fracture with hardware causing subsequent pain and limited range of motion from this accident, requiring significant and on-going pain management and therapy, resulting lost wages, emotional trauma with diagnoses of post-traumatic stress disorder ("PTSD"), major depression, generalized anxiety disorder, loss of sleep, lost opportunity, and loss of enjoyment of life. Mr. Diaz expects that he will continue to experience pain and will also incur future medical, pharmaceutical, mental health, and other treatment expenses and future pain and suffering as a result of Defendant(s)' negligence, fault, acts, and/or omissions.

30.     As a direct and proximate result of Defendant(s)' above acts and omissions, Mr. Diaz sustained property damage including but not limited to the total loss of his car, damage to personal property, loss of value, and loss of use.

31.     Mr. Diaz has incurred expenses in connection with the above injuries and damages, and he will continue to incur expenses in the future – the exact amount of which is unknown at this time, but is upon information and belief more than $25,000.

32.     As a direct and proximate result of above-noted Defendant(s)' acts and omissions, Minor Plaintiff Mr. Guzman also sustained severe, permanent, and painfully progressive injuries including, but not limited to lacerations from broken glass, headaches from post-concussive syndrome, blurred vision, neck pain, thoracic pain, chest wall contusion(s) and pain, abdominal tenderness and pain, right knee, right shin, and right lower leg pain, low back pain, hyperopia, and mental health injuries, including diagnoses of post-traumatic stress disorder ("PTSD"), separation anxiety disorder, attention deficit disorder due to the collision, bedwetting, need for

pain management and therapy, and loss of sleep, lost opportunity, and loss of enjoyment of life. Minor Plaintiff Mr. Guzman expects that he will continue to experience pain and will also incur future medical, pharmaceutical, and mental health treatment expenses and future pain and suffering as a result of Defendant(s)' negligence, fault, acts, and/or omissions.

33.     Minor Plaintiff Mr. Guzman has incurred expenses in connection with the above injuries and damages, and he will continue to incur expenses in the future – the exact amount of which is unknown at this time, but is upon information and belief more than $25,000.

## COUNT I – NEGLIGENCE
### Against KCP&L, GPEI, GPESI, and/or John Doe C

34.     Plaintiffs herein incorporate by reference each and every averment contained or implied within the above paragraphs 1-33 of their Petition for Damages as if fully set out.

35.     KCP&L owned, installed, operated, inspected, and/or maintained the unmarked light pole near Blackbob Road near 131st Street, East, between those light poles marked as KCPLA2559 and KCPLA22557, respectively, in Olathe, Johnson County, Kansas, the site of this failure and collision.

36.     In the alternative, and upon information concerning the actions of GPEI, GPESI, and/or John Doe C and where KCP&L either contractually or through division of an agent's labor and authority, GPEI, GPESI, and/or John Doe C owned, installed, operated, inspected, and/or maintained the unmarked light pole near Blackbob Road near 131st Street, East, between those light poles marked as KCPLA2559 and KCPLA22557, respectively, in Olathe, Johnson County, Kansas, the site of this failure and collision.

37.     Under Kansas law, KCP&L and/or its subsidiaries (GPEI and/or GPESI) or vice versa and/or John Doe C had a duty to exercise the highest degree of care in its placement, installation, inspection, and/or maintenance of such light poles and their wires.

38.     Kansas law obligates KCP&L and/or its subsidiaries (GPEI and/or GPESI) or vice versa and/or John Doe C to exercise that degree of care that a very careful person would use under same or similar circumstances for installing, operating, inspecting, repairing, and/or maintaining such light pole(s).

39.     KCP&L and/or its subsidiaries (GPEI and/or GPESI) or vice versa and/or John Doe C knew or should have known that in failing to exercise such highest degree of care would create an unreasonable and substantial risk of harm to individuals like Mr. Diaz and Minor Plaintiff Mr. Guzman whom these Defendants could reasonably expect to be at or near the roadway near Blackbob Road near 131st Street, in Olathe, Johnson County, Kansas, the site of this failure and collision.

40.     These Defendants breached those dut(ies) when it was negligent in the following respects, including but not limited to:

      a.    negligently installing the light pole where such failure occurred;

      b.    failing to inspect (or negligently inspecting) such light pole for failure where it could not in compliance with industry standards or city regulations and ordinances;

      c.    failing to properly anchor the light pole near Blackbob Road near 131st Street, in Olathe, Johnson County, Kansas;

      d.    failing to maintain/repair (or negligently maintaining or repairing) such light pole for failure where it could not in compliance with industry standards or city regulations and ordinances; and

      e.    failing to adhere to or employ adequate safety measures to ensure that a light pole would not fail and collide with traffic near Blackbob Road near 131st Street, in Olathe, Johnson County, Kansas.

41.     As a direct and proximate cause of these Defendant(s)' acts and/or omissions, Plaintiff Diaz and Minor Plaintiff Guzman sustained the above severe, permanent, and debilitating injuries, permanent damages, loss of income and wages, and other losses detailed.

42.     As a direct and proximate cause of these Defendant(s)' careless, recklessness, and negligence, Mr. Diaz also sustained extensive damage to his motor vehicle, making it a total loss. He also suffered a loss of use.

43.     Mr. Diaz and Minor Plaintiff Mr. Guzman have incurred expenses in relation to the diagnosis and treatment of these claimed injuries and will continue to incur such expenses in the future; the exact amount of such expenses is unknown at this time, but they total more than $25,000.00.

44.     As a further direct and proximate cause of these Defendant(s)' acts and/or omissions, Mr. Diaz and Minor Plaintiff Mr. Guzman also received extensive medical care and treatment and suffered pain, bodily injury, and have and will continue to incur and needs future medical care and treatment.

45.     As a direct and proximate cause of Defendant(s)' acts and omissions, Mr. Diaz and Minor Plaintiff Mr. Guzman also lost capacity to provide assistance around their household, including a loss of ability to enjoy life, pain and suffering, lost opportunities, future damages at an amount that is not currently known, and other above-noted non-economic damages.

WHEREFORE, Plaintiffs pray that this Court will grant judgment in their favor on Count I for Negligence and against Defendant(s) Kansas City Power & Light Company, Great Plains Energy Incorporated, and/or its subsidiary Great Plains Energy Services Incorporated, and/or John Doe C and award such past and future damages that are fair and reasonable, together with interest, for an award for the costs of this action, and for all other appropriate and further relief that the Court deems just and proper after review.

## COUNT II – NEGLIGENCE
### Against Defendants CSL, Black & McDonald, and/or John Doe C

46.     Plaintiffs herein incorporate by reference each and every averment contained

or implied within the above paragraphs 1-10, 13-19, 21, 24-33 of their First Amended Petition for Damages as if fully set out.

47.     KCP&L and/or GPEI and/or GPESI owned, and Defendant(s) CLS and/or Black and McDonald, and/or John Doe C, installed, operated, inspected, and/or maintained the unmarked light pole near Blackbob Road near 131st Street, East, between those light poles marked as KCPLA2559 and KCPLA22557, respectively, in Olathe, Johnson County, Kansas, the site of this failure and collision.

48.     Under Kansas law, as agents of KCP&L and/or GPEI and/or GPESI, Defendant(s) CLS and/or Black & McDonald and/or John Doe C had a duty to exercise the highest degree of care in its/their placement, installation, inspection, and/or maintenance of such light poles and their wires.

49.     Kansas law obligates as agents of KCP&L and/or GPEI and/or GPESI, Defendant(s) CLS and/or Black & McDonald and/or John Doe C to exercise that degree of care that a very careful person would use under same or similar circumstances for installing, operating, inspecting, repairing, and/or maintaining such light pole(s).

50.     As agents of KCP&L and/or GPEI and/or GPESI, Defendant(s) CLS and/or Black & McDonald and/or John Doe C knew or should have known that in failing to exercise such highest degree of care would create an unreasonable and substantial risk of harm to individuals like Mr. Diaz and Minor Plaintiff Mr. Guzman whom these Defendants could reasonably expect to be at or near the roadway near Blackbob Road near 131st Street, in Olathe, Johnson County, Kansas, the site of this failure and collision.

51.     These respective specific Defendants breached those dut(ies) when it was negligent in the following respects, including but not limited to:

15

a.   negligently installing the light pole where such failure occurred;
b.   failing to inspect (or negligently inspecting) such light pole for failure where it could not in compliance with industry standards or city regulations and ordinances;
c.   failing to properly anchor the light pole near Blackbob Road near 131st Street, in Olathe, Johnson County, Kansas;
d.   failing to maintain/repair (or negligently maintaining or repairing) such light pole for failure where it could not in compliance with industry standards or city regulations and ordinances; and
e.   failing to adhere to or employ adequate safety measures to ensure that a light pole would not fail and collide with traffic near Blackbob Road near 131st Street, in Olathe, Johnson County, Kansas.

52.   As a direct and proximate cause of these Defendant(s)' acts and/or omissions, Plaintiff Diaz and Minor Plaintiff Guzman sustained the above severe, permanent, and debilitating injuries, permanent damages, loss of income and wages, and other losses detailed.

53.   As a direct and proximate cause of these Defendant(s)' careless, recklessness, and negligence, Mr. Diaz also sustained extensive damage to his motor vehicle, making it a total loss. He also suffered a loss of use.

54.   Mr. Diaz and Minor Plaintiff Mr. Guzman have incurred expenses in relation to the diagnosis and treatment of these claimed injuries and will continue to incur such expenses in the future; the exact amount of such expenses is unknown at this time, but they total more than $25,000.00.

55.   As a further direct and proximate cause of these Defendant(s)' acts and/or omissions, Mr. Diaz and Minor Plaintiff Mr. Guzman also received extensive medical care and treatment and suffered pain, bodily injury, and have and will continue to incur and needs future medical care and treatment.

56.   As a direct and proximate cause of Defendant(s)' acts and omissions, Mr. Diaz and Minor Plaintiff Mr. Guzman also lost capacity to provide assistance around their household,

including a loss of ability to enjoy life, pain and suffering, lost opportunities, the issue of still

unknown future medical damages, and other above-noted non-economic damages.

WHEREFORE, Plaintiffs pray that this Court will grant judgment in their favor on Count

II for Negligence and against Defendant(s) Custom Lighting Services, L.L.C., *d/b/a* Black &

McDonald, Black & McDonald, Inc., and/or John Doe C and award such past and future

damages that are fair and reasonable, together with interest, for an award for the costs of this

action, and for all other appropriate and further relief that the Court deems just and proper after

review.

### COUNT III – *RES IPSA LOQUITOR*
**Against all Defendants**

57.     Plaintiffs herein incorporate by reference each and every averment contained

or implied within the above paragraphs 1-57 as applicable of their First Amended Petition for

Damages as if fully set out.

58.     In the alternative to some of the above averments, KCP&L, GPEI, and/or GPESI

owned, installed operated, controlled, and maintained the unmarked light pole near Blackbob

Road near 131st Street, East, between those light poles marked as KCPLA2559 and

KCPLA22557, respectively, in Olathe, Johnson County, Kansas, the site of this failure and

collision.

59.     KCP&L, GPEI, and/or GPESI, either each or through its/their agents, Defendants

CLS and Black & McDonald, and/or John Doe C, had superior knowledge, or means of

knowledge or investigation concerning the condition of the unmarked light pole near Blackbob

Road near 131st Street, East, between those light poles marked as KCPLA2559 and

KCPLA22557, respectively, in Olathe, Johnson County, Kansas, the site of this failure and

collision.

60.     Individuals, like Plaintiffs Mr. Diaz and Minor Plaintiff Mr. Guzman, as well as others, such as Kenyatta Harden, a passenger in another vehicle struck by the fallen light pole, are not ordinarily injured, harmed, or suffer damages in such a collision, unless the entity in charge failed to use appropriate care.

61.     The fact of such failure and collision and the reasonable inferences therefrom, a fact-finder in Kansas may conclude only that Plaintiffs' injuries and the occurrence were due to Defendants' negligence.

62.     Plaintiffs Mr. Diaz and Minor Plaintiff Mr. Guzman were injured and sustained past, current, and will incur future damages as a direct and proximate result of Defendant(s)' negligence.

WHEREFORE, Plaintiffs pray that this Court will grant judgment in their favor on Count III under *Res Ipsa Loquitor* and against all Defendants and award such past and future damages that are fair and reasonable, together with interest, for an award for the costs of this action, and for all other appropriate and further relief that the Court deems just and proper after review.

## COUNT IV – STRICT LIABILITY
### in the alternative, against Defendants Millerbernd Manufacturing and Valmont Industries and KCP&L, GPEL & GPESI, CLS, Black & McDonald, and/or John Doe C

63.     Plaintiffs herein incorporate by reference each and every averment contained or implied within the above paragraphs 1-63 as applicable of their First Amended Petition for Damages as if fully set out.

64.     Upon information and belief, and in the alternative, the unmarked light pole (and/or the alleged failed component parts) near Blackbob Road near 131st Street, East, between those light poles marked as KCPLA2559 and KCPLA22557, respectively, was in substantially

the same condition as it was on the date it left the control of either Defendant Millerbernd Manufacturing and/or Valmont Industries.

65.    Upon information and belief, and in the alternative, the unmarked light pole (and/or the alleged failed component parts) near Blackbob Road near 131st Street, East, between those light poles marked as KCPLA2559 and KCPLA22557, respectively, was used in a manner as it was intended, and in a reasonable and foreseeable manner.

66.    At all times relevant thereto, and in the alternative, Defendants Millerbernd Manufacturing and/or Valmont Industries was/were in the business of designing, manufacturing, and selling such light poles and/or component parts and had dut(ies) to design, manufacture, supply, inspect, sell, test, and/or distribute its/their products which were reasonably safe for their intended use as to not injure or damage those coming into contact with and/or otherwise using such products in a foreseeable manner.

67.    Notwithstanding said duty, and in breach thereof and in the alternative, the unmarked light pole (and/or the alleged failed component parts) near Blackbob Road near 131st Street, East, between those light poles marked as KCPLA2559 and KCPLA22557, respectively was unreasonably dangerous, defective, and not reasonably safe for its intended use at the time it was distributed to the public (and/or installed for public benefit) and used on the public roadway at all times and up to and including the incident complained about on February 23, 2016 in one or more of the following respects:

     a.    Defendant(s) Millerbernd Manufacturing and/or Valmont Industries designed and/or manufactured the fallen pole such that it failed and collapsed, causing personal injuries and damages to Plaintiffs during its use;

b.  Where, in the alternative, and where a failure of the product due to manufacturing defect, such alleged failure(s) were latent defects and unable to be assessed, evaluated, and repaired at or about February 23, 2016 due to being underground;

c.  In the alternative to improper installation and prior to February 23, 2016, Defendant(s) Millerbernd Manufacturing and/or Valmont Industries had knowledge of and failed to warn owners, purchasers, consumers, reasonable users of the pole's (or component parts') defective and unreasonably dangerous latent condition, in part per K.S.A. § 60-3305;

d.  In the alternative to improper installation, Defendant(s) Millerbernd Manufacturing and/or Valmont Industries failed to adequately test the poles or component parts  before and/or during the design, production, and sale of such to the public and/or to Defendant(s) KCP&L, GPEI, GPESI, CLS, and/or Black & McDonald and knowingly placed the unreasonably dangerous items into the stream of commerce;

e.  In the alternative to improper installation, Defendant(s) Millerbernd Manufacturing and/or Valmont Industries knowingly sold and continued to sell these items to the public when testing or quality control review would establish the latent defect and likelihood of failure when put to a reasonably foreseeable use;

f.  In the alternative to improper installation, and prior to February 23, 2016, Defendant(s) Millerbernd Manufacturing and/or Valmont Industries failed to issue recall notices for these items for the purpose of making alternative design(s) available and for the protections of those using the same;

g.   In the alternative to improper installation, and prior to February 23, 2016,

Defendant(s) Millerbernd Manufacturing and/or Valmont Industries failed to warn

or give adequate warnings and/or instructions to owners, purchasers, consumers,

reasonable users of the pole's (or component parts') existence of, availability of,

and/or safety benefits of such available alternative design(s);

h.   In the alternative to improper installation, and prior to February 23, 2016, the pole

(and/or its component parts) was/were dangerous when used in the way it

ordinarily would be contemplated to do so; and

i.   In the alternative to improper installation and in other respects unknown to

Plaintiffs at this time, who reserve their right to amend as discovery remains

ongoing and for that which may become known or discovered prior to trial.

68.   As a direct and proximate result of one or more of the foregoing unreasonably

dangerous conditions, as well as to latent defects known or could be known to the Defendant(s)

Millerbernd Manufacturing and/or Valmont Industries, the unmarked light pole near Blackbob

Road near 131st Street, East, between those light poles marked as KCPLA2559 and

KCPLA22557, respectively, and/or its component parts being used for the intended purposes,

failed thereby causing Plaintiffs' personal injuries and damages.

69.   As the direct and proximate result of the defect(s) in Defendant(s) Millerbernd

Manufacturing's and/or Valmont Industries' product items, Plaintiffs Mr. Diaz and Minor

Plaintiff Mr. Guzman were injured and sustained the above damages and losses, have suffered

and will continue to suffer pain, have incurred, and will continue to incur in the future

disfigurement, suffering, medical expenses and future medical expenses for treatment, at an

amount that in unknown.

70.    For Defendants KCP&L, GPEI, GPESI, CLS, and Black & McDonald, and in the alternative to improper installation and/or the above claims for strict liability against the manufacturer(s), the recipient(s) of the unreasonably dangerous product(s) failed to notify the respective manufacturer(s). *See generally*, K.S.A. § 84-2-607 as applicable.

WHEREFORE, Plaintiffs pray that this Court will grant judgment in their favor on Count IV under Strict Liability these Defendants and award such past and future damages that are fair and reasonable, together with interest, for an award for the costs of this action, and for all other appropriate and further relief that the Court deems just and proper after review.

## COUNT V – BREACH OF IMPLIED WARRANTY
### in the alternative, against Defendants Millerbernd Manufacturing and Valmont Industries

71.    Plaintiffs herein incorporate by reference each and every averment contained or implied within the above paragraphs 1-70 as applicable of their First Amended Petition for Damages as if fully set out.

72.    Upon information and belief, and in the alternative to failed installation, at all times relevant hereto, Defendant Millerbernd Manufacturing and/or Valmont Industries impliedly warranted that the design and manufacture of the pole and/or its component parts was of merchantable quality.

73.    Upon information and belief, and in the alternative to failed installation, notwithstanding the foregoing implied warranty of merchantability, and in breach thereof the unmarked light pole (and/or the alleged failed component parts) near Blackbob Road near 131st Street, East, between those light poles marked as KCPLA2559 and KCPLA22557, respectively, was not in a good merchantable condition at the time it was distributed to KCP&L, GPEI, GPESI, CLS, and/or to Black & McDonald and while used failed in one or more of the following respects:

a.    Defendant Millerbernd Manufacturing's and/or Valmont Industries' designed and/or manufactured the pole or its component parts where it fell and collapsed causing personal injuries and damages to Plaintiffs;

b.    In the alternative to installation failure, and prior to February 23, 2016, Defendant Millerbernd Manufacturing and/or Valmont Industries, despite its/their knowledge of such failure(s), failed to warn of or give adequate warnings to owners, purchasers, consumers, and reasonable users of the items of the defective and unreasonably dangerous conditions of the items;

c.    In the alternative to installation failure, and prior to February 23, 2016, Defendant Millerbernd Manufacturing and/or Valmont Industries failed to adequately test the items before and during the design, production, and sale of the items and knowingly placed the unreasonably dangerous items into the stream of commerce;

d.    In the alternative to installation failure, and prior to February 23, 2016, Defendant Millerbernd Manufacturing and/or Valmont Industries knowingly sold and continued to sell the items to the public when testing would have established that such was susceptible to failure and/or would have disclosed the latent defect(s) during reasonably foreseeable use;

e.    In the alternative to installation failure, and prior to February 23, 2016, Defendant Millerbernd Manufacturing and/or Valmont Industries failed to recall the items for the purpose of making alternative design(s) available for the items and for protections of the public for use;

f.    In the alternative to improper installation and prior to February 23, 2016, Defendant(s) Millerbernd Manufacturing and/or Valmont Industries had

knowledge of and failed to warn or give adequate warnings and/or instructions owners, purchasers, consumers, reasonable users of the pole's (or component parts') of the existence, availability, and safety benefits of alternative safety design(s), in part per K.S.A. § 60-3305; and

g.    In the alternative to improper installation and in other respects unknown to Plaintiffs at this time, who reserve their right to amend as discovery remains ongoing and for that which may become known or discovered prior to trial.

74.    As a direct and proximate result of Defendant(s) Millerbernd Manufacturing's and/or Valmont Industries' breach(es) of its/their warranties of merchantability for the unmarked light pole near Blackbob Road near 131st Street, East, between those light poles marked as KCPLA2559 and KCPLA22557, respectively, and/or its component parts being used for the intended purposes, failed thereby causing Plaintiffs' personal injuries and damages.

75.    As the direct and proximate result of the defect(s) in Defendant(s) Millerbernd Manufacturing's and/or Valmont Industries' product items, Plaintiffs Mr. Diaz and Minor Plaintiff Mr. Guzman were injured and sustained the above damages and losses, have suffered and will continue to suffer pain, have incurred, and will continue to incur in the future disfigurement, suffering, medical expenses and future medical expenses for treatment, at an amount that in unknown.

WHEREFORE, Plaintiffs pray that this Court will grant judgment in their favor on Count V Defendant(s) Millerbernd Manufacturing's and/or Valmont Industries' Breach of Implied Warrant(ies) and award such past and future damages that are fair and reasonable, together with interest, for an award for the costs of this action, and for all other appropriate and further relief that the Court deems just and proper after review.

## COUNT VI – BREACH OF IMPLIED WARRANTY OF FITNESS
## AND BREACH OF EXPRESS WARRANTY AS APPLICABLE
### in the alternative, against Defendants Millerbernd Manufacturing and Valmont Industries

76.     Plaintiffs herein incorporate by reference each and every averment contained or implied within the above paragraphs 1-75 as applicable of their First Amended Petition for Damages as if fully set out.

77.     Upon information and belief, and in the alternative to failed installation, at all times relevant hereto, Defendant Millerbernd Manufacturing and/or Valmont Industries impliedly warranted that the design and manufacture of the pole and/or its component parts was of reasonably fit for the particular purpose of being reasonably safe to install and stand without falling, breaking, or otherwise failing.

78.     Upon information and belief, and in the alternative to failed installation, notwithstanding the foregoing implied warranty of fitness, and in breach thereof Defendant Millerbernd Manufacturing's and/or Valmont Industries' unmarked light pole (and/or the alleged failed component parts) near Blackbob Road near 131st Street, East, between those light poles marked as KCPLA2559 and KCPLA22557, respectively, was not fit for its intended use/purpose at the time it was distributed to KCP&L, GPEI, GPESI, CLS, and/or to Black & McDonald and while used failed in one or more of the following respects:

a.     Defendant Millerbernd Manufacturing's and/or Valmont Industries' designed and/or manufactured the pole or its component parts where it fell and collapsed causing personal injuries and damages to Plaintiffs;

b.     In the alternative to installation failure, and prior to February 23, 2016, Defendant Millerbernd Manufacturing and/or Valmont Industries, despite its/their knowledge of such failure(s), failed to warn of or give adequate warnings to owners,

purchasers, consumers, and reasonable users of the items of the defective and unreasonably dangerous conditions of the items;

c.  In the alternative to installation failure, and prior to February 23, 2016, Defendant Millerbernd Manufacturing and/or Valmont Industries failed to adequately test the items before and during the design, production, and sale of the items and knowingly placed the unreasonably dangerous items into the stream of commerce;

d.  In the alternative to installation failure, and prior to February 23, 2016, Defendant Millerbernd Manufacturing and/or Valmont Industries knowingly sold and continued to sell the items to the public when testing would have established that such was susceptible to failure and/or would have disclosed the latent defect(s) during reasonably foreseeable use;

e.  In the alternative to installation failure, and prior to February 23, 2016, Defendant Millerbernd Manufacturing and/or Valmont Industries failed to recall the items for the purpose of making alternative design(s) available for the items and for protections of the public for use;

f.  In the alternative to improper installation and prior to February 23, 2016, Defendant(s) Millerbernd Manufacturing and/or Valmont Industries had knowledge of and failed to warn or give adequate warnings and/or instructions owners, purchasers, consumers, reasonable users of the pole's (or component parts') of the existence, availability, and safety benefits of alternative safety design(s), in part per K.S.A. § 60-3305; and

g.    In the alternative to improper installation and in other respects unknown to

Plaintiffs at this time, who reserve their right to amend as discovery remains

ongoing and for that which may become known or discovered prior to trial.

79.    As a direct and proximate result of Defendant(s) Millerbernd Manufacturing's

and/or Valmont Industries' breach(es) of its/their warranties of fitness for the unmarked light

pole near Blackbob Road near 131st Street, East, between those light poles marked as

KCPLA2559 and KCPLA22557, respectively, and/or its component parts being used for the

intended purposes, failed thereby causing Plaintiffs' personal injuries and damages.

80.    As the direct and proximate result of the defect(s) in Defendant(s) Millerbernd

Manufacturing's and/or Valmont Industries' product items, Plaintiffs Mr. Diaz and Minor

Plaintiff Mr. Guzman were injured and sustained the above damages and losses, have suffered

and will continue to suffer pain, have incurred, and will continue to incur in the future

disfigurement, suffering, medical expenses and future medical expenses for treatment, at an

amount that in unknown.

81.    In the alternative to installation failure, and prior to February 23, 2016, and

pursuant to the distribution of the items, Plaintiffs are reasonably expected to have used the items

as installed as light poles on/near the roadway. To the extent any written or contractual

warranties exist, Plaintiffs claim that he/they were third-party beneficiaries of the same and

reserves the right to further amend as to any specifics. *See generally*, K.S.A. § 84-2-607.

WHEREFORE, Plaintiffs pray that this Court will grant judgment in their favor on Count

VI Defendant(s) Millerbernd Manufacturing's and/or Valmont Industries' Breach of

Warrant(ies) for Fitness and/or for any Breach(es) of Express Warranty and Plaintiffs as Third-

Party Beneficiaries and award such past and future damages that are fair and reasonable, together

with interest, for an award for the costs of this action, and for all other appropriate and further

relief that the Court deems just and proper after review.

## COUNT VII – NEGLIGENCE
### in the alternative, against Defendants Millerbernd Manufacturing and Valmont Industries

82.     Plaintiffs herein incorporate by reference each and every averment contained

or implied within the above paragraphs 1-82 as applicable of their First Amended Petition for

Damages as if fully set out.

83.     Upon information and belief, and in the alternative to failed installation, at all

times relevant hereto, Plaintiffs understood that reasonable care was taken in operating the

unmarked light pole (and/or the alleged failed component parts) near Blackbob Road near 131st

Street, East, between those light poles marked as KCPLA2559 and KCPLA22557, respectively.

84.     Upon information and belief, and in the alternative to failed installation,

at all times relevant herein, Defendant Millerbernd Manufacturing and/or Valmont Industries had

a duty to design, manufacture, supply, inspect, test, sell, and/or otherwise distribute products

which were reasonably safe for their intended use so as not to injure or damage those coming

into contact with or nearby the unmarked light pole (and/or the alleged failed component parts)

near Blackbob Road near 131st Street, East, between those light poles marked as KCPLA2559

and KCPLA22557, respectively, and making use of the same in a foreseeable manner.

85.     Upon information and belief, and in the alternative to failed installation,

at all times relevant herein, notwithstanding the foregoing, and in breach thereof, Defendant

Millerbernd Manufacturing and/or Valmont Industries, by and through its/their agents, was/were

negligent or careless at the time the unmarked light pole (and/or the alleged failed component

parts) near Blackbob Road near 131st Street, East, between those light poles marked as

KCPLA2559 and KCPLA22557, respectively, was designed, manufactured, sold, distributed,

and/or used as well as at all times up to and including the incident on February 23, 2016 in one or more of the following respects:

a.   Defendant Millerbernd Manufacturing's and/or Valmont Industries' designed and/or manufactured the pole or its component parts where it fell and collapsed causing personal injuries and damages to Plaintiffs;

b.   In the alternative to installation failure, and prior to February 23, 2016, Defendant Millerbernd Manufacturing and/or Valmont Industries, despite its/their knowledge of such failure(s), failed to warn of or give adequate warnings to owners, purchasers, consumers, and reasonable users of the items of the defective and unreasonably dangerous conditions of the items;

c.   In the alternative to installation failure, and prior to February 23, 2016, Defendant Millerbernd Manufacturing and/or Valmont Industries failed to adequately test the items before and during the design, production, and sale of the items and knowingly placed the unreasonably dangerous items into the stream of commerce;

d.   In the alternative to installation failure, and prior to February 23, 2016, Defendant Millerbernd Manufacturing and/or Valmont Industries knowingly sold and continued to sell the items to the public when testing would have established that such was susceptible to failure and/or would have disclosed the latent defect(s) during reasonably foreseeable use;

e.   In the alternative to installation failure, and prior to February 23, 2016, Defendant Millerbernd Manufacturing and/or Valmont Industries failed to recall the items for the purpose of making alternative design(s) available for the items and for protections of the public for use;

f.      In the alternative to improper installation and prior to February 23, 2016, Defendant(s) Millerbernd Manufacturing and/or Valmont Industries had knowledge of and failed to warn or give adequate warnings and/or instructions owners, purchasers, consumers, reasonable users of the pole's (or component parts') of the existence, availability, and safety benefits of alternative safety design(s), in part per K.S.A. § 60-3305; and

g.      In the alternative to improper installation and in other respects unknown to Plaintiffs at this time, who reserve their right to amend as discovery remains ongoing and for that which may become known or discovered prior to trial.

86.     As a direct and proximate result of Defendant(s) Millerbernd Manufacturing's and/or Valmont Industries' negligent acts or omissions concerning the unmarked light pole near Blackbob Road near 131st Street, East, between those light poles marked as KCPLA2559 and KCPLA22557, respectively, and/or its component parts being used for the intended purposes, failed thereby causing Plaintiffs' personal injuries and damages.

87.     As the direct and proximate result of the defect(s) in Defendant(s) Millerbernd Manufacturing's and/or Valmont Industries' product items and due to these Defendants' negligence, Plaintiffs Mr. Diaz and Minor Plaintiff Mr. Guzman were injured and sustained the above damages and losses, have suffered and will continue to suffer pain, have incurred, and will continue to incur in the future disfigurement, suffering, medical expenses and future medical expenses for treatment, at an amount that in unknown.

WHEREFORE, Plaintiffs pray that this Court will grant judgment in their favor on Count VII Defendant(s) Millerbernd Manufacturing's and/or Valmont Industries' Negligence and award such past and future damages that are fair and reasonable, together with interest, for an

*Clerk of the District Court, Johnson County Kansas*
*11/21/18 05:58pm SS*

award for the costs of this action, and for all other appropriate and further relief that the Court

deems just and proper after review.

## JURY DEMAND

Pursuant to K.S.A. § 60-238(b)(1), Plaintiffs request trial by jury on all issues so triable.

Respectfully Submitted,

DEVKOTA LAW FIRM, LLC

*/s/ Lynn Weddle Judkins*
Tarak Alexander Devkota,    KS #19767
Lynn Weddle Judkins,      KS # 20003
4010 Washington Street, Suite # 350
Kansas City, Missouri 64111
(816) 842-9100 * (816) 817-1080 - FAX
attyjudkins@gmail.com
**ATTORNEYS FOR PLAINTIFFS**

## CERTIFICATE OF ELECTRONIC SERVICE

The Devkota Law Firm, L.L.C. notes that it filed the above Plaintiffs' Amended Petition for Damages on November 21, 2018, which the Court should send and serve electronically to all counsel of record via JIMS notice, including to:

Nick J. Kurt
Carson M. Hinderks
BERKOWITZ OLIVER, LLP
2600 Grand Boulevard, Suite # 1200
Kansas City, MO 64108
(816) 561-7007 * (816) 561-1888 – FAX
nkurt@berkowitzoliver.com
chinderks@berkowitzoliver.com
**ATTORNEY FOR DEFENDANT KCP&L**
**KANSAS CITY POWER & LIGHT COMPANY**

/s/ Lynn Weddle Judkins
**ATTORNEY FOR PLAINTIFFS**

31          *Clerk of the District Court, Johnson County Kansas*
            *11/21/18  05:58pm SS*

17CV04848
Div7

## IN THE DISTRICT COURT OF JOHNSON COUNTY, KANSAS
## CIVIL COURT DEPARTMENT

CARLOS SANCHEZ DIAZ,          )
JEAN CHAVEZ (GUZMAN) SANCHEZ, )
and ADAN GUZMAN,              )
                             )
              Plaintiffs,     )          Case No. 17CV04848
                             )          Division:  7
     v.                       )          K.S.A. Chapter 60
                             )
KANSAS CITY POWER & LIGHT     )
COMPANY, et al.,              )
                             )
              Defendants.     )

## KANSAS CITY POWER & LIGHT COMPANY'S
## FIRST AMENDED PRELIMINARY WITNESS AND EXHIBIT LIST

Defendant Kansas City Power & Light Company ("KCP&L") submits its First Amended

Preliminary Witness and Exhibit List pursuant to the Court's November 5, 2018 First Amended

Case Management Order.

### Preliminary Witness List

1. Carlos Sanchez Diaz;

2. Jean Chavez (Guzman) Sanchez;

3. Adan Guzman;

4. Kenyatta Harden;

5. Jacqueline Franklin;

6. Olathe Police Officers, including, but not limited to, Officer A. Cerda #10787;

7. Mike Madrigal, Safety Specialist;

8. Matthew Kellogg, KCP&L Operations;

9. Caleb Hambrick, KCP&L Operations;

10. Chris Kurtz, Senior Director of Transmission and Distribution;

*Clerk of the District Court, Johnson County Kansas*
*12/03/18  05:11pm SP*

11. Jeremiah Palmer, KCP&L Dispatch

12. All individuals who installed or maintained the pole involved in the incident;

13. David Kumke, City of Olathe;

14. Rusty Hunsaker, City of Olathe;

15. Chris Clark, City of Olathe;

16. Rrachelle R. Breckenridge, City of Olathe;

17. Ryan C. Reeves, MD (Shawnee Mission Medical Center);

18. Kathryn C. Molly, PA (Shawnee Mission Medical Center);

19. Bradford McCrary (University of Kansas Physicians);

20. Douglas Nelson (University of Kansas Physicians);

21. Ludmila Wilson (University of Kansas Physicians);

22. Alexandrea Johnson (University of Kansas Physicians);

23. Ashley W. Bennett (University of Kansas Physicians);

24. Joel A. Lambotte (University of Kansas Physicians);

25. Malik Hamid (University of Kansas Physicians);

26. Stepheny Berry (University of Kansas Physicians);

27. Kenneth R. Pringle (University of Kansas Physicians);

28. Michael Tilley (University of Kansas Physicians);

29. Gary Hinson (University of Kansas Physicians);

30. Lynn H. Roh (University of Kansas Physicians);

31. Megan Cassady-Kramer (University of Kansas Physicians);

32. Brian Everist (University of Kansas Physicians);

33. Kristen W. Pope, MD (University of Kansas Physicians);

34. Eleanor Wilson, CRNA (University of Kansas Hospital);

35. Madison Thorp, RN (University of Kansas Hospital);

36. Rebecca Fitzgerald, RN (University of Kansas Hospital);

37. Dustin Broyles, RN (University of Kansas Hospital);

38. Janet Dewey, RN (University of Kansas Hospital);

39. Jonathan King, RN (University of Kansas Hospital);

40. Thuy-Van Tina Ho, MD (University of Kansas Hospital);

41. Casey L. Shelley, DO (University of Kansas Hospital);

42. Caleb Grote (University of Kansas Hospital);

43. Anne Njoroge, SRNA (University of Kansas Hospital);

44. Christopher Koo, MD (University of Kansas Hospital);

45. Lacey Quinn, RN (University of Kansas Hospital);

46. Kathi Glauner, MD (University of Kansas Hospital);

47. Jonathan Lindquist, MD (University of Kansas Hospital);

48. Jonathan C. Burkes, MD (University of Kansas Hospital);

49. Bradley Barth, MD (University of Kansas Hospital);

50. Brandy Blakey (University of Kansas Hospital);

51. Dawn Coleman, RN (University of Kansas Hospital);

52. Danielle Blakemore, APRN-NP (University of Kansas Hospital);

53. Abigail Nesbitt, RN (University of Kansas Hospital);

54. Kelsey Newton, RN (University of Kansas Hospital);

55. Cheryl Bruner, LMSW (University of Kansas Hospital);

56. Aleyamma Mathew, RN (University of Kansas Hospital);

57. Reese Fauser, RN (University of Kansas Hospital);

58. Rachel Rogers (University of Kansas Hospital);

59. Jason Farrow, MD (University of Kansas Hospital);

60. Catherine Castleman, RN (University of Kansas Hospital);

61. Rose E. Cortina, MD (University of Kansas Hospital);

62. Daylin Rodriguez, MA, LPC RPT (Penuel Counseling);

63. Kellie Moulin (Johnson County Med-Act);

64. Troy Burns (Johnson County Med-Act);

65. Monica Stringfiled (Johnson County Med-Act);

66. Jagadishwar Devkota, MD (Mount Everest Medical);

67. Loanna Halcomb (Mount Everest Medical);

68. Jennifer H. Reintjes, MD (Children's Mercy);

69. Caulynn Castle (Children's Mercy);

70. Maria Torres (Children's Mercy);

71. Peggy Sutton, LPN (Children's Mercy);

72. Elizabeth Parker, RCP (Children's Mercy);

73. John M. Rucker, ARRT (Children's Mercy);

74. Amy Hendricks, LPN (Children's Mercy);

75. Jamie L. Baker, CPNP (Children's Mercy);

76. Christine D. Green, MD (Pediatrician);

77. Terrance W. Carver, MD (Children's Mercy);

78. Christina M. Twardowski, OD (Children's Mercy);

79. Jamie L. McDermott, CPNP (Children's Mercy);

80. Authentication witnesses for Black & McDonald inspection records and/or reports;

81. All expert witnesses identified according to the schedule set out in the Court's Amended Case Management Order[1];

82. All witnesses listed on any witness list submitted by any party;

83. All individuals identified or disclosed through the discovery process;

84. All witnesses necessary for impeachment or rebuttal.

Discovery is ongoing. KCP&L therefore reserves the right to amend this preliminary witness list.

### **Preliminary Exhibit List**

1. Kansas Motor Vehicle Accident Report, No. 2016-0002736, dated February 23, 2016;

2. Photographs taken by the Olathe Police Department at the accident scene on February 23, 2016;

3. Carlos A. Sanchez-Diaz Certificate of Title for 2002 Mazda Protégé, VIN #JM1BJ246921487437;

4. Marriage License of Carlos Sanchez and Jean Chavez, dated January 6, 2017;

5. Documents pertaining to the purchase and maintenance of the light pole.

6. All photographs of property damage and alleged injuries sustained by Carlos Sanchez Diaz and Adan Guzman provided by Plaintiffs to KCP&L;

7. Carlos Sanchez EM Specialists PA Invoice, dated November 18, 2016, and corresponding affidavit;

8. Carlos Sanchez Diaz Medical Provider and Medicare Information Form;

9. Carlos A Sanchez Diaz University of Kansas Invoices and corresponding affidavits;

10. Carlos A Sanchez Diaz University of Kansas Physicians Invoice, dated March 1, 2016;

11. Carlos A Sanchez Diaz University of Kansas Physicians Invoice, dated April 1, 2016;

---

[1]     Given the preliminary nature of this list, KCP&L reserves the right to object to the admissibility or relevance of any expert testimony that any party might advance in this action.

12. Carlos A Sanchez Diaz University of Kansas Hospital Radiology Invoice, dated May 31, 2016;

13. Carlos A Sanchez Diaz University of Kansas Hospital Invoice, dated March 7, 2016;

14. Carlos A Sanchez Diaz University of Kansas Hospital Invoice, dated May 1, 2016;

15. Carlos A Sanchez Diaz University of Kansas Hospital Invoice, dated May 31, 2016;

16. Carlos A Sanchez Diaz University of Kansas Hospital itemization of hospital or professional services, and corresponding affidavits;

17. Carlos Sanchez Shawnee Mission Medical Center Statement, dated June 14, 2016, and corresponding affidavit;

18. Carlos A. Sanchez Diaz medical records from University of Kansas Hospital;

19. Penuel Counseling, LLC Invoice to Devkota Law Firm (Client Name: Carlos Sanchez Diaz), dated October 10, 2016;

20. Health Insurance Claim Forms prepared by Mount Everest Medical on behalf of Carlos Sanchez;

21. Carlos Sanchez Johnson County Med-Act invoices, medical records, and corresponding affidavit;

22. Carlos Sanchez ECG Full Disclosure, dated February 23, 2016;

23. Carlos Sanchez Johnson County Med-Act invoices, medical records, and corresponding affidavit;

24. Carlos Sanchez medical records from Mount Everest Medical;

25. Carlos Sanchez Diaz records from Penuel Counseling, LLC;

26. Carlos Sanchez medical records for services received from Shawnee Mission Medical Center;

27. Carlos A. Sanchez Diaz medical records for services received from University of Kansas Physicians – Orthopedics;

28. Adan Guzman Johnson County Med-Act invoices, medical records, and corresponding affidavit;

29. Adan Guzman ECG Full Disclosure, dated February 23, 2016;

30. Adan Guzman Children's Mercy School/Work Release, dated March 10m 2016;

31. Adan Guzman medical records for services received from Children's Mercy Hospital, with corresponding affidavit;

32. Adan Guzman, Jr. Discharge Instruction Records from Children's Mercy Hospital and Clinics, Pediatric Care Clinic;

33. BlueCross and BlueShield of Kansas Explanation of Benefits for Adan Guzman;

34. Adan Guzman, Jr. BlueCross Blue Shield of Kansas City Health Insurance Card;

35. Adan Guzman, Jr. Sunflower Health Plan Insurance Card;

36. Adan Guzman medical records for services received from University of Kansas Hospital, and corresponding affidavit;

37. Adan Guzman medical bill from University of Kansas Hospital, dated June 14, 2016, for services received on February 24, 2016, and corresponding affidavit;

38. University of Kansas Hospital itemization of hospital or professional services for Adan Guzman, dated February 23, 2016 through February 24, 2016, and corresponding affidavit;

39. Cardon Outreach letter to Jean Chavez, dated March 7, 2016;

40. Penuel Counseling, LLC Invoice to Devkota Law Firm (Client Name: Adan Guzman), dated October 10, 2016;

41. Adan Guzman records from Penuel Counseling, LLC;

42. Adan Guzman medical records from Mount Everest Medical;

43. Health Insurance Claim Forms prepared by Mount Everest Medical on behalf of Adan Guzman;

44. Johnson County Med-Act bills and records pertaining to Adan Guzman, with affidavit dated November 20, 2016;

45. Johnson County Med-Act Invoice to Guardian of Adan Guzman, dated March 1, 2016;

46. Johnson County Med-Act Invoice to Guardian of Adan Guzman, dated April 1, 2016;

47. Adan Guzman medical bills from Children's Mercy Hospital;

*Clerk of the District Court, Johnson County Kansas*
*12/03/18  05:11pm SP*

48. Carlos Sanchez Diaz Cardon Outreach Amended Hospital Liens, dated March 17, 2016;

49. Adan Guzman Panuel Counseling Notice of Medical/Doctor Lien, dated July 25, 2016;

50. All injury photos produced by Plaintiffs in response to KCP&L discovery requests;

51. All photos of property damages produced by Plaintiffs in response to KCP&L discovery requests;

52. All photographs of the accident scene, pole, vehicle, or any other relevant object;

53. Adan Guzman Social Security Card;

54. Allied Towing Service, Inc. invoice, dated February 24, 2016;

55. Allied Towing Service, Inc. receipt, dated February 26, 2016;

56. All correspondence, including all attachments thereto, between the City of Olathe (or its counsel) and Plaintiffs (or their counsel);

57. Black & McDonald inspection records and/or reports;

58. Weather report from the night of February 23, 2016;

59. Any relevant immigration and citizenship documentation;

60. All communications between Plaintiffs (or their counsel) and KCP&L (or its counsel);

61. All communications between any party (or its counsel) and KCP&L (or its counsel);

62. All pleadings and documents filed in this action;

63. Any documents or things produced by any party during discovery or obtained by either party by subpoena;

64. All transcripts, recordings, and errata sheets of any deposition taken in this action;

65. All exhibits relied on, used, or referenced during any deposition taken in this action;

66. All statements, affidavits, or other documents obtained from non-parties by KCP&L or any other party in this action;

67. All exhibits identified by any party and/or any on their exhibit lists;

68. Where necessary, business records affidavits for all documents listed herein;

69. All documents produced by any party's expert witnesses in this action[2];

70. Any exhibit necessary for impeachment or rebuttal.

Discovery is ongoing.  KCP&L therefore reserves the right to amend this preliminary exhibit list.

Dated:  December 3, 2018

Respectfully submitted,

**BERKOWITZ OLIVER LLP**

*/s/ Nick J. Kurt*
Nick J. Kurt                          KS Bar No. 20225
Carson M. Hinderks              KS Bar No. 25079
2600 Grand Boulevard, Suite 1200
Kansas City, Missouri 64108
Telephone:  (816) 561-7007
Facsimile:  (816) 561-1888
Email         nkurt@berkowitzoliver.com
                   chinderks@berkowitzoliver.com

*Attorneys for Defendant Kansas City*
*Power & Light Company*

---

[2]     Given the preliminary nature of this list, KCP&L reserves the right to object to the admissibility or relevance of any expert testimony that any party might advance in this action.

*Clerk of the District Court, Johnson County Kansas*
*12/03/18  05:11pm SP*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was served via e-mail this 3rd day of December 2018, on the following:

Tarak Alexander Devkota
Lynn Weddle Judkins
DEVKOTA LAW FIRM, LLC
4010 Washington Street, Suite 350
Kansas City, Missouri 64111
Phone:        (816) 842-9100
Facsimile:    (816) 817-1080
litigation@devkotalawfirm.com
attyjudkins@gmail.com

*Attorneys for Plaintiff*

    /s/ Nick J. Kurt
Attorney for Defendants

*Clerk of the District Court, Johnson County Kansas*
*12/03/18  05:11pm SP*

17CV04848
Div7

IN THE DISTRICT COURT OF JOHNSON COUNTY, KANSAS
CIVIL DEPARTMENT
(Pursuant to K.S.A. Chapter 60)

CARLOS SANCHEZ DIAZ, and            )
                                    )
JEAN  CHAVEZ (GUZMAN) SANCHEZ,  )
                                    )
and ADAN GUZMAN,                    )
                                    )        Case No.:      17CV04848
        *Plaintiffs*,               )
                                    )
v.                                  )        Division No.:  7 (Judge Hauber)
                                    )
KANSAS CITY POWER AND               )
LIGHT COMPANY,  *et al.*            )
                                    )
        *Defendants*.               )

PLAINTIFFS' MOTION FOR ADDITIONAL TIME TO
SUPPLEMENT IDENTIFIED WITNESS(ES) AND EXHIBIT(S)
WITH INCORPORATED SUPPORTING SUGGESTIONS

        COMES NOW, Lynn Weddle Judkins, of the Devkota Law Firm, L.L.C., counsel for

Plaintiffs to move this Court for an additional sixty (60) days in which to supplement its prior

and subsequent identifications of witness(es) and exhibit(s) due to amending and the

continuation of discovery respectively and outlines the following in support of this request:

MOTION FOR ADDITIONAL TIME

        1.      Plaintiffs Carlos Sanchez Diaz and Adan Guzman, through his Next Friend and

Natural Mother, Jean Chavez, filed their Petition for claims arising from an auto accident

on February 23, 2016;

        2.      Pursuant to the parties' First Amended Case Management Order, the parties'

updated witness(es) and exhibit list(s) are due on December 3, 2018;

        3.      Plaintiffs amended their Petition on November 21, 2018, and they're in the

process of serving the same on the additional defendants;

    4.    Those additional defendants will include witness(es) and document(s) to be produced as part of the pending discovery in this case, which will require supplementation of the previously filed initial witness and exhibit lists filed on or about June 1, 2018;

    5.    No prior continuance requests or extension requests have been sought by Plaintiffs for any initial witness or exhibit designation(s), and where the trial has been now set for the week of July 15-19, 2019, Plaintiffs do not expect that such request for an additional sixty (60) days will be prejudicial to any other party;

    6.    The timeframe sought is solely to supplement the existing identifications already made contemporaneously herein and not for any vexatious purpose or for undue delay;

    7.    Based upon the existing deadlines, and noting where the discovery deadline is set for March 29, 2019, the undersigned asserts that the witness and exhibit list would need to be supplemented following completion of discovery;

    8.    Based upon the above and for good cause shown, Plaintiffs seeks up to and including February 1, 2019 to supplement their witness and exhibit lists.

<u>BRIEF ARGUMENT WITH SUPPORT</u>

***A.***     ***Request is for an extension is made prior to expiration of the deadline.***

Plaintiffs made this request for additional time prior to the expiration of the Plaintiffs' witness and exhibit list deadline. The Court enjoys broad discretion to allow this extension of time to do so. *See generally*, K.S.A. § 60-206.

Plaintiffs have identified their witnesses and exhibits and further supplemented their second designation subject to this motion for additional time. The parties will not be prejudiced

by this additional time where discovery remains ongoing and where the cutoff is not until March

29, 2019.

CONCLUSION

For these reasons and for good cause shown, Plaintiffs respectfully request to name any

witnesses and/or designate exhibits on or by February 1, 2019.

Respectfully Submitted,

DEVKOTA LAW FIRM, L.L.C.

*/s/ Lynn Weddle Judkins*
Lynn Weddle Judkins,        KS # 20003
4010 Washington Street, Suite # 350
Kansas City, Missouri 64111
(816) 842-9100 * (816) 817-1080 - FAX
attyjudkins@gmail.com
**ATTORNEYS FOR PLAINTIFFS**

**CERTIFICATE OF ELECTRONIC SERVICE**

The Devkota Law Firm, L.L.C. notes that it filed the above Plaintiffs' Motion for
Additional Time to Identify Witnesses and Exhibits via the Court's JIMS Notice Network on
December 3, 2018, which the Court should send and serve electronically to all counsel of record
via JIMS notice, including to:

Nick J. Kurt
Carson M. Hinderks
BERKOWITZ OLIVER, LLP
2600 Grand Boulevard, Suite # 1200
Kansas City, MO 64108
(816) 561-7007 * (816) 561-1888 – FAX
nkurt@berkowitzoliver.com
chinderks@berkowitzoliver.com
**ATTORNEY FOR DEFENDANT**
**KANSAS CITY POWER & LIGHT COMPANY**

/s/ Lynn Weddle Judkins
**ATTORNEY FOR PLAINTIFFS**

3

*Clerk of the District Court, Johnson County Kansas*
*12/03/18  09:05pm SP*

17CV04848
Div7

## IN THE DISTRICT COURT OF JOHNSON COUNTY, KANSAS
### CIVIL DEPARTMENT
(Pursuant to K.S.A. Chapter 60)

CARLOS SANCHEZ DIAZ, and            )
                                    )
JEAN  CHAVEZ (GUZMAN) SANCHEZ,      )
                                    )
and ADAN GUZMAN,                    )
                                    )     Case No.:      17CV04848
         *Plaintiffs*,              )
                                    )
v.                                  )     Division No.:  7 (Judge Hauber)
                                    )
KANSAS CITY POWER AND               )
LIGHT COMPANY,  *et al.*            )
                                    )
         *Defendants*.              )

### PLAINTIFFS' SECOND WITNESS AND EXHIBIT LIST

Plaintiffs, through counsel with the Devkota Law Firm, L.L.C., identifies the following as

their initial witness and exhibit list. Where discovery and treatment remains ongoing, Plaintiffs

reserve the right to amend and/or supplement this list as necessary and incorporate their Motion

for Additional Time herein.

### PROPOSED WITNESS(ES):

1.    Plaintiff Carlos Sanchez Diaz
      16790 West 127th Street, Apt. H
      Olathe, KS 66062


2.    Plaintiff Jean Chavez and Next Friend for Minor Plaintiff Adan Guzman
      16790 West 127th Street, Apt. H
      Olathe, KS 66062


3.    Minor Plaintiff Adan Guzman, Jr.
      16790 West 127th Street, Apt. H
      Olathe, KS 66062

*Clerk of the District Court, Johnson County Kansas*
*12/03/18  10:55pm SP*

4.    Adan Guzman
      Updated Address Unknown


5.    Police Officer A. Cerda, Badge #10787
      Reviewing Police Officer, Badge #10617
      Investigating Officers
      Photographing Officers
      Traffic Division personnel
      Public Safety personnel
      City of Olathe Police Department
      501 East Highway 56
      Olathe, KS 66061


6.    Jacqueline Franklin
      6403 Manchester Avenue, Apt. D
      Kansas City, MO  64133


7.    Kenyatta Harden
      2212 Cleveland Avenue
      Kansas City, MO  64127


8.    Corporate Representative for Allied Towing Company
      15485 South Highway 169
      Olathe, KS 66062


9.    Corporate Representative(s) for Kansas City Power & Light Company, including
      but not limited to
      Matthew Kellogg, operations
      Caleb Hambrick, operations
      Chris Kurtz, transmission/distribution
      Jeremiah Palmer, dispatch
      Investigations Team
      Site inspection personnel
      Engineering personnel
      1200 Main Street
      Kansas City, MO 64105

10.    Installation and/or maintenance personnel for KCPLA2556, KCPLA2557 &
       KCPLA2559
       1200 Main Street
       Kansas City, MO 64105


11.    Representative(s)
       Great Plains Energy Incorporated
       Great Plains Energy Services Incorporated
       1200 Main Street
       Kansas City, MO 64105


12.    Rachelle R. Breckenridge
       Chris Clark
       Rusty Hunsaker
       David Kumke
       Site inspectors
       Investigation Team
       Public Works personnel
       Public Safety personnel
       City of Olathe, Kansas
       100 East Santa Fe Street
       Olathe, KS 66061-3409


13.    Med-Act #1154 personnel
       Med-Act #1143 personnel
       Monica Stringfield – EMT Paramedic
       Kellie Moulin – EMT Paramedic
       Noah Hoelscher – EMT Paramedic
       Troy Bruns – EMT Paramedic
       Johnson County Med-Act
       11811 South Sunset Drive
       Olathe, KS 66061


14.    Jaime L. McDermott Baker, APRN, R.N., CPNP
       Children's Mercy Hospital
       3101 Broadway Boulevard
       Kansas City, MO 64111

15.     Bradley Barth, M.D.
        University of Kansas Hospital
        3091 Rainbow Boulevard
        Kansas City, KS 66160


16.     Ashley W. Bennett, M.D.
        University of Kansas Hospital
        3091 Rainbow Boulevard
        Kansas City, KS 66160


17.     Stepheny Berry, M.D. FACS
        University of Kansas Hospital
        3091 Rainbow Boulevard
        Kansas City, KS 66160


18.     Purchase personnel
        Installation personnel
        Testing/quality control personnel
        Inspection personnel
        Supervisory/Maintenance personnel
        Site personnel
        Black & McDonald, Inc.
        6001 Front Street
        Kansas City, MO 64120


19.     Danielle Blakemore, APRN-NP
        University of Kansas Hospital
        3091 Rainbow Boulevard
        Kansas City, KS 66160


20.     Cheryl Bruner, LMSW
        University of Kansas Hospital
        3091 Rainbow Boulevard
        Kansas City, KS 66160

21.     Terrance W. Carver, Jr., M.D.
        Children's Mercy Hospital
        2401 Gillham Road
        Kansas City, MO 64108


22.     Meghan Cassady-Kramer, DPT
        University of Kansas Hospital
        3091 Rainbow Boulevard
        Kansas City, KS 66160


23.     Certain nursing personnel
        Children's Mercy Hospital
        3101 Broadway Boulevard
        Kansas City, MO 64111


24.     Rose E. Cortina, M.D.
        University of Kansas Hospital
        3091 Rainbow Boulevard
        Kansas City, KS 66160


25.     Jag Devkota, M.D.
        Mount Everest Medical, LLC
        Office Closed


26.     Brian M. Everist, M.D.
        University of Kansas Hospital
        3091 Rainbow Boulevard
        Kansas City, KS 66160


27.     Jason Farrow, M.D.
        University of Kansas Hospital
        3091 Rainbow Boulevard
        Kansas City, KS 66160

28. Kathi Glauner, M.D.
 University of Kansas Hospital
 3091 Rainbow Boulevard
 Kansas City, KS 66160


29. Elisha R. Gray
 Children's Mercy Hospital
 3101 Broadway Boulevard
 Kansas City, MO 64111


30. Christine M. Green, FAAP, M.D.
 Meritas Health
 2700 Clay Edwards Drive, #400
 Kansas City, MO 64116


31. Stewart Grote, D.O.
 United Medical Logistics, LLC
 6025 Metcalf Lane, Suite # 100
 Overland Park, KS 66202


32. Caleb Grote, M.D.
 University of Kansas Hospital
 3091 Rainbow Boulevard
 Kansas City, KS 66160


33. Malik A. Hamid, M.D.
 University of Kansas Hospital
 3091 Rainbow Boulevard
 Kansas City, KS 66160


34. Gary Hinson, M.D.
 University of Kansas Hospital
 3091 Rainbow Boulevard
 Kansas City, KS 66160

35.    Pamela R. Hite, M.D.
University of Kansas Hospital
3091 Rainbow Boulevard
Kansas City, KS 66160

36.    Alexandrea Johnson, M.D.
University of Kansas Hospital
3091 Rainbow Boulevard
Kansas City, KS 66160

37.    Records and treating representative(s)
Johnson County Health Partnership
8600 West 95th Street
Overland Park, KS 66212

38.    Christopher Koo, M.D.
University of Kansas Hospital
3091 Rainbow Boulevard
Kansas City, KS 66160

39.    Tim Krehbiel, M.E.
1000 North Clayview Drive
Liberty, MO 64068

40.    Joel A. Lambotte, PA
University of Kansas Hospital
3091 Rainbow Boulevard
Kansas City, KS 66160

41.    Jonathan Lindquist, M.D.
University of Kansas Hospital
3091 Rainbow Boulevard
Kansas City, KS 66160

7

42.   J. Marp, RN
      Children's Mercy Hospital
      BC Pediatric Care Clinic – Green
      3101 Broadway Boulevard – Third Floor
      Kansas City, MO 64111


43.   Bradford S. McCrary, M.D.
      University of Kansas Hospital
      3091 Rainbow Boulevard
      Kansas City, KS 66160


44.   Records representative/treater
      Midwest Orthopedic Group, PA
      8800 West 75th Street, Suite # 350
      Shawnee Mission, KS 66204


45.   Douglas Nelson, M.D.
      University of Kansas Hospital
      3091 Rainbow Boulevard
      Kansas City, KS 66160


46.   Kelsey Newton, RN BSN – Trauma Nurse Care Manager
      University of Kansas Hospital
      3091 Rainbow Boulevard
      Kansas City, KS 66160


47.   Anne Njoroge, SRNA
      University of Kansas Hospital
      3091 Rainbow Boulevard
      Kansas City, KS 66160


48.   Kenneth R. Pringle, ATC
      University of Kansas Hospital
      3091 Rainbow Boulevard
      Kansas City, KS 66160

49.    Kristen Pope, M.D.
       University of Kansas Hospital
       3091 Rainbow Boulevard
       Kansas City, KS 66160


50.    Lacey Quinn, RN
       University of Kansas Hospital
       3091 Rainbow Boulevard
       Kansas City, KS 66160


51.    Ryan C. Reeves, M.D.
       Kathryn C. Molly, P.A.
       Shawnee Mission Medical Center
       9100 West 74th Street
       Shawnee Mission, KS 66204


52.    Jennifer H. Reintjes, FAAP, M.D.
       Children's Mercy Hospital
       3102Broadway Boulevard
       Kansas City, MO 64111


53.    Daylin Rodriguez, MA, LPC, RPT
       Penuel Counseling, LLC
       Westowne Office Park
       1170 West Kansas Avenue, Building 10
       Liberty, MO 64068


54.    Rachel Rogers
       University of Kansas Hospital
       3091 Rainbow Boulevard
       Kansas City, KS 66160


55.    Lynn H. Roh, M.D.
       University of Kansas Hospital
       3091 Rainbow Boulevard
       Kansas City, KS 66160

56.     Irene Sanchez


57.     Casey L. Shelley, D.O.
        University of Kansas Hospital
        3091 Rainbow Boulevard
        Kansas City, KS 66160


58.     Jason F. Tobler, M.D.
        Children's Mercy Hospital
        3101 Broadway Boulevard
        Kansas City, MO 64111


59.     Michael B. Tilley, M.D.
        University of Kansas Hospital
        3091 Rainbow Boulevard
        Kansas City, KS 66160


60.     Christina M. Twardowski, D.O.
        Children's Mercy Hospital
        3101 Broadway Boulevard
        Kansas City, MO 64111


61.     Certain nursing personnel
        University of Kansas Hospital
        3091 Rainbow Boulevard
        Kansas City, KS 66160


62.     Patricia A. Wallace, M.D.
        Children's Mercy Hospital (formerly with)
        BC Pediatric Care Clinic – Green
        3101Broadway Boulevard – Third Floor
        Kansas City, MO 64111

63.    William Weatherford, M.D.
       410 Woodfield Drive
       Tonganoxie, KS 66086

64.    Ludmila Wilson
       Eleanor Wilson, CRNA
       University of Kansas Hospital
       3091 Rainbow Boulevard
       Kansas City, KS 66160

65.    Additional treaters and counselors found within records produced to date and
       supplemented.

66.    Additional fact witnesses identified through discovery.

67.    Additional foundational and damage witnesses as necessary.

68.    Personnel from installation and/or maintenance company agents of KCP&L.

69.    Personnel/agents from manufacturer(s): Millerbernd Manufacturing Company and
       Valmont Industries, Inc.

**PROPOSED EXHIBITS:**

1.    Pleadings
2.    Answers to Interrogatories
3.    Documents produced in response to discovery
4.    Documents used in deposition
5.    Depositions of any party or witness
6.    Police Report and supplement
7.    Photo(s) of cars involved in accident
8.    Photo(s) from Olathe Police Department
9.    Photo(s) of injuries, damage claims.
10.   Google Earth or other photos of accident scene/intersection
11.   Investigative files of City of Olathe
12.   Investigative files of Olathe Police Department
13.   Investigative files of KCP&L
14.   Investigative files of Black & McDonald

15.     Inspection reports concerning KCPLA2556, KCPLA2557 & KCPLA2559
16.     Failure complaints to City of Olathe
17.     Repair invoice for Plaintiff's car, including all repair estimates and payment(s) for property damage
18.     Business records, receipts, and bills from Allied Towing
19.     All documents from Allied Towing regarding Plaintiff's car
20.     Demonstrative representations regarding accident and/or failure as necessary
21.     All treaters' medical bills with affidavit
22.     EMS Reports from Med-Act for treatment
23.     Children's Mercy medical records, test results, and billing records
24.     Daylin Rodriguez/Penuel Counseling, LLC's medical records, reports, and bills
25.     Johnson County Med-Act medical records, surgical notes, therapy notes, findings, and bills
26.     Johnson County Health Partnership medical records, notes, therapy notes, findings, and bills
27.     Midwest Orthopedic Group, PA (Midwest Orthopedics) medical records, surgical and/or therapy notes, therapy notes, findings, and bills
28.     Meritas Health medical records, surgical notes, therapy notes, findings, and bills
29.     Mount Everest Medical records, doctor's notes, and treatment log(s)
30.     Mount Everest Medical billing records
31.     Shawnee Mission Medical Center medical records, surgical notes, therapy notes, records, findings, and bills
32.     X-rays, MRIs, and/or any test results from any treater
33.     United Medical Logistics, LLC's medical records and bills with affidavits
34.     University of Kansas Hospital medical records, surgical and/or therapy notes, reports, and findings
35.     University of Kansas Hospital billing records for all treatment
36.     University of Kansas – Orthopedics medical and billing records for all treatment
37.     University of Kansas Emergency Physicians medical records, notes, and reports
38.     University of Kansas Emergency Physicians billing records
39.     All counseling records and bills
40.     All educational counseling records
41.     All demonstrative and/or 3-D models and/or exhibits necessary concerning claims, causation, and damages.
42.     All documents showing ownership of Plaintiff's car at issue in case
43.     All documents pertaining to the purchase, installation, inspection, sign off, and maintenance of the light pole at issue
44.     All photographs showing the scene, the pole at issue, the failure, damages related to the pole falling, and any other photographs relevant to the claims, damages, etc.
45.     All correspondence/communications between KCP&L and the City of Olathe
46.     All documents between KCP&L and Black & McDonald regarding the light pole
47.     All documents between Black & McDonald and the City of Olathe regarding the light pole
48.     All documents regarding testing, purchase, approval, installation, inspection, and/or maintenance of the light pole
49.     All documents between any party in this case and any other party

50.     All documents regarding installation guidelines, regulations, and/or requirements for the light pole

51.     All engineering documents regarding the manufacture of, testing of, approval of, and installation of the light pole

52.     Expert(s) files with reserved objections dependent upon designations

53.     All documents produced in response to any subpoena

54.     All deposition transcripts and deposition exhibits

55.     All exhibits/documents necessary to prove damages

56.     All exhibits/documents necessary for foundation

57.     All exhibits/documents necessary for impeachment and/or rebuttal; and

58.     All exhibits/documents designated in final pre-trial order.

Plaintiffs reserve their rights to amend or supplement this exhibit list based upon ongoing discovery and subject to Plaintiffs' pending Motion for Additional Time to identify witness(es) and/or exhibit(s).

Respectfully submitted,

DEVKOTA LAW FIRM, L.L.C.

*/s/ Lynn Weddle Judkins*

Lynn Weddle Judkins,      KS # 20003
Tarak Devkota         KS # 19767
4010 Washington Street, Suite # 350
Kansas City, Missouri 64111
(816) 842-9100 * (816) 817-1080 - FAX
attyjudkins@gmail.com
**ATTORNEYS FOR PLAINTIFFS**

13        *Clerk of the District Court, Johnson County Kansas*
*12/03/18  10:55pm SP*

## CERTIFICATE OF ELECTRONIC SERVICE

The Devkota Law Firm, L.L.C. notes that it filed the above Plaintiffs' Second Witness

and Exhibit List via eFlex on December 3, 2018, which the Court should send and serve

electronically to all counsel of record via eFlex notice, subject to the companion Motion for

Additional Time, including to:

Nick J. Kurt
Carson M. Hinderks
BERKOWITZ OLIVER, LLP
2600 Grand Boulevard, Suite # 1200
Kansas City, MO 64108
(816) 561-7007 * (816) 561-1888 – FAX
nkurt@berkowitzoliver.com
chinderks@berkowitzoliver.com
**ATTORNEY FOR DEFENDANT**
**KANSAS CITY POWER & LIGHT COMPANY**

/s/ Lynn Weddle Judkins
**ATTORNEY FOR PLAINTIFFS**

17CV04848
Div7

## IN THE DISTRICT COURT OF JOHNSON COUNTY, KANSAS
### CIVIL COURT DEPARTMENT

CARLOS SANCHEZ DIAZ,                    )
JEAN CHAVEZ (GUZMAN) SANCHEZ,  )
and ADAN GUZMAN,                        )        Case No. 17CV04848
                                        )        Division:  7
                 Plaintiffs,            )        K.S.A. Chapter 60
                                        )
        v.                              )
                                        )
KANSAS CITY POWER & LIGHT               )
COMPANY, et al.,                        )
                                        )
                 Defendants.            )

### ANSWER OF KANSAS CITY POWER & LIGHT COMPANY TO
### FIRST AMENDED PETITION FOR DAMAGES

Defendant Kansas City Power & Light Company ("KCP&L") hereby submits its Answer

to Plaintiffs' First Amended Petition for Damages ("Amended Petition").

### PARTIES, JURISDICTION, AND VENUE

1.      KCP&L is without knowledge or information sufficient to form a belief as to the

truth of the allegations contained in Paragraph 1 and, therefore, denies them.

2.      KCP&L is without knowledge or information sufficient to form a belief as to the

truth of the allegations in Paragraph 2 and, therefore, denies them.

3.      KCP&L is without knowledge or information sufficient to form a belief as to the

truth of the allegations in Paragraph 3 and, therefore, denies them.

4.      KCP&L admits the allegations in Paragraph 4.

5.      KCP&L admits that it performs the services alleged by Plaintiffs in Paragraph 5.

6.      Paragraph 6 states a legal conclusion to which no answer is required.  To the

extent that it requires an answer, KCP&L denies the allegations in Paragraph 6.  Answering

further, KCP&L states that the phrase "at all times" is vague and undefined and, therefore, it also denies the allegations in Paragraph 6 for that reason.

7.      KCP&L admits that Great Plains Energy Services Incorporated ("GPESI") is a Missouri corporation and its Kansas resident agent is Corporation Service Company, 2900 SW Wanamaker Drive, Suite 204, Topeka, Kansas 66614.  KCP&L further admits that GPESI, CLS d.b.a. Black and McDonald, and Black and McDonald entered into Master Service Agreements, an Alliance Agreement, and various statements of work concerning street light repair, maintenance, and construction services.  The provisions of those agreements speak for themselves.  Those agreements allowed affiliates, like KCP&L, to contract for negotiated services, through a separate purchase order, under the terms of the applicable Master Service Agreement and associated documents.  KCP&L denies the remaining allegations in Paragraph 7, as written.

8.      KCP&L admits that, on February 23, 2016, Great Plains Energy Incorporated ("GPEI") was a Missouri corporation and that its Kansas resident agent is Corporation Service Company, 2900 SW Wanamaker Drive, Suite 204, Topeka, Kansas 66614.  KCP&L denies the remaining allegations in Paragraph 8.

9.      KCP&L admits that GPESI, CLS d.b.a. Black and McDonald, and Black and McDonald entered into Master Service Agreements, an Alliance Agreement, and various statements of work concerning street light repair, maintenance, and construction services.  The provisions of those agreements speak for themselves.  Those agreements allowed affiliates, like KCP&L, to contract for negotiated services, through a separate purchase order, under the terms of the applicable Master Service Agreement and associated documents.  KCP&L is without

knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 9 and, therefore, denies them.

10.     KCP&L admits that GPESI and Black and McDonald entered into Master Service Agreements, an Alliance Agreement, and various statements of work concerning street light repair, maintenance, and construction services.  The provisions of those agreements speak for themselves.  Those agreements allowed affiliates, like KCP&L, to contract for negotiated services, through a separate purchase order, under the terms of the applicable Master Service Agreement and associated documents.  KCP&L is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 10 and, therefore, denies them.

11.     KCP&L is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 11 and, therefore, denies them.

12.     KCP&L is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 12 and, therefore, denies them.

13.     KCP&L is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 13 and, therefore, denies them

14.     The allegations in Paragraph 14 are vague and confusing because the acts attributed to KCP&L are stated in the disjunctive.  Accordingly, KCP&L states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations—as written—in Paragraph 14 and, therefore, denies them.  Answering further, KCP&L denies that it failed to meet any applicable standard of care.

15.     Paragraph 15 states a legal conclusion to which no answer is required.  To the extent that it requires an answer, KCP&L admits that, as pleaded by Plaintiffs in Paragraph 15, jurisdiction over KCP&L in this Kansas district court is proper.

16.     Paragraph 16 states a legal conclusion to which no answer is required.  To the extent that it requires an answer, KCP&L admits that, as pleaded by Plaintiffs in Paragraph 16, venue in this Kansas district court is proper.

## ADDITIONAL FACTS COMMON TO ALL ALLEGATIONS

17.     KCP&L admits that it is authorized to conduct business in Kansas and generates, transmits, and sells electric power in and around Kansas City, which include Johnson County, Kansas.  KCP&L further admits that GPESI may enter contracts that allow subsidiaries and affiliates to procure services and merchandise and that GPEI used to be the holding company of KCP&L and non-party KCP&L Greater Missouri Operations Company.  The remaining allegations in Paragraph 17 are directed toward entities other than KCP&L and, for that reason, KCP&L states that it is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 17 and, therefore, denies them.

18.     KCP&L admits that Plaintiffs' claims purport to arise from an incident that occurred at approximately 9:36 p.m. on February 23, 2016, in Olathe, Kansas.

19.     KCP&L admits the allegations in Paragraph 19.

20.     KCP&L is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 20 and, therefore, denies them.

21.     KCP&L is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 21 and, therefore, denies them.

22.     KCP&L denies the allegations in Paragraph 22.

23. KCP&L denies the allegations in Paragraph 23.

24. KCP&L is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 24 and, therefore, denies them.

25. KCP&L is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 25 and, therefore, denies them.

26. KCP&L is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 26 and, therefore, denies them. Answering further, KCP&L states that the phrase "at that time" is vague and undefined and, therefore, it also denies the allegations in Paragraph 26 for that reason.

27. KCP&L is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 27 and, therefore, denies them.

28. KCP&L admits that it believes that the pole referenced in Paragraph 28 was installed in or around 1991. KCP&L is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 28 and, therefore, denies them.

29. KCP&L denies that Mr. Diaz was injured as a direct and proximate result of its acts and omissions. Answering further, KCP&L denies that it failed to meet any applicable standard of care. KCP&L is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 29 concerning the injuries Mr. Diaz allegedly incurred and, therefore, denies them.

30. KCP&L denies that Mr. Diaz has suffered damages as a direct and proximate result of its acts and omissions. Answering further, KCP&L denies that it failed to meet any applicable standard of care. KCP&L is without knowledge or information sufficient to form a

belief as to the truth of the allegations contained in Paragraph 30 concerning the damages Mr.

Diaz allegedly incurred and, therefore, denies them.

31.     KCP&L denies that Mr. Diaz has suffered damages or was injured as a direct and

proximate result of its acts and omissions.  Answering further, KCP&L denies that it failed to

meet any applicable standard of care.  KCP&L is without knowledge or information sufficient to

form a belief as to the truth of the allegations contained in Paragraph 31 and, therefore, denies

them.

32.     KCP&L denies that Mr. Guzman was injured as a direct and proximate result of

its acts and omissions.  Answering further, KCP&L denies that it failed to meet any applicable

standard of care.  KCP&L is without knowledge or information sufficient to form a belief as to

the truth of the allegations contained in Paragraph 32 concerning the injuries allegedly suffered

by Mr. Guzman and, therefore, denies them.

33.     KCP&L denies that Mr. Guzman has suffered damages or was injured as a direct

and proximate result of its acts and omissions.  Answering further, KCP&L denies that it failed

to meet any applicable standard of care.  KCP&L is without knowledge or information sufficient

to form a belief as to the truth of the allegations contained in Paragraph 33 and, therefore, denies

them.

### ANSWER TO COUNT I – NEGLIGENCE
### Against KCP&L, GPEI, GPESI, and/or John Doe C

34.     KCP&L incorporates its responses to Paragraphs 1 through 33 above as its

response to Paragraph 34.

35.     KCP&L admits that, on February 23, 2016, it owned the pole referenced in

Paragraph 35.  The remaining allegations in Paragraph 35 are vague and confusing because the

acts attributed to KCP&L are stated in the disjunctive.  Accordingly, KCP&L states that it is

without knowledge or information sufficient to form a belief as to the truth of the remaining allegations—as written—in Paragraph 35 and, therefore, denies them. Answering further, KCP&L denies that it failed to meet any applicable standard of care.

36.     KCP&L denies that GPEI or GPESI owned, installed, operated, inspected and/or maintained the pole referenced in Paragraph 36. KCP&L is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 36 and, therefore, denies them. Answering further, KCP&L denies that it failed to meet any applicable standard of care.

37.     Paragraph 37 states an alleged legal duty to which no answer is required. To the extent that it requires an answer, KCP&L denies the allegations in Paragraph 37 that are directed to it. Answering further, KCP&L denies that it failed to meet any applicable standard of care.

38.     Paragraph 38 states an alleged legal duty to which no answer is required. To the extent that it requires an answer, KCP&L denies the allegations in Paragraph 38 that are directed to it. Answering further, KCP&L denies that it failed to meet any applicable standard of care.

39.     KCP&L denies the allegations in Paragraph 39. Answering further, KCP&L denies that it failed to meet any applicable standard of care.

40.     KCP&L denies the allegations in Paragraph 40.

41.     KCP&L denies that Mr. Diaz or Mr. Guzman were injured or damaged as a direct and proximate result of its acts and omissions. Answering further, KCP&L denies that it failed to meet any applicable standard of care.

42.     KCP&L denies that Mr. Diaz suffered damages as a direct and proximate result of its acts and omissions. Answering further, KCP&L denies that it failed to meet any applicable standard of care.

43.     KCP&L is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 43 and, therefore, denies them.

44.     KCP&L denies that Mr. Diaz or Mr. Guzman were injured as a direct and proximate result of its acts and omissions.  Answering further, KCP&L denies that it failed to meet any applicable standard of care.

45.     KCP&L denies that Mr. Diaz or Mr. Guzman were injured as a direct and proximate result of its acts and omissions.  Answering further, KCP&L denies that it failed to meet any applicable standard of care.

## ANSWER TO COUNT II – NEGLIGENCE
### Against Defendants CSL, Black & McDonald, and/or John Doe C

46.     KCP&L incorporates its responses to Paragraphs 1 through 45 above as its response to Paragraph 46.

47.     KCP&L admits that, on February 23, 2016, it owned the pole referenced in Paragraph 47 and that CLS and/or Black & McDonald inspected and/or maintained it.  KCP&L is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 47 and, therefore, denies them.

48.     Paragraph 48 is not directed at KCP&L.  Paragraph 48 also states an alleged legal duty to which no answer is required.  To the extent that it requires an answer, KCP&L is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 48 and, therefore, denies them.

49.     Paragraph 49 is not directed at KCP&L.  Paragraph 48 also states an alleged legal duty to which no answer is required.  To the extent that it requires an answer, KCP&L is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 49 and, therefore, denies them.

50.    Paragraph 50 is not directed at KCP&L.  To the extent that it requires an answer, KCP&L is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 50 and, therefore, denies them.

51.    Paragraph 51 is not directed at KCP&L.  Paragraph 51 also states a legal conclusion to which no answer is required.  To the extent that it requires an answer, KCP&L is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 51 and, therefore, denies them.

52.    Paragraph 52 is not directed at KCP&L.  Paragraph 52 also states a legal conclusion to which no answer is required.  To the extent that it requires an answer, KCP&L is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 52 and, therefore, denies them.

53.    Paragraph 53 is not directed at KCP&L.  Paragraph 53 also states a legal conclusion to which no answer is required.  To the extent that it requires an answer, KCP&L is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 52 and, therefore, denies them.

54.    KCP&L is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 54 and, therefore, denies them.

55.    Paragraph 55 is not directed at KCP&L.  Paragraph 53 also states a legal conclusion to which no answer is required.  To the extent that it requires an answer, KCP&L is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 55 and, therefore, denies them.

56.    Paragraph 56 is not directed at KCP&L.  Paragraph 56 also states a legal conclusion to which no answer is required.  To the extent that it requires an answer, KCP&L is

without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 56 and, therefore, denies them.

## ANSWER TO COUNT III - *RES IPSA LOQUITOR*
### Against all Defendants

57.     KCP&L incorporates its responses to Paragraphs 1 through 56 above as its response to Paragraph 57.

58.     KCP&L admits that, on February 23, 2016, it owned the pole referenced in Paragraph 58.  The remaining allegations in Paragraph 58 are vague and confusing because the acts attributed to KCP&L are stated in the disjunctive and may constitute legal conclusions. Accordingly, KCP&L states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations—as written—in Paragraph 58 and, therefore, denies them. Answering further, KCP&L denies that it failed to meet any applicable standard of care.

59.     Paragraph 59 states a legal conclusion to which no answer is required.  To the extent that it requires an answer, KCP&L denies the allegations in Paragraph 59 that are directed to it.

60.     Paragraph 60 states a legal conclusion to which no answer is required.  To the extent that it requires an answer, KCP&L denies the allegations in Paragraph 60 that are directed to it.

61.     KCP&L denies the allegations in Paragraph 61 that are directed to it.

62.     KCP&L denies the allegations in Paragraph 37 that are directed to it.

## COUNT IV – STRICT LIABILITY
### in the alternative, against Defendants Millerbernd Manufacturing and Valmont Industries and KCP&L, GPEL & GPESI, CLS, Black & McDonald, and/or John Doe C

63.     KCP&L incorporates its responses to Paragraphs 1 through 62 above as its response to Paragraph 63.

64.    KCP&L is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 64 and, therefore, denies them.

65.    KCP&L admits the allegations in Paragraph 65.

66.    Paragraph 66 is not directed at KCP&L.  Paragraph 66 also states an alleged legal duty to which no answer is required.  To the extent that it requires an answer, KCP&L is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 66 and, therefore, denies them.

67.    Paragraph 67 is not directed at KCP&L.  Paragraph 67 also states a legal conclusion to which no answer is required.  To the extent that it requires an answer, KCP&L is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 67 and, therefore, denies them.

68.    Paragraph 68 is not directed at KCP&L.  Paragraph 68 also states a legal conclusion to which no answer is required.  To the extent that it requires an answer, KCP&L is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 68 and, therefore, denies them.

69.    Paragraph 69 is not directed at KCP&L.  Paragraph 69 also states a legal conclusion to which no answer is required.  To the extent that it requires an answer, KCP&L is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 69 and, therefore, denies them.

70.    Paragraph 70 states a legal conclusion to which no answer is required.  To the extent that it requires an answer, KCP&L denies the allegations in Paragraph 70 that are directed to it.

### ANSWER TO COUNT V – BREACH OF IMPLIED WARRANTY
**in the alternative, against Defendants Millerbernd Manufacturing and Valmont Industries**

71.     KCP&L incorporates its responses to Paragraphs 1 through 70 above as its response to Paragraph 71.

72.     Paragraph 72 is not directed at KCP&L.  Paragraph 72 also states a legal conclusion to which no answer is required.  To the extent that it requires an answer, KCP&L is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 72 and, therefore, denies them.

73.     Paragraph 73 is not directed at KCP&L.  Paragraph 73 also states a legal conclusion to which no answer is required.  To the extent that it requires an answer, KCP&L is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 73 and, therefore, denies them.

74.     Paragraph 74 is not directed at KCP&L.  Paragraph 74 also states a legal conclusion to which no answer is required.  To the extent that it requires an answer, KCP&L is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 74 and, therefore, denies them.

75.     Paragraph 75 is not directed at KCP&L.  Paragraph 75 also states a legal conclusion to which no answer is required.  To the extent that it requires an answer, KCP&L is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 75 and, therefore, denies them.

### ANSWER TO COUNT VI – BREACH OF IMPLIED WARRANTY OF FITNESS AND BREACH OF EXPRESS WARRANTY AS APPLICABLE
**in the alternative, against Defendants Millerbernd Manufacturing and Valmont Industries**

76.     KCP&L incorporates its responses to Paragraphs 1 through 75 above as its response to Paragraph 76.

77.     Paragraph 77 is not directed at KCP&L.  Paragraph 77 also states a legal conclusion to which no answer is required.  To the extent that it requires an answer, KCP&L is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 77 and, therefore, denies them.

78.     Paragraph 78 is not directed at KCP&L.  Paragraph 78 also states a legal conclusion to which no answer is required.  To the extent that it requires an answer, KCP&L is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 78 and, therefore, denies them.

79.     Paragraph 79 is not directed at KCP&L.  Paragraph 79 also states a legal conclusion to which no answer is required.  To the extent that it requires an answer, KCP&L is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 79 and, therefore, denies them.

80.     Paragraph 80 is not directed at KCP&L.  Paragraph 80 also states a legal conclusion to which no answer is required.  To the extent that it requires an answer, KCP&L is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 80 and, therefore, denies them.

81.     Paragraph 81 is not directed at KCP&L.  Paragraph 81 also states a legal conclusion to which no answer is required.  To the extent that it requires an answer, KCP&L is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 81 and, therefore, denies them.

## ANSWER TO COUNT VII – NEGLIGENCE
**in the alternative, against Defendants Millerbernd Manufacturing and Valmont Industries**

82.     KCP&L incorporates its responses to Paragraphs 1 through 81 above as its response to Paragraph 82.

83.     KCP&L is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 83 and, therefore, denies them.

84.     Paragraph 84 is not directed at KCP&L.  Paragraph 84 also states an alleged legal duty to which no answer is required.  To the extent that it requires an answer, KCP&L is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 84 and, therefore, denies them.

85.     Paragraph 85 is not directed at KCP&L.  Paragraph 85 also states a legal conclusion to which no answer is required.  To the extent that it requires an answer, KCP&L is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 85 and, therefore, denies them.

86.     Paragraph 86 is not directed at KCP&L.  Paragraph 86 also states a legal conclusion to which no answer is required.  To the extent that it requires an answer, KCP&L is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 86 and, therefore, denies them.

87.     Paragraph 87 is not directed at KCP&L.  Paragraph 87 also states a legal conclusion to which no answer is required.  To the extent that it requires an answer, KCP&L is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 87 and, therefore, denies them.

## **GENERAL DENIAL**

KCP&L hereby denies each and every allegation of Plaintiffs' Amended Petition not admitted specifically herein.

## AFFIRMATIVE DEFENSES

Without waiving and in the alternative to all other defenses and denials set out herein, KCP&L states:

1.     Plaintiffs' Amended Petition fails to state any claim or cause of action on which the Court can grant relief against KCP&L.

2.     Plaintiffs' alleged injuries and damages are the result of independent, unforeseeable, superseding, and/or intervening causes unrelated to any conduct of KCP&L.

3.     Plaintiffs' alleged injuries were not proximately caused by any act or omission of KCP&L.

4.     Any alleged injuries or damages suffered by Plaintiffs were caused solely by acts of others independent of KCP&L, including unforeseeable intervening or superseding acts, which bar any recovery against KCP&L.

5.     KCP&L's liability, if any, on Plaintiffs' claims sounding in negligence should be restricted to its appropriate share of liability (which is denied) in accordance with principles of comparative negligence and proportionate fault under K.S.A. § 60-258a. Plaintiffs' recoverable damages, if any, must be reduced by the percentage of fault attributable to Plaintiffs or other persons or entities associated with them. Plaintiffs' claims should not result in any liability to KCP&L in the event Plaintiffs are found to be 50% or more at fault on that claim.

6.     The trier of fact, under K.S.A. § 60-258a, must compare the fault of Plaintiffs with the alleged fault and/or negligence of each party to this action and the alleged occurrence, including that of persons not formally joined in the lawsuit, those who cannot be held legally responsible for their proportionate fault, or any party to the lawsuit that might settle Plaintiffs' claims against it pretrial.

7.      Plaintiffs' claims are barred because KCP&L owed no duty to Plaintiffs or, in the alternative, if any duty was owed, KCP&L satisfied such duty.

8.      Plaintiffs' claims are barred in whole or in part because KCP&L has substantially complied with all applicable statutes, regulations, laws, and/or industry practices.

9.      To the extent Plaintiffs seek loss of wages or earnings, those claims are barred or may be set off by the receipt of unemployment compensation.

10.     Upon information and belief, Plaintiffs' rights to recovery are barred in whole or in part by their respective failures to mitigate the damages they allege.

11.     KCP&L incorporates by reference any defenses raised by any other defendant in its Answer to Plaintiff's Amended Petition to the extent they are not factually or legally inconsistent with the positions of KCP&L.

12.     KCP&L reserves the right to assert additional defenses as they become known through discovery.

WHEREFORE, KCP&L prays for judgment in its favor and for an order dismissing Plaintiffs' First Amended Petition for Damages with prejudice, for its costs incurred herein, and for such other relief as the Court finds just and appropriate.

## **JURY DEMAND**

Defendant Kansas City Power & Light Company demands that all issues set forth herein be tried to a jury.

Dated:  December 21, 2018

Respectfully submitted,

**BERKOWITZ OLIVER LLP**

/s/ Nick J. Kurt

| Nick K. Kurt | KS Bar No. 20225 |
| Carson M. Hinderks | KS Bar No. 25079 |

2600 Grand Boulevard, Suite 1200
Kansas City, Missouri 64108
Telephone:  (816) 561-7007
Facsimile:   (816) 561-1888
Email         nkurt@berkowitzoliver.com
                  chinderks@berkowitzoliver.com

*Attorneys for Defendant Kansas City Power & Light Company*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was served upon the following, via email, on this 21st day of December, 2018.

Tarak Alexander Devkota
Lynn Weddle Judkins
DEVKOTA LAW FIRM, LLC
4010 Washington Street, Suite 350
Kansas City, Missouri 64111
litigation@devkotalawfirm.com
attyjudkins@gmail.com

*Attorneys for Plaintiffs*

/s/ Nick J. Kurt
*Attorney for Defendant*

17CV04848
Div7

## IN THE DISTRICT COURT OF JOHNSON COUNTY, KANSAS
## CIVIL DEPARTMENT
(Pursuant to K.S.A. Chapter 60)

CARLOS SANCHEZ DIAZ, and    )
               )
JEAN  CHAVEZ (GUZMAN) SANCHEZ,  )
               )
and ADAN GUZMAN, a Minor,    )
               )
    *Plaintiffs*,      )
               )
v.            )
               ) <u>Case No</u>.  17CV04848
KANSAS CITY POWER AND    )
LIGHT COMPANY,      )
               ) <u>Division No</u>. 7 (Judge Hauber)
    *Defendants*.     )
               )

## PLAINTIFFS' MOTION FOR EXTENSION OF TIME DESIGNATE ADDITIONAL EXPERTS AND TO SUPPLEMENT EXISTING DESIGNATIONS WITH REPORTS

COME NOW, Plaintiffs, by and through their attorneys of record with the Devkota Law Firm, L.L.C., to request at least an additional two weeks in which to supplement their designation of expert witnesses due to weather, awaiting additional treatment medical records, and illness.

In support of their Motion, Plaintiffs state as follows:

1.  Plaintiffs filed their claims and later amended by agreement in November 2018;

2.  Plaintiffs and Defendant Kansas City Power and Light Company ("KCP&L") have exchanged written discovery, and Plaintiffs have pending discovery out to the additional defendants, which may affect the need for additional expert(s);

3.  Pursuant to the parties' Amended Journal Entry of Case Management, Plaintiffs'

1   *Clerk of the District Court, Johnson County Kansas*
      *01/25/19  02:33pm SP*

initial expert disclosures are set for January 25, 2019. However and due to weather, illness of

counsel, and trial conflicts of several of the following experts, the need for at least an additional

three (3) weeks is necessary for the finalization of supplemental retained expert(s)' reports;

    4.    The parties were able to complete the deposition of emergency medical

technician, Kellie Moulin;

    5.    In addition, Plaintiff Carlos Sanchez-Diaz is also still undergoing treatment with

the Health Partnership in Olathe, KS, and due to unknown conflicts, Health Partnership has

cancelled recent appointments that Mr. Sanchez Diaz set, as well as the undersigned awaits

return of the requested medical records concerning therapy and treatment at this facility;

    6.    Plaintiffs had previously designated their treating physicians to that date

concerning the intent for medical and expert witness testimony about Plaintiffs' injuries,

complaints, diagnoses, treatments provided and future treatment recommendations, and that all

such treatment(s) are as a result of and arising out of the accident and failure of the light pole,

and that the costs and expenses of such treatment are fair and reasonable;

    7.    Plaintiffs anticipate at least one additional supplemental medical expert(s) for

whom the above records are necessary for his assessment of future medical needs and for

finalization of his report;

    8.    Defendants should not be surprised by these designations and motion request

wherein prior designations for treatment providers have been listed, discovery responses detailed

additional treatment, and authorizations for such providers have already been provided;

    9.    Though those listed below and continuing to be designated as non-retained

experts for Plaintiffs' emergency and medical treating healthcare providers, defendants, who have not yet been served, and those Defendant(s) for whom a corresponding extension of similar time would be offered and allowed, should preclude any claim of prejudice from this request;

10.     Plaintiffs' counsel called defense counsel and requested an inspection of the light pole as part of the completion need for expert mechanical engineer, Timothy M. Krehbiel; however, no date has been set yet, which, in part, prompts this request for additional time;

11.     Plaintiffs had filed only a single extension request previously concerning expert witness designations, which was prior to the receipt of initial written discovery from KCP&L;

12.     The timeframe sought is minimal and solely to supplement the existing designations with respective report(s), and it is not for any vexatious purpose or for undue delay;

13.     Discovery does not close for more than two months, March 29, 2019, and the trial for this case begins the week of July 15, 2019;

14.     Based upon the above and for good cause shown, Plaintiff seeks an Order of the Court to allow such supplemental designations on or by Friday, February 15, 2019.

<u>BRIEF ARGUMENT WITH SUPPORT</u>

**A.      *Request is reasonable give the timeframes and circumstances.***

Plaintiffs have already named their treating physicians in discovery, provided medical records received to date, and submitted signed medical record authorizations to Defendant KCP&L. Plaintiffs seek to name the additional therapists who have been treating these individuals and to incorporate their exam notes and/or opinions within the respective diagnoses; however, and due to unforeseen circumstances, Health Partnership, has recently cancelled some of Plaintiffs' appointments, and we await these additional records with additional recommended treatment provided.

Plaintiffs also seek to name these therapists and at least one additional doctor following finalization of the report. Such is not an excessive request for requested additional timeframe. The additional time is necessary too for the light pole inspection, review, and report finalization by the engineer.

The Court enjoys broad discretion to allow this extension of time to do so. *See generally*, K.S.A. § 60-206(b)(1)(B). Plaintiff has otherwise provided the information necessary to make such designations, and are willing to provide and extent the same additional time courtesy to defense as necessary. Neither of which should cause or adversely affect the planned trial setting of this case.

CONCLUSION

For these reasons and for good cause shown, Plaintiffs respectfully request to have up to and including February 15, 2019 in which to supplement their expert witness designations.

**PLAINTIFFS' INTIAL EXPERT WITNESS DESIGNATIONS**

## CARLOS SANCHEZ DIAZ

Kellie Moulin – EMT-Paramedic
Troy Bruns – EMT – Paramedic
JOHNSON COUNTY MED-ACT
Olathe Fire Department
11811 South Sunset, Suite # 1100
Olathe, KS 66061

These emergency personnel's expertise includes emergency medical procedures at the accident scene. She/he/they made assessments, including evaluation and diagnoses and shall address their observations and findings upon arrival to the auto accident on February 23, 2016. They will include Plaintiff Carlos Sanchez Diaz's complaints of left shoulder (broken clavicle), neck pain, leg contusions as a result of being pinned following intrusion when a light pole fell on Plaintiff Sanchez-Diaz's car without warning. They will also explain their assessment of Mr. Sanchez Diaz's lacerations and injury to his left arm from glass, bruising to his chest (including broken ribs), soft tissue injury with lacerations to his face, chest, and neck and initial medications needed for pain management. These treaters stabilized Mr. Sanchez Diaz for transport to University of Kansas Hospital.

Their observations, findings, diagnoses, and recommendations are found within the medical records already produced.

| | |
|---|---|
| Brandley Barth, M.D. | Jonathan Lindquist, M.D. |
| Ashley Bennett, M.D. | Christopher Koo, M.D. |
| Stepheny Berry, M.D. | Brad McCrary, M.D. |
| Johnathan C. Burkes, M.D. | Kelsey Newton, RN, BSN (Trauma Nurse Care Manager) |
| Douglas Burton, M.D. | Kenneth Pringle, PT |
| Jason Farrow, M.D. | Casey L. Shelley, D.O. |
| Kathi Glauner, M.D. | Kelly Stumpff, M.D. |
| Caleb Grote, M.D. | Michael B. Tilley, M.D. |

University of Kansas Hospital
Emergency Room and Consulting Treaters
University of Kansas Physicians – PT Sports Medicine Clinic
3901 Rainbow Boulevard
Kansas City, KS 66101
(913) 588-6100

These treatment providers are all board-certified medical professionals in their respective specialties. They are part of the University of Kansas Hospital's Emergency, Trauma, Orthopedic, and Surgical teams respectively and handled the intake history, assessment, physical examination, testing, and recommendations for Carlos Sanchez Diaz's treatment following the accident. Dr. Bennett was the primary, initial emergency room physician, while Dr. Glauner handled Mr. Sanchez Diaz's case later and through discharge.

This included emergency evaluation of his injuries, various X-rays of the chest, clavicle, and humerus, and pelvis, CT scans of the head, cervical spine, face, thorax, and abdomen/pelvis, as well as additional MRI films reviewed for the diagnoses and treatment recommendations for his C-spine TP fracture (Comminuted C-7 Transverse Process Fracture), clavicle fracture, and broken ribs, which Drs. Stumpff and Burton initially diagnosed, and additional initial diagnoses of multiple facial lacerations, eye irritation from glass shards (irrigation), neck laceration and acute pain from the accident trauma.

The above also provided surgical and orthopedic consult(s), prescribed narcotics and other medicines for pain/swelling, scheduled Mr. Sanchez Diaz for surgery, and other related treatment (including but not limited to wound treatment protocol). Dr. Tilley diagnosed Plaintiff Carlos Sanchez Diaz's ORIF left clavicle fracture, recommended Mr. Sanchez Diaz for surgery at the Trauma Clinic, and later recommended several weeks of therapy with a followed-up home exercise program and outlined Mr. Sanchez Diaz's work and time off restrictions.

His/her/their observations, findings, diagnoses, and treatment plan(s) are found within the medical records already produced.

Ryan C. Reeves, M.D.
C. Molly Kathryn Kurtz, PA
SHAWNEE MISSION MEDICAL CENTER
9100 West 74th Street
Shawnee, Mission, KS 66204
(913) 676-2000

Dr. Reeves is board certified and evaluated PA Kurtz's assessment of Mr. Sanchez Diaz in the emergency room a few days after the accident concerning his negative reaction to pain medications provided to treat his injuries and fractures. These two recommended alternative prescription therapies to assist with Mr. Sanchez Diaz's pain.
Mount Everest Medical, LLC (Office Closed)
4010 Washington, Suite # 310
Kansas City, Missouri 64111

This doctor is board certified and also a licensed radiologist. His field of expertise is general medicine, and he saw and treated Carlos Sanchez Diaz following the accident between March-May 2016 for continuing headaches, neck/chest/shoulder pain onset right after the auto accident. His complaints also included insomnia, limited range of motion, and several positive tests with diagnoses of cervicalgia myalgia, headaches due to trauma, anxiety due to trauma, sprains, and contusions as a result of the accident. Mr. Sanchez Diaz also had keloid elevation of the neck wound following the accident.

Additional observations, findings, diagnoses, and treatment plan(s) are found within the medical records already produced, and note the additional therapies provided following Mr. Sanchez Diaz's surgery at University of Kansas Hospital. Following completion of said therapies, it was recommended that Mr. Sanchez Diaz return to Mount Everest Medical for follow-up and/or discharge.

Daylin Rodriguez, MA LPC
PENUEL COUNSELING, LLC
Westowne Office Park
1170 West Kansas Avenue, Building #10
Liberty, MO 64068

This licensed professional counselor evaluated Mr. Sanchez Diaz's injury complaints to his neck, shoulder, and legs from the accident. Following his surgery and slow recovery, she will opine how his chronic pain has adversely affected his life, how being pinned in the car and constant pain has led to his withdrawal from life and activities, causing depression, and fear. She can share about how the accident and his subsequent mental health has led to insomnia, catastrophic thinking, forgetfulness, and psychological trauma.

She will opine about his diagnoses of Major Depressive Disorder, clinical depression, anxiety,

and Post-Traumatic Stress Disorder ("PTSD") and her referral to a medical professional regarding corroboration of these diagnoses and proposed treatment, including medications.

Additional opinions are found within her report already produced in this case discovery.

Plaintiffs will further supplement under their Motion for Additional Time concerning these reports, as well as Mr. Sanchez Diaz's depression diagnosis and therapy treatment appointments with Health Partnership in Olathe, Kansas.

Timothy M. Krehbiel, P.E.
SEMKE FORENSIC
100 North Clayview Drive, Suite B
Liberty, MO 64068
(816) 415-2020

This mechanical engineer, following review of existing file materials, photos, and discovery in this case determined that the light pole fell due to the base not being secured, installation error, and concern about material. His curriculum vitae is attached. Plaintiffs will supplement regarding his report within this timeframe requested, following inspection sought of the light pole, and as well concerning deposition availability.

Stewart Grote, D.O.
UNITED MEDICAL LOGISTICS, LLC
6025 Metcalf Lane, Suite # 100
Overland Park, KS 66202
(913) 499-8103

This physician consulted Mr. Sanchez Diaz's prior treatments, review of records, past and current complaints, provided some initial additional therapy, and outlines his opinions concerning causation, care, and future medical needs, including medical diagnoses of psychological conditions corroborated by the prior therapist in the report previously submitted. Dr. Grote is board certified and specializes in osteopathic and internal medicine. His brief biography, fee schedule, and report, are attached and incorporated herein as previously sent privately to counsel.

**ADAN GUZMAN**

Monica Stringfield – EMT-Paramedic
Neil Houlscher – EMT – Paramedic
Johnson County Med-Act M#1143
Olathe Fire Department
11811 South Sunset, Suite # 1100
Olathe, KS 66061

These emergency personnel's expertise includes emergency medical procedures at the accident scene. She/he/they made assessments, including evaluation and diagnoses and shall address their observations and findings upon arrival to the auto accident on February 23, 2016. They will include Minor Plaintiff Adan Guzman's complaints of injury to his right knee, leg, ankle, and foot with abrasions and right-side chest wall pain as a result of being pinned following intrusion when a light pole fell on Plaintiff Sanchez-Diaz's car without warning. They will also explain their assessment of Minor Plaintiff Guzman's injuries. These treaters stabilized him for transport to University of Kansas Hospital Emergency Room.

Their observations, findings, diagnoses, and recommendations are found within the medical records already produced.

Kathi Glauner, M.D.
Pamela Hite, M.D.
Kristin Pope, M.D.
Johnathan D. Lindquist, M.D.
UNIVERSITY OF KANSAS HOSPITAL
Emergency Room and Consulting Treaters
3901 Rainbow Boulevard
Kansas City, KS 66101
(913) 588-6100

These treatment providers are all board-certified medical professionals in their respective specialties. They are part of the University of Kansas Hospital's Emergency, Trauma, and Radiology teams respectively and handled the intake, assessment, and recommendations for Plaintiff Adan Guzman for initial evaluation of his chest contusions, abrasions and injury to his right chest wall, right knee, leg, ankle, and foot (right lower leg pain), and completion of various X-rays, scans, and additional MRI films recommended for review for the diagnoses and treatment recommendations for his headaches, back pain, chest pain, the osseous fragment at the medial anterior of the right knee, and for removal of glass shards from Adan Guzman's right leg and ankle in the ER.

His/her/their observations, findings, diagnoses, and treatment plan(s) are found within the medical records already produced.

J. Maprin
Jaime L. McDermott, RN, APRN (Nurse Case Manager)
Elizabeth Parker, RCP
Jennifer H. Reintjes, M.D.
Christina Twardowski, D.O. (Opthamology Clinic)
CHILDREN'S MERCY HOSPITALS & CLINICS
BC Pediatric Care Clinic – Green
3101 Broadway Boulevard
Kansas City, MO 64111
(816) 234-3000

These medical professionals are all board certified in their respective specialties. Dr. Reintjes saw Adan Guzman for the continued headaches as a result of this accident, confirmed he suffered a concussion as a result of this accident, diagnosed him with post-concussion syndrome, created a treatment plan including limiting activities and brain rest, reviewed the complaints about continuing nightmares, and referred him to the Children's Mercy Neurology Clinic for further monitoring.

His/her/their observations, findings, diagnoses, and treatment plan(s) are found within the medical records already produced.

Mount Everest Medical, LLC (Office Closed)
4010 Washington, Suite # 310
Kansas City, Missouri 64111

This doctor is board certified and also a licensed radiologist. His field of expertise is general medicine, and he saw and treated Adan Guzman following the accident between March-April 2016 for continuing headaches due to a diagnosis of cerebral concussion at Children's Mercy Hospital, cervicalgia, back/knee/thoracic pain, spinal instability, and sprains onset right after the auto accident. His complaints also included anxiety due to the trauma, which was medically diagnosed and led to referral for therapy.

He continue(s) to be fearful due to the accident, including nightmares and bedwetting that did not exist prior to the accident. Additional observations, findings, diagnoses, and treatment plan(s) are found within the medical records already produced, and note that request for referral regarding therapy was recommended.

Daylin Rodriguez, MA LPC
PENUEL COUNSELING, LLC
Westowne Office Park
1170 West Kansas Avenue, Building #10
Liberty, MO 64068

This licensed professional counselor evaluated Minor Plaintiff Adan Guzman's complaints of
headaches, back pain, right leg/knee pain, anxiety and nightmares from the accident in April
2016. Following and as a result of this accident, Ms. Rodriguez notes that trauma from being
trapped in the car and fearing he would die, led Mr. Guzman to experience fear of being in
another accident, fear of driving, and fear in seeing his step-father gravely injured from the
accident.

She will opine about his diagnoses of Separation Anxiety Disorder, and Post-Traumatic Stress
Disorder ("PTSD"). Her observations of and diagnoses of Mr. Guzman's sadness, anxiety, and
need for treatment prompted referral for additional treatment.

Additional opinions are found within her report are already produced in this case discovery. Mr.
Guzman has also recently been referred for further anxiety and now depression treatment to
Health Partnership Clinic (Olathe, KS).

Plaintiffs will further supplement under their Motion for Additional Time concerning these
reports, as well as Mr. Guzman's depression diagnosis and therapy treatment appointments with
Responsive Center in Overland Park.

Respectfully Submitted,

DEVKOTA LAW FIRM, L.L.C.

/s/ Lynn Weddle Judkins
Lynn Weddle Judkins,        KS # 20003
4010 Washington Street, Suite # 350
Kansas City, Missouri 64111
(816) 842-9100 * (816) 817-1080 - FAX
attyjudkins@gmail.com
**ATTORNEYS FOR PLAINTIFFS**

## CERTIFICATE OF ELECTRONIC SERVICE

The Devkota Law Firm, L.L.C. notes that it filed the above Plaintiffs' Initial Designation of Experts and Motion for Additional Time to Name/Supplement Expert(s) via the Court's JIMS Notice Network on January 25, 2019, which the Court should send and serve electronically to all counsel of record via JIMS notice, including to:

Nick J. Kurt
Carson M. Hinderks
BERKOWITZ OLIVER, LLP
2600 Grand Boulevard, Suite # 1200
Kansas City, MO 64108
(816) 561-7007
(816) 561-1888 – FAX
nkurt@berkowitzoliver.com
chinderks@berkowitzoliver.com
**ATTORNEY FOR DEFENDANT**
**KANSAS CITY POWER & LIGHT COMPANY**


/s/ Lynn Weddle Judkins
**ATTORNEY FOR PLAINTIFFS**

*Clerk of the District Court, Johnson County Kansas*
                                    *01/25/19  02:33pm SP*

17CV04848
Div7

# IN THE DISTRICT COURT OF JOHNSON COUNTY, KANSAS
## CIVIL DEPARTMENT
### (Pursuant to K.S.A. Chapter 60)

CARLOS SANCHEZ DIAZ, and )
)
JEAN  CHAVEZ (GUZMAN) SANCHEZ, )
)
and ADAN GUZMAN, a Minor, )
)
     *Plaintiffs,* )
)
v. )
)   <u>Case No.</u>    17CV04848
)
KANSAS CITY POWER AND )
LIGHT COMPANY,    et al. )
)   <u>Division No.</u>  7 (Judge Hauber)
    *Defendants.* )
)

## <u>PLAINTIFFS' REQUEST FOR SUMMONS, SERVICE, AND INSTRUCTION FORM</u>

COME NOW, Plaintiffs, by and through their attorneys of record with the Devkota Law

Firm, L.L.C., to request a Summons issued for each of the following Defendants on the First

Amended Petition for service to be as requested as indicated per the following instructions:

**GREAT PLAINS ENERGY
INCORPORATED
<u>SERVE</u>:
CORPORATION SERVICE COMPANY
2900 S.W. Wanamaker Drive, Suite # 204
Topeka, KS 66614,**

<u>INSTRUCTIONS</u>:

Please plan for service as indicated:

_____     a.     Service through the Sheriff of _____, County,
           State of _____. Returns may be faxed to (913) 715-
           3401, 7 days a week, 24 hours a day.

1     *Clerk of the District Court, Johnson County Kansas*
          *01/25/19  04:26pm HS*

_____     b.     Service by an authorized process server.

XXXX_____     c.     Certified-Mail Service by the undersigned litigant or attorney, who understands that it is his/her/their responsibility to obtain service and to make the return to the clerk. The postal receipt for service must be filed with the Clerk's office to prove service.

_____     d.     Certified mail service by the Sheriff of Johnson County, Kansas. Sheriff of Johnson County does not do out-of-state service by certified mail.

Respectfully Submitted,

DEVKOTA LAW FIRM, L.L.C.

/s/ Lynn Weddle Judkins
Lynn Weddle Judkins,       KS # 20003
4010 Washington Street, Suite # 350
Kansas City, Missouri 64111
(816) 842-9100 * (816) 817-1080 - FAX
attyjudkins@gmail.com
**ATTORNEYS FOR PLAINTIFFS**

## CERTIFICATE OF ELECTRONIC SERVICE

The Devkota Law Firm, L.L.C. notes that it filed the above Plaintiffs' Request for Summons Great Plains Energy and Service Instructions via the Court's JIMS Notice Network on January 25, 2019, which the Court should send and serve electronically to all counsel of record via JIMS notice, including to:

Nick J. Kurt and Carson M. Hinderks
BERKOWITZ OLIVER, LLP
2600 Grand Boulevard, Suite # 1200
Kansas City, MO 64108
(816) 561-7007
(816) 561-1888 – FAX
nkurt@berkowitzoliver.com
chinderks@berkowitzoliver.com
**ATTORNEY FOR DEFENDANT**
**KANSAS CITY POWER & LIGHT COMPANY**

/s/ Lynn Weddle Judkins
**ATTORNEY FOR PLAINTIFFS**

2       *Clerk of the District Court, Johnson County Kansas*
*01/25/19  04:26pm HS*

17CV04848
Div7

## IN THE DISTRICT COURT OF JOHNSON COUNTY, KANSAS
## CIVIL DEPARTMENT
(Pursuant to K.S.A. Chapter 60)

CARLOS SANCHEZ DIAZ, and )
)
JEAN  CHAVEZ (GUZMAN) SANCHEZ, )
)
and ADAN GUZMAN, a Minor, )
)
    *Plaintiffs,* )
)
v. )
)   Case No.   17CV04848
)
KANSAS CITY POWER AND )
LIGHT COMPANY,   et al. )
)   Division No.  7 (Judge Hauber)
    *Defendants.* )
)

### PLAINTIFFS' REQUEST FOR SUMMONS, SERVICE, AND INSTRUCTION FORM

    COME NOW, Plaintiffs, by and through their attorneys of record with the Devkota Law

Firm, L.L.C., to request a Summons issued for each of the following Defendants on the First

Amended Petition for service to be as requested as indicated per the following instructions:

**CUSTOM LIGHTING SERVICES, L.L.C.**
*d/b/a* **BLACK & McDONALD,**
<u>**SERVE**</u>**:**
**CORPORATION SERVICE COMPANY**
**2900 S.W. Wanamaker Drive, Suite # 204**
**Topeka, KS 66614,**

<u>INSTRUCTIONS</u>:

Please plan for service as indicated:

   _____     a.    Service through the Sheriff of _____, County,
                          State of _____. Returns may be faxed to (913) 715-
                          3401, 7 days a week, 24 hours a day.

1     *Clerk of the District Court, Johnson County Kansas*
                        *01/25/19  04:27pm HS*

_____     b.     Service by an authorized process server.

<u>XXXX</u>_____     c.     Certified-Mail Service by the undersigned litigant or attorney, who understands that it is his/her/their responsibility to obtain service and to make the return to the clerk. The postal receipt for service must be filed with the Clerk's office to prove service.

_____     d.     Certified mail service by the Sheriff of Johnson County, Kansas. Sheriff of Johnson County does not do out-of-state service by certified mail.

Respectfully Submitted,

DEVKOTA LAW FIRM, L.L.C.

<u>/s/ Lynn Weddle Judkins</u>
Lynn Weddle Judkins,          KS # 20003
4010 Washington Street, Suite # 350
Kansas City, Missouri 64111
(816) 842-9100 * (816) 817-1080 - FAX
attyjudkins@gmail.com
**ATTORNEYS FOR PLAINTIFFS**

## <u>CERTIFICATE OF ELECTRONIC SERVICE</u>

The Devkota Law Firm, L.L.C. notes that it filed the above Plaintiffs' Request for Summons Custom Lighting Services, L.L.C. via the Court's JIMS Notice Network on January 25, 2019, which the Court should send and serve electronically to all counsel of record via JIMS notice, including to:

Nick J. Kurt and Carson M. Hinderks
BERKOWITZ OLIVER, LLP
2600 Grand Boulevard, Suite # 1200
Kansas City, MO 64108
(816) 561-7007
(816) 561-1888 – FAX
nkurt@berkowitzoliver.com
chinderks@berkowitzoliver.com
**ATTORNEY FOR DEFENDANT**
**KANSAS CITY POWER & LIGHT COMPANY**

<u>/s/ Lynn Weddle Judkins</u>
**ATTORNEY FOR PLAINTIFFS**

2          *Clerk of the District Court, Johnson County Kansas*
*01/25/19  04:27pm HS*

17CV04848
Div7

IN THE DISTRICT COURT OF JOHNSON COUNTY, KANSAS
CIVIL DEPARTMENT
(Pursuant to K.S.A. Chapter 60)

| | |
|---|---|
| CARLOS SANCHEZ DIAZ, and | ) |
| | ) |
| JEAN  CHAVEZ (GUZMAN) SANCHEZ, | ) |
| | ) |
| and ADAN GUZMAN, a Minor, | ) |
| | ) |
| *Plaintiffs,* | ) |
| | ) |
| v. | ) |
| | ) Case No.    17CV04848 |
| KANSAS CITY POWER AND | ) |
| LIGHT COMPANY,         et al. | ) |
| | ) Division No.   7 (Judge Hauber) |
| *Defendants*. | ) |
| | ) |

**PLAINTIFFS' REQUEST FOR SUMMONS, SERVICE, AND INSTRUCTION FORM**

COME NOW, Plaintiffs, by and through their attorneys of record with the Devkota Law

Firm, L.L.C., to request a Summons issued for each of the following Defendants on the First

Amended Petition for service to be as requested as indicated per the following instructions:

**MILLERBERND MANUFACTURING
COMPANY,
<u>SERVE</u>:
Corporate Secretary or Registered Agent
622 South 6th Street
Winsted, MN 55395,**

<u>INSTRUCTIONS</u>:

Please plan for service as indicated:

_____         a.     Service through the Sheriff of _____, County,
State of _____. Returns may be faxed to (913) 715-
3401, 7 days a week, 24 hours a day.

1     *Clerk of the District Court, Johnson County Kansas
01/25/19  04:28pm SS*

_____    b.    Service by an authorized process server.

XXXX_____    c.    Certified-Mail Service by the undersigned litigant or attorney, who understands that it is his/her/their responsibility to obtain service and to make the return to the clerk. The postal receipt for service must be filed with the Clerk's office to prove service.

_____    d.    Certified mail service by the Sheriff of Johnson County, Kansas. Sheriff of Johnson County does not do out-of-state service by certified mail.

Respectfully Submitted,

DEVKOTA LAW FIRM, L.L.C.

/s/ Lynn Weddle Judkins_____
Lynn Weddle Judkins,        KS # 20003
4010 Washington Street, Suite # 350
Kansas City, Missouri 64111
(816) 842-9100 * (816) 817-1080 - FAX
attyjudkins@gmail.com
**ATTORNEYS FOR PLAINTIFFS**

## CERTIFICATE OF ELECTRONIC SERVICE

The Devkota Law Firm, L.L.C. notes that it filed the above Plaintiffs' Request for Summons Millerbernd Manufacturing via the Court's JIMS Notice Network on January 25, 2019, which the Court should send and serve electronically to all counsel of record via JIMS notice, including to:

Nick J. Kurt and Carson M. Hinderks
BERKOWITZ OLIVER, LLP
2600 Grand Boulevard, Suite # 1200
Kansas City, MO 64108
(816) 561-7007
(816) 561-1888 – FAX
nkurt@berkowitzoliver.com
chinderks@berkowitzoliver.com
**ATTORNEY FOR DEFENDANT**
**KANSAS CITY POWER & LIGHT COMPANY**

/s/ Lynn Weddle Judkins_____
**ATTORNEY FOR PLAINTIFFS**

17CV04848
Div7

## IN THE DISTRICT COURT OF JOHNSON COUNTY, KANSAS
### CIVIL DEPARTMENT
(Pursuant to K.S.A. Chapter 60)

CARLOS SANCHEZ DIAZ, and )
)
JEAN  CHAVEZ (GUZMAN) SANCHEZ, )
)
and ADAN GUZMAN, a Minor, )
)
     *Plaintiffs*, )
)
v. )
) <u>Case No</u>.     17CV04848
KANSAS CITY POWER AND )
LIGHT COMPANY,          et al. )
) <u>Division No</u>.   7 (Judge Hauber)
     *Defendants*. )
)

## <u>PLAINTIFFS' REQUEST FOR SUMMONS, SERVICE, AND INSTRUCTION FORM</u>

       COME NOW, Plaintiffs, by and through their attorneys of record with the Devkota Law

Firm, L.L.C., to request a Summons issued for each of the following Defendants on the First

Amended Petition for service to be as requested as indicated per the following instructions:

**GREAT PLAINS ENERGY**
**SERVICES, INCORPORATED**
**<u>SERVE</u>:**
**CORPORATION SERVICE COMPANY**
**2900 S.W. Wanamaker Drive, Suite # 204**
**Topeka, KS 66614,**

<u>INSTRUCTIONS</u>:

Please plan for service on all of the as indicated:

      _____       a.     Service through the Sheriff of _____, County,
                             State of _____. Returns may be faxed to (913) 715-
                             3401, 7 days a week, 24 hours a day.

_____     b.     Service by an authorized process server.

<u>XXXX</u>_____     c.     Certified-Mail Service by the undersigned litigant or attorney, who understands that it is his/her/their responsibility to obtain service and to make the return to the clerk. The postal receipt for service must be filed with the Clerk's office to prove service.

_____     d.     Certified mail service by the Sheriff of Johnson County, Kansas. Sheriff of Johnson County does not do out-of-state service by certified mail.

Respectfully Submitted,

DEVKOTA LAW FIRM, L.L.C.

*/s/ Lynn Weddle Judkins*_____
Lynn Weddle Judkins,        KS # 20003
4010 Washington Street, Suite # 350
Kansas City, Missouri 64111
(816) 842-9100 * (816) 817-1080 - FAX
attyjudkins@gmail.com
**ATTORNEYS FOR PLAINTIFFS**

## <u>CERTIFICATE OF ELECTRONIC SERVICE</u>

The Devkota Law Firm, L.L.C. notes that it filed the above Plaintiffs' Request for Summons and Service Instructions for Great Plains Energy and Services via the Court's JIMS Notice Network on January 25, 2019, which the Court should send and serve electronically to all counsel of record via JIMS notice, including to:

Nick J. Kurt
Carson M. Hinderks
BERKOWITZ OLIVER, LLP
2600 Grand Boulevard, Suite # 1200
Kansas City, MO 64108
(816) 561-7007
(816) 561-1888 – FAX
nkurt@berkowitzoliver.com
chinderks@berkowitzoliver.com
**ATTORNEY FOR DEFENDANT**
**KANSAS CITY POWER & LIGHT COMPANY**

/s/ Lynn Weddle Judkins_____
**ATTORNEY FOR PLAINTIFFS**

2     *Clerk of the District Court, Johnson County Kansas*
*01/25/19  04:27pm MM*

17CV04848
Div7

## IN THE DISTRICT COURT OF JOHNSON COUNTY, KANSAS
### CIVIL DEPARTMENT
(Pursuant to K.S.A. Chapter 60)

| | |
|---|---|
| CARLOS SANCHEZ DIAZ, and<br><br>JEAN  CHAVEZ (GUZMAN) SANCHEZ,<br><br>and ADAN GUZMAN, a Minor,<br><br>    *Plaintiffs,*<br><br>v.<br><br>KANSAS CITY POWER AND<br>LIGHT COMPANY,    et al.<br><br>    *Defendants.* | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

Case No.     17CV04848

Division No.   7 (Judge Hauber)

## PLAINTIFFS' REQUEST FOR SUMMONS, SERVICE, AND INSTRUCTION FORM

COME NOW, Plaintiffs, by and through their attorneys of record with the Devkota Law

Firm, L.L.C., to request a Summons issued for each of the following Defendants on the First

Amended Petition for service to be as requested as indicated per the following instructions:

**VALMONT INDUSTRIES, INC.,**
**c/o Carmen Jones**
**One Valmont Place**
**Omaha, NE 68154-5215,**
**SERVE:**
**THE CORPORATION COMPANY**
**112 S.W. 7th Street, Suite # 3C**
**Topeka, KS 66603,**

INSTRUCTIONS:

Please plan for service as indicated:

_____       a.     Service through the Sheriff of _____, County,
State of _____. Returns may be faxed to (913) 715-
3401, 7 days a week, 24 hours a day.

1          *Clerk of the District Court, Johnson County Kansas*
*01/25/19  04:29pm SS*

_____     b.     Service by an authorized process server.

<u>XXXX</u>      c.     Certified-Mail Service by the undersigned litigant or attorney, who understands that it is his/her/their responsibility to obtain service and to make the return to the clerk. The postal receipt for service must be filed with the Clerk's office to prove service.

_____     d.     Certified mail service by the Sheriff of Johnson County, Kansas. Sheriff of Johnson County does not do out-of-state service by certified mail.

Respectfully Submitted,

DEVKOTA LAW FIRM, L.L.C.

_/s/ Lynn Weddle Judkins_
Lynn Weddle Judkins,       KS # 20003
4010 Washington Street, Suite # 350
Kansas City, Missouri 64111
(816) 842-9100 * (816) 817-1080 - FAX
attyjudkins@gmail.com
**ATTORNEYS FOR PLAINTIFFS**

## <u>CERTIFICATE OF ELECTRONIC SERVICE</u>

The Devkota Law Firm, L.L.C. notes that it filed the above Plaintiffs' Request for Summons Valmont Industries via the Court's JIMS Notice Network on January 25, 2019, which the Court should send and serve electronically to all counsel of record via JIMS notice, including to:

Nick J. Kurt and Carson M. Hinderks
BERKOWITZ OLIVER, LLP
2600 Grand Boulevard, Suite # 1200
Kansas City, MO 64108
(816) 561-7007
(816) 561-1888 – FAX
nkurt@berkowitzoliver.com
chinderks@berkowitzoliver.com
**ATTORNEY FOR DEFENDANT**
**KANSAS CITY POWER & LIGHT COMPANY**

/s/ Lynn Weddle Judkins
**ATTORNEY FOR PLAINTIFFS**

    _Clerk of the District Court, Johnson County Kansas_
_01/25/19  04:29pm SS_

17CV04848
Div7

## IN THE DISTRICT COURT OF JOHNSON COUNTY, KANSAS
## CIVIL DEPARTMENT
### (Pursuant to K.S.A. Chapter 60)

| | |
|---|---|
| CARLOS SANCHEZ DIAZ, and | ) |
| | ) |
| JEAN  CHAVEZ (GUZMAN) SANCHEZ, | ) |
| | ) |
| and ADAN GUZMAN, a Minor, | ) |
| | ) |
| *Plaintiffs*, | ) |
| | ) |
| v. | ) |
| | )   <u>Case No.</u>      17CV04848 |
| KANSAS CITY POWER AND | ) |
| LIGHT COMPANY,          et al. | ) |
| | )   <u>Division No.</u>   7 (Judge Hauber) |
| *Defendants*. | ) |
| | ) |

## <u>PLAINTIFFS' REQUEST FOR SUMMONS, SERVICE, AND INSTRUCTION FORM</u>

COME NOW, Plaintiffs, by and through their attorneys of record with the Devkota Law

Firm, L.L.C., to request a Summons issued for each of the following Defendants on the First

Amended Petition for service to be as requested as indicated per the following instructions:

**BLACK & McDONALD, INC.,**
**<u>SERVE</u>:**
**CORPORATION SERVICE COMPANY**
**2900 S.W. Wanamaker Drive, Suite # 204**
**Topeka, KS 66614,**

<u>INSTRUCTIONS</u>:

Please plan for service as indicated:

_____        a.    Service through the Sheriff of _____, County,
                         State of _____. Returns may be faxed to (913) 715-
                         3401, 7 days a week, 24 hours a day.

_____        b.    Service by an authorized process server.

XXXX_____        c.      Certified-Mail Service by the undersigned litigant or attorney, who
                            understands that it is his/her/their responsibility to obtain service
                            and to make the return to the clerk. The postal receipt for service
                            must be filed with the Clerk's office to prove service.

_____          d.      Certified mail service by the Sheriff of Johnson County, Kansas.
                            Sheriff of Johnson County does not do out-of-state service by
                            certified mail.

                                    Respectfully Submitted,

                                    DEVKOTA LAW FIRM, L.L.C.

                                    */s/ Lynn Weddle Judkins*_____
                                    Lynn Weddle Judkins,         KS # 20003
                                    4010 Washington Street, Suite # 350
                                    Kansas City, Missouri 64111
                                    (816) 842-9100 * (816) 817-1080 - FAX
                                    attyjudkins@gmail.com
                                    **ATTORNEYS FOR PLAINTIFFS**

## **CERTIFICATE OF ELECTRONIC SERVICE**

        The Devkota Law Firm, L.L.C. notes that it filed the above Plaintiffs' Request for
Summons Black and McDonald, Inc. via the Court's JIMS Notice Network on January 25, 2019,
which the Court should send and serve electronically to all counsel of record via JIMS notice,
including to:

Nick J. Kurt and Carson M. Hinderks
BERKOWITZ OLIVER, LLP
2600 Grand Boulevard, Suite # 1200
Kansas City, MO 64108
(816) 561-7007
(816) 561-1888 – FAX
nkurt@berkowitzoliver.com
chinderks@berkowitzoliver.com
**ATTORNEY FOR DEFENDANT**
**KANSAS CITY POWER & LIGHT COMPANY**

                                    */s/ Lynn Weddle Judkins*_____
                                    **ATTORNEY FOR PLAINTIFFS**

17CV04848
Div7

## IN THE DISTRICT COURT OF JOHNSON COUNTY, KANSAS
## CIVIL DEPARTMENT
(Pursuant to K.S.A. Chapter 60)

| | |
|---|---|
| CARLOS SANCHEZ DIAZ, and | ) |
| | ) |
| JEAN  CHAVEZ (GUZMAN) SANCHEZ, | ) |
| | ) |
| and ADAN GUZMAN, a Minor, | ) |
| | ) |
| *Plaintiffs,* | ) |
| | ) |
| v. | ) |
| | )   Case No.      17CV04848 |
| KANSAS CITY POWER AND | ) |
| LIGHT COMPANY,          et al. | ) |
| | )   Division No.   7 (Judge Hauber) |
| *Defendants.* | ) |
| | ) |

## PLAINTIFFS' REQUEST FOR SUMMONS, SERVICE, AND INSTRUCTION FORM

COME NOW, Plaintiffs, by and through their attorneys of record with the Devkota Law

Firm, L.L.C., to request a Summons issued for each of the following Defendants on the First

Amended Petition for service to be as requested as indicated per the following instructions:

**BLACK & McDONALD, INC.,**
**SERVE:**
**CORPORATION SERVICE COMPANY**
**2900 S.W. Wanamaker Drive, Suite # 204**
**Topeka, KS 66614,**

INSTRUCTIONS:

Please plan for service as indicated:

_____        a.    Service through the Sheriff of _____, County,
                          State of _____. Returns may be faxed to (913) 715-
                          3401, 7 days a week, 24 hours a day.


_____        b.    Service by an authorized process server.

1        *Clerk of the District Court, Johnson County Kansas*
         *01/25/19  04:28pm MM*

XXXX_____      c.     Certified-Mail Service by the undersigned litigant or attorney, who understands that it is his/her/their responsibility to obtain service and to make the return to the clerk. The postal receipt for service must be filed with the Clerk's office to prove service.

_____      d.     Certified mail service by the Sheriff of Johnson County, Kansas. Sheriff of Johnson County does not do out-of-state service by certified mail.

Respectfully Submitted,

DEVKOTA LAW FIRM, L.L.C.

/s/ Lynn Weddle Judkins_____
Lynn Weddle Judkins,      KS # 20003
4010 Washington Street, Suite # 350
Kansas City, Missouri 64111
(816) 842-9100 * (816) 817-1080 - FAX
attyjudkins@gmail.com
**ATTORNEYS FOR PLAINTIFFS**

## CERTIFICATE OF ELECTRONIC SERVICE

The Devkota Law Firm, L.L.C. notes that it filed the above Plaintiffs' Request for Summons Black and McDonald, Inc. via the Court's JIMS Notice Network on January 25, 2019, which the Court should send and serve electronically to all counsel of record via JIMS notice, including to:

Nick J. Kurt and Carson M. Hinderks
BERKOWITZ OLIVER, LLP
2600 Grand Boulevard, Suite # 1200
Kansas City, MO 64108
(816) 561-7007
(816) 561-1888 – FAX
nkurt@berkowitzoliver.com
chinderks@berkowitzoliver.com
**ATTORNEY FOR DEFENDANT**
**KANSAS CITY POWER & LIGHT COMPANY**

/s/ Lynn Weddle Judkins_____
**ATTORNEY FOR PLAINTIFFS**

17CV04848
Div7

IN THE DISTRICT COURT OF JOHNSON COUNTY, KANSAS
CIVIL DEPARTMENT
(Pursuant to K.S.A. Chapter 60)

CARLOS SANCHEZ DIAZ, and          )
                                  )
JEAN  CHAVEZ (GUZMAN) SANCHEZ,    )
                                  )
and ADAN GUZMAN, a Minor,         )
                                  )
        *Plaintiffs,*             )
                                  )
v.                                )
                                  )   Case No.     17CV04848
KANSAS CITY POWER AND             )
LIGHT COMPANY,         et al.     )
                                  )   Division No.   7 (Judge Hauber)
        *Defendants.*             )
                                  )

**PLAINTIFFS' COUNSEL'S ENTRIES OF APPEARANCE**

COME NOW, Plaintiffs, by and through their attorneys of record with the Devkota Law

Firm, L.L.C., to notify this Court and all that the following are Plaintiffs' counsel of record:

Tarak A. Devkota
Lynn Weddle Judkins
DEVKOTA LAW FIRM, L.L.C.
4010 Washington, Suite # 350
Kansas City, MO 64111
(816) 842-9100
(816) 817-1080 – FAX

                    Respectfully Submitted,

                    DEVKOTA LAW FIRM, L.L.C.

                    */s/ Lynn Weddle Judkins*
                    Lynn Weddle Judkins,        KS # 20003
                    4010 Washington Street, Suite # 350
                    Kansas City, Missouri 64111
                    (816) 842-9100 * (816) 817-1080 - FAX
                    attyjudkins@gmail.com
                    **ATTORNEYS FOR PLAINTIFFS**

## CERTIFICATE OF ELECTRONIC SERVICE

The Devkota Law Firm, L.L.C. notes that it filed the above Plaintiffs' Entries of

Appearance via the Court's JIMS Notice Network on January 29, 2019, which the Court should

send and serve electronically to all counsel of record via JIMS notice, including to:

Nick J. Kurt and Carson M. Hinderks
BERKOWITZ OLIVER, LLP
2600 Grand Boulevard, Suite # 1200
Kansas City, MO 64108
(816) 561-7007
(816) 561-1888 – FAX
nkurt@berkowitzoliver.com
chinderks@berkowitzoliver.com
**ATTORNEY FOR DEFENDANT**
**KANSAS CITY POWER & LIGHT COMPANY**

/s/ Lynn Weddle Judkins
**ATTORNEY FOR PLAINTIFFS**

17CV04848
Div7

## IN THE DISTRICT COURT OF JOHNSON COUNTY, KANSAS
### CIVIL DEPARTMENT
(Pursuant to K.S.A. Chapter 60)

CARLOS SANCHEZ DIAZ, and          )
                                  )
JEAN  CHAVEZ (GUZMAN) SANCHEZ,    )
                                  )
and ADAN GUZMAN, a Minor,         )
                                  )
     *Plaintiffs,*                 )
                                  )
v.                                )
                                  )   Case No.      17CV04848
KANSAS CITY POWER AND             )
LIGHT COMPANY,          et al.    )
                                  )   Division No.   7 (Judge Haubert)
     *Defendants.*                 )
                                  )

### AFFIDAVIT FOR SERVICE BY PUBLICATION
*Pursuant to K.S.A. 60-307 & K.S.A. 53-601*

    1.    I am one of the counsel for Defendant, over the age of 18 years, and have personal knowledge of the facts herein;

    2.    Summonses and Plaintiff's First Set of Discovery requests have been served or are currently out for service to be served upon the other defendants in this case, and Plaintiffs await the responses, which may assist to identify this installer. Other Defendants and service addresses include:

    a.  **KANSAS CITY POWER & LIGHT CO.**
        **SERVE:**
        Corporation Service Company,
        2900 S.W. Wanamaker Drive, Suite # 204
        Topeka, Kansas 66614;

    b.  **GREAT PLAINS ENERGY**
        **SERVE:**
        **CORPORATION SERVICE COMPANY**
        **2900 S.W. Wanamaker Drive, Suite # 204**

*Clerk of the District Court, Johnson County Kansas*
*02/04/19  05:33pm HS*

Topeka, KS 66614;

c. **GREAT PLAINS ENERGY**
   **INCORPORATED**
   <u>SERVE</u>:
   **CORPORATION SERVICE COMPANY**
   **2900 S.W. Wanamaker Drive, Suite # 204**
   **Topeka, KS 66614;**

d. **CUSTOM LIGHTING SERVICES, L.L.C.**
   *d/b/a* **BLACK & McDONALD**
   <u>SERVE</u>:
   **CORPORATION SERVICE COMPANY**
   **2900 S.W. Wanamaker Drive, Suite # 204**
   **Topeka, KS 66614;**

e. **BLACK & McDONALD, INC.**
   <u>SERVE</u>:
   **CORPORATION SERVICE COMPANY**
   **2900 S.W. Wanamaker Drive, Suite # 204**
   **Topeka, KS 66614;**

f. **MILLERBERND MANUFACTURING**
   **COMPANY,**
   <u>SERVE</u>:
   **Corporate Secretary or Registered Agent**
   **622 South 6th Street**
   **Winsted, MN 55395; and**

g. **VALMONT INDUSTRIES, INC.,**
   **c/o Carmen Jones**
   <u>SERVE</u>:
   **THE CORPORATION COMPANY**
   **112 S.W. 7th Street, Suite # 3C**
   **Topeka, KS 66603.**

3.    Defendant, unknown ***John Doe Company, Entity, or Person as the Original Light***

***Pole Installer,*** has not yet been identified following discovery to the light pole's owner at the time

of this incident, Kansas City Power and Light Company therefore although all reasonable efforts

were made to ascertain this Defendant's identity, address, and agents, Plaintiffs have not been able

to achieve such, and will not be able to do so until such time that said discovery responses are received;

4.    Plaintiffs are unable to obtain service of summons on Defendant, unknown *John Doe Company, Entity, or Person as the Original Light Pole Installer*; and

5.    This case is now set for a trial the week of July 15-19, 2019 in Johnson County District Court.

State of ___*Missouri*___    )
                                        )SS
County of ___*Jackson*___    )

I declare under penalty of perjury under the laws of the State of Kansas that the foregoing is true and correct.

___2/4/2018___
Date

_____
AFFIANT

SUBSCRIBED and SWORN to before me this on this ___4th___ day of ___February___, 2019.

```
DANI DONALDSON
Notary Public - Notary Seal
State of Missouri
Commissioned for Clay County
My Commission Expires: March 11, 2022
Commission Number: 14591716
```

___Dani Donaldson___
NOTARY PUBLIC

My Appointment Expires:

_____

17CV04848
Div7

## IN THE DISTRICT COURT OF JOHNSON COUNTY, KANSAS
### CIVIL DEPARTMENT
#### (Pursuant to K.S.A. Chapter 60)

| | | |
|---|---|---|
| **CARLOS SANCHEZ DIAZ, et al.,** | ) | |
| | ) | **Case No. 17CV04848** |
| *Plaintiffs*, | ) | |
| | ) | **Division 7 (Judge Hauber)** |
| v. | ) | |
| | ) | |
| **KANSAS CITY POWER & LIGHT CO., et al.,** | ) | |
| | ) | |
| *Defendants.* | ) | |

### SECOND AMENDED NOTICE OF VIDEO-TAPED DEPOSITON

**TO:    ALL PARTIES AND/OR THEIR ATTORNEYS OF RECORD**

PLEASE TAKE NOTICE that Plaintiffs will take the video-taped deposition of **Kenneth Pringle**, DPT, CMPT, ATC/L , University of Kansas Hospital/University of Kansas P.T., before an officer authorized to administer oaths in Kansas affiliated with Sommers Reporting Company, 8700 Monrovia, Suite # 310, Lenexa, KS 66215, and the videographer will likely be Wayne Greenlaw, or another designated videographer employed from Legal Video Productions, 500 N.W. 301st Street, Warrensburg, MO 64093, (660) 429-1156. This deposition will be continued from day to day until completed.

| | |
|---|---|
| **WHO:** | **Kenneth Pringle, DPT, CMPT, ATC/L**<br>**University of Kansas Hospital**<br>**University of Kansas – Orthopedic Surgery – P.T. Team**<br>**3901 Rainbow Boulevard – Mail Stop 3017**<br>**Kansas City, KS 66160** |
| **DATE/TIME:** | **Friday, March 29, 2019 at 11:00 a.m.** |
| **PLACE:** | **DEVKOTA LAW FIRM, L.L.C.**<br>**4010 Washington, Suite # 350**<br>**Kansas City, MO 64111** |

*Clerk of the District Court, Johnson County Kansas*
*02/06/19  02:29pm MM*

Respectfully submitted,

DEVKOTA LAW FIRM, L.L.C.

/s/ Lynn Weddle Judkins
Lynn Weddle Judkins  KS # 20003
Tarak A. Devkota,       KS # 19767
4010 Washington Street, Suite # 350
Kansas City, Missouri 64111
(816) 842-9100 * (816) 817-1080 - FAX
attyjudkins@gmail.com
litigation@devkotalawfirm.com
**ATTORNEYS FOR PLAINTIFFS**

## CERTIFICATE OF ELECTRONIC SERVICE

The Devkota Law Firm, L.L.C. hereby certifies that on the 6th day of February 2019, the above and foregoing was filed with the Clerk via the Court's electronic filing system which will service notice of such filing on all counsel of record via JIMS notice, including:

Nick J. Kurt
Carson M. Hinderks
BERKOWITZ OLIVER, LLP
2600 Grand Boulevard, Suite # 1200
Kansas City, MO 64108
(816) 561-7007 * (816) 561-1888 – FAX
nkurt@berkowitzoliver.com
chinderks@berkowitzoliver.com
**ATTORNEYS FOR DEFENDANT**
**KANSAS CITY POWER & LIGHT COMPANY**

/s/ Lynn Weddle Judkins
**ATTORNEY FOR PLAINTIFFS**

17CV04848
Div7

Chapter 60
Summons and Return of Service
(Revised 2/26/14)

## IN THE DISTRICT COURT OF JOHNSON COUNTY, KANSAS
## CIVIL DEPARTMENT
(Pursuant to K.S.A. Chapter 60)

CARLOS SANCHEZ DIAZ, et al.                )
                                           )
    *Plaintiffs,*                            )
                                           )
v.                                         )
                                           )    Case No.    17CV04848
KANSAS CITY POWER AND                      )
LIGHT COMPANY, et al.                      )
                                           )    Division No.  7 (Judge Haubert)
    *Defendants.*                           )
                                           )

### RETURN OF SERVICE OF SUMMONS ON AN INDIVIDUAL

I hereby certify that I served a copy of (a) First Amended Petition, (b) Plaintiff's First

Interrogatories to Defendant, (c) Plaintiff's First Request for Production of Documents to

Defendant, (d) First Amended Case Management Order, (e) Defendant KCPL's First

Amended Preliminary Witness & Exhibit List, and (f) Plaintiff's Second Witness &

Exhibit List. on Great Plains Energy Services Inc in the following manner:

_X_(1)    **Personal Service** - on the 5th day of February , 2019, by

delivering or offering to deliver the documents to the above-named

person; Registered Agent 2900 SW Wanamaker Dr. STE 204 Topeka KS 66614

_____(2)    **Residence Service** - on the _____ day of _____, 2____, by

leaving the documents at the dwelling or usual place of abode of the

above-named person, with some person of suitable age and discretion

who resides there;

_____(3)    **Residence Service** - on the _____ day of _____, 2____, by

leaving a copy of the documents at the dwelling or usual place of abode of

the above-named person and mailing to that person by first-class mail a

1

*Clerk of the District Court, Johnson County Kansas*
*02/06/19  12:29pm SP*

notice that the copy has been left at the individual's dwelling or place of abode;

_____(4) **Return Receipt Delivery** - by causing to be delivered on the _____ day of_____, 2____, the documents by return receipt delivery to the above-named person at the following address: _____with delivery being made by the following person or entity: .

A copy of the return receipt evidencing delivery is attached to this Return of Service.

_____(5) **Return Receipt Delivery Refused** - by mailing on the _____ day of _____, 2___, the documents by first-class, postage prepaid, to the above-named person at the following address: _____.

_____(6) **Other Method of Service -** _____.

_____(7) **No Service**. The above-named person was not served for the following reason(s): _____.

## CERTIFICATION OF
## RETURN ON SERVICE OF SUMMONS

_____

## Service Outside State
## Affidavit of Service

STATE OF _____ )
                        ) ss.
COUNTY OF _____ )

I, _____, am authorized to serve process in civil actions

in the state of _____.

I declare under penalty of perjury under the laws of the state of Kansas that the foregoing Return on Service of Summons is true and correct.

Executed on _____, 2____.

2

_____

Signature and Title of Server

Subscribed and sworn to before me this  day of _____, 2____.


_____

Notary

---

**Service by a Person other than a Law Enforcement Officer in Kansas**

**Affidavit of Service**

STATE OF KANSAS       )

                     ) ss.

COUNTY OF Shawnee )

   I, Jordan Davin , swear or affirm that the foregoing Return on

Service of Summons is true and correct.

Executed on February 5th , 2019.


_____

Signature and Title of Server

Subscribed and sworn to before me this  day of February 5th , 2019.


_____

Notary

JANAY KENT
Notary Public - State of Kansas
My Appt. Expires Jan. 11, 2021

**Authority**

K.S.A. 60-302, 60-213(a), 60-303, 60-308, and 60-312.


3

17CV04848
Div7

Chapter 60
Summons and Return of Service
(Revised 2/26/14)

## IN THE DISTRICT COURT OF JOHNSON COUNTY, KANSAS
## CIVIL DEPARTMENT
(Pursuant to K.S.A. Chapter 60)

CARLOS SANCHEZ DIAZ, et al.      )
                                    )
    *Plaintiffs,*               )
                                      )
v.                                    )
                                    )   <u>Case No.</u>   17CV04848
KANSAS CITY POWER AND      )
LIGHT COMPANY, et al.        )
                                    )   <u>Division No.</u>  7 (Judge Haubert)
    *Defendants.*          )
                                    )

## RETURN OF SERVICE OF SUMMONS ON AN INDIVIDUAL

I hereby certify that I served a copy of (a) First Amended Petition, (b) Plaintiff's First Interrogatories to Defendant, (c) Plaintiff's First Request for Production of Documents to Defendant, (d) First Amended Case Management Order, (e) Defendant KCPL's First Amended Preliminary Witness & Exhibit List, and (f) Plaintiff's Second Witness & Exhibit List. on <u>Great Plains Energy Inc.</u> in the following manner:

X (1)   **Personal Service** - on the <u>5th</u> day of <u>February</u>, 2<u>19</u>, by delivering or offering to deliver the documents to the above-named person; <u>Registered Agent @ 2400 SW Wanamaker Dr. Ste 204 Topeka KS 66614</u>

_____ (2)   **Residence Service** - on the _____ day of _____, 2___, by leaving the documents at the dwelling or usual place of abode of the above-named person, with some person of suitable age and discretion who resides there;

_____ (3)   **Residence Service** - on the _____ day of _____, 2___, by leaving a copy of the documents at the dwelling or usual place of abode of the above-named person and mailing to that person by first-class mail a

1

*Clerk of the District Court, Johnson County Kansas*
*02/06/19  12:27pm SP*

notice that the copy has been left at the individual's dwelling or place of abode;

_____(4)   **Return Receipt Delivery** - by causing to be delivered on the _____ day of_____, 2___, the documents by return receipt delivery to the above-named person at the following address: _____with delivery being made by the following person or entity: .

A copy of the return receipt evidencing delivery is attached to this Return of Service.

_____(5)   **Return Receipt Delivery Refused** - by mailing on the _____ day of _____, 2___, the documents by first-class, postage prepaid, to the above-named person at the following address: _____.

_____(6)   **Other Method of Service** - _____.

_____(7)   **No Service.** The above-named person was not served for the following reason(s): _____.

## CERTIFICATION OF
## RETURN ON SERVICE OF SUMMONS

_____

### Service Outside State
### Affidavit of Service

STATE OF _____)
                                    ) ss.
COUNTY OF _____)

I, _____, am authorized to serve process in civil actions

in the state of _____.

I declare under penalty of perjury under the laws of the state of Kansas that the foregoing Return on Service of Summons is true and correct.

Executed on _____, 2____.

2

_____
Signature and Title of Server

Subscribed and sworn to before me this   day of _____, 2____.

_____
Notary

---

## Service by a Person other than a Law Enforcement Officer in Kansas

### Affidavit of Service

STATE OF KANSAS          )
                         ) ss.
COUNTY OF Shawnee )

I, Jordon Davin , swear or affirm that the foregoing Return on

Service of Summons is true and correct.

Executed on February 5th , 2 19 .

_____
Signature and Title of Server

Subscribed and sworn to before me this   day of February 5th , 2 19 .

_____
Notary

JANAY KENT
Notary Public - State of Kansas
My Appt. Expires Jan. 11, 2021

### Authority

K.S.A. 60-302, 60-213(a), 60-303, 60-308, and 60-312.

3

*Clerk of the District Court, Johnson County Kansas*
*02/06/19  12:27pm SP*

## Notes on Use

The summons must be signed by the clerk or deputy, dated the day it is issued, and bear the court's seal. K.S.A. 60-302.

The time within which an Answer or other responsive pleading is to be filed by a party served with process is:

- 21 days for a defendant served in-state other than an insurance company served under K.S.A. 40-218, K.S.A. 60-212;
- if a defendant is served out-of-state no default may be taken against that defendant until 30 days after service, K.S.A. 60-308;
- 40 days for an insurance company when service is made on the commissioner of insurance under K.S.A. 40-218;

unless otherwise provided by law. The times within which a responsive pleading must be filed are exclusive of the date of service of process.

The sheriff of the county in which the action is filed must serve any process by any method authorized by K.S.A. 60-303, or as otherwise provided by law, unless a party, either personally or through an attorney, notifies the clerk that the party elects to undertake responsibility for service.  K.S.A. 60-303(b).

The sheriff shall endorse upon every summons, order of arrest, or for the delivery of property, or of attachment, injunction execution or order of sale, the day and hour it was received by him or her. The sheriff shall execute every summons, order or other process and return the same as required by law. K.S.A. 60-2602.

Methods of service of process within this state are described in K.S.A. 60-303. Methods of service of process outside the state are described in K.S.A. 60-308.  Persons to be served are set forth in K.S.A. 60-304.

Methods of service described in K.S.A. 60-303 are service by return receipt delivery [K.S.A 60-303(c)], and personal and residence service [K.S.A 60-303(d)].  Service by publication is authorized by K.S.A. 60-307.  Additional methods of serving garnishment process include service by first-class mail, telefacsimile, and internet electronic mail [K.S.A. 60-303(f)].

An acknowledgment of service on the summons is equivalent to service. The voluntary appearance by a defendant is equivalent to service as of the date of appearance. K.S.A. 60-303(e).

K.S.A. 60-308 provides that service of process may be made upon any party outside the state. If service of process is made upon a person domiciled in this state or upon a person who has submitted to the jurisdiction of the courts of this state, it shall have the force and effect of service of process within this state; otherwise it shall have the force and effect of service by publication.

Service of process outside the state shall be made (A) in the same manner as service within this state, by an officer authorized to serve process in this state or in the state where the party is served or (B) by service by return receipt delivery.  No order of a court is required.

Pursuant to K.S.A. 60-203 a civil action is commenced at the time a petition is filed with the court if service of process is obtained or the first publication is made for service by publication within 90 days after the petition is filed, except that the court may extend that time an additional 30 days upon a showing of good cause by the plaintiff.  If service of process or first publication is not made within the 90 day time period, or within the 60-308-day extension of time for service, the action is deemed commenced as of the date of service of process or first publication.

An officer or other person receiving a summons or other process must file a return of service not later than 14 days after the service is effected.  If the process cannot be served it must be returned to the court within 30 days after the date issued with a statement of the reason for the failure to serve it, except the court may extend the time for service up to 90 days after the date issued.  Upon receipt of the return on any summons or other process, the clerk must serve a copy of the return on the attorney for the party requesting issuance of the summons or other process or, if the party has no attorney, on the requesting party.  K.S.A. 60-312(d).

K.S.A. 60-303 provides for service of process by return receipt delivery which is effected by certified mail, priority mail, commercial courier service, overnight delivery service, or other reliable personal delivery service to the party addressed, in each instance evidenced by a written or electronic receipt showing to whom delivered, the date of delivery, the address where delivered, and the person or entity effecting delivery. K.S.A. 60-303(c)(1).

4

After service and return of the return receipt, the sheriff, party, or party's attorney must execute and file a return of service. The return of service must state the nature of the process, to whom delivered, the date of delivery, the address where delivered, and the person or entity effecting delivery. It must include a copy of the return receipt evidencing delivery. K.S.A. 60-303(c)(4).

If the sealed envelope is returned with an endorsement showing refusal to accept delivery, the sheriff, party, or the party's attorney may send a copy of the process and petition or other document by first-class mail, postage prepaid, addressed to the party to be served, or may elect other methods of service. If mailed, service is considered to be obtained three days after the mailing. Mailing must be evidenced by a certificate filed with the clerk. If the unopened envelope sent by first-class mail is returned as undelivered for any reason, service is not obtained and the sheriff, party, or party's attorney must file an amended certificate with the clerk indicating nondelivery. Mere failure to claim the sealed envelope sent by return receipt delivery is not refusal of service within the meaning of this subsection. K.S.A. 60-303(c)(5).

Proof of personal and residence service must be filed with the court and made as follows:

(1) Every officer to whom summons or other process is delivered for service must make a statement subject to penalty of perjury as provided in K.S.A. 21-3805, and amendments thereto, as to the time, place, and manner of service. K.S.A. 60-312(a)(1).

(2) If process is delivered to a person, other than an officer, for service, the person must make an affidavit or a declaration pursuant to K.S.A. 53-601, and amendments thereto, showing as to the time, place, and manner of service. K.S.A. 60-312 (a)(2).

When service is made outside this state, the server must file an affidavit or a declaration pursuant to K.S.A. 53-601, and amendments thereto, or any other competent proof, stating the time, manner, and place of service. The court may consider the affidavit or declaration or any other competent proof in determining whether service has been properly made. K.S.A. 60-308(a)(2).

5

17CV04848
Div7

Chapter 60
Summons and Return of Service
(Revised 2/26/14)

## IN THE DISTRICT COURT OF JOHNSON COUNTY, KANSAS
## CIVIL DEPARTMENT
### (Pursuant to K.S.A. Chapter 60)

CARLOS SANCHEZ DIAZ, et al.    )
    )
    *Plaintiffs,*    )
    )
v.    )
    )   <u>Case No.</u>   17CV04848
KANSAS CITY POWER AND    )
LIGHT COMPANY, et al.    )
    )   <u>Division No.</u>  7 (Judge Haubert)
    *Defendants.*    )
    )

### RETURN OF SERVICE OF SUMMONS ON AN INDIVIDUAL

I hereby certify that I served a copy of (a) First Amended Petition, (b) Plaintiff's First
Interrogatories to Defendant, (c) Plaintiff's First Request for Production of Documents to
Defendant, (d) First Amended Case Management Order, (e) Defendant KCPL's First
Amended Preliminary Witness & Exhibit List, and (f) Plaintiff's Second Witness &
Exhibit List. on <u>Custom Lighting Services LLC</u> in the following manner:

___X___(1)  **Personal Service** - on the <u>5th</u> day of <u>February</u>, 2 <u>19</u>, by
delivering or offering to deliver the documents to the above-named
person; <u>Registered Agent @ 2900 SW Wanamaker Rd. STE 204</u>
<u>Topeka KS 66614</u>

_____(2)  **Residence Service** - on the _____ day of _____, 2____, by
leaving the documents at the dwelling or usual place of abode of the
above-named person, with some person of suitable age and discretion
who resides there;

_____(3)  **Residence Service** - on the _____ day of _____, 2____, by
leaving a copy of the documents at the dwelling or usual place of abode of
the above-named person and mailing to that person by first-class mail a

1

*Clerk of the District Court, Johnson County Kansas*
*02/06/19  12:29pm SP*

notice that the copy has been left at the individual's dwelling or place of abode;

_____(4)  **Return Receipt Delivery** - by causing to be delivered on the _____ day of_____, 2___, the documents by return receipt delivery to the above-named person at the following address: _____with delivery being made by the following person or entity: .·

A copy of the return receipt evidencing delivery is attached to this Return of Service.

_____(5)  **Return Receipt Delivery Refused** - by mailing on the _____ day of _____, 2___, the documents by first-class, postage prepaid, to the above-named person at the following address: _____.

_____(6)  **Other Method of Service** - _____.

_____(7)  **No Service**. The above-named person was not served for the following reason(s): _____.

**CERTIFICATION OF
RETURN ON SERVICE OF SUMMONS**

_____

**Service Outside State
Affidavit of Service**

STATE OF _____)
                                      ) ss.
COUNTY OF _____)

I, _____, am authorized to serve process in civil actions

in the state of _____.

I declare under penalty of perjury under the laws of the state of Kansas that the foregoing Return on Service of Summons is true and correct.

Executed on _____, 2___.

2

_____
Signature and Title of Server

Subscribed and sworn to before me this  day of _____, 2____.

_____
Notary

---

### Service by a Person other than a Law Enforcement Officer in Kansas

### Affidavit of Service

STATE OF KANSAS    )
                   ) ss.
COUNTY OF Shawnee )

    I, _Jordan Davin_, swear or affirm that the foregoing Return on

Service of Summons is true and correct.

Executed on February 5th, 2 19.

_____
Signature and Title of Server

Subscribed and sworn to before me this  day of February 5th, 2 19.

_____
Notary

JANAY KENT
Notary Public - State of Kansas
My Appt. Expires Jan. 11, 2021

### Authority

    K.S.A. 60-302, 60-213(a), 60-303, 60-308, and 60-312.

3

_Clerk of the District Court, Johnson County Kansas_
_02/06/19  12:29pm SP_

17CV04848
Div7

Chapter 60
Summons and Return of Service
(Revised 2/26/14)

## IN THE DISTRICT COURT OF JOHNSON COUNTY, KANSAS
## CIVIL DEPARTMENT
### (Pursuant to K.S.A. Chapter 60)

CARLOS SANCHEZ DIAZ, et al.                )
                                   )
   *Plaintiffs,*                )
                                   )
v.                                   )
                                 )   <u>Case No.</u>   17CV04848
KANSAS CITY POWER AND    )
LIGHT COMPANY, et al.       )
                                 )   <u>Division No.</u>  7 (Judge Haubert)
   *Defendants.*             )
                                   )

## RETURN OF SERVICE OF SUMMONS ON AN INDIVIDUAL

I hereby certify that I served a copy of (a) First Amended Petition, (b) Plaintiff's First Interrogatories to Defendant, (c) Plaintiff's First Request for Production of Documents to Defendant, (d) First Amended Case Management Order, (e) Defendant KCPL's First Amended Preliminary Witness & Exhibit List, and (f) Plaintiff's Second Witness & Exhibit List. on Black & McDonald INC. in the following manner:

X (1)  **Personal Service** - on the 5th day of February, 2 19, by delivering or offering to deliver the documents to the above-named person; Registered Agent @ 2900 Wanamaker Dr. STE 204 Topeka KS

____ (2)  **Residence Service** - on the ____ day of _____, 2___, by 6/6/14 leaving the documents at the dwelling or usual place of abode of the above-named person, with some person of suitable age and discretion who resides there;

____ (3)  **Residence Service** - on the ____ day of _____, 2___, by leaving a copy of the documents at the dwelling or usual place of abode of the above-named person and mailing to that person by first-class mail a

1

*Clerk of the District Court, Johnson County Kansas*
*02/06/19  12:30pm SP*

notice that the copy has been left at the individual's dwelling or place of abode;

_____(4)   **Return Receipt Delivery** - by causing to be delivered on the _____ day of_____, 2___, the documents by return receipt delivery to the above-named       person       at       the       following       address: _____with delivery being made by the following person or entity: .

A copy of the return receipt evidencing delivery is attached to this Return of Service.

_____(5)   **Return Receipt Delivery Refused** - by mailing on the _____ day of _____, 2___, the documents by first-class, postage prepaid, to the above-named person at the following address: _____.

_____(6)   **Other Method of Service -** _____.

_____(7)   **No Service.** The above-named person was not served for the following reason(s): _____.

## CERTIFICATION OF
## RETURN ON SERVICE OF SUMMONS

_____

### Service Outside State
### Affidavit of Service

STATE OF _____ )
                                          ) ss.
COUNTY OF _____ )

I, _____, am authorized to serve process in civil actions

in the state of _____.

I declare under penalty of perjury under the laws of the state of Kansas that the foregoing Return on Service of Summons is true and correct.

Executed on _____, 2___.

2

_____
Signature and Title of Server

Subscribed and sworn to before me this  day of _____, 2____.

_____
Notary

---

### Service by a Person other than a Law Enforcement Officer in Kansas

### Affidavit of Service

STATE OF KANSAS        )
                       ) ss.
COUNTY OF Shawnee  )

I, _Jordon Davin_ , swear or affirm that the foregoing Return on Service of Summons is true and correct.

Executed on February 5 , 2 19.

_____
Signature and Title of Server

Subscribed and sworn to before me this  day of 5th February , 2019.

_____
Notary

JANAY KENT
Notary Public - State of Kansas
My Appt. Expires Jan. 11, 2021

### Authority

K.S.A. 60-302, 60-213(a), 60-303, 60-308, and 60-312.

3

17CV04848
Div7

Chapter 60
Summons and Return of Service
(Revised 2/26/14)

## IN THE DISTRICT COURT OF JOHNSON COUNTY, KANSAS
## CIVIL DEPARTMENT
### (Pursuant to K.S.A. Chapter 60)

CARLOS SANCHEZ DIAZ, et al.   )
             )
  *Plaintiffs,*       )
             )
v.            )
             ) <u>Case No</u>.  17CV04848
KANSAS CITY POWER AND   )
LIGHT COMPANY, et al.    )
             ) <u>Division No</u>. 7 (Judge Haubert)
  *Defendants.*      )
             )

### RETURN OF SERVICE OF SUMMONS ON AN INDIVIDUAL

I hereby certify that I served a copy of (a) First Amended Petition, (b) Plaintiff's First
Interrogatories to Defendant, (c) Plaintiff's First Request for Production of Documents to
Defendant, (d) First Amended Case Management Order, (e) Defendant KCPL's First
Amended Preliminary Witness & Exhibit List, and (f) Plaintiff's Second Witness &
Exhibit List. on <u>Valmont Industries Inc</u> in the following manner:

_X_ (1) **Personal Service** - on the <u>5th</u> day of <u>February</u>, 20<u>19</u>, by
delivering or offering to deliver the documents to the above-named
person; Registered Agent @ 112 SW 7th St STE 3C Topeka KS
66603

_____ (2) **Residence Service** - on the ____ day of _____, 2___, by
leaving the documents at the dwelling or usual place of abode of the
above-named person, with some person of suitable age and discretion
who resides there;

_____ (3) **Residence Service** - on the ____ day of _____, 2___, by
leaving a copy of the documents at the dwelling or usual place of abode of
the above-named person and mailing to that person by first-class mail a

1

*Clerk of the District Court, Johnson County Kansas*
*02/06/19  12:28pm SP*

notice that the copy has been left at the individual's dwelling or place of abode;

_____(4)  **Return Receipt Delivery** - by causing to be delivered on the _____ day of_____, 2____, the documents by return receipt delivery to the above-named        person        at        the        following        address: _____with delivery being made by the following person or entity: .

A copy of the return receipt evidencing delivery is attached to this Return of Service.

_____(5)  **Return Receipt Delivery Refused** - by mailing on the _____ day of _____, 2___, the documents by first-class, postage prepaid, to the above-named person at the following address: _____.

_____(6)  **Other Method of Service -** _____.

_____(7)  **No Service.** The above-named person was not served for the following reason(s): _____.

## CERTIFICATION OF
## RETURN ON SERVICE OF SUMMONS

_____

### Service Outside State
### Affidavit of Service

STATE OF _____ )
                        ) ss.
COUNTY OF _____ )

I, _____, am authorized to serve process in civil actions

in the state of _____.

I declare under penalty of perjury under the laws of the state of Kansas that the foregoing Return on Service of Summons is true and correct.

Executed on _____, 2____.

2

_____
Signature and Title of Server

Subscribed and sworn to before me this  day of _____, 2____.

_____
Notary

---

### Service by a Person other than a Law Enforcement Officer in Kansas

### Affidavit of Service

STATE OF KANSAS      )
                     ) ss.
COUNTY OF Shawnee )

I, Jordon Davin , swear or affirm that the foregoing Return on

Service of Summons is true and correct.

Executed on February 5th , 2019.

_____
Signature and Title of Server

Subscribed and sworn to before me this  day of February 5th , 2019

_____
Notary

JANAY KENT
Notary Public - State of Kansas
My Appt. Expires Jan. 11, 2021

### Authority

K.S.A. 60-302, 60-213(a), 60-303, 60-308, and 60-312.

3

_Clerk of the District Court, Johnson County Kansas_
_02/06/19  12:28pm SP_

17CV04848
Div7

## IN THE DISTRICT COURT OF JOHNSON COUNTY, KANSAS
## CIVIL DEPARTMENT
### (Pursuant to K.S.A. Chapter 60)

| | | |
|---|---|---|
| CARLOS SANCHEZ DIAZ, et al., | ) | |
| | ) | **Case No. 17CV04848** |
| *Plaintiffs,* | ) | |
| | ) | **Division 7 (Judge Hauber)** |
| v. | ) | |
| | ) | |
| KANSAS CITY POWER & LIGHT CO., et al., | ) | |
| | ) | |
| *Defendants.* | ) | |

### <u>SECOND AMENDED NOTICE OF VIDEO-TAPED DEPOSITON</u>

**TO:     ALL PARTIES AND/OR THEIR ATTORNEYS OF RECORD**

   **PLEASE TAKE NOTICE** that Plaintiffs will take the video-taped deposition of **Cynthia Obenhaus, Ambulatory Clinic RN of the University of Kansas Hospital/KUPI Pediatrics,** before an officer authorized to administer oaths in Kansas affiliated with Sommers Reporting Company, 8700 Monrovia, Suite # 310, Lenexa, KS 66215, and the videographer will likely be Wayne Greenlaw, or another designated videographer employed from Legal Video Productions, 500 N.W. 301st Street, Warrensburg, MO 64093, (660) 429-1156.   This deposition will be continued from day to day until completed.

| | |
|---|---|
| **WHO:** | **Cynthia Obenhaus, Ambulatory Clinic RN** |
| | **University of Kansas Hospital/KUPI Pediatrics** |
| | **3901 Rainbow Boulevard – Mail Stop 3017** |
| | **Kansas City, KS 66160** |
| **DATE/TIME:** | **Friday, March 29, 2019 at 10:00 a.m.** |
| **PLACE:** | **DEVKOTA LAW FIRM, L.L.C.** |
| | **4010 Washington, Suite # 350** |
| | **Kansas City, MO 64111** |

*Clerk of the District Court, Johnson County Kansas*
*02/06/19  02:27pm MM*

Respectfully submitted,

DEVKOTA LAW FIRM, L.L.C.

/s/ Lynn Weddle Judkins

| | |
|---|---|
| Lynn Weddle Judkins | KS # 20003 |
| Tarak A. Devkota | KS # 19767 |

4010 Washington Street, Suite # 350
Kansas City, Missouri 64111
(816) 842-9100 * (816) 817-1080 - FAX
attyjudkins@gmail.com
litigation@devkotalawfirm.com
**ATTORNEYS FOR PLAINTIFFS**

## CERTIFICATE OF ELECTRONIC SERVICE

The Devkota Law Firm, L.L.C. hereby certifies that on the 6th day of February 2019, the above and foregoing was filed with the Clerk via the Court's electronic filing system which will service notice of such filing on all counsel of record via JIMS notice, including:

Nick J. Kurt
Carson M. Hinderks
BERKOWITZ OLIVER, LLP
2600 Grand Boulevard, Suite # 1200
Kansas City, MO 64108
(816) 561-7007 * (816) 561-1888 – FAX
nkurt@berkowitzoliver.com
chinderks@berkowitzoliver.com
**ATTORNEYS FOR DEFENDANT**
**KANSAS CITY POWER & LIGHT COMPANY**

/s/ Lynn Weddle Judkins
**ATTORNEY FOR PLAINTIFFS**

*Clerk of the District Court, Johnson County Kansas*
*02/06/19  02:27pm MM*

17CV04848
Div7

IN THE DISTRICT COURT OF JOHNSON COUNTY, KANSAS
CIVIL DEPARTMENT
(Pursuant to K.S.A. Chapter 60)

| | | |
|---|---|---|
| CARLOS SANCHEZ DIAZ, et al., | ) | |
| | ) | Case No. 17CV04848 |
| *Plaintiffs,* | ) | |
| | ) | Division 7 (Judge Hauber) |
| v. | ) | |
| | ) | |
| KANSAS CITY POWER & LIGHT CO., et al., | ) | |
| | ) | |
| *Defendants.* | ) | |

## SECOND AMENDED NOTICE OF VIDEO-TAPED DEPOSITON

**TO:   ALL PARTIES AND/OR THEIR ATTORNEYS OF RECORD**

**PLEASE TAKE NOTICE** that Plaintiffs will take the video-taped deposition of **Kathi S. Glauner, M.D., Ph.D. of the University of Kansas Hospital Emergency Medicine/University of Kansas Physicians,** before an officer authorized to administer oaths in Kansas affiliated with Sommers Reporting Company, 8700 Monrovia, Suite # 310, Lenexa, KS 66215, and the videographer will likely be Wayne Greenlaw, or another designated videographer employed from Legal Video Productions, 500 N.W. 301st Street, Warrensburg, MO 64093, (660) 429-1156.  This deposition will be continued from day to day until completed.

WHO:          Kathi S. Glauner, M.D., Ph.D.
              University of Kansas Hospital – Emergency Medicine
              University of Kansas Physicians (KUPI)
              3901 Rainbow Boulevard – Mail Stop 3017
              Kansas City, KS 66160

DATE/TIME:    Friday, March 29, 2019 at 11:30 a.m.

PLACE:        DEVKOTA LAW FIRM, L.L.C.
              4010 Washington, Suite # 350
              Kansas City, MO 64111

*Clerk of the District Court, Johnson County Kansas*
*02/06/19  02:28pm MM*

Respectfully submitted,

DEVKOTA LAW FIRM, L.L.C.

*/s/ Lynn Weddle Judkins*

Lynn Weddle Judkins            KS # 20003
Tarak A. Devkota               KS # 19767
4010 Washington Street, Suite # 350
Kansas City, Missouri 64111
(816) 842-9100 * (816) 817-1080 - FAX
attyjudkins@gmail.com
litigation@devkotalawfirm.com
**ATTORNEYS FOR PLAINTIFFS**

## CERTIFICATE OF ELECTRONIC SERVICE

The Devkota Law Firm, L.L.C. hereby certifies that on the 6th day of February 2019, the above and foregoing was filed with the Clerk via the Court's electronic filing system which will service notice of such filing on all counsel of record via JIMS notice, including:

Nick J. Kurt
Carson M. Hinderks
BERKOWITZ OLIVER, LLP
2600 Grand Boulevard, Suite # 1200
Kansas City, MO 64108
(816) 561-7007 * (816) 561-1888 – FAX
nkurt@berkowitzoliver.com
chinderks@berkowitzoliver.com
**ATTORNEYS FOR DEFENDANT**
**KANSAS CITY POWER & LIGHT COMPANY**

*/s/ Lynn Weddle Judkins*
**ATTORNEY FOR PLAINTIFFS**

2                    *Clerk of the District Court, Johnson County Kansas*
                     *02/06/19  02:28pm MM*

17CV04848
Div7

**IN THE DISTRICT COURT OF JOHNSON COUNTY, KANSAS**
**CIVIL DEPARTMENT**
**(Pursuant to K.S.A. Chapter 60)**

| | | |
|---|---|---|
| CARLOS SANCHEZ DIAZ, et al., | ) | |
| | ) | **Case No. 17CV04848** |
| *Plaintiffs,* | ) | |
| | ) | **Division 7 (Judge Hauber)** |
| v. | ) | |
| | ) | |
| KANSAS CITY POWER & LIGHT CO., et al., | ) | |
| | ) | |
| *Defendants.* | ) | |

**SECOND AMENDED NOTICE OF VIDEO-TAPED DEPOSITON**

**TO:    ALL PARTIES AND/OR THEIR ATTORNEYS OF RECORD**

    **PLEASE TAKE NOTICE** that Plaintiffs will take the video-taped deposition of **Ashley Bennett, M.D., University of Kansas Hospital/University of Kansas Physicians**, before an officer authorized to administer oaths in Kansas affiliated with Sommers Reporting Company, 8700 Monrovia, Suite # 310, Lenexa, KS 66215, and the videographer will likely be Wayne Greenlaw, or another designated videographer employed from Legal Video Productions, 500 N.W. 301st Street, Warrensburg, MO 64093, (660) 429-1156.  This deposition will be continued from day to day until completed.

| | |
|---|---|
| WHO: | **Ashley Bennett, MD** |
| | **University of Kansas Hospital** |
| | **University of Kansas Physicians** |
| | **3901 Rainbow Boulevard – Mail Stop 3017** |
| | **Kansas City, KS 66160** |
| | |
| DATE/TIME: | **Friday, March 29, 2019 at 9:00 a.m.** |
| | |
| PLACE: | **DEVKOTA LAW FIRM, L.L.C.** |
| | **4010 Washington, Suite # 350** |
| | **Kansas City, MO 64111** |

Respectfully submitted,

DEVKOTA LAW FIRM, L.L.C.

*/s/ Lynn Weddle Judkins*
Lynn Weddle Judkins,  KS # 20003
Tarak A. Devkota,       KS # 19767
4010 Washington Street, Suite # 350
Kansas City, Missouri 64111
(816) 842-9100 * (816) 817-1080 - FAX
attyjudkins@gmail.com
litigation@devkotalawfirm.com
**ATTORNEYS FOR PLAINTIFFS**

## CERTIFICATE OF ELECTRONIC SERVICE

The Devkota Law Firm, L.L.C. hereby certifies that on the 6th day of February 2019, the above and foregoing was filed with the Clerk via the Court's electronic filing system which will service notice of such filing on all counsel of record via JIMS notice, including:

Nick J. Kurt
Carson M. Hinderks
BERKOWITZ OLIVER, LLP
2600 Grand Boulevard, Suite # 1200
Kansas City, MO 64108
(816) 561-7007 * (816) 561-1888 – FAX
nkurt@berkowitzoliver.com
chinderks@berkowitzoliver.com
**ATTORNEYS FOR DEFENDANT**
**KANSAS CITY POWER & LIGHT COMPANY**

*/s/ Lynn Weddle Judkins*
**ATTORNEY FOR PLAINTIFFS**

17CV04848
Div7

Chapter 60
Summons and Return of Service
(Revised 2/26/14)

### IN THE DISTRICT COURT OF JOHNSON COUNTY, KANSAS
### CIVIL DEPARTMENT
(Pursuant to K.S.A. Chapter 60)

CARLOS SANCHEZ DIAZ, et al.　　　)
　　　　　　　　　　　　　　　　)
　　　*Plaintiffs*,　　　　　　　　)
　　　　　　　　　　　　　　　　)
v.　　　　　　　　　　　　　　　)
　　　　　　　　　　　　　　　　)　Case No.　　17CV04848
KANSAS CITY POWER AND　　　　)
LIGHT COMPANY, et al.　　　　　)
　　　　　　　　　　　　　　　　)　Division No.　7 (Judge Hauber)
　　　*Defendants*.　　　　　　　)
　　　　　　　　　　　　　　　　)

### RETURN OF SERVICE OF SUMMONS ON AN INDIVIDUAL

I hereby certify that I served a copy of (a) First Amended Petition, (b) Plaintiff's First

Interrogatories to Defendant, (c) Plaintiff's First Request for Production of Documents to

Defendant, (d) First Amended Case Management Order, (e) Defendant KCPL's First

Amended Preliminary Witness & Exhibit List, (f) Plaintiff's Second Witness & Exhibit

List, and (g) Plaintiff's Second Request for Production of Documents to Defendant. on
*Millerbernd Manufacturing Company, 622 6th St. S, Winsted, MN*
*Tina Goerish, Controller/HR* in the following manner:　*55395-0098*
*Manager*

__X__(1)　**Personal Service** - on the __8__ day of __February__, 20__19__ by

delivering or offering to deliver the documents to the above-named

person; *at 8:48 AM.*

_____(2)　**Residence Service** - on the ____ day of _____, 2____, by

leaving the documents at the dwelling or usual place of abode of the

above-named person, with some person of suitable age and discretion

who resides there;

_____(3)　**Residence Service** - on the ____ day of _____, 2____, by

leaving a copy of the documents at the dwelling or usual place of abode of

1

the above-named person and mailing to that person by first-class mail a notice that the copy has been left at the individual's dwelling or place of abode;

_____(4)   **Return Receipt Delivery** - by causing to be delivered on the _____ day of_____, 2____, the documents by return receipt delivery to the above-named person at the following address: _____with delivery being made by the following person or entity: __

A copy of the return receipt evidencing delivery is attached to this Return of Service.

_____(5)   **Return Receipt Delivery Refused** - by mailing on the _____ day of _____, 2____, the documents by first-class, postage prepaid, to the above-named person at the following address: _____.

_____(6)   **Other Method of Service** - _____.

_____(7)   **No Service.** The above-named person was not served for the following reason(s): _____

## CERTIFICATION OF
## RETURN ON SERVICE OF SUMMONS

_____

### Service Outside State
### Affidavit of Service

STATE OF *Minnesota* )
                          ) ss.
COUNTY OF *McLeod* )

I, *Christine A. Heuer*, am authorized to serve process in civil actions in the state of *Minnesota* _____.

I declare under penalty of perjury under the laws of the state of Kansas that the foregoing Return on Service of Summons is true and correct.

Executed on *February 9, 2019*

2

_Christine A. Heuer_, Process Server
Signature and Title of Server

Subscribed and sworn to before me this  day of  Feb  9  , 2019

TIM HEUER
NOTARY PUBLIC
MINNESOTA
My Commission Expires Jan. 31, 2024

Notary

---

**Authority**

K.S.A. 60-302, 60-213(a), 60-303, 60-308, and 60-312.

3

17CV04848
Div7

## IN THE DISTRICT COURT OF JOHNSON COUNTY, KANSAS
## CIVIL COURT DEPARTMENT

CARLOS SANCHEZ DIAZ,            )
JEAN CHAVEZ (GUZMAN) SANCHEZ,  )
and ADAN GUZMAN,               )      Case No. 17CV04848
                               )      Division:  7
            Plaintiffs,        )      K.S.A. Chapter 60
                               )
   v.                          )
                               )
KANSAS CITY POWER & LIGHT       )
COMPANY, et al.,               )
                               )
            Defendants.        )

### KANSAS CITY POWER & LIGHT COMPANY'S MOTION TO STRIKE DESIGNATED EXPERT TIMOTHY KREHBIEL AND INCORPORATED OPPOSITION TO PLAINTIFFS' MOTION FOR EXTENSION OF TIME

Defendant Kansas City Power & Light Company ("KCP&L") hereby opposes Plaintiffs' "Motion for Extension of Time [to] Designate Additional Experts and to Supplement Existing Designations with Reports" ("Motion to Supplement"). While the exact relief Plaintiffs seek is unclear, they appear to have submitted revised "Initial Expert Witness Designations," *see* Doc. 98 at 4-10, and ask the Court for an extension of "at least an additional three (3) weeks" to: (1) name "at least one additional supplemental medical expert(s)"; (2) finalize unidentified "supplemental retained expert(s)' reports"; and (3) inspect the light pole at issue in this case so that their designated engineering expert can draft and submit an initial report. Doc. 98 at 2-3.

KCP&L respectfully requests that the Court deny the Motion to Supplement. KCP&L also moves the Court, pursuant to K.S.A. § 60-237(c)(1) and Paragraph 7.D of the Amended Case Management Order ("Amended CMO") (Doc. 92), to strike Plaintiffs' designation of

putative engineering expert Timothy Krehbiel, P.E.[1]  *See* Doc. 98 at 7.  Plaintiffs have failed to

disclose Mr. Krehbiel's proposed opinions and the bases for those opinions in the manner

expressly required by Kansas law.  Moreover, the history of this case and Plaintiffs' failure to

conduct timely discovery demonstrate that the defects in Mr. Krehbiel's designation are neither

substantially justified nor subject to supplementation.

      In the subsections below, KCP&L describes the law governing the designation of expert

witnesses in Kansas.  It then sets out the relevant procedural history of this case and explains

why that background warrants issuance of an order striking Mr. Krehbiel's designation and

denying Plaintiffs' Motion to Supplement.

## I.    **LEGAL STANDARD**

      In Kansas, the law governing expert designation is clear:  "Parties must make expert

disclosures 'at the times and in the sequence that the court orders.'"  *Campbell v. Bd. of Cnty.*

*Comm'rs of Sedgwick Cnty.*, 383 P.3d 183, 2016 WL 6139662, at *8 (Kan. Ct. App. Oct. 21,

2016) (unpublished opinion) (quoting K.S.A. § 60-226(b)(6)(C)).  Indeed, "K.S.A. 60-

226(b)(6)(B) and (C) require that parties disclose each expert opinion 'and a summary of the

grounds for each opinion'" according to the schedule set by the Court.  *Walder v. Bd. of*

*Comm'rs of Jackson Cnty.*, 236 P.3d 525, 526 (Kan. Ct. App. 2010) (quoting K.S.A. § 60-

226(b)(6)(B)); *accord* K.S.A. § 60-226(b)(6)(A) ("The disclosure must state: (i) The subject

matter on which the expert is expected to testify; and (ii) the substance of the facts and opinions

to which the expert is expected to testify.").

      Under K.S.A. § 60-226(e), "a party must supplement a disclosure 'if the party learns that

in some material respect the information disclosed is incomplete or incorrect.'"  *Id.* (quoting

---

[1]     Plaintiffs and KCP&L agreed to extend the 10-day objection period set out in Paragraph 7.D of
the Amended CMO and the 14-day response deadline contained in Local Rule No. 8.3 until February 13,
2019, while they attempted to negotiate a resolution of the instant dispute.

K.S.A. § 60-226(e)(1)).  But, crucially, supplementation under §60-226(e) only "*is intended for changes due to newly discovered evidence or material inadvertently left out, not for the initial disclosure of an opinion on the central issue in the lawsuit*."  *Walder*, 236 P.3d at 527 (emphasis added).  To be sure, a "'*party may not use a supplemental report to disclose information that should have been disclosed in the initial expert report, thereby circumventing the requirement for a timely and complete expert witness report*.'"  *Id.* (quoting 6 Moore's Federal Practice § 26.131[2] (3d ed. 2010)) (emphasis added); *see Williams ex rel. McGuire v. Wesley Rehab. Hosp.*, 201 P.3d 2, 2009 WL 454941, at *3 (Kan. Ct. App. Feb. 20, 2009) (unpublished opinion) ("K.S.A. 60-226 is modeled after Fed. R. Civ. Proc. 26, and the provisions regarding disclosure of expert testimony are striking similar.").

"If a party fails to disclose [expert opinion] . . . as required, 'the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing or at trial, unless the failure was substantially justified or is harmless.'"  *Campbell*, 2016 WL 6139662, at *8 (quoting K.S.A. § 60-237(c)(1)).  The Court "has broad discretion in supervising a lawsuit, including the course of discovery."  *Walder*, 236 P.3d at 527.  But the procedural rules governing expert designation "are not just 'fluff.'  They serve a 'necessary purpose.'"  *Cafer v. Ash*, 353 P.3d 469, 2015 WL 4366541, at *17 (Kan. Ct. App. June 26, 2015) (unpublished opinion) (quoting *McCullough v. Bethany Med. Ctr.*, 683 P.2d 1258, 1261 (Kan. 1984)).  To that end, the Kansas Court of Appeals explains:

> *Many courts have refused to allow the late disclosure of an expert's opinion when the initial time for such disclosures has passed, even though the time limit for supplementation has not yet expired or the trial had not yet begun.*  E.g., *Macaulay*, 321 F.3d [45,] 50-53 [(1st Cir. 2003)]; *Schweizer v. DEKALB Swine Breeders, Inc.*, 954 F. Supp. 1495, 1509-11 (D. Kan. 1997); *McGuire v. Rehab. Hosp.*, 2009 WL 454941, at *2-4 (Kan. App.) (unpublished opinion), *rev. denied* 289 Kan. 1279 (2009); *see also* 6 Moore's Federal Practice § 26.131[2] (citing cases).

*Walder,* 236 P.3d at 527-28 (emphasis added); *see also Havens v. Branstine,* 2009 WL 1212595,

at *3 (Kan. Ct. App. May 1, 2009) (unpublished opinion) ("Havens' failure to disclose cannot be

considered harmless because Haven's entire [causation] argument was based on the speed

[defendant's] trailer was designed to be towed. Thus, the excluded expert witness testimony was

inadmissible because the proffered opinion was not properly disclosed in the expert witness'

report.").

## II.   **DISCUSSION**

KCP&L respectfully requests that the Court issue an order striking Mr. Krehbiel's

designation and denying Plaintiffs' Motion to Supplement. Mr. Krehbiel's designation, in total,

states:

> This mechanical engineer, following review of the existing file materials, photos,
> and discovery in this case determined that the light pole fell due to the base not
> being secured, installation, and concern about material. His curriculum vitae is
> attached. Plaintiffs will supplement regarding his report within this timeframe
> requested [in the Motion to Supplement], following inspection sought of the light
> pole, and as well concerning deposition availability.

Doc. 98 at 7.

Thus, as filed, Plaintiffs' designation of Mr. Krehbiel includes only three bare,

unexplained conclusions. It does not state the "substance of the facts and opinions" that

Plaintiffs expect Mr. Krehbiel will testify about at trial. K.S.A. § 60-226(b)(6)(A)(ii); *see also*

Doc. 92 at 5 (Amended CMO). Nor does it provide a "summary of the grounds for each

opinion" Mr. Krehbiel has formed, as K.S.A. § 60-226(b)(6)(B) requires. *See also* Doc. 92 at 5.

As the procedural history below illustrates, Plaintiffs' omissions are not substantially

justified, harmless, nor, under Kansas law, correctable by supplementation. Indeed, they stem

directly from Plaintiffs' inexcusable failure to conduct timely discovery.

**A.**    *Relevant Procedural History.*

1.    Plaintiffs initiated this action against KCP&L on August 28, 2017. *See* Doc. 1 (Petition for Damages). The Court issued the first Case Management Order (Doc. 8), setting the schedule of this case on January 31, 2018 (the "First CMO").

2.    The First CMO required that Plaintiffs designate expert witnesses on or before July 9, 2018. Doc. 8. The First CMO also mandated that:

> [T]he designation *__must state__* the subject matter on which each designated expert is expected to testify, the substance of the facts and opinions of the expert and a summary of the grounds for each opinion. In addition to the designation, if the expert witness is a "retained" expert pursuant to K.S.A. 60-226(b)(6)(B) and he/she has prepared a written report, such report *__must__* be provided along with the designation.

Doc. 8 at 5 (emphasis in original).

3.    Plaintiffs filed their first expert witness designations on July 10, 2018. *See* Doc. 13 at 4-10.

4.    Plaintiffs' first designations identified engineer Timothy M. Krehbiel, P.E. as a retained expert witness. The first designation of Mr. Krehbiel, in total, stated the following:

> This mechanical engineer, following review of existing file materials and photos, determined that the light pole fell due to the base not being secured. His curriculum vitae is attached. Plaintiffs will supplement regarding any deposition availability.

Doc. 13 at 7.

5.    Plaintiffs did not serve an expert report with Mr. Krehbiel's first designation.[2]

6.    Seventeen days later, on July 27, 2018—*i.e.*, on the deadline for written discovery pursuant to the First CMO—Plaintiffs served KCP&L with their first set of discovery requests.

---

[2]    After it received Plaintiffs' first expert witness designations, KCP&L attempted to depose Mr. Krehbiel on two separate occasions. *See* Docs. 15 and 82. KCP&L rescheduled Mr. Krehbiel's first deposition, at Plaintiffs' request. It postponed the second after Plaintiffs moved to continue trial and modify the First CMO. *See* Doc. 83.

*See* Doc. 14.  There, for the first time, Plaintiffs inquired whether KCP&L had retained the light pole at issue in this case.  Plaintiffs also requested that KCP&L provide them "access for inspection and possibly testing" of the pole.  *See* Exhibit A at 7, 11-12 (Interrogatory Nos. 8, 9, and 20); Exhibit B at 7 (Request for Production No. 10).

7.     On September 17, 2018, KCP&L answered Plaintiffs' discovery requests.  As relevant here, KCP&L:  (1) informed Plaintiffs that it had retained the light pole, its breakaway base, and the base plate of the pole's screw-in anchor base; (2) identified the location where KCP&L maintained the pole and its components; and (3) stated that it would "provide access to the retained light pole following agreement between the parties as to a reasonable, non-destructive inspection and testing protocol."  Ex. B at 1, 7; Ex. A at 1, 7, 11-12.

8.     Plaintiffs did not attempt to schedule an inspection of the pole after receiving KCP&L's discovery responses.

9.     On August 23, 2018, Plaintiffs filed a motion, asking the Court to continue trial and modify the First CMO.  *See* Doc. 83.  Because of the various personal issues Plaintiffs' counsel cited in support, KCP&L did not oppose the requested continuance.  *See* Doc. 91.  On September 12, 2018, the Court continued trial until July 15, 2019.  The Court also entered a First Amended Case Management Order (Doc. 92) on November 5, 2018 (the "Amended CMO").  *See* Doc. 92.

10.    The Amended CMO set a second expert designation deadline, requiring that Plaintiffs designate expert witnesses on or before January 25, 2019.  *See* Doc. 92 at 4.  And, again, it mandated that:

> [T]he designation ***must state*** the subject matter on which each designated expert is expected to testify, the substance of the facts and opinions of the expert and a summary of the grounds for each opinion.  In addition to the designation, if the expert witness is a "retained" expert pursuant to K.S.A. 60-226(b)(6)(B) and

he/she has prepared a written report, such report ***must*** be provided along with the designation

Doc. 92 at 5 (emphasis in original).

11.     On November 21, 2018, Plaintiffs filed a First Amended Petition for Damages (Doc. 93).  In it, they asserted claims against seven additional defendants.  *See* Doc. 93.

12.     On January 25, 2019, Plaintiffs filed the Motion to Supplement (Doc. 98).  Near the end of that document, Plaintiffs included a second set of "Initial Expert Witness Designations," *see* Doc. 98 at 4-10, and state that they have "otherwise provided the information necessary to make such designations."  Doc. 98 at 4.

13.     When Plaintiffs filed the Motion to Supplement on January 25, 2019, Plaintiffs had not requested summons for the seven additional defendants added to the case on November 21, 2018.

14.     Plaintiffs' Motion to Supplement asks that the Court grant them an extension of "at least an additional three (3) weeks."  Doc. 98 at 2.  Plaintiffs state that they have requested the extension "solely to supplement [their] existing [expert] designations with respective report(s)."  Doc. 98 at 3.

15.     Plaintiffs offer a scattershot of reasons for the requested extension, including:  (1) the "weather"; (2) "illness of counsel"; (3) "awaiting additional treatment medical records"; (4) "trial conflicts of several of the [designated] experts"; and (5) "pending discovery out to the additional defendants, which may affect the need for additional experts."[3]  Doc. 98 at 1-2.

---

[3]     After filing the Motion to Supplement, Plaintiffs requested summons for each of the "additional defendants" named in their First Amended Petition.  Plaintiffs represent that they served the First Amended Petition and written discovery requests on five of those defendants on February 5, 2019, and another defendant on February 8, 2019—*i.e.*, at least 11 days ***after*** they had filed the Motion to Supplement.  *See* Docs.108-112, 117.

16.     As particularly relevant here, Plaintiffs' Motion represents that their counsel "called [KCP&L] defense counsel and requested an inspection of the light pole as part of the completion need for expert mechanical engineer, Timothy M. Krehbiel; however, no date has been set yet, which, in part, prompts this request for additional time[.]" Doc. 98 at 3.

17.     In fact, counsel for the Plaintiffs' left a voicemail for KCP&L counsel at 12:07 p.m. on January 25, 2019—*i.e.*, the afternoon that Plaintiffs' expert designations and corresponding expert reports were due. *See* Doc. 92 at 4-5. In that message, Plaintiffs' counsel, for the first time, stated that Mr. Krehbiel "would like a chance to inspect and review the light pole, which [Plaintiffs' counsel] understood you all had possession of." Plaintiffs' counsel noted that Mr. Krehbiel needed to inspect the pole "to finalize his report."

**B.      *Plaintiffs' failure to designate Mr. Krehbiel and to provide an expert report as Kansas law requires is not substantially justified, harmless, nor subject to supplementation.***

A party who fails to designate expert witness testimony in the manner prescribed by K.S.A. § 60-226(b)(6) and court order is "'not allowed to use that information or witness to supply evidence . . . unless the failure was substantially justified or is harmless.'" *Campbell*, 2016 WL 6139662, at *8 (quoting K.S.A. § 60-237(c)(1)). Here, Plaintiffs' failure to disclose the substance and basis of Mr. Krehbiel's opinions or to provide a report completed by Mr. Krehbiel by the January 25, 2019 deadline was not substantially justified, harmless, nor, under Kansas law, correctable via a supplemental report. Instead, the inadequacies inherent in Mr. Krehbiel's designation and his purported inability to complete an initial report arise directly from Plaintiffs' failure to conduct discovery across two entire expert discovery periods and not until the most recent expert designation deadline had passed.

Indeed, an order striking Mr. Krehbiel's designation and denying Plaintiffs' Motion to Supplement is appropriate in this case. After filing this action on August 28, 2017, Plaintiffs waited 11 months—until the first, July 27, 2018 deadline for written discovery—before conducting any form of affirmative discovery, including any inquiry into whether KCP&L had retained the light pole for expert inspection. *See* Docs. 1, 14. Before doing so, Plaintiffs filed their first expert designation of Mr. Krehbiel, setting out a single, bare opinion that, out of necessity, was not based on an inspection of the light pole. *See* Doc. 13. Moreover, even after learning on September 17, 2018, that KCP&L had retained the pole, Plaintiffs—despite receiving a second chance under the Amended CMO to include a pole inspection as a basis of Mr. Krehbiel's testimony—again failed to request an inspection until midday on the January 25, 2019 expert designation deadline.

Plaintiffs do not (and cannot) explain how discrete, temporary, and vague issues identified in the Motion to Supplement, such as the "weather," "illness," or "trial conflicts" of certain, unnamed experts, prevented them from seeking an inspection of the pole—the object at the center of this case and the sole focus of Mr. Krehbiel's proposed testimony—first for 11 months and then, again, for an additional four months before the January 25, 2019 designation deadline. Instead, the procedural history above demonstrates that the deficiencies in and omissions from Mr. Krehbiel's designation are problems of Plaintiffs' own creation. They also are ones that cannot be remedied by a supplemental report or disclosure, as that avenue is reserved, expressly, "for changes due to newly discovered evidence or material inadvertently left out" of an expert designation or report—*i.e.*, not material that was readily available to a party that chose not to pursue it. *Walder*, 236 P.3d at 527 ("'[A] party may not use a supplemental report to disclose information that should have been disclosed in the initial expert report, thereby

circumventing the requirement for a timely and complete expert witness report.'" (quoting 6

Moore's Federal Practice § 26.131[2] (3d ed. 2010)).   Accordingly, Kansas law compels an order

striking Mr. Krehbiel's expert designation, excluding his testimony from trial, and denying

Plaintiffs' Motion to Supplement.  *See Campbell*, 2016 WL 6139662, at *8; *Walder*, 236 P.3d at

526-27.

## III.   CONCLUSION

WHEREFORE, for the reasons set out above, KCP&L respectfully requests that that the

Court deny Plaintiffs' Motion to Supplement and strike Plaintiffs' designation of Timothy

Krehbiel, P.E. for failure to comply with K.S.A. 60-226(b)(6) and the Court's Amended CMO.


Dated:  February 13, 2019                    Respectfully submitted,

                                             **BERKOWITZ OLIVER LLP**

                                             */s/ Nick J. Kurt*
                                             Nick J. Kurt                  KS Bar No. 20225
                                             Carson M. Hinderks            KS Bar No. 25079
                                             2600 Grand Boulevard, Suite 1200
                                             Kansas City, Missouri 64108
                                             Telephone:  (816) 561-7007
                                             Facsimile:  (816) 561-1888
                                             Email       nkurt@berkowitzoliver.com
                                                         chinderks@berkowitzoliver.com

                                             *Attorneys for Defendant Kansas City*
                                             *Power & Light Company*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was served via e-mail this

13th day of February 2019, on the following:

>Tarak Alexander Devkota
>Lynn Weddle Judkins
>DEVKOTA LAW FIRM, LLC
>4010 Washington Street, Suite 350
>Kansas City, Missouri 64111
>Phone:        (816) 842-9100
>Facsimile:    (816) 817-1080
>litigation@devkotalawfirm.com
>attyjudkins@gmail.com

>*Attorneys for Plaintiffs*

>_/s/ Nick J. Kurt_____
>*Attorney for Defendant Kansas City*
>*Power & Light Company*

# Exhibit

# A

*Clerk of the District Court, Johnson County Kansas*
*02/13/19  04:58pm SS*

| | |
|---|---|
| From: | vphommachanh@berkowitzoliver.com |
| To: | litigation@devkotalawfirm.com; attyjudkins@gmail.com |
| Cc: | Kurt, Nick J.; Hindeuks, Carson M. |
| Subject: | Carlos Sanchez Diaz, et al. v. Kansas City Power & Light Company, et al.; Case No. 17CV04848 |
| Date: | Monday, September 17, 2018 4:37:13 PM |

**You have received 3 secure files from vphommachanh@berkowitzoliver.com.**
Use the secure links below to download.

Please see the attached.

After setting up your Accellion account, if you do not receive the email to complete the account activation and download the data, you may need to check your spam email.  Please do not hesitate to contact me if you have any issues accessing the data.

Thank you,

Vong Phommachanh
Legal Administrative Assistant

**BERKOWITZ**OLIVER LLP

**2600 Grand Boulevard, Suite 1200 | Kansas City, MO 64108**
P: 816-561-7007 | F: 816-561-1888 | DD: 816-627-0270
vphommachanh@berkowitzoliver.com | www.berkowitzoliver.com

**Secure File Downloads:**
Available until: **17 October 2018**

Click links to download:

> **2018-09-17 KCPL Response to Plaintiffs Interrogatories (02238977x9E351).pdf**
> 475.23 KB, Fingerprint: c450fbf3c88f1136438b2ddedeb4ecfc (What is this?)
>
> **2018-09-17 KCPL Response to Plaintiffs RFPs (02238994x9E351).pdf**
> 475.33 KB, Fingerprint: 29eaa245a292cd71795140213a6af6fe (What is this?)
>
> **KCPL00001 - KCPL00384 (02238940x9E351).zip**
> 286.91 MB, Fingerprint: b585d8894b61d1f8f29ca11dc037f2d7 (What is this?)

You have received secure links within this email sent via Berkowitz Oliver LLP Secure File Sharing. To retrieve the files, please click on the links above. To learn how your company can benefit from Accellion Secure File Sharing, please visit http://www.accellion.com

Secured by Accellion

*Clerk of the District Court, Johnson County Kansas*
*02/13/19  04:58pm SS*

## IN THE DISTRICT COURT OF JOHNSON COUNTY, KANSAS
## CIVIL COURT DEPARTMENT

| | |
|---|---|
| CARLOS SANCHEZ DIAZ,<br>JEAN CHAVEZ (GUZMAN) SANCHEZ,<br>and ADAN GUZMAN,<br><br>    Plaintiffs,<br><br>  v.<br><br>KANSAS CITY POWER & LIGHT<br>COMPANY, et al.,<br><br>    Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>) Case No. 17CV04848<br>) Division: 7<br>) K.S.A. Chapter 60<br>)<br>)<br>) |

## KANSAS CITY POWER & LIGHT COMPANY'S OBJECTIONS AND RESPONSES TO PLAINTIFFS' INTERROGATORIES

Defendant Kansas City Power & Light Company ("KCP&L") hereby submits its

objections and responses to Plaintiffs Carlos Sanchez Diaz, Jean Chavez (Guzman) Sanchez, and

Adan Guzman's Interrogatories ("Interrogatories," and, individually, an "Interrogatory").

Discovery is ongoing. Thus, the responses below are based on information currently known to

KCP&L and will be supplemented in accordance with its obligations under Kansas law.

## OBJECTIONS AND RESPONSES

  **1. State the full name, title, and employment address of the individual(s) who provided information for these interrogatories, and please identify who answered each inquiry.**

## ANSWER:

  KCP&L objects to this Interrogatory to the extent it seeks information protected by the

attorney-client privilege and the work-product doctrine, including, but not limited to, information

and materials produced in anticipation of litigation or in connection with obtaining legal advice

from counsel.

Subject to and without waiver of the foregoing objections, KCP&L states that the answers have been formulated by KCP&L's attorneys based on information gathered from documents produced to Plaintiffs and by information provided by Chris Kurtz, Senior Director of Transmission & Distribution.  Mr. Kurtz can be contacted through undersigned counsel.

**2.     Identify the names, titles, departments of the individuals and/or companies, agencies, etc. who investigated the light pole fall/failure that occurred on February 23, 2016 for the unmarked light pole at Black Bob Road and 131st Street East, Olathe Kansas between light poles marked as KCPLA2559 and KCPLA2557 at the scene of this accident.**

**ANSWER:**

KCP&L objects to this Interrogatory to the extent it seeks information protected by the attorney-client privilege and the work-product doctrine, including, but not limited to, information and materials produced in anticipation of litigation or in connection with obtaining legal advice from counsel.

Subject to and without waiver of the foregoing objections, the following people investigated the incident scene:

> Officer A. Cerda, #787
> Olathe Police Department
> 501 E. Old 56 Highway
> Olathe, Kansas 66061

The following individuals went to the incident scene on February 23, 2016 and February 24, 2016:

> Caleb Hambrick, KCP&L Operations
> Matthew Kellogg, KCP&L Operations
> Mike Madrigal, Safety Specialist

3.      State who owns the unmarked light pole at Black Bob Road and 131ˢᵗ Street East, Olathe Kansas, that sat between light poles marked as KCPLA2559 and KCPLA2557, and fell/failed on February 23, 2016.

<u>ANSWER</u>:

The City of Olathe currently owns the light pole located at 131st Street and Black Bob between KCPLA2259 and KCPLA2557 (the "Pole").  KCP&L owned the Pole before January 1, 2017.

4.      Identify the personnel from KCP&L (by name, title, department), who oversaw the installation of the unmarked light pole at Black Bob Road and 131ˢᵗ Street East, Olathe Kansas formerly located between light poles marked as KCPLA2559 and KCPLA2557 that fell/failed on February 23, 2016.

<u>ANSWER</u>:

KCP&L is unaware of the personnel that oversaw the installation of the Pole.  Based on information currently available to it, KCP&L believes that the Pole was installed in or around 1991.

5.      Identify the date of installation, all contract(s) for installation, all maintenance agreement(s) for those poles that includes the unmarked light pole at Black Bob Road and 131ˢᵗ Street East, Olathe Kansas formerly located between light poles marked as KCPLA2559 and KCPLA2557 that fell/failed on February 23, 2016 and for light poles KCPLA2559, KCPLA2557, and KCPLA2556, including identification of any installations contracts for light poles that included this particular pole.

<u>ANSWER</u>:

KCP&L objects to this Interrogatory as overbroad, unduly burdensome, not reasonably calculated to lead to the discovery of relevant or admissible evidence, and not proportional to the needs of the case to the extent that its request for contacts and maintenance agreements is

unlimited in time.  For example, requests for information about KCP&L's contracts for

maintaining the Pole in 1995 or 2005 are unduly burdensome and are not relevant to whether the

Pole was being properly maintained at or around the time of the relevant incident.

Subject to and without waiver of the foregoing objections, KCP&L states that it believes

the Pole was installed in or around 1991.  KCP&L further refers Plaintiffs to the August 26, 1991

Permit to Install Street Lights on Black Bob Road issued by the City of Olathe and the 2014

Black & McDonald Master Service Agreement and accompanying amendments, statements of

work, exhibits, and street light operations plan produced in response to Plaintiffs' Requests for

Production.

**6.      Identify who at KCP&L first learned of the unmarked light pole fall/failure on February 23, 2016 at Black Bob Road and 131st Street East, Olathe Kansas formerly located between light poles marked as KCPLA2559 and KCPLA2557.**

**ANSWER**:

Michael Almeda received the initial report and Jeremiah Palmer worked the dispatch

ticket during the evening of February 23, 2016, and morning of February 24, 2016.

**7.      Who did the above person(s) contact or notify regarding the unmarked light pole fall/failure on February 23, 2016 at Black Bob Road and 131st Street East, Olathe Kansas formerly located between light poles marked as KCPLA2559 and KCPLA2557:**

> **a.      Within the first 24 hours;**
> **b.      Within the first week;**
> **c.      Within the first 30 days; and**
> **d.      Within the first 60 days.**

**ANSWER**:

KCP&L objects to this Interrogatory to the extent it seeks information protected by the

attorney-client privilege and the work-product doctrine, including, but not limited to, information

and materials produced in anticipation of litigation or in connection with obtaining legal advice from counsel.

Subject to and without waiver of the foregoing objections, the above employees contacted Matt Kellogg and Caleb Hambrick.

**8.      State whether KCP&L has retained the unmarked light pole that fell/failed on February 23, 2016 at Black Bob Road and 131st Street East, Olathe Kansas, that was formerly located between light poles marked as KCPLA2559 and KCPLA2557.**

ANSWER:

KCP&L has retained the Pole, the breakaway base, and the base plate of the screw-in anchor base.  KCP&L does not have possession of the stem of the screw-in anchor base that was buried in the ground at the time of the incident.

**9.      If the above referenced pole has not been retained, identify by name, date, and current location all testing results or reports of findings for the cause of the unmarked light pole fall/failure that occurred on February 23, 2016 at Black Bob Road and 131st Street East, Olathe Kansas, formerly located between light poles marked as KCPLA2559 and KCPLA2557.**

ANSWER:

Not applicable.

**10.     Identify which KCP&L engineers designed this style unmarked light pole that fell/failed on February 23, 2016 at Black Bob Road and 131st Street East, Olathe Kansas, formerly located between light poles marked as KCPLA2559 and KCPLA2557.**

ANSWER:

KCP&L engineers did not design the Pole.

11.     Identify the names, company(ies), dates of, manufacturer(s) (manufacturing) and/fabricator(s) (fabricating) of this style unmarked light pole that fell/failed on February 23, 2016 at Black Bob Road and 131st Street East, Olathe Kansas, formerly located between light poles marked as KCPLA2559 and KCPLA2557, including identification of the parties to any manufacturing and/or fabricating of this batch of light poles in which the one that fell/failed came from.

**ANSWER:**

KCP&L objects to this Interrogatory because the phrase "identification of the parties to

any manufacturing and/or fabricating of this batch of light poles" as vague, ambiguous, and

undefined.

Subject to and without waiver of the foregoing objections, Millerbernd Manufacturing

Company manufactured the Pole.  The manufacturer of the breakaway base was Valmont

Industries.  KCP&L is unaware of the Pole's date of manufacture, its model, or who

manufactured the Pole's screw-in anchor base.

12.     Identify the make and model of the unmarked light pole that fell/failed on February 23, 2016 at Black Bob Road and 131st Street East, Olathe Kansas, and was formerly located between light poles marked as KCPLA2559 and KCPLA2557.

**ANSWER:**

See response to Interrogatory No. 11.

13.     State the name and present or last known addresses of any and all persons known to you, your attorney(s) or any other representative(s), or reported to you, your agent(s), or attorney(s), or others acting on your behalf, who claim to have witnessed the light pole fall/failure as described in the Petition.

**ANSWER:**

Plaintiff Carlos Sanchez Diaz
Plaintiff Adan Guzman

Jacqueline Franklin

6403 Manchester Avenue, Apt. D
Kansas City, Missouri 64133

Kenatta Harden
2212 Cleveland Avenue
Kansas City, Missouri 64127

**14.** **Identify and state any unprivileged statement(s), written or otherwise, by date, person(s), that KCP&L obtained from anyone concerning the cause for the unmarked light pole fall/failure on February 23, 2016 at Black Bob Road and 131st Street East, Olathe Kansas, and was formerly located between light poles marked as KCPLA2559 and KCPLA2557.**

**ANSWER:**

KCP&L objects to this Interrogatory to the extent that it seeks the information protected by the attorney-client privilege and the work-product doctrine, including, but not limited to, materials produced in anticipation of litigation and/or in connection with obtaining advice from counsel. KCP&L further objects to this Interrogatory as overbroad, unduly burdensome, and premature to the extent that it seeks disclosure of expert testimony or information. KCP&L will identify expert witnesses it intends to call at trial and provide information about each expert and his or her opinions according to the Case Management Order set by the Court, the agreement of the parties, and as required by Kansas law.

Subject to and notwithstanding the foregoing objections, KCP&L is not in possession or control of any non-privileged or non-expert statements about the cause of the incident alleged in the Petition.

**15.** **Do you or anyone acting on your behalf, have any videotapes, photographs, or animations of any objects (e.g. light pole, persons, accident scene, vehicles, etc.) that were taken since the accident described in the Petition, including but not limited to the scene, the persons, the objects, and/or the fall/failure:**

    a.    **The number of photographs you have;**
    b.    **The subject matter of each photograph;**

c.  **The dates the photographs were taken;**
d.  **The name and address of each photographer taking the photographs;**
e.  **The name and address of the present custodian of the photographs.**

**ANSWER:**

  KCP&L objects to this Interrogatory to the extent it seeks information protected by the attorney-client privilege and the work-product doctrine, including, but not limited to, information and materials produced in anticipation of litigation or in connection with obtaining legal advice from counsel.

  Subject to and without waiver of the foregoing objections, KCP&L refers Plaintiffs to the photographs of the accident scene on February 23, 2016 taken by the Olathe Police Department as well as the photographs of the accident scene, damage to Plaintiffs' personal property, and alleged injuries provided to KCP&L by Plaintiffs and produced in response to Plaintiffs' Request for Production.

  **16.  Identify all maintenance agreements that include the unmarked light pole that fell/failed on February 23, 2016 at Black Bob Road and 131st Street East, Olathe Kansas, and was formerly located between light poles marked as KCPLA2559 and KCPLA2557, including the dates of such agreements, the parties to such agreements, and the current custodians of such agreements. As in the companion Requests for Production, please produce or make available for review copies of all such agreements.**

**ANSWER:**

  See KCP&L objections and response to Interrogatory No. 5.

  **17.  Please state whether or not KCP&L, including all of its agents or representatives, have a commercial general liability insurance policy that could provide coverage for this accident, including whether such policy is providing KCP&L's defense in this case, the name and address of the insurance company defending this lawsuit, the name and address of each the insurer for such policy, and in accord with the Requests for Production, please provide a copy of such policy with the declarations page.**

**ANSWER:**

KCP&L is self-insured against the allegations set out in the Petition.

**18.    Pursuant to K.S.A. § 60-226, please provide the name and address of each person whom you expect to call as an expert witness at trial, his/her occupation, the subject matter about which the expert is expected to testify, the substance of the facts and opinions to which the expert is expected to testify along with a summary of the grounds for each opinion.**

**ANSWER:**

KCP&L objects to this Interrogatory as overbroad, unduly burdensome, and premature.

KCP&L will identify expert witnesses it intends to call at trial and provide information about

each expert and his or her opinions according to the Case Management Order set by the Court,

the agreement of the parties, and as required by Kansas law.

**19.    Please identify each non-retained expert witness, whom you expect to call at trial who may provide expert witness' opinion testimony, including the non-retained expert(s)' name, address, and field of expertise.**

**ANSWER:**

KCP&L objects to this Interrogatory as overbroad, unduly burdensome, and premature.

KCP&L will identify expert witnesses it intends to call at trial and provide information about

each expert and his or her opinions according to the Case Management Order set by the Court,

the agreement of the parties, and as required by Kansas law.

**20.    Please state the name and address of the person currently in possession of the unmarked light pole that fell/failed on February 23, 2016 at Black Bob Road and 131st Street East, Olathe Kansas, and was formerly located between light poles marked as KCPLA2559 and KCPLA2557.**

**ANSWER:**

KCP&L maintains the Pole at its F&M facility located at 4400 East Front Street, Kansas City, Missouri 64120.

**21.     State the number of such light pole failures where the same make/model of light pole fell within the last year, last five years, and last ten years, including the name of any person making an injury claim as a result of the fall/failure, the location of each fall/failure by address and city, the identification of and production of any accident or incident reports for each fall/failure, and whether each of these falls/failures resulted in a claim.**

**ANSWER:**

KCP&L objects to this Interrogatory as overbroad, unduly burdensome, seeking information not relevant to any party's claims or defenses, not reasonably calculated to lead to the discovery of relevant or admissible evidence, and not proportional to the needs of the case to the extent that its request information about other, unrelated and alleged pole failures within the last ten years—*i.e.*, a period extending more than eight years before the accident alleged in the Petition.

Subject and without waiver of the foregoing objections, KCP&L states that, during the previous five years, no light poles of the same make or model of the Pole have fallen in the manner alleged in the Petition.

**22.     Identify all maintenance schedules that include the unmarked light pole that fell/failed on February 23, 2016 at Black Bob Road and 131st Street East, Olathe Kansas, and was formerly located between light poles marked as KCPLA2559 and KCPLA2557, including identification of who was to inspect the lights pole(s), who was responsible for**

ordering maintenance on the light pole(s), and who would order replacement of such light pole(s).

**ANSWER:**

See objections and response to Interrogatory No. 5.  KCP&L no longer owns the Pole, but at the time of the incident, the Pole was being visually inspected twice a year by Black & McDonald.

23.     **State whether KCP&L made any claim concerning fall/failure of the unmarked light pole that fell/failed on February 23, 2016 at Black Bob Road and 131st Street East, Olathe Kansas, and was formerly located between light poles marked as KCPLA2559 and KCPLA2557 to any other company, agency, or entity, and the response to each such claim.**

**ANSWER:**

KCP&L objects to this Interrogatory because the term "claim" is vague, ambiguous, and undefined.

Subject to and notwithstanding the foregoing objections, KCP&L states that, after receiving a demand letter from Plaintiffs' counsel, it submitted a letter to Black & McDonald, requesting that it defend and indemnify KCP&L pursuant to a Master Service Agreement.  Black & McDonald has denied that claim.

24.     **State whether the unmarked light pole that fell/failed on February 23, 2016 at Black Bob Road and 131st Street East, Olathe Kansas, and was formerly located between light poles marked as KCPLA2559 and KCPLA2557 was ever repaired or replaced prior to**

February 23, 2016, and if so, state the date of replacement/repair, the person/company/agency performing the replacement/repair, and what was repaired, if anything.

ANSWER:

KCP&L objects to this Interrogatory as overbroad, unduly burdensome, not reasonably calculated to lead to the discovery of relevant or admissible evidence, and not proportional to the needs of the case to the extent that its request for information pertaining to the repair or replacement of the Pole is unlimited in time. Based on the information available to KCP&L right now, it appears that the Pole was installed in 1991. This Interrogatory seeks information about work or maintenance performed on the Pole going back over 25 years, which is overbroad and unduly burdensome.

Subject to and without waiver of the foregoing objections, KCP&L states that, between January 1, 2011 and February 23, 2016, Black & McDonald performed one repair on the Pole. On April 12, 2012, Black & McDonald replaced the Pole's light bulb and photocell.


25.    Identify all installation standards, regulations, ASTM standards, and/or requirements for the type of light pole that fell/failed on February 23, 2016 at Black Bob Road and 131st Street East, Olathe Kansas, and was formerly located between light poles marked as KCPLA2559 and KCPLA2557, including any prohibitions to limit or prevent corrosion.

ANSWER:

KCP&L objects to this Interrogatory as vague, overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it purports to request that KCP&L identify "all

standards, regulations, ASTM standards, and/or requirements" governing the Pole. Copies of

such standards, regulations, and requirements (if any) are publically available to Plaintiffs and,

thus, are not identified in response to this Interrogatory.

Dated: September 17, 2018                    Respectfully submitted,

                                             **BERKOWITZ OLIVER LLP**

                                             */s/ Nick J. Kurt*
                                             Nick J. Kurt                KS Bar No. 20225
                                             Carson M. Hinderks          KS Bar No. 25079
                                             2600 Grand Boulevard, Suite 1200
                                             Kansas City, Missouri 64108
                                             Telephone:  (816) 561-7007
                                             Facsimile:  (816) 561-1888
                                             Email       nkurt@berkowitzoliver.com
                                                         chinderks@berkowitzoliver.com

                                             *Attorneys for Defendant Kansas City*
                                             *Power & Light Company*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was served via e-mail this

17th day of September 2018, on the following:

> Tarak Alexander Devkota
> Lynn Weddle Judkins
> DEVKOTA LAW FIRM, LLC
> 4010 Washington Street, Suite 350
> Kansas City, Missouri 64111
> Phone:      (816) 842-9100
> Facsimile:  (816) 817-1080
> litigation@devkotalawfirm.com
> attyjudkins@gmail.com
>
> *Attorneys for Plaintiff*

                                             */s/ Nick J. Kurt*
                                             Attorney for Defendants

02238974.DOCX;-1                    13          *Clerk of the District Court, Johnson County Kansas*
                                                *02/13/19  04:58pm SS*

## VERIFICATION

I, Chris Kurtz, DECLARE:

I am employed by Kansas City Power & Light Company, and have been authorized to make this Verification on its behalf.

I have read KCP&L's Objections and Responses to Plaintiffs' Interrogatories and I know its contents. These responses are not all entirely within my personal knowledge, but were prepared by employees and counsel for KCP&L upon whom I have relied. The responses are subject to inadvertent and undiscovered errors and are based upon records and information still in existence and thus far discovered. Consequently, KCP&L reserves the right to make any change in these responses if it appears that omissions or errors have been made or that more accurate information is available. Subject to these limitations, these responses are true to the best of my knowledge, information, and belief.

I declare under penalty of perjury and pursuant to the laws of the State of Missouri that the foregoing is true and correct.

Executed this __17th__ day of September, 2018.

Subscribed and sworn to before me this __17__ day of September 2018.

Notary Public

My Commission Expires:

__4/19/22__

HELENE KAY CROSS
Notary Public - Notary Seal
Clay County - State of Missouri
Commission Number 91529531
My Commission Expires Apr 19, 2022

# Exhibit

# B

From:          vphommachanh@berkowitzoliver.com
To:            litigation@devkctalawfirm.com; attywudkins@gmail.com
Cc:            Kurt, Nick J.; Hinderks, Carson M.
Subject:       Carlos Sanchez Diaz, et al. v. Kansas City Power & Light Company, et al.; Case No. 17CV04848
Date:          Monday, September 17, 2018 4:37:13 PM

**You have received 3 secure files from vphommachanh@berkowitzoliver.com.**
Use the secure links below to download.

Please see the attached.

After setting up your Accellion account, if you do not receive the email to complete the account activation and download the data, you may need to check your spam email.  Please do not hesitate to contact me if you have any issues accessing the data.

Thank you,


Vong Phommachanh
Legal Administrative Assistant

**BERKOWITZOLIVER**LLP

**2600 Grand Boulevard, Suite 1200 | Kansas City, MO 64108**
**P: 816-561-7007 | F: 816-561-1888 | DD: 816-627-0270**
**vphommachanh@berkowitzoliver.com | www.berkowitzoliver.com**


**Secure File Downloads:**
Available until: **17 October 2018**

Click links to download:

    **2018-09-17 KCPL Response to Plaintiffs Interrogatories (02238977x9E351).pdf**
    475.23 KB, Fingerprint: c450fbf3c88f1136438b2ddedeb4ecfc (What is this?)

    **2018-09-17 KCPL Response to Plaintiffs RFPs (02238994x9E351).pdf**
    475.33 KB, Fingerprint: 29eaa245a292cd71795140213a6af6fe (What is this?)

    KCPL00001 - KCPL00384 (02238940x9E351).zip
    286.91 MB, Fingerprint: b585d8894b61d1f8f29ca11dc037f2d7 (What is this?)

You have received secure links within this email sent via Berkowitz Oliver LLP Secure File Sharing. To retrieve the files, please click on the links above. To learn how your company can benefit from Accellion Secure File Sharing, please visit http://www.accellion.com

Secured by Accellion

*Clerk of the District Court, Johnson County Kansas*
*02/13/19  04:58pm SS*

IN THE DISTRICT COURT OF JOHNSON COUNTY, KANSAS
CIVIL COURT DEPARTMENT

CARLOS SANCHEZ DIAZ,                  )
JEAN CHAVEZ (GUZMAN) SANCHEZ,         )
and ADAN GUZMAN,                      )
                                      )
            Plaintiffs,               )
                                      )
      v.                              )      Case No. 17CV04848
                                      )      Division: 7
KANSAS CITY POWER & LIGHT             )      K.S.A. Chapter 60
COMPANY, et al.,                      )
                                      )
            Defendants.               )

**KANSAS CITY POWER & LIGHT COMPANY'S OBJECTIONS AND RESPONSES TO
PLAINTIFFS REQUESTS FOR PRODUCTION OF DOCUMENTS**

Defendant Kansas City Power & Light Company ("KCP&L") hereby submits its

objections and responses to Plaintiffs Carlos Sanchez Diaz, Jean Chavez (Guzman) Sanchez, and

Adan Guzman's Requests for Production of Documents ("Requests," and, individually, a

"Request"). Discovery is ongoing. Thus, the responses below are based on information

currently known to KCP&L and will be supplemented in accordance with its obligations under

Kansas law.

## OBJECTIONS AND RESPONSES

**1.      Please produce all documents identified in, referenced in, or relied upon in
answering Plaintiffs' Interrogatories.**

**RESPONSE:**

KCP&L objects to this Request to the extent it seeks the production of documents

protected by the attorney-client privilege and work product doctrine. KCP&L also incorporates

its objections to Plaintiffs' Interrogatories.

02238992.DOCX;-1                          1

Subject to and notwithstanding the foregoing objections, KCP&L will produce non-privileged documents responsive to this Request.

**2.      Provide copies or make available all accident or incident reports concerning light pole falls/failures from 2008 to the present.**

**RESPONSE**:

KCP&L objects to this Request as overbroad, unduly burdensome, seeking documents and information not relevant to any party's claims or defenses, not reasonably calculated to lead to the discovery of admissible or relevant evidence, and not proportional to the needs of the case to the extent it:  (1) requests documents for a period extending from 2008 to the present—*i.e.*, eight years before and nearly two years after the incident alleged in the Petition; and (2) requests reports about any light poles and/or light pole falls or "failures," without further limitation or definition.  KCP&L also objects to this Request because the term "light pole falls/failures" is vague, ambiguous, and undefined.  KCP&L further objects to this Request to the extent that it seeks the production of documents protected by the attorney-client privilege and the work-product doctrine, including, but not limited to, materials produced in anticipation of litigation and in connection with obtaining advice from counsel.

Subject to and notwithstanding the foregoing objections, KCP&L is not aware of any light poles of the same type referenced in the Petition that have fallen without contact during the last five years.  KCP&L will produce non-privileged documents responsive to this Request that pertain to the light pole fall alleged in the Petition.

3.     Please produce documents showing ownership of the unmarked light pole at Black Bob Road and 131st Street East, Olathe Kansas, that sat between light poles marked as KCPLA2559 and KCPLA2557, and fell/failed on February 23, 2016.

**RESPONSE:**

KCP&L will produce non-privileged documents responsive to this Request.


4.     Provide all personnel schedules, logs, reports, or other documents showing the personnel from KCP&L (by name, title, department), who oversaw the installation of the unmarked light pole at Black Bob Road and 131st Street East, Olathe Kansas formerly located between light poles marked as KCPLA2559 and KCPLA2557 that fell/failed on February 23, 2016.

**RESPONSE:**

KCP&L is not in possession, custody, or control of documents responsive to this Request.


5.     Please produce all contract(s) for installation for those poles that includes the unmarked light pole at Black Bob Road and 131st Street East, Olathe Kansas formerly located between light poles marked as KCPLA2559 and KCPLA2557 and including installation of poles  KCPLA2559, KCPLA2557, and KCPLA2556.

**RESPONSE:**

KCP&L objects to this Request because the phrase "those poles" is vague, ambiguous, and undefined.

Subject to and notwithstanding the foregoing objections, KCP&L will produce non-privileged documents applicable to poles KCPLA2556 through KCPLA2559 and responsive to this Request to the extent that they are in its possession, custody, or control can be located.

*Clerk of the District Court, Johnson County Kansas*
*02/13/19  04:58pm SS*

6.     **Provide all maintenance schedules and maintenance agreements that include the unmarked light pole at Black Bob Road and 131st Street East, Olathe Kansas formerly located between light poles marked as KCPLA2559 and KCPLA2557 and including maintenance for poles KCPLA2559, KCPLA2557, and KCPLA2556.**

**RESPONSE**:

KCP&L objects to this Request as overbroad, unduly burdensome, seeking documents and information not relevant to any party's claims or defenses, not reasonably calculated to lead to the discovery of admissible or relevant evidence, and not proportional to the needs of the case to the extent that its request for documents is unlimited in time.

Subject to and notwithstanding the foregoing objections, KCP&L will produce responsive maintenance schedules and agreements effective within the last five years.

7.     **Please produce all investigation reports of KCP&L concerning the cause of the fall/failure of unmarked light pole at Black Bob Road and 131st Street East, Olathe Kansas formerly located between light poles marked as KCPLA2559 and KCPLA2557.**

**RESPONSE**:

KCP&L objects to this Request to the extent it seeks the production of documents protected by the attorney-client privilege and the work-product doctrine, including, but not limited to, materials produced in anticipation of litigation and/or in connection with obtaining advice from counsel.

Subject to and notwithstanding the foregoing objections, KCP&L is not in possession, custody, or control of non-privileged documents responsive to this Request.

*Clerk of the District Court, Johnson County Kansas*
*02/13/19  04:58pm SS*

8.      Provide all documents that show when KCP&L first learned of the unmarked light pole fall/failure on February 23, 2016 at Black Bob Road and 131st Street East, Olathe Kansas formerly located between light poles marked as KCPLA2559 and KCPLA2557.

**RESPONSE:**

KCP&L will produce non-privileged documents responsive to this Request.


9.      Please produce all internal KCP&L e-mails (not including attorney-client communication) about this unmarked light pole fall/failure on February 23, 2016 at Black Bob Road and 131st Street East, Olathe Kansas formerly located between light poles marked as KCPLA2559 and KCPLA2557:
        a.      Within the first 24 hours; and
        b.      Within the first week of it occurring.

**RESPONSE:**

KCP&L is not in possession, custody, or control of documents responsive to this Request.


10.     Provide access for inspection and possibly testing of the retained unmarked light pole that fell/failed on February 23, 2016 at Black Bob Road and 131st Street East, Olathe Kansas, that was formerly located between light poles marked as KCPLA2559 and KCPLA2557.

**RESPONSE:**

KCP&L will provide access to the retained light pole following agreement between the

parties as to a reasonable, non-destructive inspection and testing protocol.


11.     Please produce all testing results or reports of findings for the cause of the unmarked light pole fall/failure that occurred on February 23, 2016 at Black Bob Road and 131st Street East, Olathe Kansas, formerly located between light poles marked as KCPLA2559 and KCPLA2557.

**RESPONSE:**

KCP&L objects to this Request to the extent it seeks the production of documents

protected by the attorney-client privilege and the work-product doctrine, including, but not

limited to, materials produced in anticipation of litigation and/or in connection with obtaining advice from counsel.  KCP&L further objects to this Request as overbroad, unduly burdensome, and premature to the extent that it seeks disclosure of expert testimony or information.  KCP&L will identify expert witnesses it intends to call at trial and provide information about each expert and his or her opinions according to the Case Management Order set by the Court, the agreement of the parties, and as required by Kansas law.

**12.     Please provide all engineering drawings, specifications, ASTM guidelines, installation manuals, plans, concerning the unmarked light pole that fell/failed on February 23, 2016 at Black Bob Road and 131st Street East, Olathe Kansas, formerly located between light poles marked as KCPLA2559 and KCPLA2557.**

**RESPONSE:**

KCP&L is not in possession, custody, or control of documents responsive to this Request.

**13.     Produce all purchase orders or identifying documents concerning the manufacturing and/or fabricating of this unmarked light pole that fell/failed on February 23, 2016 at Black Bob Road and 131st Street East, Olathe Kansas, formerly located between light poles marked as KCPLA2559 and KCPLA2557.**

**RESPONSE:**

KCP&L is not in possession, custody, or control of documents responsive to this Request.

**14.     Please provide documents showing the make and model of the unmarked light pole that fell/failed on February 23, 2016 at Black Bob Road and 131st Street East, Olathe Kansas, and was formerly located between light poles marked as KCPLA2559 and KCPLA2557.**

**RESPONSE:**

KCP&L is not in possession, custody, or control of documents responsive to this Request.

02238992.DOCX;-1                                    6

    **15.**    **Produce all recalls for any products used to manufacture or fabricate this make and model of the unmarked light pole that fell/failed on February 23, 2016 at Black Bob Road and 131st Street East, Olathe Kansas, and was formerly located between light poles marked as KCPLA2559 and KCPLA2557.**

<u>**RESPONSE**</u>:

    KCP&L is not in possession or control of any documents pertaining to a recall of any

poles or pole components of the same type referenced in the Petition.

    **16.**    **Please provide all unprivileged statement(s), written or otherwise, by date, person(s), that KCP&L obtained from anyone concerning the cause for the unmarked light pole fall/failure on February 23, 2016 at Black Bob Road and 131st Street East, Olathe Kansas, and was formerly located between light poles marked as KCPLA2559 and KCPLA2557.**

<u>**RESPONSE**</u>:

    KCP&L objects to this Request to the extent it seeks the production of documents

protected by the attorney-client privilege and the work-product doctrine, including, but not

limited to, materials produced in anticipation of litigation and/or in connection with obtaining

advice from counsel.  KCP&L further objects to this Request as overbroad, unduly burdensome,

and premature to the extent that it seeks disclosure of expert testimony or information.  KCP&L

will identify expert witnesses it intends to call at trial and provide information about each expert

and his or her opinions according to the Case Management Order set by the Court, the agreement

of the parties, and as required by Kansas law.

    Subject to and notwithstanding the foregoing objections, KCP&L is not in possession or

control of documents containing non-privileged or non-expert statements about the cause of the

incident alleged in the Petition.

17.    **Produce all videotapes, photographs, or animations of any objects (e.g. light pole, persons, accident scene, vehicles, etc.) that were taken since the accident described in the Petition, including but not limited to the scene, the persons, the objects, and/or the fall/failure:**

**RESPONSE**:

KCP&L objects to this Request to the extent it seeks the production of documents protected by the attorney-client privilege and the work-product doctrine, including, but not limited to, materials produced in anticipation of litigation and/or in connection with obtaining advice from counsel. KCP&L further objects to this Request as overbroad, unduly burdensome, and premature to the extent that it seeks disclosure of expert testimony or information. KCP&L will identify expert witnesses it intends to call at trial and provide information about each expert and his or her opinions according to the Case Management Order set by the Court, the agreement of the parties, and as required by Kansas law.

Subject to and notwithstanding the foregoing objections, KCP&L will produce non-privileged documents responsive to this Request.

18.    **Please provide all videotapes, photographs, or animations of KCPLA light pole testing from 2008 to present.**

**RESPONSE**:

KCP&L objects to this Request as overbroad, unduly burdensome, seeking documents and information not relevant to any party's claims or defenses, not reasonably calculated to lead to the discovery of admissible or relevant evidence, and not proportional to the needs of the case to the extent it requests documents for a period extending from 2008 to the present—*i.e.*, eight years before and nearly two years after the incident alleged in the Petition. KCP&L also objects to this Request to the extent that it seeks the production of documents protected by the attorney-

02238992.DOCX;-1                                      8

client privilege and the work-product doctrine, including, but not limited to, materials produced in anticipation of litigation and/or in connection with obtaining advice from counsel. KCP&L further objects to this Request as overbroad, unduly burdensome, and premature to the extent that it seeks disclosure of expert testimony or information. KCP&L will identify expert witnesses it intends to call at trial and provide information about each expert and his or her opinions according to the Case Management Order set by the Court, the agreement of the parties, and as required by Kansas law.

Subject to and notwithstanding the foregoing objections, KCP&L is not in possession or control of non-privileged or non-expert materials responsive to this Request.

**19.     To the extent not already requested or produced, provide all maintenance agreements that include the unmarked light pole that fell/failed on February 23, 2016 at Black Bob Road and 131st Street East, Olathe Kansas, and was formerly located between light poles marked as KCPLA2559 and KCPLA2557.**

**RESPONSE:**

KCP&L objects to this Request as unduly burdensome and cumulative because it seeks information identical to that requested by Plaintiffs in Request No. 6.

Subject to and notwithstanding the foregoing objections, see KCP&L's objections and responses to Plaintiffs' Request No. 6.

**20.     Please produce KCP&L's commercial general liability insurance policy that covered period from 2015-2017.**

**RESPONSE:**

KCP&L objects to this Request as overbroad, unduly burdensome, seeking documents and information not relevant to any party's claims or defenses, not reasonably calculated to lead

02238992.DOCX;-1                                             9

to the discovery of admissible or relevant evidence, and not proportional to the needs of the case.

Subject to and notwithstanding the foregoing objections, KCP&L is not in possession of an insurance policy covering the allegations set out in the Petition.

**21.     Provide all written reports of all expert witnesses with whom you or your attorneys have consulted.**

**RESPONSE:**

KCP&L objects to this Request to the extent it seeks the production of documents protected by the attorney-client privilege and the work-product doctrine, including, but not limited to, materials produced in anticipation of litigation and/or in connection with obtaining advice from counsel, as well as drafts protected from disclosure under K.S.A. § 60-226(b)(5)(B)-(D).  KCP&L further objects to this Request as overbroad, unduly burdensome, and premature to the extent that it seeks disclosure of expert testimony or information.  KCP&L will identify expert witnesses it intends to call at trial and provide information about each expert and his or her opinions according to the Case Management Order set by the Court, the agreement of the parties, and as required by Kansas law.

**22.     All documents upon which any expert witness you intend to call at trial relied on to form an opinion.**

**RESPONSE:**

KCP&L objects to this Request as overbroad, unduly burdensome, and premature to the extent that it seeks disclosure of expert testimony or information.  KCP&L will identify expert witnesses it intends to call at trial and provide information about each expert and his or her

*Clerk of the District Court, Johnson County Kansas*
*02/13/19  04:58pm SS*

opinions according to the Case Management Order set by the Court, the agreement of the parties, and as required by Kansas law.

**23.     The most recent resume or curriculum vitae of each expert whom you expect to call as an expert witness at trial.**

**RESPONSE:**

KCP&L objects to this Request as overbroad, unduly burdensome, and premature to the extent that it seeks disclosure of expert testimony or information.  KCP&L will identify expert witnesses it intends to call at trial and provide information about each expert and his or her opinions according to the Case Management Order set by the Court, the agreement of the parties, and as required by Kansas law.

**24.     All notes, correspondence, bills, invoices, diagrams, photographs, x-rays or other documents prepared or reviewed by each person whom you expect to call as an expert witness at trial.**

**RESPONSE:**

KCP&L objects to this Request to the extent it calls for documents or information protected from disclosure under K.S.A. § 60-226(b)(5)(B)-(C).  KCP&L further objects to this Request as overbroad, unduly burdensome, and premature to the extent that it seeks disclosure of expert testimony or information.  KCP&L will identify expert witnesses it intends to call at trial and provide information about each expert and his or her opinions according to the Case Management Order set by the Court, the agreement of the parties, and as required by Kansas law.

*Clerk of the District Court, Johnson County Kansas*
*02/13/19  04:58pm SS*

25.     **All invoices generated by expert witnesses for performing all expert witness services to the defendant, including but not limited to, the fees for the medical examination, the records review, the pretrial preparation, any telephone conference, any trial testimony anticipated and any other fee paid by the defendants for expert fees.**

**RESPONSE:**

KCP&L objects to this Request to the extent it calls for documents or information protected from disclosure under K.S.A. § 60-226(b)(5)(D).  KCP&L further objects to this Request as overbroad, unduly burdensome, and premature to the extent that it seeks disclosure of expert testimony or information.  KCP&L will identify expert witnesses it intends to call at trial and provide information about each expert and his or her opinions according to the Case Management Order set by the Court, the agreement of the parties, and as required by Kansas law.


26.     **All documents sent to, provided to, or requested by any KCP&L "retained" expert witness.**

**RESPONSE:**

KCP&L objects to this Request to the extent it calls for documents or information protected from disclosure under K.S.A. § 60-226(b)(5)(B)-(D).  KCP&L further objects to this Request as overbroad, unduly burdensome, and premature to the extent that it seeks disclosure of expert testimony or information.  KCP&L will identify expert witnesses it intends to call at trial and provide information about each expert and his or her opinions according to the Case Management Order set by the Court, the agreement of the parties, and as required by Kansas law.

*Clerk of the District Court, Johnson County Kansas*
*02/13/19  04:58pm SS*

27.    **Please produce all documents KCP&L or its agents received from, were prepared by, or reviewed by any KCP&L "retained" expert witness.**

**RESPONSE:**

KCP&L objects to this Request to the extent it calls for documents or information protected from disclosure under K.S.A. § 60-226(b)(5)(B)-(D).  KCP&L further objects to this Request as overbroad, unduly burdensome, and premature to the extent that it seeks disclosure of expert testimony or information.  KCP&L will identify expert witnesses it intends to call at trial and provide information about each expert and his or her opinions according to the Case Management Order set by the Court, the agreement of the parties, and as required by Kansas law.

28.    **Produce all maintenance records for the unmarked light pole that fell/failed on February 23, 2016 at Black Bob Road and 131st Street East, Olathe Kansas, and was formerly located between light poles marked as KCPLA2559 and KCPLA2557.**

**RESPONSE:**

KCP&L objects to this Request as overbroad, unduly burdensome, seeking documents and information not relevant to any party's claims or defenses, not reasonably calculated to lead to the discovery of admissible or relevant evidence, and not proportional to the needs of the case to the extent its request for documents is unlimited in time.

Subject to and notwithstanding the foregoing objections, KCP&L will produce documents responsive to this Request that are in its possession, custody, or control and dated within the last five years.

29.    **Please provide all repair estimates, bills, invoices, or other documents concerning repair or replacement of the unmarked light pole that fell/failed on February 23, 2016 at Black Bob Road and 131st Street East, Olathe Kansas, and was formerly located between light poles marked as KCPLA2559 and KCPLA2557 from 2010-present.**

**RESPONSE:**

KCP&L objects to this Request as overbroad, unduly burdensome, seeking documents and information not relevant to any party's claims or defenses, not reasonably calculated to lead to the discovery of admissible or relevant evidence, and not proportional to the needs of the case to the extent it requests documents for a period extending from 2010 to the present—*i.e.*, six years before and nearly two years after the incident alleged in the Petition.  KCP&L further objects to this Request because the estimated or actual cost to replace or repair the pole referenced in the Petition (or any of its individual components) at any point between 2010 to the present is not relevant to any claim or defense and is not reasonably calculated to lead to the discovery or admissible or relevant evidence.

**30.    Produce copies of all accident, incident, and/or investigation reports from KCP&L concerning light pole falls/failures from 2010-present.**

**RESPONSE:**

KCP&L objects to this Request as unduly burdensome and cumulative because it seeks information included within and/or identical to that requested by Plaintiffs in Request No. 2. KCP&L further objects to this Request to the extent that its request for "investigation reports" seeks the production of documents protected by the attorney-client privilege and the work-product doctrine, including, but not limited to, materials produced in anticipation of litigation and/or in connection with obtaining advice from counsel.

Subject to and notwithstanding the foregoing objections, see KCP&L's objections and responses to Plaintiffs' Request No. 2.

**31.     Please provide all files of your retained and non-retained expert witness(es).**

**RESPONSE:**

KCP&L objects to this Request because the term "files" is vague, ambiguous, and undefined. KCP&L also objects to this Request as overbroad, unduly burdensome, and premature to the extent that it seeks disclosure of expert testimony or information. KCP&L will identify expert witnesses it intends to call at trial and provide information about each expert and his or her opinions according to the Case Management Order set by the Court, the agreement of the parties, and as required by Kansas law. Further, KCP&L objects to this Request to the extent that it calls for documents or information protected from disclosure under K.S.A. § 60-226(b)(5)(B)-(D).

**32.     Produce all installation manuals, guidelines, requirements for the style make, and/or model of light pole that fell/failed on February 23, 2016 at Black Bob Road and 131st Street East, Olathe Kansas, and was formerly located between light poles marked as KCPLA2559 and KCPLA2557.**

**RESPONSE:**

KCP&L objects to this Request as unduly burdensome and cumulative to the extent that it seeks documents or information included within and/or identical to that requested by Plaintiffs in Request No. 12. KCP&L further objects to this Request because the terms "guidelines" and "requirements" are vague, ambiguous, and undefined.

Subject to and notwithstanding the foregoing objections, KCP&L is not in possession, custody, or control of documents responsive to this Request.

33.     Please provide all maintenance schedules that include the unmarked light pole that fell/failed on February 23, 2016 at Black Bob Road and 131st Street East, Olathe Kansas, and was formerly located between light poles marked as KCPLA2559 and KCPLA2557, including identification of who was to inspect the lights pole(s), who was responsible for ordering maintenance on the light pole(s), and who would order replacement of such light pole(s).

**RESPONSE:**

KCP&L objects to this Request as unduly burdensome and cumulative because it seeks information included within and/or identical to that requested by Plaintiffs in Request No. 6.

Subject to and notwithstanding the foregoing objections, see KCP&L's objections and responses to Plaintiffs' Request No. 6.

34.     Please produce all claim(s) KCP&L made concerning fall/failure of the unmarked light pole that fell/failed on February 23, 2016 at Black Bob Road and 131st Street East, Olathe Kansas, and was formerly located between light poles marked as KCPLA2559 and KCPLA2557 to any other company, agency, or entity, and the response to each such claim.

**RESPONSE:**

KCP&L objects to this Request because the term "claim(s)" is vague, ambiguous, and undefined.

Subject to and notwithstanding the foregoing objections, KCP&L will produce non-privileged documents responsive to this Request.

35.     Please provide all inspection reports, repair logs, repair invoices, replacement purchase orders, and/or documents that show any repair/replacement to the unmarked light pole that fell/failed on February 23, 2016 at Black Bob Road and 131st Street East, Olathe Kansas, and was formerly located between light poles marked as KCPLA2559 and KCPLA2557 prior to February 23, 2016 – and after February 23, 2016.

**RESPONSE:**

KCP&L objects to this Request as overbroad, unduly burdensome, seeking documents and information not relevant to any party's claims or defenses, not reasonably calculated to lead to the discovery of admissible or relevant evidence, and not proportional to the needs of the case to the extent its request for documents is unlimited in time. KCP&L also objects to this Request as unduly burdensome and cumulative to the extent that it seeks documents or information requested by Plaintiffs in Request Nos. 13, 28, and 29.

Subject to and notwithstanding the foregoing objections, KCP&L refers Plaintiffs to its objections and responses to Request Nos. 13, 28, and 29, and will produce additional documents responsive to this Request and dated within the last five years, to the extent that such documents are in its possession, custody, or control.

**36.     Produce all installation standards, regulations, ASTM standards, and/or requirements for the type of light pole that fell/failed on February 23, 2016 at Black Bob Road and 131st Street East, Olathe Kansas, and was formerly located between light poles marked as KCPLA2559 and KCPLA2557, including any prohibitions to limit or prevent corrosion.**

**RESPONSE:**

KCP&L objects to this Request because the terms "installation standards," and "requirements" are vague, ambiguous, and undefined.  KCP&L further objects to this Request as vague, overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it purports to require KCP&L produce "installation standards, regulations, ASTM standards, and/or requirements" governing the pole identified in the Petition.  Copies of "standards," regulations, and "requirements" (if any) governing the pole referenced in the Petition are publically available to Plaintiffs and, thus, are not produced.

Subject to and without waiver of the foregoing objections, KCP&L will produce non-privileged, internal documents responsive to this Request to the extent that any such documents exist in its possession, custody, or control.

37.     **Please provide all engineering drawings, specifications, ASTM guidelines, installation manuals, plans, concerning wind speed tolerances for the type style, make/model of the unmarked light pole that fell/failed on February 23, 2016 at Black Bob Road and 131st Street East, Olathe Kansas, formerly located between light poles marked as KCPLA2559 and KCPLA2557.**

RESPONSE:

KCP&L objects to this Request as unduly burdensome and cumulative because it seeks information included within and/or identical to that requested by Plaintiffs in Request No. 12.

Subject to and notwithstanding the foregoing objections, see KCP&L's objections and responses to Plaintiffs' Request No. 12.

38.     **Produce all clearance reports, approvals, sign offs, checklists, or other documents that show this make/model of the unmarked light pole that fell/failed on February 23, 2016 at Black Bob Road and 131st Street East, Olathe Kansas, formerly located between light poles marked as KCPLA2559 and KCPLA2557 complied with all specifications.**

RESPONSE:

KCP&L objects to this Request because the terms "clearance reports," "approvals," "sign offs," and "checklists," as well as the phrases "this make/model of the unmarked light pole" and "complied with all specifications" are vague, ambiguous, and undefined. KCP&L also objects to this Request as overbroad, unduly burdensome, seeking documents and information not relevant to any party's claims or defenses, not reasonably calculated to lead to the discovery of admissible

or relevant evidence, and not proportional to the needs of the case to the extent its request for documents is unlimited in time.

Subject to and notwithstanding the foregoing objections, KCP&L is not in possession, custody, or control of documents responsive to this Request.


**39.      Please provide all documents that show or demonstrate the role of KCP&L: concerning the installation, inspection, maintenance, and repair of the make/model of the unmarked light pole that fell/failed on February 23, 2016 at Black Bob Road and 131st Street East, Olathe Kansas, formerly located between light poles marked as KCPLA2559 and KCPLA2557 from 2008 to present.**

**RESPONSE:**

KCP&L objects to this Request as overbroad, unduly burdensome, seeking documents and information not relevant to any party's claims or defenses, not reasonably calculated to lead to the discovery of admissible or relevant evidence, and not proportional to the needs of the case to the extent that it requests documents for a period extending from 2008 to the present—*i.e.*, eight years before and nearly two years after the incident alleged in the Petition.  KCP&L also objects to this Request as overbroad, vague, and ambiguous to the extent that it purports to request that KCP&L produce documents showing its role concerning the "the make/model of the unmarked pole that fell/failed on February 23, 2016."  KCP&L further objects to this Request as unduly burdensome and cumulative because it seeks information included within and/or identical to that requested by Plaintiffs in Request Nos. 4, 5, 6, 19, 28, 29, 33, and 35.

Subject to and notwithstanding the foregoing objections, see KCP&L's objections and responses to Plaintiffs' Request Nos. 4, 5, 6, 19, 28, 29, 33, and 35.

*Clerk of the District Court, Johnson County Kansas*
*02/13/19  04:58pm SS*

40.     **Produce all documents that show or demonstrate the process KCP&L takes to investigate the cause for fall/failure, like of this unmarked light pole that fell/failed on February 23, 2016 at Black Bob Road and 131st Street East, Olathe Kansas, formerly located between light poles marked as KCPLA2559 and KCPLA2557 from 2015 to present.**

**RESPONSE:**

KCP&L objects to this Request to the extent it seeks the production of documents protected by the attorney-client privilege and work product doctrine.

Subject to and notwithstanding the foregoing objections, KCP&L is not in possession, custody, or control of non-privileged documents responsive to this Request.

Dated:  September 17, 2018                  Respectfully submitted,

                                            **BERKOWITZ OLIVER LLP**

                                            */s/ Nick J. Kurt*
                                            Nick J. Kurt          KS Bar No. 20225
                                            Carson M. Hinderks    KS Bar No. 25079
                                            2600 Grand Boulevard, Suite 1200
                                            Kansas City, Missouri 64108
                                            Telephone:  (816) 561-7007
                                            Facsimile:   (816) 561-1888
                                            Email       nkurt@berkowitzoliver.com
                                                        chinderks@berkowitzoliver.com

                                            *Attorneys for Defendant Kansas City*
                                            *Power & Light Company*

*Clerk of the District Court, Johnson County Kansas*
*02/13/19  04:58pm SS*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was served via e-mail this

17th day of September 2018, on the following:

Tarak Alexander Devkota
Lynn Weddle Judkins
DEVKOTA LAW FIRM, LLC
4010 Washington Street, Suite 350
Kansas City, Missouri 64111
Phone:       (816) 842-9100
Facsimile:    (816) 817-1080
litigation@devkotalawfirm.com
attyjudkins@gmail.com

*Attorneys for Plaintiff*

_____*/s/ Nick J. Kurt*_____
Attorney for Defendants

*Clerk of the District Court, Johnson County Kansas*
*02/13/19  04:58pm SS*

17CV04848
Div7

## IN THE DISTRICT COURT OF JOHNSON COUNTY, KANSAS
### CIVIL DEPARTMENT
(Pursuant to K.S.A. Chapter 60)

CARLOS SANCHEZ DIAZ, and )
)
JEAN  CHAVEZ (GUZMAN) SANCHEZ, )
)
and ADAN GUZMAN, a Minor, )
)
    *Plaintiffs,* )
)
v. )
)   Case No.    17CV04848
KANSAS CITY POWER AND )
LIGHT COMPANY,    et al. )
)   Division No.  7 (Judge Hauber)
    *Defendants.* )
)

### PLAINTIFFS' NOTICE OF RETURN RECEIPT FOR SERVICE UPON
### JOHN DOE(S) PERSON/COMPANY/ENTITY SERVED BY PUBLICATION

COMES NOW, Plaintiffs, by and through their attorneys of record, to notify this Court

and all that Plaintiffs served notice via Summons to the John Doe(s) and Plaintiffs' First

Amended Petition for Damages pursuant to K.S.A. § 60-307(d) via publication. The attached

Exhibit "A" includes the proof of service and published notices for three consecutive weeks.


Respectfully Submitted,

DEVKOTA LAW FIRM, L.L.C.

*/s/ Lynn Weddle Judkins*
Lynn Weddle Judkins,    KS # 20003
4010 Washington Street, Suite # 350
Kansas City, Missouri 64111
(816) 842-9100 * (816) 817-1080 - FAX
attyjudkins@gmail.com
**ATTORNEYS FOR PLAINTIFFS**

1

*Clerk of the District Court, Johnson County Kansas*
*02/18/19  02:38pm SS*

## CERTIFICATE OF ELECTRONIC SERVICE

The Devkota Law Firm, L.L.C. notes that it filed the above Plaintiffs' Notice of Service

via Publication via the Court's JIMS Notice Network on February 18, 2019, which the Court

should send and serve electronically to all counsel of record via JIMS notice, including to:

Nick J. Kurt and Carson M. Hinderks
BERKOWITZ OLIVER, LLP
2600 Grand Boulevard, Suite # 1200
Kansas City, MO 64108
(816) 561-7007
(816) 561-1888 – FAX
nkurt@berkowitzoliver.com
chinderks@berkowitzoliver.com
**ATTORNEY FOR DEFENDANT**
**KANSAS CITY POWER & LIGHT COMPANY**


/s/ Lynn Weddle Judkins
**ATTORNEY FOR PLAINTIFFS**

IN THE DISTRICT COURT OF JOHNSON COUNTY, KANSAS
CIVIL DEPARTMENT
(Pursuant to K.S.A. Chapter 60)

CARLOS SANCHEZ DIAZ, and          )
                                  )
JEAN  CHAVEZ (GUZMAN) SANCHEZ,    )
                                  )
and ADAN GUZMAN, a Minor,         )
                                  )
        *Plaintiffs*,             )
                                  )
v.                                )
                                  )          Case No.    17CV04848
KANSAS CITY POWER AND             )
LIGHT COMPANY,       et al.       )
                                  )          Division No.  7 (Judge Hauber)
        *Defendants.*             )
                                  )

PLAINTIFFS' EXHIBIT A – PUBLICATIONS FOR SERVICE
UPON JOHN DOE(S) PERSON/COMPANY/ENTITY

# SEE ATTACHED DOCUMENTS REGARDING PUBLICATION

3          *Clerk of the District Court, Johnson County Kansas*
           *02/18/19  02:38pm SS*



*Exhibit A*

The Legal Record
P.O. Box 273
Olathe, KS 66051-0273

Phone: (913) 780-5790

*THANK YOU!*
*You can depend on*
*The Legal Record for*
*Service, Accuracy and Economy.*

TARAK ALEXANDER DEVKOTA
DEVKOTA LAW FIRM, LLC
4010 WASHINGTON ST STE 350
KANSAS CITY MO 64111-2675

## INVOICE

Invoice #: L78396

Payment Due: 3/13/19

DATE: 2/13/19

| CASE DESCRIPTION, CASE NO. AND PUBLICATION DATES | Amount |
|---|---|
| Carlos Sanchez Diaz v.  Kansas City Power & Light Co., et al. 17CV4848 2/12/19 2/19/19 2/26/19 | $434.28 |
| Subtotal | $434.28 |
| Amount Paid | $434.28 |
| Lewis Legal News, Inc., Fed. Tax I.D. No. 48-1031751    Balance Due | $0.00 |

The Legal Record is your best value for publishing your legal notices. Total amount shown is the sum of all fees for publication, including clippings and proofs of publication. PUBLICATION TERMS: The Legal Record requires, and services are rendered strictly upon the condition, that the attorney(s) submitting the public notice for publication is responsible for payment of these charges. Payment Terms: Net 30 days. Past due amounts are subject to a FINANCE CHARGE OF 1.5% per month on the unpaid balance. ANNUAL PERCENTAGE RATE: 18%.

*Please return the portion below with your payment to ensure proper credit.*

Invoice #: L78396                                          2/13/19

TARAK ALEXANDER DEVKOTA
DEVKOTA LAW FIRM, LLC
4010 WASHINGTON ST STE 350
KANSAS CITY MO 64111-2675

$_____ Payment Enclosed      17CV4848-2/12/19
(Make Check Payable to THE LEGAL RECORD)
-or- Charge my credit card:
Card#_____Exp._____

Name on card _____

Signature _____

Billing Address _____

Zip Code _____ CVV#_____
                                                    L78396

THE LEGAL RECORD
P.O. BOX 273
OLATHE, KS 66051-0273

X  Yes, please send me The Legal Record every week for a year. (Retail value: $252)

*Clerk of the District Court, Johnson County Kansas*
*02/18/19  02:38pm SS*

17CV04848
Div7

IN THE DISTRICT COURT OF JOHNSON COUNTY, KANSAS
CIVIL COURT DEPARTMENT

CARLOS SANCHEZ DIAZ, et al.          )
                                     )
          Plaintiffs,                )
                                     )
v.                                   )     Case No. 17CV04848
                                     )     Division 7
                                     )     K.S.A. Chapter 60
VALMONT INDUSTRIES INC., et al.,     )
                                     )
          Defendants.                )

**CLERK'S ORDER FOR 14 DAY EXTENSION OF TIME
TO ANSWER OR OTHERWISE PLEAD**

On this 20th day of February, 2019, Defendant Valmont Industries Inc., pursuant to

Kansas Supreme Court Rule 113, makes application for additional time within which to answer

or otherwise plead to Plaintiffs' First Amended Petition. The responsive pleading to the Petition

on behalf of this Defendant is presently due on or about February 26, 2019. The responsive

pleading deadline for this Defendant has not expired as of the date of filing of this motion. No

previous extensions have been requested.

It is hereby ORDERED that the Defendant be given fourteen (14) additional days from

February 26, 2019, up to and including March 12, 2019, to answer or otherwise plead.

Chief Clerk of the District Court

/s/ DAVID W HAUBER
Dated: 02/22/19
By_____

{00558955}

Respectfully submitted:

*/s/ Stephen J. Torline*
Stephen J. Torline          KS #18292
Kuckelman Torline Kirkland
10740 Nall Ave., Suite 250
Overland Park, KS 66211
(913) 948-9610 (phone)          (913) 948-9611 (fax)
storline@ktk-law.com

*Attorney for Defendant Valmont Industries Inc.*

17CV04848
Div7

# IN THE DISTRICT COURT OF JOHNSON COUNTY, KANSAS
## CIVIL COURT DEPARTMENT

CARLOS SANCHEZ DIAZ,                    )
JEAN CHAVEZ (GUZMAN) SANCHEZ,           )
and ADAN GUZMAN,                        )
                                        )
            Plaintiffs,   )
                                        )
      v.                        )    Case No. 17CV04848
                                        )    Division:  7
GREAT PLAINS ENERGY                     )
INCORPORATED, *et al.*,                 )
                                        )
          Defendants.    )

## CLERK'S ORDER FOR ADDITIONAL TIME TO PLEAD TO PETITION

The Clerk of the District Court of Johnson County, Kansas, pursuant to Sup. Ct. Rule

113, hereby grants separate defendants Great Plains Energy Incorporated and Great Plains

Energy Services Incorporated an additional 14 days to answer or otherwise plead to plaintiffs'

First Amended Petition for Damages (Doc. 93).

Dated this ___ day of February, 2019.

/s/ STACEY PENNELL
Dated: 02/25/19

_____
Clerk of the District Court

1        *Clerk of the District Court, Johnson County Kansas*
                                                          *02/25/19  12:36pm SP*

Respectfully submitted,

**BERKOWITZ OLIVER LLP**

/s/ Nick J. Kurt
Nick J. Kurt               KS Bar No. 20225
Carson M. Hinderks         KS Bar No. 25079
2600 Grand Boulevard, Suite 1200
Kansas City, Missouri 64108
P: (816) 561-7007
F: (816) 561-1888
nkurt@berkowitzoliver.com
chinderks@berkowitzoliver.com

*Attorneys for Defendants Great Plains Energy Incorporated*
*and Great Plains Energy Services Incorporated*

*Clerk of the District Court, Johnson County Kansas*
*02/25/19  12:36pm SP*

17CV04848
Div7

## IN THE DISTRICT COURT OF JOHNSON COUNTY, KANSAS
### CIVIL DEPARTMENT
*Pursuant to K.S.A. Chapter 60*

| | | |
|---|---|---|
| CARLOS SANCHEZ DIAZ, | § | |
| | § | |
| JEAN CHAVEZ (GUZMAN) SANCHEZ, | § | |
| | § | |
| ADAN GUZMAN, a Minor, | § | |
| | § | |
| **Plaintiffs,** | § | **Case No. 17CV04848** |
| v. | § | **Division 7 197** |
| | § | |
| KANSAS CITY POWER AND LIGHT | § | |
| COMPANY, et al., | § | |
| | § | |
| **Defendants.** | § | |

### NOTICE OF HEARING

TAKE NOTICE that counsel for Plaintiffs will call up for hearing **Plaintiffs' Motion for Extension of Time to Designate Additional Experts and to Supplement Existing Designations with Reports** on **Thursday, April 4, 2011, at 2:00 p.m.**, or as soon thereafter as counsel may be heard.

DEVKOTA LAW FIRM, L.L.C.

By:  /s/ Tarak Alexander Devkota
Tarak Alexander Devkota,    KS #19767
Lynn Weddle Judkins,        KS # 20003
Rachel C. Rutter            KS #27677
4010 Washington Street, Suite # 350
Kansas City, Missouri 64111
(816) 842-9100 * (816) 817-1080 - FAX
litigation@devkotalawfirm.com
attyjudkins@gmail.com
rutter@devkotalawfirm.com
**ATTORNEYS FOR PLAINTIFFS**

*Clerk of the District Court, Johnson County Kansas*
                                        *02/25/19  09:33am SP*

## CERTIFICATE OF SERVICE

I hereby certify that on February 25, 2019, the above and foregoing was filed with the Clerk via the Court's electronic filing system which will serve notice of such filing on the following counsel of record:

Nick J. Kurt
Carson M. Hinderks
BERKOWITZ OLIVER, LLP
2600 Grand Boulevard, Suite # 1200
Kansas City, MO 64108
(816) 561-7007
(816) 561-1888 – FAX
nkurt@berkowitzoliver.com
chinderks@berkowitzoliver.com
**ATTORNEY FOR DEFENDANT**
**KANSAS CITY POWER & LIGHT COMPANY**

*/s/ Tarak Alexander Devkota*

17CV04848
Div7

## IN THE DISTRICT COURT OF JOHNSON COUNTY, KANSAS
### CIVIL COURT DEPARTMENT

CARLOS SANCHEZ-DIAZ , JEAN )
CHAVEZ (GUZMAN) SANCHEZ, )
and ADAN GUZMAN, )
)
                  Plaintiffs, )
v. )
) Case No. 17CV04848
KANSAS CITY POWER LIGHT, ) Division 7
GREAT PLAINS ENERGY SERVICES ) K.S.A. Chapter 60
INCORPORATED, GREAT PLAINS )
ENERGY INCORPORATED, CUSTOM )
LIGHTING SERVICES, LLC d/b/a )
BLACK & MCDONALD, )
BLACK & MCDONALD, INC. )
MILLERBERND MANUFACTURING )
COMPANY, VALMONT INDUSTRIES, INC., )
JOHN DOE COMPANY/PERSON/ENTITY )
LIGHT POLE ORIGINAL INSTALLER, )
)
                  Defendants. )

### LIMITED ENTRY OF APPEARANCE

COMES NOW Jane Ann Landrum of the law firm of Evans & Dixon, LLC and hereby

enters her limited appearance as attorney of record for Defendants Custom Lighting Services,

LLC d/b/a Black & McDonald and Black & McDonald, Inc., for the purposes of filing a Motion

to Dismiss, or in the alternative, Motion to Make Statements More Concise.

Respectfully submitted,

EVANS & DIXON, L.L.C.

*/s/ Jane Ann Landrum*

Jane Ann Landrum KS #13544
1100 Main Street, Suite 2000
Kansas City, MO 64105
Tele: (816) 472-4600
Fax: (816) 472-4013
jlandrum@evans-dixon.com

ATTORNEYS FOR DEFENDANTS
 CUSTOM LIGHTING SERVICES, LLC d/b/a
BLACK & MCDONALD and
BLACK & MCDONALD, INC.

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that the foregoing was filed via the Kansas eFiling

System on February 25, 2019 and that a copy of same was thus served on Plaintiffs Carlos

Sanchez-Diaz, Jean Chavez (Guzman) Sanchez, and Adan Guzman and on Defendant KCP&L

via the electronic filing system in accordance with Supreme Court Rule 122.

*/s/ Jane Ann Landrum*

Jane Ann Landrum

17CV04848
Div7

## IN THE DISTRICT COURT OF JOHNSON COUNTY, KANSAS
## CIVIL COURT DEPARTMENT

CARLOS SANCHEZ-DIAZ , JEAN )
CHAVEZ (GUZMAN) SANCHEZ, )
and ADAN GUZMAN, )
       )
                Plaintiffs, )
       )
v. )
       )   Case No. 17CV04848
KANSAS CITY POWER LIGHT, )   Division 7
GREAT PLAINS ENERGY SERVICES )   K.S.A. Chapter 60
INCORPORATED, GREAT PLAINS )
ENERGY INCORPORATED, CUSTOM )
LIGHTING SERVICES, LLC d/b/a )
BLACK & MCDONALD, )
BLACK & MCDONALD, INC. )
MILLERBERND MANUFACTURING )
COMPANY, VALMONT INDUSTRIES, INC., )
JOHN DOE COMPANY/PERSON/ENTITY )
LIGHT POLE ORIGINAL INSTALLER, )
       )
                Defendants. )

## DEFENDANTS CUSTOM LIGHTING SERVICES, LLC d/b/a
## BLACK & MCDONALD AND BLACK & MCDONALD, INC.'S
## MOTION TO DISMISS, OR IN THE ALTERNATIVE,
## MOTION TO MAKE STATEMENTS MORE CONCISE

COME NOW Defendants Custom Lighting Services, LLC d/b/a Black & McDonald and

Black & McDonald, Inc. (hereinafter referred to as "Black & McDonald Defendants"), by and

through counsel Jane Ann Landrum of Evans & Dixon, LLC, pursuant to K.S.A. §§60-208(a)(1),

60-208(e), 60-212(e), 60-215(c) and 60-513(a), and hereby request this Court to dismiss

Plaintiffs' First Amended Petition, dismiss Count IV or in the alternative order Plaintiffs to make

their First Amended Petition more concise and definite.  In support of this Motion, Black &

McDonald Defendants state the following:

## STATEMENT OF FACTS

1.      Plaintiffs claim injury and damage from a motor vehicle accident on February 23, 2016.

2.      Plaintiffs filed an original Petition on August 28, 2017, against Defendants KCP&L and "John Doe Business Entity A, Operations Company" and "John Doe Entity B Maintenance Company."

3.      Said original Petition contained the following claims against Defendants John Doe A and John Doe B:

  a.      Paragraph 7 states:  Defendant John Doe Business Entity A is an operations company and likely subsidiary of KCP&L for purposes of its in-field line services, monitoring, and maintenance for municipal utility electrical lines and poles in Johnson County, Kansas.

  b.      Paragraph 8 states:  John Doe Business Entity B is a maintenance company contractually or otherwise affiliated with KCP&L for purposes of its in-field line services, monitoring, and maintenance for municipal utility electrical lines and poles in Johnson County, Kansas.

  c.      Count I, Paragraph 21 states:  KCP&L's subsidiaries owned, installed, operated, inspected, and/or maintained the light pole near Blackbob Road near 131st Street, in Olathe, Johnson County, Kansas, the site of this failure and collision.

  d.      Count I, Paragraph 26, although inartfully worded, made five allegations of negligence against John Doe A and B, along with Defendant KCP&L.

  e.      Count II, Res Ipsa Loquitor was directed against Defendant KCP&L only.

  f.      Plaintiffs' original Petition made no claims for strict liability.

4.      Plaintiffs served their First Set of Interrogatories and Request for Production of Documents to Defendant KCP&L on July 27, 2018, over two years after the February 2016 accident and after the two-year statute of limitations had already run.

5.      Plaintiffs then filed a First Amended Petition on November 21, 2018, naming Black & McDonald Defendants for the first time.

6.      Black & McDonald Defendants were served on February 5, 2019.

7.      Plaintiffs' First Amended Petition is 31 pages and contains 87 narrative, rambling and incomprehensible paragraphs with multiple sub-parts.

8.      Plaintiffs' First Amended Petition contains allegations and counts, which were not included in their original Petition, specifically, Count IV.

9.      Defendant complains of the following defects in Plaintiffs' First Amended Petition:

   a. Paragraphs 7 through 10 of Plaintiffs' First Amended Petition appear to address service information on Defendants, contract language, facts of the alleged incident and claims for negligence in convoluted, incomprehensible run-on sentences; and

   b. Paragraphs 7 through 10 are so vague and ambiguous that this Defendant cannot separate which allegations are against it or the remaining Defendants; and

   c. Paragraph 10 references "discovery and presumptions" regarding this Defendant's relationships with other Defendants, unknown agreements along with service information;

   d. Paragraph 17 is over a page in length, and appears to discuss the relationships of all Defendants with each other, but in a rambling, incomprehensible manner; and

   e. Plaintiffs' Counts I through VII contradict each other in that they fail to clearly state the relationship between the Defendants and the duties of each separate Defendant, and they reference "upon information and belief" and "in the alternative" numerous times so as to confuse and obfuscate the allegations;

   f. Count IV, Strict Liability against Black & McDonald Defendants was not included in Plaintiffs' original Petition; and

3      *Clerk of the District Court, Johnson County Kansas*
*02/26/19  02:15pm MM*

g.  Plaintiffs' First Amended Petition rambles, contains circuitous and incoherent allegations, which defy reason or logic.

h.  These Defendants request:

    (i)    Dismissal for Plaintiffs' failure to comply with the 2-year statute of limitations;

    (ii)    Dismissal of Count IV for lack of notice; or

    (iii)    All paragraphs to be separated into facts, specific reference to agreements, and allegations of negligence against each separate Defendant.

### STANDARD OF REVIEW

Black & McDonald Defendants request this Court to dismiss Plaintiffs' First Amended Petition for Damages against them for failure to state a claim against them under K.S.A. §60-208(a)(1). The standard of review for this dismissal was set forth in *Grindsted Products, Inc. v. Kansas Corporation Comm'n*, 262 Kan. 294, 937 P.2d 1 (1997), in which the Kansas Supreme Court stated:

> In considering a motion to dismiss for failure of the petition to state a claim for relief, a court must accept the Plaintiff's description of that which occurred, along with any inferences reasonably to be drawn therefrom. However, this does not meant the court is required to accept conclusory allegations on the legal effects of events the plaintiff has set out if these allegations do not reasonably follow from the description of what happened or if these allegations are contradicted by the description itself.

262 Kan. at 302-03.

### ARGUMENT

I.    **PLAINTIFFS' CLAIMS AGAINST BLACK & MCDONALD DEFENDANTS MUST BE DISMISSED FOR FAILURE TO COMPLY WITH THE KANSAS STATUTE OF LIMITATIONS AND RELATION-BACK RULE.**

The statute of limitations for an action for injury to the rights of another, not arising on contract, and not herein enumerated is two years, pursuant to K.S.A. §60-513(a)(4).

K.S.A. § 60-215(c) provides that an amendment to a pleading relates back to the date of the original pleading when:

> (1) The law that provides the applicable statute of limitations allows relation back;

> (2) the amendment asserts a claim or defense that arose out of the conduct, transaction or occurrence set out, or attempted to be set out, in the original pleading; or

> (3) the amendment changes the party or the naming of the party against whom a claim is asserted if paragraph (2) is satisfied and if, within the period provided by law for commencing the action against the party, including the period for service of process under K.S.A. 60-203, and amendments thereto, the party to be brought in by amendment:

>> (A) Received such notice of the action that it will not be prejudiced in defending on the merits; and

>> (B) knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity.

"While the old rules of formal pleading have been greatly relaxed in the interests of justice, and our present rules of pleading are to be liberally construed toward that goal, there still remains upon every lawyer the duty to comply with the applicable rules and statutes." *Martindale v. Robert T. Tenny, M.D., P.A.*, 250 Kan. 621, 643, 829 P.2d 561, 574 (1992). As in *Martindale, supra*, Plaintiffs' attorneys in this action had every opportunity to proceed in this action against Black & McDonald Defendants, but failed to do so.

Plaintiffs' original Petition, filed within the statute of limitations of two-years was against KCP&L and "John Does A and B"; however, under K.S.A. §60-215(c), that Petition did not give adequate notice to Black & McDonald Defendants of the claims eventually made in Plaintiffs' First Amended Petition. Further, Plaintiffs knew or could have known of the identity of the Black & McDonald Defendants within the two-year statute of limitations, but failed to file their First Amended Petition until November 21, 2018, nine months after the statute of limitations had run, and failed to serve them until February 5, 2019, almost three months later.

Under K.S.A. § 215(c)(3), Black & McDonald Defendants would be prejudiced on the merits if the First Amended Petition against them proceeds. Plaintiffs' attorneys made no attempt within the two-year statute of limitations to identify "John Doe A" and "John Doe B," evidenced by their failure to even propound opening discovery to Defendant KCP&L until after the two-year statute of limitations had already expired. The Black & McDonald Defendants were not misidentified and have not been hiding from this lawsuit.

Plaintiffs' First Amended Petition includes allegations and a Count IV for strict liability which was not contemplated in their original Petition. Plaintiffs and their attorneys have made no attempt to comply with Kansas statutes to file a lawsuit against the Black & McDonald Defendants and to serve them within the proper statute of limitations. Plaintiffs didn't even send discovery to KCP&L, presumably to ask about the "John Doe" Defendants, until after the two-year statute of limitations had run. All of Plaintiffs' claims against the Black & McDonald Defendants should be dismissed.

Even if this Court proceeds with the lawsuit, Count IV should be dismissed, because it fails to comply with K.S.A. §215(c)(2) in that Plaintiffs failed to even attempt to set out a strict liability claim in their original Petition and they now seek to include this Count against Black & McDonald Defendants over two years after the motor vehicle accident. These Defendants would be prejudiced if forced to defend Count IV.

**II.     PLAINTIFFS' FIRST AMENDED COMPLAINT FAILS TO CONTAIN A SHORT AND PLAIN STATEMENT OF CLAIMS AGAINST BLACK & MCDONALD DEFENDANTS AND SHOULD BE DISMISSED OR, PLAINTIFFS SHOULD BE ORDERED TO MAKE MORE CONCISE STATEMENTS.**

K.S.A. § 60-208(a)(1) states that a pleading that states a claim for relief must contain:  a short and plain statement of the claim showing that the pleader is entitled to relief.  K.S.A. §60-208(e)(1) states that pleadings must be construed as to do justice.  K.S.A. §60-212(e) states:

> A party may move for a more definite statement of a pleading to which a responsive pleading is allowed, but which is so vague or ambiguous that the party cannot reasonably prepare a response.

"Complaints which ramble, which needlessly speculate, accuse and condemn, and which contain circuitous diatribes far removed from the heat of the claim do not comport with these goals and this system and must be dismissed." *Gatlin v. Hartley, Nicholson, Hartley & Arnett, P.A.,* 29 Kan. App. 2d 318, 321, 26 P.3d 1284, 1287 (2001).  In *Gatlin,* the Court found that Plaintiff's petition and amended petition "contained conclusory, rambling and incoherent allegations defying reason or logic." *Id.*  The Court held that Plaintiff's failure to reasonably meet the liberal dictates of K.S.A. 60-208(a)(1) justified the district court's dismissal of the underlying lawsuit. *Id.*

Paragraphs 7 through 10 of Plaintiffs' First Amended Petition are so long and convoluted that it is impossible to separate out each sub-part for admission or denial.  These paragraphs alone fail to comply with Kansas statutory guidelines of  "a short and plain statement of the claim showing that the pleader is entitled to relief" and case law explaining this rule.

Black & McDonald Defendants have complied with   K.S.A. §60-212(e) in providing this Court a list of the defects complained of and the its recommendation for corrections desired, as indicated in Paragraph 9 above.  These Defendants request this Court to order Plaintiffs to amend their First Amended Petition to make more definite statements within 14 days after notice of its Order, and if Plaintiffs fail to comply, these Defendants request this Court to dismiss Plaintiffs' claims against Black & McDonald Defendants.

## CONCLUSION

WHEREFORE, Black & McDonald Defendants request this Court to dismiss Plaintiffs'
First Amended Petition for (I) failure to failure to comply with the 2-year statute of limitations
against the Black & McDonald Defendants and thereby prejudicing these Defendants; and (II)
because of its failure to meet the liberal dictates of K.S.A. §60-208(a)(1); in the alternative,
Black & McDonald Defendants request this Court to order Plaintiffs to amend their Complaint to
make each averment simple, concise and direct.

Respectfully submitted,

EVANS & DIXON, L.L.C.

*/s/ Jane Ann Landrum*

Jane Ann Landrum KS #13544
1100 Main Street, Suite 2000
Kansas City, MO 64105
Tele: (816) 472-4600
Fax:  (816) 472-4013
jlandrum@evans-dixon.com

ATTORNEYS FOR DEFENDANTS
 CUSTOM LIGHTING SERVICES, LLC d/b/a
BLACK & MCDONALD and
BLACK & MCDONALD, INC.

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that the foregoing was filed via the Kansas eFiling
System on February 26, 2019 and that a copy of same was thus served on Plaintiffs Carlos
Sanchez-Diaz, Jean Chavez (Guzman) Sanchez, and Adan Guzman and on Defendant KCP&L
via the electronic filing system in accordance with Supreme Court Rule 122.

*/s/ Jane Ann Landrum*

Jane Ann Landrum

*Clerk of the District Court, Johnson County Kansas*
                    *02/26/19  02:15pm MM*